# EXHIBIT A

Unique Code : CAA-FAA-BCABB-JHHBHAJC-BFBIDAI-B Page 1 of 9

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO. CACE22005125 DIVISION: 07 JUDGE: Haimes, David A (07)

**FVP Opportunity Fund III, LP, et al**

Plaintiff(s) / Petitioner(s)

v.

**Scott Zankl, et al**

Defendant(s) / Respondent(s)

______________________________/

**ORDER IMPOSING CHARGING ORDERS, REQUIRING TURNOVER OF FINANCIAL INFORMATION, ENJOINING TRANSFERS, AUTHORIZING FORECLOSURE OF TRANSFERABLE INTERESTS, AND ESTABLISHING PROCEDURES FOR PRIVATE OR JUDICIAL SALE**

THIS CAUSE came before the Court on May 13, 2026, upon the Application for Entry of Charging Orders and to Foreclose Charging Order Liens filed by Plaintiffs / Judgment Creditors FVP Opportunity Fund III, L.P., et al. ( *"Judgment Creditors"* ) pursuant to section 605.0503, Florida Statutes. The Court, having reviewed the Motion, the Declaration of Alan I. Karten, Esq., the court file, Defendant Lubin's Emergency Objection, the applicable law, and argument of the parties, and being otherwise fully advised in the premises, hereby **FINDS** as follows:

1. Final Judgment was entered in favor of the Judgment Creditors and against Defendant / Judgment Debtor Avrumi Lubin (*"Lubin"*) in the principal amount, plus post-judgment interest accruing at the statutory rate, all of which remains unsatisfied.
2. The Final Judgment constitutes a valid, subsisting, and enforceable lien against the transferable interests of the Judgment Debtor in the entities listed herein. The charging order lien attached to the Judgment Debtor's transferable interests as of **May 5, 2026**, the date the Application for Entry of Charging Orders was filed and served upon the Judgment Debtor, and such lien is superior to any transfer or encumbrance of the transferable interests made by the Judgment Debtor on or after that date.
3. The Judgment Debtor owns transferable interests in the following two limited liability companies (collectively, the *"Subject LLCs"*):
   a. Spin Capital, LLC, a New Jersey limited liability company [#0450354731]; and
   b. Teton Funding, LLC, a Delaware limited liability company [#10397373].
4. The Subject LLCs are single-member limited liability companies wholly owned and controlled





I HEREBY ATTEST THAT THIS CERTIFIED DOCUMENT IS A TRUE AND CORRECT COPY AS SAME APPEARS ON RECORD WITH BROWARD COUNTY CLERK OF COURTS.

Digitally signed by Brenda D Forman
Date: 2026.05.19 06:17:45 -04:00
Reason: Electronic Certified Copy

by Avrumi Lubin, and no other person holds any membership interest in the Subject LLCs.

5. A charging order alone will not satisfy the Final Judgment within a reasonable time based upon the evidence presented regarding the Judgment Debtor's failure to make distributions and the amount remaining due.
6. The Subject LLCs are operated under the complete domination and control of the Judgment Debtor; the corporate form is used to shield assets from creditors; and foreclosure of the transferable interests is therefore appropriate pursuant to section 605.0503(4), Florida Statutes.
7. The Judgment Debtor has failed to meaningfully satisfy the judgment despite post-judgment discovery and collection efforts, including written discovery and depositions.
8. Immediate relief is necessary to prevent the concealment, transfer, dissipation, or diversion of assets and distributions associated with the Subject LLCs.
9. Adequate notice was provided to the Judgment Debtor of the Application for Entry of Charging Orders and Foreclosure of Charging Order Liens.
10. Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED:**

A. <u>CHARGING ORDERS</u>

Judgment Creditors are hereby granted charging orders against all transferable interests owned directly or indirectly by Avrumi Lubin in:

1. Spin Capital, LLC, a New Jersey Limited Liability Company [#0450354731]; and
2. Teton Funding, LLC, a Delaware Limited Liability Company [#10397373].

The charging orders shall constitute liens upon the transferable interests and shall remain in effect until the Final Judgment, including accrued interest, costs, and attorneys' fees, is fully satisfied or otherwise discharged by further order of this Court.

B. <u>REDIRECTION OF DISTRIBUTIONS</u>

Any and all distributions, profits, draws, dividends, advances, management fees, consulting fees, loans, compensation, member distributions, payments, or other economic benefits otherwise payable to or for the benefit of Avrumi Lubin from the Subject LLCs shall instead be paid immediately and directly to the Judgment Creditors' counsel, to be applied to the outstanding balance of the Final Judgment, until the judgment is fully satisfied.

Any transfer of funds or assets for the direct or indirect benefit of Avrumi Lubin shall be deemed a distribution subject to this Order. Third parties making any such payments with notice of this Order shall be jointly and severally liable to the Judgment Creditors for the amount improperly paid.

C. <u>MANDATORY TURNOVER OF FINANCIAL INFORMATION</u>

Upon receipt of any financial information from any of the Subject LLCs, including but not limited to financial statements, annual statements, notices of distributions, IRS Form K-1, federal or state tax returns, capital account statements, banking information, QuickBooks records, balance sheets, profit and loss statements, loan schedules, and accounts receivable records, the Judgment Debtor shall

Unique Code : CAA-FAA-BCABB-JHHBHAJC-BFBIDAI-B Page 3 of 9

immediately provide copies thereof to Judgment Creditors.

Within ten (10) days of entry of this Order, the Judgment Debtor shall produce:

a. All operating agreements and any amendments thereto;

b. Membership ledgers and certificates;

c. Organizational documents (articles of organization, certificates of formation); and

d. All records reflecting ownership interests, equity structure, or current economic arrangements involving the Subject LLCs.

**D. <u>INJUNCTION AGAINST TRANSFERS</u>**

Avrumi Lubin, the Subject LLCs, and all officers, managers, members, employees, agents, attorneys, and all persons and entities acting in concert with any of them are immediately and permanently enjoined, pending further order of this Court, from:

a. Transferring, assigning, pledging, hypothecating, concealing, dissipating, encumbering, or otherwise disposing of any transferable interests, assets, distributions, or proceeds associated with the Subject LLCs;

b. Opening new bank accounts or redirecting funds without prior written authorization from Judgment Creditors' counsel or further court order; and

c. Taking any action designed to diminish the value of the transferable interests or to frustrate the collection of the Final Judgment.

Any attempted transfer made after service of the Motion for Charging Orders shall be void ab initio as against the Judgment Creditors. Violations of this injunction shall be subject to civil contempt, sanctions, and any other remedies available at law or equity.

**E. <u>FORECLOSURE OF TRANSFERABLE INTERESTS</u>**

Pursuant to section 605.0503(4), Florida Statutes, the transferable interests of Avrumi Lubin in the Subject LLCs are hereby **FORECLOSED**. The Court specifically finds that foreclosure is equitable, necessary, and appropriate because distributions under a charging order alone will not satisfy the judgment within a reasonable time and because the Judgment Debtor exercises complete dominion and control over the Subject LLCs. The charging order lien is deemed to have attached as of **May 5, 2026**, the date of filing and service of the Application for Entry of Charging Orders, and any transfer, encumbrance, or disposition of any transferable interest by the Judgment Debtor on or after that date is void as against the Judgment Creditors.

**F. <u>PRIVATE SALE PROCEDURES</u>**

1. **Authorization.** The Court authorizes the Judgment Creditors to conduct a private sale of the transferable interests of Avrumi Lubin in the Subject LLCs, provided the sale is conducted in a commercially reasonable manner consistent with this Order and applicable Florida law. All costs of the sale shall be charged to the proceeds ahead of the judgment balance.

2. **Notice of Sale.** Not less than twenty-one (21) calendar days before the date of the private sale, the Judgment Creditors shall provide written notice of the proposed sale to the following parties by

either email, certified U.S. mail, return receipt requested, or overnight courier (where a last-known address is available):

(i) Avrumi Lubin, the Judgment Debtor;

(ii) The registered agent of each Subject LLC;

(iii) Any person or entity known to hold an interest in a Subject LLC; and

(iv) Any other known creditors who have filed a claim or obtained a lien against the transferable interests.

3. **Content of Notice.** The notice of sale shall include:

(i) A description of the transferable interests to be sold, including the name and jurisdiction of formation of each Subject LLC;

(ii) The proposed date, time, and method of sale;

(iii) The name, address, and contact information of the auctioneer, sale administrator, or Judgment Creditors' counsel conducting the sale;

(iv) The outstanding balance of the Final Judgment as of the date of the notice;

(v) Instructions for any interested party to submit a qualified competing bid; and

(vi) A statement of the Judgment Debtor's right to redeem the transferable interests before the sale by paying the full outstanding judgment balance, interest, costs, and attorneys' fees.

4. **Public Advertisement.** The Judgment Creditors shall publish notice of the private sale at least once per week for two (2) consecutive weeks in a newspaper of general circulation in Broward County, Florida, with the last publication occurring not fewer than seven (7) days before the sale date. Proof of publication shall be filed with the Clerk prior to or simultaneously with the filing of the report of sale.

5. **Commercial Reasonableness Standard.** The private sale shall be conducted in a commercially reasonable manner. Factors bearing on commercial reasonableness include: (a) whether the Judgment Creditors solicited bids from multiple prospective purchasers; (b) whether the transferable interests were adequately described to prospective purchasers; (c) whether the Judgment Creditors provided access to due diligence materials; and (d) whether the sale price reflects fair market value or a bona fide credit bid. The Judgment Creditors shall retain written documentation of any marketing efforts.

6. **Due Diligence Access.** To the extent financially and operationally practicable, and subject to entry of a mutually agreeable confidentiality agreement, the Judgment Creditors shall permit prospective purchasers to review the financial records and information produced by the Judgment Debtor pursuant to Section C of this Order.

7. **Credit Bid.** The Judgment Creditors may credit bid all or any portion of the outstanding balance of the Final Judgment—including accrued post-judgment interest, costs, and attorneys' fees—at the private sale without the payment of cash. Any credit bid shall be deemed consideration of equivalent value up to the amount bid. If a third-party bidder submits a qualifying cash bid exceeding the credit bid, the Judgment Creditors shall have the right of first refusal to match such bid within five (5) business days of written notice thereof.

Unique Code : CAA-FAA-BCABB-JHHBHAJC-BFBIDAI-B Page 5 of 9

8. **Conduct of Sale; Auctioneer/Administrator Designation.** The private sale shall be conducted by a licensed auctioneer, qualified sale administrator, or Judgment Creditors' counsel, as designated in writing by the Judgment Creditors in their sole discretion, without further order of this Court. The Judgment Creditors shall identify the designated auctioneer or sale administrator in the notice of sale required under paragraph 2 of this Section. The sale may be conducted by online auction, sealed bid, or private negotiation, provided that the selected method is commercially reasonable and that the notice requirements of this Order are satisfied. The sale shall not be conducted on a Saturday, Sunday, or federal or Florida state holiday.

9. **Right of Redemption.** The Judgment Debtor shall have the right to redeem the transferable interests at any time prior to consummation of the sale by paying in full, by certified funds or wire transfer, the entire outstanding balance of the Final Judgment, including all accrued post-judgment interest, costs, court-awarded attorneys' fees, and the reasonable costs of the sale incurred by the Judgment Creditors.

10. **Report of Sale.** Within five (5) business days after consummation of the private sale, the Judgment Creditors shall file with the Clerk of this Court a written report of sale that includes:

(i) The name and address of the purchaser;

(ii) The purchase price and the form of consideration (cash or credit bid);

(iii) A description of the marketing efforts undertaken;

(iv) The costs and expenses of the sale; and

(v) The net proceeds (if any) applied to the outstanding judgment balance.

11. **Objection Period.** Any interested party, including the Judgment Debtor, may file a written objection to the sale within seven (7) calendar days after the filing of the report of sale. If no timely objection is filed, the Court shall confirm the sale upon the filing of a proposed order of confirmation. If a timely objection is filed, the Court shall schedule a hearing on an expedited basis.

12. **Confirmation of Sale and Transfer of Interests.** Upon confirmation of the sale by this Court, the transferable interests acquired by the purchaser shall be deemed transferred by operation of law and this Order. The Clerk of Court is directed to execute any certificates of sale, assignment documents, or other instruments necessary to effectuate the transfer if the Judgment Debtor fails or refuses to do so. The Judgment Debtor and the Subject LLCs are directed to recognize the purchaser as the holder of the transferred economic interests, effective as of the date of confirmation.

13. **Application of Proceeds.** The net proceeds of the sale shall be applied in the following priority order: (i) reasonable costs and expenses of the sale, including auctioneer's fees and publication costs; (ii) accrued post-judgment interest; (iii) the principal balance of the Final Judgment; and (iv) any Court-awarded attorneys' fees and costs. Any surplus remaining after full satisfaction of the foregoing shall be remitted to the Judgment Debtor or as otherwise ordered by the Court. Any deficiency remaining after application of the net proceeds shall not extinguish the Final Judgment, which shall remain in full force and effect as to the deficiency.

14. **Tax Disclosure Requirement.** Because the Subject LLCs are single-member limited liability companies that may be taxed as disregarded entities or pass-through entities for federal and state income tax purposes, a purchaser of the transferable interests may succeed to the Judgment Debtor's tax position, including responsibility for allocations of income, gain, loss, deduction, or credit

arising from operations of the Subject LLCs that were generated before or as of the date of transfer. Accordingly:

(i) Within fifteen (15) days of entry of this Order, the Judgment Debtor and each Subject LLC shall prepare and deliver to the Judgment Creditors' counsel a written tax disclosure statement setting forth: (a) the adjusted tax basis of each Subject LLC's assets as of the most recent practicable date; (b) any pending or expected federal or state tax assessments, deficiencies, or audits; (c) the amount of any unrealized built-in gain or loss in the Subject LLCs' assets; and (d) any accrued but undistributed taxable income allocable to the Judgment Debtor's interest;

(ii) Judgment Creditors shall provide prospective purchasers with access to the tax disclosure statement as part of the due diligence materials described in paragraph 6 of this Section;

(iii) The notice of sale shall contain a written advisement that prospective purchasers should consult independent tax counsel prior to bidding, as the acquisition of an economic interest in a pass-through entity may result in the allocation of taxable income without a corresponding cash distribution; and

(iv) Failure by the Judgment Debtor or the Subject LLCs to timely provide the tax disclosure statement may constitute contempt of court. Nothing in this paragraph shall limit the Judgment Creditors' right to proceed with the sale upon the Judgment Debtor's non-compliance, provided that the notice of sale discloses the Judgment Debtor's failure to produce the required tax information.

## G. ALTERNATIVE JUDICIAL SALE

In lieu of, or in addition to, the private sale authorized herein, the Judgment Creditors may elect to proceed with a judicial sale of the transferable interests conducted by the Clerk of Court pursuant to Chapter 45, Florida Statutes, including all notice requirements, publication requirements, and confirmation procedures prescribed therein. The Judgment Creditors shall notify the Court of their election to proceed by judicial sale by filing a written notice with the Clerk.

## H. COOPERATION REQUIREMENT

The Judgment Debtor shall cooperate fully in effectuating the transfer and sale of the transferable interests. Without limiting the foregoing, the Judgment Debtor shall, within five (5) business days of a written request by Judgment Creditors' counsel:

a. Execute any assignments, consents, certificates, or other documents reasonably necessary to transfer the transferable interests to the purchaser;

b. Provide access to all books and records of the Subject LLCs to facilitate due diligence by prospective purchasers; and

c. Take all steps necessary to cause each Subject LLC to recognize and record any transfer of the transferable interests confirmed by this Court.

Failure to cooperate may constitute contempt of court and may result in sanctions, attorneys' fees, and such other relief as the Court deems appropriate.

Unique Code : CAA-FAA-BCABB-JHHBHAJC-BFBIDAI-B Page 7 of 9

I. **RECEIVER**

The Court reserves jurisdiction to appoint a receiver over the Subject LLCs and/or their assets if necessary to enforce this Order, prevent the diversion of assets, or preserve the value of the transferable interests pending sale. The cost of any such receivership shall be assessed against the Judgment Debtor, Avrumi Lubin, and added to the outstanding judgment balance.

J. **RESERVATION OF JURISDICTION**

The Court reserves jurisdiction to:

a. Enforce this Order and any order confirming a sale;

b. Adjudicate disputes concerning the transferable interests or the conduct of any sale;

c. Compel compliance by the Judgment Debtor, the Subject LLCs, or any third party;

d. Determine the commercial reasonableness of any private sale upon objection;

e. Enter supplemental orders regarding the sale process, proceeds, or the parties' rights;

f. Award attorneys' fees, costs, and sanctions; and

g. Grant any additional relief necessary to aid full execution of the Final Judgment.

**DONE AND ORDERED** in Chambers at Broward County, Florida on 15th day of May, 2026.

CACE22005125 05-15-2026 7:46 AM

CACE22005125 05-15-2026 7:46 AM
Hon. David A Haimes
**CIRCUIT COURT JUDGE**
Electronically Signed by David A Haimes

**Copies Furnished To:**
Alan I Karten , E-mail : a.karten@yahoo.com
Alan I Karten , E-mail : alankartenlaw@gmail.com
Alan R Crane , E-mail : staff1@furrcohen.com
Alan R Crane , E-mail : yfernandez@furrcohen.com
Alan R Crane , E-mail : acrane@furrcohen.com
Andrew R Herron , E-mail : gservice@homerbonner.com
Andrew T. Sarangoulis , E-mail : asarangoulis@burr.com
Anthony E. Bush, Esq. , E-mail : abush@eckertseamans.com
Avrumi Lubin , E-mail : josh@tetonfunding.com
Bernard Egozi , E-mail : gale@egozilaw.com
Bernard Egozi , E-mail : begozi@egozilaw.com
Beth Anne Black , E-mail : WPBLitDock@gtlaw.com
Beth Anne Black , E-mail : alex.amburgy@gtlaw.com
Beth Anne Black , E-mail : blackb@gtlaw.com
Bradford M Cohen , E-mail : service@floridajusticefirm.com
Bradley A. Muhs , E-mail : bshepard@trenam.com

Bradley A. Muhs , E-mail : bmuhs@trenam.com
Bradley S Shraiberg , E-mail : dwoodall@slp.law
Bradley S Shraiberg , E-mail : bss@slp.law
Bradley S Shraiberg , E-mail : pmouton@slp.law
Branden Stillman , E-mail : bstillman@egozilaw.com
Catherine H Gleason , E-mail : ktgleasonlegal@gmail.com
Catherine H Gleason , E-mail : katie.gleason@isenberlaw.com
Charles Bennardini , E-mail : cjb@kwblaw.com
Charles Bennardini , E-mail : jam@kwblaw.com
Charles Gourlis , E-mail : cgourlis@letolawfirm.com
David , E-mail : brett.marks@akerman.com
Dominique Brown , E-mail : orozcol@kleinpark.com
Dominique Brown , E-mail : BrownD@KleinPark.com
Dominique Brown , E-mail : mcmurrayj@kleinpark.com
Ellen L. Leesfield , E-mail : cristina@ellenleesfield.com
Ellen L. Leesfield , E-mail : ellen@ellenleesfield.com
Elliot B Kula , E-mail : eservice@kulalegal.com
Elliot B Kula , E-mail : elliot@kulalegal.com
Grant Sarbinoff , E-mail : gsarbino@gmail.com
James Ari Rand , E-mail : Jmsrnd@gmail.com
Jared L Gamberg , E-mail : jaredgamberg@gamberglaw.com
Jared L Gamberg , E-mail : vdelponte@gamberglaw.com
Jerrell Andrew Breslin , E-mail : jerrellbreslin@gmail.com
Jerrell Andrew Breslin , E-mail : eservice@jsjb.law
Jerrell Andrew Breslin , E-mail : jb@jsjb.law
Joel M Aresty , E-mail : aresty@icloud.com
Joel M Aresty , E-mail : Aresty@mac.com
Jonathan Noah Schwartz , E-mail : jv@jsjb.law
Jonathan Noah Schwartz , E-mail : js@jsjb.law
Jonathan Schwartz, Esq. , E-mail : jschwartz@jonschwartzlaw.com
Jordan Kaplan , E-mail : Jordan@blfmiami.com
Josh N. Bennett , E-mail : josh@joshbennett.com
Karlee M. Martin, Esq. , E-mail : kmartin@eckertseamans.com
Keith Lee , E-mail : klee@feenixpartners.com
Kevin C. Kaplan , E-mail : kkaplan@coffeyburlington.com
Kevin C. Kaplan , E-mail : lperez@coffeyburlington.com
Kevin C. Kaplan , E-mail : service@coffeyburlington.com
Kody Trespalacios , E-mail : SZamora@klugerkaplan.com
Kody Trespalacios , E-mail : KTrespalacios@klugerkaplan.com
Kody Trespalacios , E-mail : GRodriguez@klugerkaplan.com
Kristin Zankl , E-mail : kzankl@att.net
Laurence S. Litow , E-mail : lslitow@burr.com
Laurence S. Litow , E-mail : rzamora@burr.com
Legal Assistant , E-mail : receptionwlg300@gmail.com
Marc Evan Brandes , E-mail : bvillalobos@kfb-law.com
Marc Evan Brandes , E-mail : lbevans@kfb-law.com

Unique Code : CAA-FAA-BCABB-JHHBHAJC-BFBIDAI-B Page 9 of 9

Marc Evan Brandes , E-mail : mbrandes@kfb-law.com
Mark C Perry , E-mail : mark@markperrylaw.com
Mark C Perry , E-mail : maureen@markperrylaw.com
Mark J. Sullivan , E-mail : Janet.McMurray@fmglaw.com
Mark J. Sullivan , E-mail : Mark.Sullivan@fmglaw.com
Matthew P Leto , E-mail : mleto@letolawfirm.com
Matthew P Leto , E-mail : kzelaya@letolawfirm.com
Matthew P Leto , E-mail : LLFpleadings@ecf.courtdrive.com
Maury L. Udell , E-mail : notice66@bmulaw.com
Maury L. Udell , E-mail : blopez@bmulaw.com
Michael I Bernstein , E-mail : paralegal@blfmiami.com
Michael I Bernstein , E-mail : assistant@blfmiami.com
Michael I Bernstein , E-mail : michael@blfmiami.com
Nelly Pena , E-mail : stinelly.pena@fmglaw.com
Pamela I. Perry , E-mail : pam@pamperrylaw.com
Pamela I. Perry , E-mail : cristina@pamperrylaw.com
Patrick Dorsey , E-mail : pdorsey@slp.law
Raymond J Rafool II , E-mail : SERVICE@RAFOOL.COM
Richard Lawrence Pearlman , E-mail : richard.pearlman@iglerlaw.com
Richard M Jones , E-mail : richard.jones@fmglaw.com
Richard M Jones , E-mail : myrna.montane@fmglaw.com
Robert C Buschel , E-mail : BG.J6R6@case.tinygnomes.com
Robert C Buschel , E-mail : Buschel@BGlaw-pa.com
Robert M Klein , E-mail : robert.klein@fmglaw.com
Robert M Klein , E-mail : martica.carrillo@fmglaw.com
Rose Mahdavieh , E-mail : rose.mahdavieh@gtlaw.com
Scott C Gherman , E-mail : sgherman@scottghermanpa.com
Scott C Gherman , E-mail : kgleason@scottghermanpa.com
Scott Zankl , E-mail : zanklscott3@gmail.com
Stanley Quinn Casey , E-mail : scasey@sqcaseylaw.com
Steven Harry Meyer , E-mail : service.meyerlaw@gmail.com
Teresa E Williams , E-mail : twilliams@williamslitigationgroup.com
William Patrick Ayers , E-mail : TB.FL.Garnishment@burr.com
Yoel Getter , E-mail : Yoel3514@aol.com
barry jay glickman , E-mail : flservice@zeklaw.com
barry jay glickman , E-mail : bglickman@zeklaw.com