Avrumi Lubin, pro se, individually only
1460 Arboretum Parkway
Lakewood, New Jersey 08701
718-570-3796 | josh@tetonfunding.com

FILED-BANKRUPTCY-NJ
2026 OCT 19 PM4:08:15

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

In re:
**AVRUMI LUBIN a/k/a Josh Lubin,**
Debtor.

**BENJAMIN A. STANZIALE, JR.,**
Chapter 11 Trustee for Avrumi Lubin,
Plaintiff,
v.
**AVRUMI LUBIN; SPIN CAPITAL, LLC; TETON LIFE, LLC; TETON FUNDING, LLC; TETON FUNDING GROUP, LLC; and JL SPECIAL INVESTMENTS, LLC,**
Defendants.

Case No. 26-17342-EJO
Chapter 11

Adv. No. 26-01494-EJO
Hon. Eamonn J. O'Hagan

Hearing: October 22, 2026
10:00 a.m.

---

# DEFENDANT AVRUMI LUBIN'S REQUEST FOR LIMITED TESTIMONY OF THE PLAINTIFF-TRUSTEE AT THE OCTOBER 22 HEARING OR, ALTERNATIVELY, A SWORN STATEMENT OR LIMITED EARLY DISCOVERY

Defendant Avrumi Lubin, in his individual capacity only, submits this request with his opposition, Rule 65(b)(4) motion, certification and limited adjournment request. It is not an appearance for, or a waiver by, any company. It requests a procedure to clarify facts material to the interim relief, not a determination of claim ownership, wrongdoing or disqualification.

## 1. The request and its basis

The October 15, 2026 Order provides that the Court may, in its discretion and upon a party's request, entertain witness testimony at the return date. Order at 5. Fed. R. Civ. P. 43(c), applicable under Fed. R. Bankr. P. 9017, permits a court deciding a motion that relies on facts outside the record to receive affidavits, oral testimony or depositions. These provisions leave the manner and scope of the presentation to the Court; this filing is not a subpoena and does not itself compel attendance or responses.

The Trustee supports the Application with his certification. Adv. Dkt. 3-1. Lubin requests permission to examine the Trustee for no more than thirty minutes on the three subjects below, subject to the Court's rulings on relevance, personal knowledge, privilege and the appropriate scope of the hearing. If the Court permits this examination, Lubin asks it to direct the Trustee's

attendance or specify any additional notice or process required.

Alternatively, Lubin requests a declaration under 28 U.S.C. § 1746, filed and served within five business days after the Court's direction. If written discovery is preferable, he requests leave under Fed. R. Civ. P. 26(d)(1), applicable through Fed. R. Bankr. P. 7026, for no more than three interrogatories and five requests for admission to the Trustee on these subjects, with seven days to respond or another period the Court sets. This is a request for authorization and an expedited schedule, not a claim that discovery responses are presently overdue.

**2. The three subjects**

(a) Competing assertions of ownership or control. Whether, in connection with this case or the requested interim relief, a person or entity outside the Trustee's legal team has asserted to the Trustee or his counsel a right to own, control or direct a claim, defense, account or litigation of Lubin or a Subject Entity. If so, identify the claimant, the right asserted, when and how it was asserted, and the non-privileged instrument, filed paper or order relied upon, to the extent known. This includes an assertion by FVP, Franklin, Hi Bar, the Excell trustee, Gavriel Yitzchakov or any other claimant, but does not assume that any such assertion was made or is valid. The request concerns claims of authority, not settlement terms or counsel's legal advice.

(b) Communications affecting protective filings and deadlines. What instructions or requests the Trustee or his counsel has communicated to counsel appearing for a Subject Entity in another court since October 15 concerning whether to file, pause, withdraw or take a deadline-protective step; the matter involved; and who the Trustee understands is presently responsible for the next deadline. If the Trustee relies on an earlier filing-hold request as still operative, identify that request and its present scope. The inquiry concerns communicated instructions and responsibility, not the content of privileged advice or an assumption that counsel acted improperly.

(c) The factual basis for requested litigation-control relief. The non-privileged facts and identified litigation risks underlying paragraph 23 of the Trustee's certification and his request for the authority confirmed in paragraph (2) of the Order, including the pending matters and deadlines he had identified when seeking that relief and the protective arrangements made since entry. The request does not presume that no investigation or protective work occurred and does not seek counsel's mental impressions.

**3. Why clarification is requested**

The Application seeks interim authority affecting management and litigation decisions. The identity of a competing claimant, the scope of an operative instruction to existing counsel, and the allocation of responsibility for pending deadlines bear on the practical scope and safeguards of that relief. Lubin's October 15 written notice requested clarification of competing rights assertions and deadline responsibility. Lubin Certification ¶ 5 and Exhibit H. The Court can address these factual questions without deciding who ultimately owns a right or whether a professional has a disqualifying conflict.

Lubin is concerned that uncertainty about authority could interfere with protective representation. He does not offer that concern as proof that any identified lawyer stopped acting because of a third party's assertion. The requested evidence is intended to distinguish actual communications and operative instructions from inference.

Any testimony or declaration should distinguish personal knowledge from information obtained through inquiry and identify its non-privileged basis. If information is not known or remains under investigation, the witness may say so. A claim of privilege or protection should be preserved and presented for the Court's resolution without disclosing the protected material. Lubin does not request a blanket waiver, production of settlement terms, testimony from the Trustee's lawyers, or a ruling on who controls an entity's privilege.

**4. Third parties and further procedure**

This request seeks testimony, a declaration or authorized discovery from the Plaintiff-Trustee only. It does not ask the Court, on this filing, to compel declarations from creditors or other nonparties, to adjudicate their rights, or to exclude an ownership assertion merely because its proponent has not submitted a statement.

If the Trustee's response identifies a specific third-party assertion material to the interim relief, Lubin requests directions for an appropriately limited follow-up application or discovery request. The Court should specify the required notice, service, scope and response procedure, with an opportunity for affected persons to object and assert applicable protections. No third-party obligation would arise merely from this request or from receipt of the October 15 Order.

**5. Relief requested**

Lubin respectfully requests that the Court: (1) permit the limited examination described above at the October 22 hearing and direct the Trustee's attendance or identify the process required; or (2) direct the alternative declaration or authorize the limited early discovery on a court-set schedule; (3) give procedural directions for any specifically justified follow-up concerning a third party, after appropriate notice; and (4) grant such other relief as is just. If the preliminary-injunction hearing is adjourned, Lubin requests a schedule that permits these answers to be considered before that hearing.

Lubin reserves his individual rights and objections. Nothing in this request changes the October 15 Order or an existing deadline, consents on behalf of any company, or authorizes Lubin to represent a company.

Respectfully submitted,

______________________________

Avrumi Lubin, individually, pro se

1460 Arboretum Parkway, Lakewood, New Jersey 08701

718-570-3796 | josh@tetonfunding.com

Dated: October 19, 2026