Avrumi Lubin, pro se, individually only
1460 Arboretum Parkway
Lakewood, New Jersey 08701
718-570-3796 | josh@tetonfunding.com

FILED-BANKRUPTCY-NJ
2026 OCT 19 PM4:08:23

f.C.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

In re:
**AVRUMI LUBIN a/k/a Josh Lubin,**
Debtor.

**BENJAMIN A. STANZIALE, JR.,**
Chapter 11 Trustee for Avrumi Lubin,
Plaintiff,
v.
**AVRUMI LUBIN; SPIN CAPITAL, LLC; TETON LIFE, LLC; TETON FUNDING, LLC; TETON FUNDING GROUP, LLC; and JL SPECIAL INVESTMENTS, LLC,**
Defendants.

Case No. 26-17342-EJO
Chapter 11

Adv. No. 26-01494-EJO
Hon. Eamonn J. O'Hagan

Hearing: October 22, 2026
10:00 a.m.

---

# DEFENDANT AVRUMI LUBIN'S SUPPLEMENTAL REQUEST FOR A COURT-DIRECTED PROCESS FOR INDEPENDENT ENTITY DEFENSE COUNSEL, WITH ALTERNATIVE TEXT FOR PARAGRAPH 2 OF THE PROPOSED ORDER

Defendant Avrumi Lubin submits this supplement in his individual capacity only. He asks for clarification of the restrictions affecting his conduct and a procedure permitting the entity defendants to obtain independent legal representation in this adversary. He does not appear for an entity, assert an entity's substantive defenses, or claim authority to retain or pay entity counsel contrary to the October 15 Order.

## 1. The limited request

Paragraph 2 of the accompanying proposed order asks the Trustee to identify a procedure for each entity defendant to arrange independent defense counsel. This supplement asks the Court to resolve that limited procedural question directly at the October 22 hearing if the record permits, rather than leaving the entities' defense arrangements unresolved while response periods run. If the record is insufficient, Lubin requests a prompt court-directed procedure and an express response schedule.

This request concerns defense of this adversary only. It does not seek authority through this supplement to direct or fund litigation in another court. Other proceedings remain governed by

the entered orders and any separate relief the Court actually grants.

**2. The concern requiring clarification**

An artificial entity must appear in federal court through licensed counsel. Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993); Simbraw, Inc. v. United States, 367 F.2d 373, 374 (3d Cir. 1966). Paragraph (2) of the October 15 Order confirms the Trustee's sole authority to act "in the stead of the Debtor" regarding management and litigation decisions for the Subject Entities and restrains Lubin from acting in their names.

That language does not itself establish that the Trustee has displaced every other member or manager, that no existing attorney can act, or that every entity is presently unable to retain counsel. Teton Life's other asserted membership interest makes an entity-specific inquiry particularly important. Lubin does not ask the Court to decide the validity, extent or transfer of any membership interest on this supplement.

The Trustee is also the plaintiff seeking relief against the entities. That combination raises a potential divided-duty concern about who may select and instruct independent defense counsel for this adversary. It warrants court direction, not a finding on this record that the Trustee or his lawyers have an actual disqualifying conflict. Lubin is concerned that unresolved authority may impede representation; he does not assert as an established fact that a particular lawyer stopped acting because of a competing claimant's instructions.

Due process requires a meaningful opportunity to be heard. Mathews v. Eldridge, 424 U.S. 319, 333 (1976). The requested process would identify who may arrange counsel and authorize a lawful retainer, preserve other interested persons' ability to be heard, and provide a response schedule without resolving the merits. It does not demand that the estate finance an entity's defense.

**3. Alternative text for paragraph 2 of the proposed order**

2. Independent defense counsel for the Subject Entities. Solely for defense of this adversary proceeding, and subject to the express designations and safeguards below:

(a) Court identification of authority. The Court will identify, for each Subject Entity, the person or mechanism authorized to arrange, engage and instruct independent defense counsel. The Court may consider Lubin, another member or manager, or another suitable person or mechanism after notice and an opportunity to be heard for the affected entity and persons whose asserted authority would be affected. Any designation shall state its limited scope in a written order. No person acquires authority merely because that person is proposed in this application or claims to be a member. Until a designation or other modification is entered, the

existing Order remains controlling.

(b) Independent defense; rights of other members. Counsel engaged under a court-approved arrangement shall represent the identified entity in this adversary, not the Trustee as plaintiff or Lubin individually by reason of that engagement. The arrangement shall permit counsel to exercise independent professional judgment for that entity, subject to applicable professional obligations and further court direction. The Trustee may be heard on authority, conflicts and funding, but shall not use interim authority to override the Court-approved defense arrangement, discharge its counsel or waive its defenses without further order. This paragraph does not adjudicate membership, management, claim ownership, or any asserted right of Gavriel Yitzchakov or another person. No such person's rights are waived by Lubin's individual request. Separate representation shall be addressed if counsel identifies a conflict preventing joint representation.

(c) Engagement and payment. A person arranging an engagement must have authority identified by the Court or otherwise expressly recognized in a court-approved procedure; payment and authority to engage are separate questions. Third-party funding may be proposed with disclosure of the payer, source, amount, material payment conditions and any claimed right to control the representation, without disclosing privileged advice. A payer does not acquire authority to direct counsel merely by paying. The arrangement must comply with applicable professional obligations and existing restraints; payment from restrained funds requires the authorization applicable to those funds.

For payment from a Subject Entity's funds, the authorizing person must be (i) a person the Court has specifically identified as authorized to approve that entity's engagement and payment, acting within the limits the Court sets; or payment must be authorized by (ii) the Trustee in writing, together with an authorized engagement; or (iii) a further order of this Court. A disputed or unresolved engagement or payment may be presented on two business days' notice, or on another schedule the Court authorizes, consistently with proposed paragraph 5(c). Notice alone, the passage of time, or the absence of an objection does not confer authority or authorize payment. Nothing requires the estate to fund entity defense counsel or authorizes use of property contrary to another court's controlling order.

(d) Procedure while authority is resolved. Proposed entity counsel may seek a limited appearance and expedited determination of engagement authority, funding and the response schedule. Lubin and any other interested person may consult prospective counsel and supply lawfully available, non-privileged materials, but this does not authorize disclosure of another person's privileged information or action in an entity's name contrary to the entered Order. The Court shall direct any additional notice needed before resolving a contested authorization or

payment request.

(e) Response schedule and default protection. The Court shall state each entity defendant's pleading deadline expressly. Lubin requests December 7, 2026, as in paragraph 8 of the accompanying proposed order, or another date the Court finds appropriate, and that no default be sought or entered against that entity during the court-set period. This requested protection is not effective merely upon filing this supplement. It does not change Lubin's individual answer deadline, replace an answer, or excuse compliance with an existing order unless the Court grants relief.

(f) Scope and preservation. Counsel's appearance and an authorization limited to defense of this adversary do not constitute consent to the complaint or Application and do not adjudicate any preserved defense. No authority to manage an entity generally, transfer an asset, compromise a claim, direct litigation in another forum or exercise another person's rights arises from this paragraph. The Trustee's interim authority remains otherwise unchanged, subject to the duration and other modifications the Court actually orders. This paragraph concerns entity defense counsel, not retention of estate professionals under 11 U.S.C. § 327.

**4. Why this is a limited procedural modification**

The proposed alternative separates authority to defend this adversary from the broader ownership and management questions. It does not assume that Lubin retains management rights, that the Trustee acquired every right, or that another member lacks authority. It asks the Court to identify an appropriate, independent means of defending the entities against the Trustee's own complaint while preserving disputed rights and lawful funding restrictions.

It also avoids treating the Trustee's silence as permission. The engagement and any entity-funded retainer require identified authority, written approval where appropriate, or a court order. If a dispute cannot be resolved at the October 22 hearing, the Court can set an expedited process and protect the response period while that process occurs. Lubin requests those directions through the Court and will not treat this filing as authorization to act for an entity.

**5. Relief requested**

Lubin respectfully requests that the Court consider the alternative paragraph 2 on October 22; identify an independent defense-counsel procedure and any authorized person for each entity on the record then available; preserve other affected persons' opportunity to be heard; set an expedited route for disputed engagement or funding issues; and expressly state the entity response and default-protection periods. If the Court cannot make the necessary designations then, Lubin requests a prompt schedule for doing so. All relief is requested in his individual capacity, without an appearance or consent for a company.

Respectfully submitted,

______________________________

Avrumi Lubin, individually, pro se

1460 Arboretum Parkway, Lakewood, New Jersey 08701

718-570-3796 | josh@tetonfunding.com

Dated: October 19, 2026