Avrumi Lubin, pro se, individually only
1460 Arboretum Parkway
Lakewood, New Jersey 08701
Telephone: 718-570-3796
josh@tetonfunding.com

FILED: BANKRUPTCY CT. NJ
2026 OCT 19 PM4:05

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br>AVRUMI LUBIN a/k/a Josh Lubin,<br>Debtor.<br><br>BENJAMIN A. STANZIALE, JR.,<br>Chapter 11 Trustee for Avrumi Lubin,<br>Plaintiff,<br>v.<br>AVRUMI LUBIN; SPIN CAPITAL, LLC;<br>TETON LIFE, LLC; TETON FUNDING, LLC;<br>TETON FUNDING GROUP, LLC; and<br>JL SPECIAL INVESTMENTS, LLC,<br>Defendants. | Case No. 26-17342-EJO<br>Chapter 11<br><br>Adv. No. 26-01494-EJO<br><br>Hon. Eamonn J. O'Hagan<br><br>Hearing: October 22, 2026<br>10:00 a.m. |

## INDIVIDUAL OBJECTION AND NOTICE OF MOTION TO MODIFY OR DISSOLVE TEMPORARY RESTRAINTS AND FOR A SCHEDULING ORDER

Avrumi Lubin, appearing only for himself, objects to the continuation of paragraphs (2)–(4) of the October 15, 2026 Order to Show Cause with Temporary Relief (the "October 15 Order") and moves under Fed. R. Civ. P. 65(b)(4), made applicable by Fed. R. Bankr. P. 7065 (and, as to the final clause of paragraph (2), also under Fed. R. Civ. P. 54(b), made applicable by Fed. R. Bankr. P. 7054), to dissolve those restraints or, alternatively, to modify them, as explained in the accompanying memorandum and proposed order. He does not seek to dissolve paragraph (1). He also requests a scheduling order and a meaningful opportunity to seek counsel.

Lubin requests consideration at the existing October 22, 2026, 10:00 a.m. hearing before the Honorable Eamonn J. O'Hagan, Courtroom 2, Clarkson S. Fisher U.S. Courthouse, 402 East State Street, Trenton, New Jersey 08608, subject to the Court's confirmation. To the extent any relief requested here goes beyond dissolution or modification of the October 15 Order, Lubin asks that it be treated as a cross-motion directly related to the Order to Show Cause and heard

on October 22, 2026, or on such other date as the Court sets. To that extent, Lubin asks the Court to shorten time under Fed. R. Bankr. P. 9006(c)(1). The October 15 Order provides that the Defendants "may move for dissolution of the restraints and other interim relief imposed by this Order to Show Cause on two (2) days' written notice to the Trustee." Lubin gave written notice by email on October 15 at 10:39 p.m. (Certification, Exhibit H), and supplemented it by email on October 18 at 9:24 p.m., with the United States Trustee copied (Certification ¶ 5, Exhibit J). This filing does not itself calendar additional relief or change any existing deadline.

The requested relief is, in this order:

(1) Primary, for decision at the October 22 hearing. (a) Vacate the final clause of paragraph (2) of the October 15 Order ("CONFIRMED ... sole authority"). (b) Dissolve the remainder of paragraph (2) and paragraphs (3) and (4), and restore, pending the final hearing, the management and litigation arrangement for the Subject Entities that was in effect before October 15, 2026, while the estate's rights in each Subject Entity are determined entity by entity, on notice. For Teton Life, LLC, which has a non-debtor 50% member, that means the authority Lubin exercised before October 15 under its operating agreement and applicable law, with all members' positions reserved. (c) In place of paragraph (3): at least five business days' written notice to the Trustee and the United States Trustee (and, for Teton Life, LLC, to Gavriel Yitzchakov, Teton Life's other member) before any Subject Entity, outside the ordinary course, sells, transfers, distributes, or encumbers an asset, settles, releases, or dismisses with prejudice a claim, or borrows money, or, whether or not in the ordinary course, makes any payment to Lubin or another insider; if one of them objects within that period, the act waits for the Court's ruling; and each payment to counsel from a Subject Entity's funds is reported within seven days, in a report limited to nonprivileged information. Lubin consents to these conditions while the restored arrangement is in effect; his consent is limited to them. In place of paragraph (4): the records procedure in proposed order paragraph 6. (d) Paragraph (1), which stays litigation and judgment enforcement against the Subject Entities, remains in effect until the final hearing, including as to the Subject Entities in the action pending in the Southern District of New York, No. 1:24-cv-08515; the other proceedings it covers should be identified under proposed order paragraph 4. (e) Upon entry of the order, Lubin will immediately seek licensed counsel for the Subject Entities, including counsel to defend them in this adversary proceeding; the order should state expressly that he may arrange those engagements and their funding; and no Subject Entity will appear in any court except through licensed counsel. (f) Decline, for purposes of this interim application, to give finding 6 of the May 15, 2026 Broward order preclusive effect against Lubin or any Subject Entity, as stated in proposed

order paragraph 12; after a trial in the same case, the jury answered "no" to the question whether the corporate form of Spin Capital was formed or used for a fraudulent or improper purpose (Certification Exs. D–E).

(2) In all events: deadline-protective steps by counsel, including any filing needed to preserve a Subject Entity claim against extinguishment, after prompt verification of the applicable deadline (a possible October 27, 2026 deadline for a Texas claim has been raised in correspondence but has not been verified); payment of premiums, taxes, and compliance charges; and a final hearing on the Complaint approximately ninety days out, after the Subject Entities have had an opportunity to obtain counsel, as stated in proposed order paragraphs 1, 4, and 5.

(3) Alternatively, if the Court does not grant item (1): (a) an interim protocol under which Lubin, acting through licensed counsel wherever counsel is required, performs the ordinary-course and deadline-protective functions needed to preserve each wholly owned company's value, with no transfer, distribution, settlement, release, new debt, or other act outside the ordinary course without the Trustee's written consent or Court approval, weekly reports, and Trustee access to all records on request; (b) as to Teton Life, LLC, if item (1) is not granted as to it, no person holding sole authority by reason of the October 15 Order, and acts outside the ordinary course requiring the consent of all affected parties or Court approval; (c) a court-directed process for independent defense counsel for the entity defendants, as described in Lubin's separate supplemental request; and (d) a narrower interim order protecting property and litigation deadlines without prematurely deciding disputed authority or allowing irreversible dispositions of disputed claims.

(4) Also in all events: (a) a limited adjournment of full preliminary-injunction briefing and adjudication for approximately three weeks, while retaining October 22 for interim matters; (b) a workable records-production and privilege procedure; and (c) entity-specific proceedings, notice, and findings before any extension of bankruptcy proceedings or substantive consolidation.

Lubin does not seek removal of the Trustee, restoration of debtor-in-possession status, or revesting of any interest. The memorandum and proposed order state the requested terms.

This is not an appearance, answer, consent, or waiver for any limited liability company or other person. Lubin does not claim authority to represent an entity pro se. This submission addresses the interim application and is not his answer to the complaint. He asks the Court to

set the separate pleading-response schedule, as proposed in proposed order paragraph 8, without assuming that this motion tolls it.

The motion relies on the accompanying memorandum, Lubin's certification and Exhibits A–J, the October 15 Order, and the Trustee's complaint and supporting papers already on this adversary docket. Lubin requests permission to present testimony on the specific material factual disputes identified in the memorandum if the Court determines that any of them must be resolved to decide preliminary relief. He does not assume that testimony is authorized without further direction.

Lubin also intends to seek appropriate Florida counsel to assess the June 23, 2026 Broward motion (Certification Ex. F) and any further relief concerning the May 15, 2026 Broward order, subject to applicable stays, appellate jurisdiction, and authorization and funding requirements. That intention does not ask this Court to vacate a Florida order or to delay any deadline in this adversary proceeding. On October 18, 2026, Lubin asked the Trustee to have counsel set the June 23 motion for hearing; the Trustee's counsel responded that the Trustee does not take instruction from him. Certification ¶ 11.

Unless the Court orders otherwise, Lubin recognizes that opposition is due October 20, 2026 at 5:00 p.m.; the Trustee's reply is due October 21 at 5:00 p.m.; and the October 22 hearing remains scheduled. The October 15 Order remains operative unless modified, dissolved, or otherwise terminated by law or further order.

Respectfully submitted,

______________________________

Avrumi Lubin, individually, pro se

Dated: October 19, 2026