Avrumi Lubin, pro se, individually only
1460 Arboretum Parkway
Lakewood, New Jersey 08701
Telephone: 718-570-3796
josh@tetonfunding.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

FILED:BANKRUPTCY:NJ
2026 OCT 19 PM4:06:48

| | |
|---|---|
| In re:<br>AVRUMI LUBIN a/k/a Josh Lubin,<br>Debtor.<br><br>BENJAMIN A. STANZIALE, JR.,<br>Chapter 11 Trustee for Avrumi Lubin,<br>Plaintiff,<br>v.<br>AVRUMI LUBIN; SPIN CAPITAL, LLC;<br>TETON LIFE, LLC; TETON FUNDING, LLC;<br>TETON FUNDING GROUP, LLC; and<br>JL SPECIAL INVESTMENTS, LLC,<br>Defendants. | Case No. 26-17342-EJO<br>Chapter 11<br><br>Adv. No. 26-01494-EJO<br><br>Hon. Eamonn J. O'Hagan<br><br>Hearing: October 22, 2026<br>10:00 a.m. |

## CERTIFICATION OF AVRUMI LUBIN IN SUPPORT OF INDIVIDUAL OBJECTION AND MOTION

I, Avrumi Lubin, certify as follows:

1. I am the Debtor in Case No. 26-17342-EJO and an individual defendant in this adversary. I submit this certification for myself only, not on behalf of any company. I understand that the entity defendants must appear through counsel.

2. I received Patricia Staiano's email dated October 15, 2026 at 6:48 p.m. transmitting the October 15 Order and related papers. A copy of that email, without the attachments transmitted with it, is Exhibit G.

3. Before October 15, 2026, I knew that the Trustee intended to file a complaint and an order to show cause concerning Spin Capital and JL Special. I did not receive advance notice that the Trustee would seek immediate temporary restraints for entry before I had an opportunity to respond. The written record is as follows. (a) On October 6, 2026, the Trustee's counsel wrote that the Trustee intended "to file a complaint and order to show cause to bring Spin and JL into

bankruptcy," and that counsel was "speaking with counsel to the co-owner of Teton about what to do with Teton." (b) On October 7, I objected in writing and asked counsel: "If you go forward anyway, please send me the draft complaint and proposed order before you file, and the hearing and response dates." Counsel replied the same day that "[t]he point of the extension proceeding is to afford Mr. Stanziale the authority to act on Spin's behalf and have the stay apply," and that I was "free to contest the Trustee's complaint." (c) On October 9, counsel wrote: "Again, the Trustee is not acting on behalf of any of your entities. That may change if Judge O'Hagan orders otherwise in the future," and, later that evening: "We will be seeking authority from the court for the Trustee to act on their behalf but the Trustee does not have that authority at the present. ... You currently have autonomy over your entities ... How that is resolved is up to Judge O'Hagan." (d) On October 15 at 12:51 a.m., I again asked counsel to "provide the proposed complaint and order when available." Counsel's replies to my October 7 and October 15 emails did not include a draft complaint, a proposed order, a hearing date, or a response date. Copies of these six emails, each showing the newest message only, are Exhibit I. (e) On the afternoon of October 15, I obtained the filed complaint (Doc. 1) from the court's docket. I first saw the Trustee's application for an order to show cause, the proposed order, and the entered restraints in Ms. Staiano's 6:48 p.m. email (Exhibit G). (f) I was not notified of any hearing on the application, and the Order does not recite one. I did not have an opportunity to be heard before paragraphs (2), (3) and (4) were entered. The Order's paragraph (2) states that the Trustee's authority is "CONFIRMED"; the Trustee's counsel had written on October 9 that the Trustee "does not have that authority at the present."

4. On October 15, 2026, I contacted prospective counsel by email concerning this adversary proceeding. No retention has been confirmed. I am seeking representation and need time for prospective counsel to review the record and determine whether to undertake the representation. I also need a reasonable opportunity to resolve authorization and funding for independent entity defense counsel.

5. On October 15 at 10:39 p.m., I emailed the Trustee and his counsel written notice that I intended to move to dissolve or modify paragraphs (2)–(4), and requested consent to specified interim and scheduling changes. Exhibit H reproduces that sent message. Earlier quoted correspondence is omitted. Counsel's emails to me on October 16, including replies on the same email thread, addressed other matters (the Michigan appeal and the Texas Johnson matters) and did not respond to it. On October 18, 2026 at 4:59 p.m., the Trustee's counsel

replied on that email thread without consenting. The reply stated, in part: "We are not going to respond to all of your imposed deadlines." It also stated: "The Order to Show Cause provides for deadlines for responses. We will see yours when filed." The email was notice and a request; it did not change the Court's order. The accompanying memorandum states the arguments I ask the Court to consider. On October 18, 2026 at 9:24 p.m., I supplemented that notice by a reply on the same email thread to the Trustee and his counsel, with the United States Trustee copied. Exhibit J reproduces that sent message; earlier quoted correspondence is omitted.

6. Exhibits A–E are copies of identified portions of transcripts and filed verdict forms available to me. Exhibit F reproduces the complete nineteen-page June 23, 2026 filing, Filing No. 251032035, including the motion (original PDF pages 1–8), the notice of appeal (pages 9–10), and the May 15 order (pages 11–19), with the distribution list at the end of the May 15 order redacted. Exhibits G, H and J are emails. Exhibit I consists of the six emails quoted in paragraph 3, reproduced from my mailbox; each shows the newest message only, and attachments and earlier quoted correspondence are omitted. Each divider identifies the source and the original pages or messages reproduced. Exhibits A–E are excerpts, not the entire source documents; Exhibit F is the complete filed copy except that redaction. Apart from that redaction, I have not altered the reproduced source text. I offer the June 23 motion to show what was filed, not as proof that its allegations were adjudicated or that it remains undecided, and not as renewed adoption of every factual or legal assertion in it.

7. I request time and a court-directed process for the entity defendants to arrange independent defense counsel. I do not claim that this request authorizes me to retain counsel using restrained property, direct a company's litigation contrary to the October 15 Order, or represent a company pro se. If the Court grants the primary relief in my motion, I will immediately seek licensed counsel for the Subject Entities after the order is entered.

8. I seek a workable process for preservation and production of records, not permission to destroy or withhold them. I understand that filing this motion does not suspend the October 15 Order or my existing duties to cooperate and provide records.

9. The financial issues extend beyond the face amounts of the asserted creditor claims. I have identified records that warrant investigation concerning the disposition of Excell/Karma vehicle collateral, AWB sale proceeds, credits against asserted debts, and competing claims to

assigned rights. They include: FVP's own "List of FVP Collateral as of March 12, 2022," filed in the Broward action on April 13, 2022 (Filing # 147663723, Ex. R); the Excell Auto Group bankruptcy notice of proposed abandonment and orders directing turnover or abandonment of identified vehicles (Bankr. S.D. Fla. No. 22-12790-EPK, Dkts. 76, 159, 321 and 412); the AWB bankruptcy order of August 27, 2025 directing disbursement of $2,107,548.61 of auction proceeds (Bankr. S.D. Fla. No. 22-15627, Dkt. 965); the Declaration of Alan I. Karten, Esq. and its Exhibit A, filed with FVP's reply in this case concerning credits against the FVP judgment (Case No. 26-17342, Dkt. 52-1); and the competing assignment claims described in the Trustee's Certification ¶ 24 and its Exhibit B. I believe that a complete accounting and evaluation of potential recovery claims could materially affect the estate's financial position. Their ownership, net value and collectibility remain to be determined. I request interim protections that preserve these potential claims and related deadlines, together with a targeted investigation and reporting plan. Disputed claims should not be released, abandoned or otherwise irreversibly disposed of without the applicable notice and court-approval process. I am not asking the Court on this interim application to determine claim ownership, find fraud, or vacate another court's judgment.

10. I understand that the Court has not granted the adjournment or modifications requested in this packet. I request relief only through the Court and will not treat my email or this filing as an order.

11. After the Court rules on this motion, I intend promptly to seek appropriately licensed counsel to review the Florida record and advise whether further relief may properly be pursued concerning the May 15, 2026 order, including the status of the June 23 motion and whether supplementation, appellate permission, or bankruptcy stay relief is required. On October 18, 2026, by email to the Trustee and his counsel, with the Office of the United States Trustee copied, I asked the Trustee to authorize counsel (Stanley Casey, or other counsel the Trustee selects) to set the June 23 motion for hearing and to supplement it, and I stated that I was not instructing Mr. Casey and was not filing anything in Florida myself. In a follow-up email that evening, which I copied to the Broward court's judicial assistant, I asked the Trustee's counsel: "Can you give me permission to set this motion on emergency basis for hearing and file any supplement if necessary?" The Trustee's counsel replied that the Trustee does not take instruction from me. I have not filed anything in any Florida court since October 15, 2026. Any engagement, use of funds, or action for a company would remain subject to the Court's orders,

applicable law, and counsel's lawful authorization. I do not ask this Court to vacate the Florida order or to defer interim relief until the Florida court acts. My intention to obtain counsel does not suspend any existing order or deadline.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 19, 2026.

______________________________________

Avrumi Lubin, individually, pro se