# EXHIBIT A

**May 13, 2026 hearing transcript — excerpts**

Original PDF pages 1–3, 5, 7–8, 11–21, 25–26 and 28. Original transcript pagination retained.

Broward Case No. CACE-22-005125.

Source excerpts are reproduced for context. The accompanying memorandum distinguishes testimony, advocacy, party positions, and rulings.

IN THE CIRCUIT COURT
OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NUMBER: CACE-2022-005125
JUDGE: DAVID A. HAIMES

FVP OPPORTUNITY FUND III, LP,

Plaintiffs,

v.

AVRUMI LUBIN, et al.,

Defendants.

______________________________/

Location of Court:
Broward County Courthouse
201 S.E. Sixth Street
Courtroom WW17150
Fort Lauderdale, Florida 33301
Wednesday, May 13, 2026
9:40 a.m. - 10:07 a.m.

The above entitled case came on for Hearing before the Honorable David A. Haimes, one of the Judges of the above-styled Court, via Zoom proceedings, pursuant to Notice.

A-P-P-E-A-R-A-N-C-E-S

On behalf of the Plaintiff appearing via Zoom:

ALAN I. KARTEN, Esquire,
of the Law Offices of
ALAN I. KARTEN, PLLC
321 Anderson Pond Road
Aiken, South Carolina 29803
alankartenlaw@gmail.com

---

On behalf of the Defendant appearing via Zoom:

AVRUMI LUBIN, a/k/a JOSH LUBIN, Pro Se,
1460 Arboretum Parkway
Lakewood, New Jersey 08701
josh@tetonfunding.com

---

THEREUPON, the following proceedings were had:

THE COURT: So we're on the record in case CACE-2022-5125, FVP Opportunity Fund III, LP, et al, vs. in this case it's Josh Lubin, that's the only ones that are on for today. It was on for 8:45 for an Application for Entry of a Charging Order, it's also on for 9:45 for a Motion to Continue as well as a Motion to Compel Better Responses.

Can I get appearances, we'll start with Plaintiff.

MR. KARTEN: Alan Karten on behalf of FVP Opportunity Fund.

THE COURT: Good morning, Mr. Karten.

And then on behalf of Josh Lubin.

MR. LUBIN: Josh Lubin on behalf of myself individually.

THE COURT: Good morning, Mr. Lubin.

MR. LUBIN: Good morning, Your Honor.

THE COURT: I know you filed a continuance. It wasn't that you couldn't make it today or things like that. You think it's premature.

MR. LUBIN: Yeah, and there's other moving parts. I'm stuck in like a pickle where I don't

me to retain counsel that protects me because of some language that was snuck into the record, but yeah, I would like to have an attorney. It's also premature, plus I'm waiting on a ruling from --

THE COURT: If you want to hire an attorney go ahead and hire an attorney, but that's not a basis to continue it.

Let me go down to each. Whether it's premature that's a separate issue. Let me start with the later one, the one that was the 9:45.

So the Motion to Continue is denied as to the hearing.

Motion to Compel Better Responses.

MR. LUBIN: On both of them?

THE COURT: Well, whether it's premature is a different question. I'll address the merits of that, but to continue the hearing, that's denied.

So Motion to Compel Better Responses and Full Production. What's going on there, Mr. Karten?

MR. KARTEN: First of all, as Your Honor may or may not be aware, we have a two hour hearing on the sanctions of the contempt of Mr. Lubin for

his responses what he needs to produce. I can go through the plethora of documents that we're discovering and other matters, but this was sort of just a forewarning of this is your last chance, please produce the documents so that we can cancel the hearing in July.

THE COURT: Mr. Lubin.

MR. LUBIN: I honestly don't -- I provided all documents. I couldn't go back to a certain period of the time with the bank statements, but I provided -- he ended up getting everything from the subpoena. I provided everything else.

THE COURT: Raise your right hand, sir.

Do you solemnly swear to tell the truth, the whole truth, and nothing but the truth?

MR. LUBIN: Yes.

THE COURT: Put your hand down and state your name for the record.

MR. LUBIN: Josh Avrumi Lubin.

THE COURT: All right, Mr. Lubin. Have you turned over everything you have?

MR. LUBIN: Yes, I turned over everything I have. I was only able to go bank to 2024. I couldn't go back to 2021.

THE COURT: You understand, everything that you have that's in your custody and control you turned over?

MR. LUBIN: Yes.

THE COURT: Counsel, this is the least of your worries. You may have criminal issues that you have to deal with.

MR. LUBIN: I don't have criminal issues. I am a fact witness.

THE COURT: There was a state criminal investigation.

MR. LUBIN: I'm not under investigation.

THE COURT: So you're not a target.

MR. LUBIN: I'm absolutely not a target.

THE COURT: All right. You said that earlier.

MR. LUBIN: I'm busy with so many things. Alan's not a target, but --

THE COURT: Here's the thing. Everything you have, it's electronic, just dump all the electronic documents onto some kind of Dropbox or whatever and give it to him.

MR. LUBIN: I did that.

THE COURT: Just give him whatever.

MR. LUBIN: I gave him all the statements.

from another source go grab it. I don't think we need a two and a half hour hearing, hopefully it will be canceled, but if not I'll see you on July 10th. I don't have the time to sit there and go through and babysit you all on this.

MR. KARTEN: I understand.

THE COURT: That takes care of the Motion to Compel. It's denied. Just do an order, a short order, the Motion to Compel is denied. Mr. Lubin, under oath, on the record has represented he has turned everything over.

Then there's an Application for a Charging Order. I do have some concerns with that, Mr. Karten.

Mr. Lubin is correct. There's a timing issue. That being said, there's different relief that you are requesting in that order.

MR. KARTEN: I think statutorily I'm entitled to it. We have a judgment that we can't execute on because we can't find anything. Mr. Lubin is the sole manager of two of the three corporations. We're withdrawing Spin Capital in Delaware because Mr. Lubin has sent an email saying that he has no interest in Spin Capital

in Delaware, so I'm taking him at his word.
THE COURT: So that's denied, Spin Capital and two companies. Here's the thing, this is what you wanted, and so I have no problem with an order that says that they're required to turn everything over as far as documents and dollar amounts as they receive it, any documentation. They're entitled to look at it and things of that nature. But you wanted something a little bit broader. You want anytime any money comes in they turn it over, so you're asking for a judgment right now and they have not yet had an opportunity to respond. So I think you may need to reset that, Mr. Karten.
MR. KARTEN: If you're talking that they haven't responded on the 56.29, Motions for Proceeding Supplementary?
THE COURT: Yes.
MR. KARTEN: One has nothing to do with the other. The Proceedings Supplementary are completely distinct from 605.0305.
THE COURT: You're not seeking a charging order on the Proceedings Supplementary.
MR. KARTEN: The charging order is separate. It's a completely separate proceeding under

Statute 605.0305.

THE COURT: Let me write that down. You're going under 605 --

MR. KARTEN: I believe it's 605.0305.

THE COURT: Let me pull that up, and then I'm going to show that to you, Mr. Lubin. I'm not sure what it says either so we'll look at this all together.

MR. LUBIN: I'm saying, he set this hearing a few days ago and without my permission, plus there's so many other moving parts, to foreclose on the membership interest, like with all these different shenanigans going on that need to get addressed, that can cause series prejudice.

MR. KARTEN: Maybe it's 0503.

THE COURT: Here's my screen.

MR. KARTEN: It's 0503. I had it backwards, I apologize. 0503.

THE COURT: Here we go, it's 0503. Charging Order. What subsection?

MR. KARTEN: The first line, on application to a court of competent jurisdiction.

THE COURT: I'm going to read this into the record. Florida Statute 605.0503(1). On application to a court of competent jurisdiction

by a judgment creditor of a member or a transferee, the court may enter a charging order against the transferable interest of the member or transferee for payment of the unsatisfied amount of the judgment with interest. Except as provided in subsection (5), a charging order constitutes a lien upon a judgment debtor's transferable interest and requires the limited liability company to pay over to the judgment creditor a distribution that would otherwise be paid to the judgment debtor.

MR. KARTEN: And then you go to Paragraph 5, Your Honor, because this is a sole one member, both of them, and I'm entitled to foreclose on that interest.

THE COURT: Subsection (5) says, If a limited liability company has only one member and the court orders a foreclosure sale of a judgment debtor's interest in the limited liability company or of a charging order lien against the sole member of the limited liability company pursuant to subsection (4).

And then Subsection (4) says, In the case of a limited liability company that has only one member.

And just so we're clear, these are limited liability companies of which there's only one sole member, and that one sole member is Josh Lubin.

MR. LUBIN: They're not limited liability companies. They're S Corporations.

MR. KARTEN: No. It's Spin Capital, LLC.

MR. LUBIN: You have the tax returns, Alan.

MR. KARTEN: It's an LLC.

MR. LUBIN: Alan, you have the tax returns, and you know --

MR. KARTEN: They're limited liability companies --

MR. LUBIN: They're actually not, it's a Sub-S.

THE COURT: Hang on. It's my understanding there's different types of corporations, and one of them is a limited liability corporation. Now, for tax treatment there's different types --

MR. LUBIN: No, it was converted. It was converted to a different type of corporation because -- he has this. He has my tax returns. It was once upon a time a limited liability company --

THE COURT: I don't have the answer to this.

Mr. Karten?

MR. KARTEN: They're all limited liability corporation --

THE COURT REPORTER: One at a time, please, guys.

THE COURT: Our court reporter can only take one conversation at a time. Mr. Karten.

MR. KARTEN: I provided a 21 page affidavit of my investigation. They are limited liability corporations. They have never been converted into any other, but they are treated as an S Corporation for tax purposes, which has nothing to do with 605.0503. How the IRS treats a corporation for tax purposes has nothing to do with incorporating either as a limited liability corporation or --

THE COURT: Let me ask the direct question, Mr. Karten. So a limited liability corporation can also be an S Corporation for tax purposes?

MR. KARTEN: That is correct.

MR. LUBIN: I'm pulling it up right now. It was converted. It was converted to an S Corporation. Teton Funding is still an LLC, but --

MR. KARTEN: That's how it's treated.

MR. LUBIN: Spin Capital, LLC, is 100 percent an S Corporation. He has my tax returns, which I actually filed. I didn't even know this. Florida state law contradicts federal law. I technically didn't have to turn over those tax returns, but he has my tax returns and he sees that it was converted to an S Corporation. I can provide -- I didn't even know this. I just noticed this in the hearing. I would have challenged it in my Motion to Continue, but I will provide evidence that it was converted to an S Corporation. And not only that, I don't think I'm the sole owner, I'm like 99 percent --

MR. KARTEN: It's not an S Corporation. It's a limited liability corporation.

MR. LUBIN: Alan, I just noticed this while the Judge was reading the statute. Not only that, in order to actually foreclosure on a single member LLC, which is not this, there's a lot more factors they need to prove and it's a whole process, but I just realized that this is not even an LLC. So you're going to have to find a statute about an S Corporation, but I will provide evidence -- we have a court reporter

here. I will provide evidence, Teton Funding is an LLC. I just created it a few months ago so you're going to go through a whole evidentiary hearing on an entity that has no assets. You want me to sign an affidavit that it has no bank account, no nothing?

MR. KARTEN: Let me make it clear. Under the statute you can either be incorporated as a 605 limited liability corporation, or a 607 corporation. Whether you're treated by the IRS as a partnership, sole proprietorship, S Corporation is irrelevant.

THE COURT: Mr. Lubin, again, it's a quick look. This is under the IRS website. LLC filing as a corporation or partnership. And it says, a limited liability company is an entity created by state statute. All right. And then as far as for treatment goes, an LLC can also be treated as an S Corporation for purposes of taxes. Does that make sense?

MR. KARTEN: Yes.

THE COURT: That's what's going on here. All right. And all I did was a search under, yes, this is AI, which we're not supposed to use, we're supposed to verify AI. It says an LLC can

be taxed as an S Corporation while maintaining it's legal status as an LLC.

MR. LUBIN: I'm pretty sure I filed the conversion. I will email my accountant, but either way like --

MR. KARTEN: Judge, there's no such thing as a conversion from an LLC to an S Corporation.

THE COURT: There's different treatments. One is for tax purposes and one is just for how you structure it for the state.

So anyway, I'm going to grant the motion with the Application for a Charging Order and a Charging Order Lien, and then depending on whether it's satisfied we may go into foreclosure on that.

MR. KARTEN: So you're not granting it as a foreclosure at this point? Because I have an affidavit that lays it out, 21 pages of why we can't collect and the frauds that Mr. Lubin has been perpetrating.

MR. LUBIN: I never committed any fraud.

MR. KARTEN: That's not true.

MR. LUBIN: What are you talking about? You're partners are going to prison. Don't keep calling me a fraudster. You're out of your mind.

MR. KARTEN: I didn't say you're a fraudster --

THE COURT: We'll see what happens with any criminal investigations, but I'm granting the motion, it would include foreclosure, foreclose on the charging lien.

MR. LUBIN: I don't own an interest in Spin Capital anymore?

THE COURT: Well, you still own Spin Capital, but any money or any asset, any financial interest in that will now be used to satisfy the judgment against you since you are a sole member. You're the only member.

MR. LUBIN: So if money comes in it has to get turned over --

THE COURT: Correct.

MR. LUBIN: Into -- you don't own the actual company, right?

THE COURT: Well, if you win your appeal you'll get your money back, all right.

MR. LUBIN: Hold on a second --

MR. KARTEN: Your Honor, just to be clear, you're granting it as to the two, not to the one that I withdrew, the Delaware corporation?

THE COURT: Correct. Yes.

MR. KARTEN: And you are granting --

THE COURT: The foreclosure of the two where there's evidence --

MR. KARTEN: Right.

THE COURT: -- the declaration established that he is a sole member of the LLC.

MR. KARTEN: And I uploaded a proposed order, not for signature, because I wanted all the procedural safeguards that Mr. Lubin is entitled to on the foreclosure, including Notice of Publication, public sale, et cetera, et cetera.

MR. LUBIN: So there's a lien against the member interest at the moment? Explain it to me.

THE COURT: Your membership interest, your sole membership interest, okay, because you are the sole owner.

MR. LUBIN: And basically they can end up doing -- selling the corporation?

MR. KARTEN: Selling your interest.

THE COURT: They can just sell your interest in the corporation. The corporation will still exist. They're just allowed to collect whatever --

MR. LUBIN: Any money that comes,

down for a hearing. Let them provide you with an updated accounting first, okay.

MR. KARTEN: Gary, I'm ordering.

MR. LUBIN: Do they control the entity and start pursuing --

THE COURT: You control the entity but any money you make from that entity because you're the sole 100 percent owner --

MR. LUBIN: I have no problem with that. No problem. I thought that they can start controlling --

THE COURT: They can sell your interest in it so you don't own it anymore and --

MR. LUBIN: How does that work?

THE COURT: Because you own that, 100 percent.

MR. LUBIN: How quickly can they sell the interest?

THE COURT: Any value, they can take that value and apply it to the judgment that you owe them; that's just the law. All right. You'll get all that money back if you win your appeal. All right. So good luck with your appeal.

MR. LUBIN: I'll get all the interest back or what? Do I need to put Spin Capital into

bankruptcy? Can they sell my intellectuals that may be worth money, hypothetically?

THE COURT: I can't advise you on that, but obviously if you file for bankruptcy or they file for bankruptcy there will be a stay and we'll address it accordingly.

MR. LUBIN: They don't control it, they just have a lien against it?

THE COURT: Correct, and then they're going to foreclose --

MR. KARTEN: And I can foreclosure on that lien.

MR. LUBIN: How quick can they foreclose on the lien?

MR. KARTEN: Gary, I'm ordering.

THE COURT REPORTER: Yes, sir.

MR. KARTEN: Thanks.

MR. LUBIN: Alan, send me a copy please.

THE COURT REPORTER: You can buy a copy, sir.

THE COURT: It will be cheaper because Mr. Karten is paying for the main. The copy should be cheaper.

THE COURT REPORTER: Correct.

MR. LUBIN: Oh, I didn't know that.

CERTIFICATE

STATE OF FLORIDA )
)
COUNTY OF BROWARD )

I, Gary R. Schwartz, Shorthand Reporter and Notary Public in and for the State of Florida at large,

DO HEREBY CERTIFY that the foregoing hearing was taken before me at the time and place therein designated; and the foregoing Pages 1 through 27, inclusive, are a true and correct record of the proceedings.

I FURTHER CERTIFY that I am not a relative or employee of any of the parties, nor relative or employee of such attorney or counsel, or financially interested in the foregoing action.

WITNESS MY HAND AND SEAL this 14th day of May, 2026, in the City of Fort Lauderdale, County of Broward, State of Florida.

*Gary Schwartz*

Gary R. Schwartz
Notary Public State of Florida
Commission Number HH503363
Commission Expires: 06/29/2028