# EXHIBIT B

**June 9, 2026 hearing transcript — excerpts**

Original PDF pages 2–3, 7–10 and 17–24. Original transcript pagination retained.

Broward Case No. CACE-22-005125.

Source excerpts are reproduced for context. The accompanying memorandum distinguishes testimony, advocacy, party positions, and rulings.

FILED BANKRUPTCY
2026 OCT 19 PM 4:08:24

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT

IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE-22-005125

Division: 07

Judge: David A. Haimes

FVP OPPORTUNITY FUND III, L.P., et al.,

Plaintiffs/Judgment Creditors,

v.

AVRUMI LUBIN a/k/a JOSH LUBIN, et al.,

Defendants/Judgement Debtors.

______________________________/

TRANSCRIPT OF PROCEEDINGS

The above-entitled cause came on for hearing before the Honorable DAVID A. HAIMES, as Presiding Judge via remote video teleconference, on Tuesday, 9th day of June 2026, commencing at 9:03 a.m.

~~~~~~~~~~~~~~~~~~~~~~~~~~

REPORTED BY:

ALEXA PEREZ, CER, COURT REPORTER

NOTARY PUBLIC, STATE OF FLORIDA
~~~~~~~~~~~~~~~~~~~~~~~~~~

APPEARANCES OF COUNSEL

On Behalf of the Defendants:

Josh Lubin - Pro Se

On Behalf of the Plaintiffs:

LAW OFFICE OF ALAN I. KARTEN, PLLC
321 Anderson Pond Rd,
Aiken, SC 29803-4611
305-490-2767
alankartenlaw@gmail.com
BY: ALAN KARTEN, ESQUIRE

cross claim and third-party complaint, right?

MR. KARTEN: Yes, sir.

THE COURT: Okay.

MR. LUBIN: Different party.

THE COURT: So, this is the -- strictly a motion for a charging order. It's your motion, Mr. Karten. You can proceed.

MR. KARTEN: Yes, Your Honor. We're -- we're asking for charging orders against two corporations, JL Special and Teton Life, which are both foreign corporations. However, I've been able to do a little investigation, and Mr. Lubin provided an operating agreement for one. So, JL Special is a single member corporation. We'd be entitled to the charging order and foreclosure. But Teton Life is a multi-member corporation, so we are not entitled to foreclosure only for the charging order against Mr. Lubin. And the allegations, of course, are is an outstanding judgment, need to execute on the judgment. There's not enough assets to make our client whole. And I think it's all in both the motion itself and my affidavit in support of the motion.

MR. LUBIN: Your Honor, can I respond?

THE COURT: Yeah. You don't need to

respond on Teton Life because I'm going to deny the motion. Okay. So, you'll be asked to do -

THE COURT REPORTER: Mr. Lubin, please, please, one person at a time. Got to do one at a time.

MR. LUBIN: Oh, sorry.

MR. KARTEN: Wait, Your Honor, you're denying the motion on Teton Life, right?

THE COURT: Yeah. Didn't you say that that's a multi-member, so you're not going forward on it?

MR. KARTEN: No, it's a multi member. I'm only entitled to a charging order against Mr. Lubin. I'm not entitled to a foreclosure.

THE COURT: I gotcha. Okay. So, it's under --

MR. LUBIN: You're not entitled to a charging order either. Under Florida 605.0503(6) and Delaware law, you're not -- not even entitled to charging lien because -- because it's a multi-member LLC. For JL Special Investments, under both Delaware LLCs, Delaware law governs it and bars foreclosure. A charging order in Delaware would be the only remedy because they don't have foreclosure remedies in -- in -- in Delaware and we're in the wrong jurisdiction.

So, I -- even a charging lien against any of these entities, but I -- I respect-- I respect Your Honor denying the foreclosure outright because I think that's pretty clear based on Florida law. And --

THE COURT: That's here.

MR. LUBIN: Yeah. Delaware is a multi-member LLC. Then is -- I -- I -- I filed there's a motion to vacate part of the charging lien that Mr. - the Appellate Division is looking at. So, I don't know if there's jurisdiction limbo type of thing, but the May-- the May 13th transcripts clearly don't match. There was a five-minute hearing. It's a very long May 15th written order and I want Your Honor to either correct the order -- I filed a motion to vacate it. I'll pull up the -- yeah. And this is for Florida Corporation.

THE COURT: Show me under this charging rule where you're saying under 605.0503 Subsection six and it says, "In the case of a limited liability company that has more than one member, the remedy of foreclosure on a judgment debtor's interest in the limited liability company or against rights to distribution from the limited liability company is not available to a judgment creditor attempting to satisfy the judgment and may not be ordered by a

Court." That's when Mr. Karten agreed-- he agreed with you on that, that I try to close on Teton Life because it's multi-member, but he doesn't say that you're not entitled to still the charging order.

MR. LUBIN: But this is for a Florida corporation and he's using a Florida statute. And in his order for the May 15th charging lien against another corporation, he's using a Florida LLC's statute. And this is -- these are not Florida LLCs. And -- hold on.

THE COURT: Now, Mr. Karten, these are Delaware companies, LLC?

MR. KARTEN: One is Delaware, one is New Jersey.

MR. LUBIN: And they're not incorporated in Florida. They've never been incorporated in Florida.

MR. KARTEN: There is a -- yeah. It's an interesting argument that I just needed a brief that I'm filing in Court, but the argument holds no merit. What he's basically arguing is that this is a choice of law or -

THE COURT: Well, there's no arguingchoice of law. So, it's kind of like if -- if there was a piece of real property and you wanted me to foreclose on real property, I can only foreclose on real

all of these issues in my brief. I can go into significant detail. My brief's almost -- just under 50 pages.

THE COURT: All right. Let me -- wait. It's spinning. We're up to 2,522 documents or entries now in the FVP case. All right. It says here --

MR. LUBIN: So, Your Honor, just to make it simple, for the previous motion, you're granting a charging lien against Mr. Lubin's interest in JL Special Investment?

THE COURT: And in Teton Life, but I'm actually going to also include an order of foreclosure on your interest in JL Special because it's a single member LLC.

MR. LUBIN: Don't-- don't you need to have a trial for foreclosure?

THE COURT: Nope.

MR. LUBIN: Sorry. You can't foreclose on JL special investment because Florida law says that the it -- it -- it's governed by Delaware -- Delaware doesn't allow foreclosures on a foreign-- on -- on -- on a Delaware entity. Even if it's single member, it doesn't matter. So, I think we -- you -- your Honor even pulled that up and he says that doesn't apply to

a charging lien. So basically, to be limited to -

THE COURT: They're not going to sell the company. They're not foreclosing on the company. They're just going to sell your interest in that company. So that's --

MR. LUBIN: Delaware doesn't allow you to foreclose on a member's interest in in the Delaware LLC.

THE COURT: You made your point, and I guess we'll find out on appeal on this one as well, because that's the same -- now, what date was the notice of appeal, Mr. Karten?

MR. KARTEN: I'm sorry, Your Honor?

THE COURT: What date was the notice of appeal of the -- the prior charging order?

MR. LUBIN: I can give you the -- the -

MR. KARTEN: I have to go to the appellate court.

MR. LUBIN: I can give you the -

THE COURT: And you know what -- okay. So now let's go -- all right. Let me -- let me go ahead and find -- all right, all right.

MR. KARTEN: So --

THE COURT: Okay. So here we go.

MR. KARTEN: The Notice of Appeal was filed

May 21st, 2026.

THE COURT: All right. Can you see the screen?

MR. LUBIN: Yes, Your Honor.

THE COURT: All right. May 21st -- oh, acknowledgement. Well, that's acknowledgement of the appeal. I didn't see the actual Notice of Appeal.

MR. LUBIN: It -- it's -

MR. KARTEN: Well, I -- I'm on the appellate docket, so it's --

THE COURT: Okay.

MR. KARTEN: It says May 21st.

THE COURT: All right. And this was when was my order -- and oh, here's the notice of appeal. It was May 16th, Notice of Appeal of Non-Final Order. Yeah. The Order Imposing Charging Orders Requiring Turnover of Financial Information and Joining Transfers, Authorizing Foreclosure of Transferable Interest and Establishing Procedures for Private or Judicial Sale. And that had to do with Spin Capital, Teton Funding?

MR. KARTEN: Correct.

THE COURT: And now that's on appeal. All right. It's on appeal, Mr. Lubin.

MR. LUBIN: And what's -- if the appellate

Court asks Your Honor to -- to -- to rehear it?

THE COURT: Sure.

MR. LUBIN: Can we say on the record that you'll correct right now if they -- or would have to set it for another hearing?

THE COURT: There's no jurisdiction to even do anything on that.

MR. LUBIN: Okay. Let me go back to the charging lien. I -- I -- Mr. Karten, Your Honor, if you just give me a few-- a few seconds over here. Your Honor mentioned this case, Shim v. Buechel or whatever it is. Basically, it -- it -- it -- it's the wrong remedy. It's -- Shim is not about turning over a debtor's asset. It's about it's not about a charging order or a foreclosure order. It never mentions any LLC interest. The remedy against an LLC interest is by a specific statute, which I mentioned to Your Honor, which Florida statute specifically says that the -- the foreign entity governs Delaware would govern the laws of -- of the foreclosure interest, not Florida. And it basically -- which makes -- Shim is about a Court's power over the person, not what remedy the law allows, personal jurisdiction over me --

THE COURT: Are you there?

MR. LUBIN: Yeah. "Personal jurisdiction over Lubin lets the Court enter a charging order the proper in pursuant to remedy. It does not manufacture a workforce sale remedy that Delaware and New Jersey law forbid. The debtor's assets, not the company, Shim reached the debtor's own property, did not authorize reaching a non-party LLC's assets or selling the entity. Delaware 18-703B bars a creditor from reaching the LLC's property." Shim doesn't touch that. In short, Shim supports, at max, a charging order, but not foreclosure. So, granting foreclosure against JS Special Investment wouldn't be possible under Florida -- Florida law.

THE COURT: All Right.

MR. LUBIN: I'm trying to do this -

THE COURT: I appreciate your arguments and you have it all on the record there.

MR. LUBIN: Yeah.

THE COURT: I disagree. Based on the Shim case and 605.0503, I am going to the charging order --

MR. LUBIN: 605 --

THE COURT REPORTER: Mr. Lubin, please --

THE COURT: Hang on, Mr. Lubin. I'm going to grant the charging order. And with respect to JL

Special, allow foreclosure of not the company, but of your interest in the company. Teton Life, I'm not going to do that. All right. And so, go ahead and upload an order, Mr. Karten.

MR. KARTEN: Thank you, Your Honor.

MR. LUBIN: And Your Honor, can you -

THE COURT: You may be absolutely correct, Mr. Lubin. We'll find out when the appeal continues on the other case. So, we -- we'll find out when the 4th rules on the other.

MR. LUBIN: Okay. I -- I -- can you give it, like, tell Mr. Karten he has to run the order by me and give me, like, 48 hours so I can get the transcripts? And -- because I'm going to -- I'm going to submit a competing order and an objection?

THE COURT: It's going to be in the same order. But just substituting the corporation's names, correct, Mr. Karten?

MR. KARTEN: I'm sorry, Your Honor?

THE COURT: It'll be essentially the same as the prior charging orders before.

MR. KARTEN: It-- it'll be the same. I'm actually going to leave portions out regarding reserving for injunction, and I don't care if he doesn't turn over any documents. Those portions that

he sort of objected to on the last one, I'm going to leave them out just to keep it clean.

THE COURT: Okay.

MR. KARTEN: But otherwise, it's going to be identical.

THE COURT: All right. So go ahead and upload the order on the work bench. All right. We'll see what happens on appeal, Mr. Lubin. All right. Good luck to you.

MR. KARTEN: Thank you.

MR: LUBIN: Okay, Your Honor. Thank you.

THE COURT: All right. You all have a great day.

MR. KARTEN: Thank you, Your Honor.

THE COURT: Bye-bye.

(Hearing concluded at 09:38 a.m.)

REPORTER CERTIFICATE

STATE OF FLORIDA
BROWARD COUNTY

I, ALEXA PEREZ, do hereby certify that I was authorized to and did report the foregoing proceedings; and that the transcript is a true and correct transcription of my notes of the proceedings.

I further certify that I am not a relative, employee, attorney or counsel of any of the parties, nor am I a relative or counsel connected with the action, nor am I financially interested in the action.

Dated this 9th day of June, 2026.

Alexa Perez

ALEXA PEREZ, CER, COURT REPORTER
Notary Public, State of Florida