# EXHIBIT I

**October 6–15, 2026 emails with the Trustee's counsel — newest messages only**

Six emails: October 6, 2026, 1:49 p.m.; October 7, 2:00 p.m.; October 7, 3:15 p.m.; October 9, 5:24 p.m.; October 9, 8:14 p.m.; and October 15, 12:51 a.m. (Eastern). Reproduced from the josh@tetonfunding.com mailbox. Each shows the newest message only; earlier quoted correspondence, signature images and attachments are omitted. No text of any newest message is omitted or altered.

NJ Adv. No. 26-01494-EJO; Case No. 26-17342-EJO.

Source excerpts are reproduced for context. The accompanying memorandum distinguishes testimony, advocacy, party positions, and rulings.

*Exhibit I — email 1 of 6 — Oct. 6, 2026, 1:49 p.m. (newest message only; attachments and earlier quoted correspondence omitted)*

| | |
|---|---|
| From: | Patricia A. Staiano <PStaiano@hlgslaw.com> |
| Sent: | Tuesday, October 6, 2026 1:49 PM (Eastern) |
| To: | Josh Lubin <josh@tetonfunding.com> |
| Cc: | Matthew E. Moloshok <mmoloshok@hlgslaw.com>; ben <ben@stanzialelaw.com> |
| Subject: | Re: Lubin call |

Josh,

We intend to go forward with our plan to file a complaint and order to show cause to bring Spin and JL into bankruptcy in accordance with Third Circuit law. We are speaking with counsel to the co-owner of Teton about what to do with Teton.

Patricia A. Staiano, Esq.
Hellring Lindeman Goldstein & Siegal LLP
103 Eisenhower Parkway
Roseland, NJ 07068
T: +1.973.621.9330
F: +1.973.621.7406
pstaiano@hlgslaw.com

*Exhibit I — email 2 of 6 — Oct. 7, 2026, 2:00 p.m. (newest message only; attachments and earlier quoted correspondence omitted)*

| | |
|---|---|
| From: | Josh Lubin <josh@tetonfunding.com> |
| Sent: | Wednesday, October 7, 2026 2:00 PM (Eastern) |
| To: | pstaiano <pstaiano@hlgslaw.com> |
| Cc: | Matthew E. Moloshok <mmoloshok@hlgslaw.com>; ben <ben@stanzialelaw.com> |
| Subject: | Re: Lubin call |
| Importance: | High |

Pat,

I am replying to your October 6 email about a complaint and order to show cause to bring Spin and JL into bankruptcy.

Thank you for supporting the stay in SDNY (ECF 210, filed today). I support that stay. But my support for the stay is not consent to bringing Spin or JL into bankruptcy now.

I object to putting Spin or JL into bankruptcy now, and I do not consent to substantive consolidation. My objection to a Spin or JL bankruptcy is about timing. As I wrote on October 3 and October 5, I think the right order is:
1. First, pause Spin's cases: SDNY (now requested) and the Michigan appeal.
2. Then get organized: a full list of Spin's cases, claims and debts, and an investigation of Spin's rights, including the disputed assignments.
3. Then decide, on a full record, whether a bankruptcy for Spin and JL makes sense.

Once that work is done, I would consider consenting to a properly documented proposal to put Spin and JL into bankruptcy. That is not a commitment. It depends on what the investigation shows.

Michigan: in Franklin v. Spin (Mich. Ct. App. No. 379467), Spin's brief, or a motion for more time, is due October 15. Please seek the same kind of stay for that appeal, or tell me by Friday, October 9 if you will not, so the deadline is covered either way.

My position on Teton Life has not changed (my October 2 email).

If you go forward anyway, please send me the draft complaint and proposed order before you file, and the hearing and response dates. I reserve all of my objections and rights.

Thank you,

Josh Lubin
(732) 608-4905
josh@tetonfunding.com

*Exhibit I — email 3 of 6 — Oct. 7, 2026, 3:15 p.m. (newest message only; attachments and earlier quoted correspondence omitted)*

| | |
|---|---|
| From: | Patricia A. Staiano <PStaiano@hlgslaw.com> |
| Sent: | Wednesday, October 7, 2026 3:15 PM (Eastern) |
| To: | Josh Lubin <josh@tetonfunding.com> |
| Cc: | Matthew E. Moloshok <mmoloshok@hlgslaw.com>; ben <ben@stanzialelaw.com> |
| Subject: | RE: Lubin call |

Josh, your wish list is not realistic. The point of the extension proceeding is to afford Mr. Stanziale the authority to act on Spin's behalf and have the stay apply. We must proceed on this course; your suggestions are not going to achieve this goal.

Of course, you are free to contest the Trustee's complaint.

Patricia A. Staiano, Esq.
Hellring Lindeman Goldstein & Siegal LLP
103 Eisenhower Parkway
Roseland, NJ 07068
T: +1.973.621.9020
D: +1.973.621.9330
F: +1.973.621.7406
pstaiano@hlgslaw.com

*Exhibit I — email 4 of 6 — Oct. 9, 2026, 5:24 p.m. (newest message only; attachments and earlier quoted correspondence omitted)*

| | |
|---|---|
| From: | Patricia A. Staiano <PStaiano@hlgslaw.com> |
| Sent: | Friday, October 9, 2026 5:24 PM (Eastern) |
| To: | Josh Lubin <josh@tetonfunding.com> |
| Cc: | Matthew E. Moloshok <mmoloshok@hlgslaw.com>; ben <ben@stanzialelaw.com>; Rachel Wolf <rachel.wolf@usdoj.gov>; Kirsten K. Ardelean <kirsten.k.ardelean@usdoj.gov>; Feinman, Heidi A. (USTP) <Heidi.A.Feinman@usdoj.gov> |
| Subject: | RE: Lubin call |

Again, the Trustee is not acting on behalf of any of your entities. That may change if Judge O'Hagan orders otherwise in the future.

Patricia A. Staiano, Esq.
Hellring Lindeman Goldstein & Siegal LLP
103 Eisenhower Parkway
Roseland, NJ 07068
T: +1.973.621.9020
D: +1.973.621.9330
F: +1.973.621.7406
pstaiano@hlgslaw.com

*Exhibit I — email 5 of 6 — Oct. 9, 2026, 8:14 p.m. (newest message only; attachments and earlier quoted correspondence omitted)*

| | |
|---|---|
| From: | Patricia A. Staiano <PStaiano@hlgslaw.com> |
| Sent: | Friday, October 9, 2026 8:14 PM (Eastern) |
| To: | Josh Lubin <josh@tetonfunding.com> |
| Cc: | Joshua Wurtzel <jwurtzel@schlamstone.com>; Alexander P. Wentworth-Ping <awping@schlamstone.com>; Stanley Casey <scasey@sqcaseylaw.com>; ben <ben@stanzialelaw.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>; Rachel.Wolf@usdoj.gov; Kirsten.K.Ardelean@usdoj.gov; Heidi.A.Feinman@usdoj.gov |
| Subject: | Re: Teton Life — written clarification of filing pause, claimed authority, and protective action |

Mr. Lubin,

You are able to tell anyone what you see fit. The Teton entities, Spin and JL did not file bankruptcies. We will be seeking authority from the court for the Trustee to act on their behalf but the Trustee does not have that authority at the present.

Moreover, Trustees' constituents are creditors. Their charge is to maximize assets for distribution to creditors. We had hoped to work with you consensually but we receive a barrage of emails and now threats. We do not understand your alleged constitutional violations but again, do as you see fit.

You currently have autonomy over your entities and maintain that you want that in the future. How that is resolved is up to Judge O'Hagan.

You voluntarily filed your bankruptcy and you did not appeal the order appointing a chapter 11 trustee. We do not wish you ill and hope you can successfully proceed with your life after this process.

We have answered your questions and the barrage of emails is not helpful. But this is a fee country and you can keep saying what you need to say. But the Trustee takes the positions and actions he does as well.

Patricia A. Staiano, Esq.
Hellring Lindeman Goldstein & Siegal LLP
103 Eisenhower Parkway
Roseland, NJ 07068
T: +1.973.621.9020
F: +1.973.621.7406
pstaiano@hlgslaw.com

*Exhibit I — email 6 of 6 — Oct. 15, 2026, 12:51 a.m. (newest message only; attachments and earlier quoted correspondence omitted)*

| | |
|---|---|
| From: | Josh Lubin <josh@tetonfunding.com> |
| Sent: | Thursday, October 15, 2026 12:51 AM (Eastern) |
| To: | pstaiano@hlgslaw.com |
| Cc: | mmoloshok@hlgslaw.com; ben@stanzialelaw.com; rachel.wolf@usdoj.gov; kirsten.k.ardelean@usdoj.gov; Heidi.A.Feinman@usdoj.gov |
| Subject: | In re Lubin, No. 26-17342-EJO — Michigan appeal No. 379467 (due today) and possible estate interests |
| Importance: | High |
| Attachments: | Attachment_1_Michigan_379467_September_24_Deadline_Order.pdf; Attachment_2_Michigan_379467_August_20_Intervention_Order.pdf (attachments omitted) |

Ben, Pat, and Matt,

I request an urgent written response concerning Michigan Court of Appeals No. 379467 and any affected interests of my bankruptcy estate.

The September 24 order requires Spin to file its brief or an appropriate extension motion within 21 days—October 15—or the appeal will be placed on the involuntary-dismissal docket. My intervention request and reconsideration were denied. I have no confirmation that a Michigan attorney will file for Spin.

I understand your written position that the Trustee does not presently have authority to act for Spin. My separate request concerns the assessment and protection of rights that may belong to my bankruptcy estate.

**1. Immediate assessment and protective action**

Please assess the March 17, 2025 signed assignment to me of Spin's interests in the CIA/JLA, the underlying agreement, and other relevant transfers, including the later April 24, 2025 Spin-to-JL Special assignment.

Please state whether the estate claims any of these interests, how dismissal of the Michigan appeal could affect them, and what protective relief the Trustee will seek in his estate capacity. This should include whether an expedited determination of bankruptcy-stay coverage or other relief is appropriate.

Please identify the proposed filing, court, responsible attorney, and timing. If the Trustee will not pursue protective action, please explain promptly.

I am not asserting that the assignment makes me Spin's appellate representative or establishes that its entire appeal is stayed. I am asking that the potential estate connection receive an urgent, documented assessment.

**2. Independent investigation of ownership and litigation authority**

My October 13 email and its three attachments identified Franklin's ownership assertions and relevant court records. During our call, I also raised my concern about whose rights the Trustee would be protecting when seeking authority concerning my entities.

I renew my request that the Trustee seek appropriate court approval for independent, conflict-screened special counsel to investigate ownership, contractual restrictions, litigation authority, and potential estate claims.

That review should address whether the conditional restrictions in paragraph 6 of the 2021 Spin–Franklin Capital Group assignment were invoked in matters beyond Excell, whether their conditions were met, and whether disputed ownership or restrictions affected counsel's decisions. I am requesting an investigation, not asserting that misconduct has been established.

Please keep my estate, Spin, Hi Bar, JL Special, each Teton entity, Franklin Capital Group, and Franklin Capital Funding distinct. For each disputed right, please identify the competing claimants, supporting instruments or orders, and proposed decision-maker.

Please provide the proposed scope and timing of that review. Immediate protective work should proceed while the broader investigation is arranged.

**3. Proposed entity proceeding and consequences of nonresponse**

On our October 13 call, I understood Matt to say that parties who do not object to the proposed entity proceeding could lose the ability to assert competing rights later. Please correct that understanding if necessary.

Please provide the proposed complaint and order when available, identify which ownership issues they would adjudicate, explain how affected claimants would be named and served, and identify the legal basis and scope of any consequences of nonresponse.

Please distinguish obtaining authority over an entity from adjudicating ownership of particular rights. I request express identification and appropriate reservation of disputed ownership issues that the proceeding would not resolve.

This email does not consent to entity bankruptcy filings or substantive consolidation.

Please respond before my 10:00 a.m. Eastern hearing today if possible, with enough time to evaluate available action before the Michigan deadline. Please provide copies of any protective filing and resulting order.

I attach the September 24 and August 20 Michigan appellate orders. Please confirm whether you have the complete signed assignment documents and identify the appropriate confidential channel for any additional copies.

Thank you,

Avrumi "Josh" Lubin
732-608-4905
josh@tetonfunding.com