# EXHIBIT J

**October 18, 2026, 9:24 p.m. sent supplemental notice**

Newest sent message only. Reproduced from a 37-page print of the email thread from the josh@tetonfunding.com mailbox: original PDF page 1, and original PDF page 2 down to Josh Lubin's signature. Earlier quoted email chain omitted. On original PDF page 2, content below Josh Lubin's signature has been removed; no text of the newest message is omitted or altered.

NJ Adv. No. 26-01494-EJO; Case No. 26-17342-EJO.

Source excerpts are reproduced for context. The accompanying memorandum distinguishes testimony, advocacy, party positions, and rulings.

**Josh Lubin** **Sunday, October 18, 2026 at 9:25:48 PM Eastern Daylight Time**

**Subject:** Re: Stanziale v. Lubin, Adv. No. 26-01494 (EJO) - written notice under the October 15 Order (at 5) and Fed. R. Civ. P. 65(b)(4); request for consent to modify the temporary restraints; the Florida record
**Date:** Sunday, October 18, 2026 at 9:24:53 PM Eastern Daylight Time
**From:** Josh Lubin <josh@tetonfunding.com>
**To:** Patricia A. Staiano <pstaiano@hlgslaw.com>
**CC:** Matthew E. Moloshok <mmoloshok@hlgslaw.com>, ben <ben@stanzialelaw.com>, Rachel Wolf <Rachel.Wolf@usdoj.gov>, Kirsten K. Ardelean <Kirsten.K.Ardelean@usdoj.gov>, Heidi A. Feinman <Heidi.A.Feinman@usdoj.gov>
**Priority:** High

Ben, Pat and Matt,

I write in my individual capacity to supplement—not withdraw or replace—my October 15 written notice.

My primary request is an express court order restoring my sole management and litigation authority over all five Subject Entities, including Teton Life, pending a full determination of the disputed authority issues. My position is that the governing documents vest that authority in me, including for Teton Life. I am distinguishing management and litigation authority from ownership of another member's interest.

I request dissolution of paragraph (2), including the "CONFIRMED" sole-authority provision, and dissolution or modification of paragraph (3)'s blanket asset restrictions so the companies can operate, pay necessary expenses, and protect and pursue their claims through counsel.

I am requesting restoration of sole authority—not merely permission to perform a few limited tasks or operate under an arbitrary monthly spending cap. This request does not seek to eliminate other members' ownership or economic rights or override orders entered in other courts.

Immediately after entry of the requested modifying order authorizing me to arrange representation, I intend to seek to retain independent counsel for the Subject Entities, consistent with that order. Please include express clarification of my authority to arrange those engagements and their funding.

I am not requesting elimination of appropriate protective litigation stays. The cases covered and the duration of those stays should be expressly identified in the proposed order. Required records preservation, production and statutory cooperation would continue.

Separately, I request a 60–90-day schedule before a final determination on extending my Chapter 11 case to the companies, allowing time for independent counsel, appropriate

notice, and development of the record. That request is not consent to consolidation later. My request for interim restoration of sole authority should still be addressed promptly, including at the October 22 hearing.

Please advise whether the Trustee will consent to all or any part of this relief so an agreed proposed order can be submitted to the Court.

I am not appearing as counsel for any company. I will comply with the existing Order unless the Court changes it, while preserving my objections.

Josh Lubin
(732) 608-4905
josh@tetonfunding.com

*Earlier quoted correspondence omitted.*