UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Avrumi Lubin, pro se, individually only
1460 Arboretum Parkway
Lakewood, NJ 08701
718-570-3796
josh@tetonfunding.com

Case No.: 26-17342-EJO

Adv. No.: 26-01494-EJO

In Re:
Avrumi Lubin a/k/a Josh Lubin

Hearing Date: October 22, 2026, 10 a.m.

Judge: Eamonn J. O'Hagan

Benjamin A. Stanziale, Jr., Chapter 11 Trustee

Plaintiff(s)

v.
Avrumi Lubin; Spin Capital, LLC; Teton Life, LLC; Teton Funding, LLC; Teton Funding Group, LLC; and JL Special Investments, LLC

Defendant(s)

# ORDER

ON MOTION TO MODIFY OR DISSOLVE TEMPORARY RESTRAINTS; INTERIM ARRANGEMENTS; AND SCHEDULING

The relief set forth on the following pages, numbered two (2) through 11, is **ORDERED**.

# ORDER ON MOTION TO MODIFY OR DISSOLVE TEMPORARY RESTRAINTS; INTERIM ARRANGEMENTS; AND SCHEDULING

Upon the October 15, 2026 Order to Show Cause with Temporary Relief; Avrumi Lubin's individual objection and motion under Fed. R. Civ. P. 65(b)(4) and 54(b) and Fed. R. Bankr. P. 7065 and 7054; the written notice of October 15, as supplemented on October 18; the response, if any; and the hearing held on October 22, 2026, with notice to the defendants and an opportunity to be heard, the Court states the following reasons for the relief granted and the specific terms below, as Fed. R. Civ. P. 65(b)(2) and 65(d)(1) and Fed. R. Civ. P. 52(a)(2) (through Fed. R. Bankr. P. 7052) require, by reference to the reasons stated on the record on October 22, 2026, which are incorporated herein; and the Court finding that the limited interim relief set out below is necessary to preserve the status quo and the parties' rights pending the further proceedings this Order schedules; the Court makes the following limited procedural and interim rulings. Final ownership, consolidation, and merits issues, and preclusion issues other than those addressed in paragraph 12, are reserved. This form proposes relief and has no effect unless entered by the Court.

1. The October 22 hearing addresses interim relief and scheduling. Supplemental opposition to the full preliminary-injunction request is due November 6, 2026 at 5:00 p.m.; any reply is due November 9 at 5:00 p.m. The continued hearing is November 12, 2026 at 10:00 a.m., subject to a different date announced by the Court. These scheduling provisions do not extend the temporary restraints. The final hearing on the Complaint shall be scheduled for a date approximately ninety days after entry of this Order, to be set by the Court after the Subject Entities have had an opportunity to obtain counsel and their creditors and Teton Life's other member have had notice; the parties shall confer and submit a proposed schedule within fourteen days after entry of this Order. No final extension of bankruptcy proceedings or substantive consolidation is adjudicated by this Order.

2. If paragraph 3(b) is granted as to a Subject Entity, that Subject Entity may engage counsel to defend this adversary proceeding under the arrangement restored by paragraph 3(b); as to any other Subject Entity, by October 27, 2026, the Trustee shall identify a proposed procedure for that Subject Entity to arrange independent counsel to defend this adversary, including authorization, selection, instructions, and the proposed source and approval of fees. Lubin individually and another affected member may consult prospective counsel and provide nonprivileged papers for a proposed engagement. Proposed entity counsel may seek a limited

appearance to resolve authorization and funding, without thereby waiving any defense. Paragraph (2) of the October 15 Order shall not, by itself, authorize waiver of an entity's defense of this adversary or prevent presentation of a proposed defense-counsel arrangement to this Court. This paragraph concerns counsel to defend the Subject Entities in this adversary proceeding; it does not concern the retention of professionals for the estate, which is addressed in paragraph 7. No Subject Entity shall be held in default in this adversary proceeding for failure to appear through counsel, and no party shall seek entry of default against it, during the response period set under paragraph 8. No interim authority over a Subject Entity shall be exercised to waive, withdraw, compromise, or consent to judgment on any Subject Entity's defense to this adversary proceeding. Nothing herein requires the estate to fund the defense of any Subject Entity. Where a Subject Entity has another member, that member's participation in retaining and instructing counsel is preserved. This provision does not appoint counsel or permit a nonlawyer to appear for an entity, and it authorizes Lubin to bind an entity or spend its funds only as paragraph 3 provides.

3. Authority clause; restraints in paragraphs (2)–(4); interim arrangements. In this paragraph, the "four companies" are Spin Capital, LLC, Teton Funding, LLC, Teton Funding Group, LLC, and JL Special Investments, LLC.

(a) The final clause of paragraph (2) of the October 15 Order, beginning "and it is further CONFIRMED," is vacated [alternative for the Court: is provisional only and is not a determination of any party's rights]. Neither the October 15 Order nor this Order determines whether, or to what extent, the Trustee holds or may exercise management or litigation authority for any Subject Entity. That question is reserved for determination, entity by entity, on notice, at the final hearing under paragraph 1 or on such earlier schedule as the Court sets.

(b) Pending that determination:

(i) the remainder of paragraph (2), and paragraphs (3) and (4), of the October 15 Order are dissolved; paragraph (1) of the October 15 Order is not dissolved and remains in effect as provided in paragraph 9;

(ii) the management and litigation arrangement for each Subject Entity in effect before October 15, 2026 is restored, so that Lubin may manage the four companies and direct their litigation as before that date, and may exercise, under Teton Life, LLC's operating agreement and applicable law, the management and litigation authority he exercised for

Teton Life before that date, in each case subject to subparagraph (c) and to the orders of other courts;

(iii) the October 15 Order confers no authority over Teton Life, LLC on any person, and all members' positions under Teton Life's operating agreement and applicable law are reserved; and

(iv) no party shall remove or appoint a manager of, or amend the operating agreement of, any Subject Entity except on notice and by order of this Court.

(c) While subparagraph (b) is in effect:

(i) no Subject Entity shall appear in any court except through licensed counsel, and Lubin shall not appear for any Subject Entity;

(ii) no Subject Entity shall, outside the ordinary course of its business, sell, transfer, distribute, assign, or encumber any asset; settle, release, compromise, abandon, subordinate, concede the ownership of, or dismiss with prejudice any claim, judgment, or appeal; or borrow money or guarantee any debt; and no Subject Entity shall, whether or not in the ordinary course, make any payment or transfer to Lubin or to any other member, manager, or insider of a Subject Entity, in each case unless at least five business days' written notice of the proposed act has been given to the Trustee and the United States Trustee and, for Teton Life, LLC, to Gavriel Yitzchakov or his counsel; if the Trustee, the United States Trustee or, for Teton Life, LLC, Gavriel Yitzchakov files and serves a written objection within that period, the act shall not be taken until the Court rules on the objection, which any party may present on two business days' notice;

(iii) Lubin may arrange the engagement of licensed counsel for any of the four companies, and for Teton Life, LLC within the authority restored by subparagraph (b)(ii), to be paid from that entity's own funds, subject to the orders of other courts, including the New York receivership orders, or by a third party; each payment to counsel from a Subject Entity's funds, and the identity of any third-party payer, the amounts it pays, and any repayment or other terms, shall be reported by Lubin to the Trustee and the United States Trustee within seven days, in a report limited to nonprivileged information, and a third-party payer acquires no right to direct the representation;

(iv) an act needed only to preserve a right against a deadline, such as a protective filing or an extension request, and not a transfer, settlement, release, compromise, abandonment,

or dismissal, may be taken without advance notice and shall be reported to the Trustee and the United States Trustee the same day; and

(v) any party may move to modify this subparagraph on two business days' notice.

(d) If the Court does not grant subparagraph (b), then, pending the determination described in subparagraph (a), the restraint in paragraph (2) of the October 15 Order is modified to permit the following interim protocol for the four companies. Lubin, acting through licensed counsel wherever counsel is required, may perform the ordinary-course and deadline-protective functions needed to preserve each of the four companies' value, including directing counsel of record in its pending cases, paying insurance premiums, taxes, registered-agent and other compliance charges, and maintaining its books and records. While this subparagraph is in effect, counsel for the four companies shall take instructions from Lubin under this subparagraph, subject to the Trustee's consent rights in clause (ii). These conditions apply:

(i) Lubin shall not appear for any Subject Entity in any court;

(ii) none of the four companies shall, without at least five business days' written notice to the Trustee and the United States Trustee and either the Trustee's written consent or an order of this Court, transfer, distribute, assign, encumber, settle, release, compromise, abandon, or dismiss with prejudice any claim, judgment, appeal, or asset; borrow money or guarantee any debt; or take any other act outside the ordinary course of its business; an act needed only to preserve a right against a deadline, such as a protective filing or an extension request, and not a transfer, settlement, release, compromise, abandonment, or dismissal, may be taken on the shortest practicable notice and shall be reported to the Trustee and the United States Trustee the same day;

(iii) money or property any of the four companies receives shall be held in that company's own account and may be used in the ordinary course of its business, but shall not be distributed to any member, manager, or insider except as the Court orders;

(iv) by 5:00 p.m. each Friday, Lubin shall give the Trustee and the United States Trustee a written report, limited to nonprivileged information, listing, for each of the four companies, filings made, deadlines falling within the next thirty days, receipts, and payments made or obligations incurred, and the Trustee shall have access, on request, to all of the four companies' books, records, and bank statements, in addition to the production under paragraph 6; and

(v) any party may move to modify this subparagraph on two business days' notice.

(e) If the Court does not grant subparagraph (b) as to Teton Life, LLC, then no person holds sole authority over Teton Life by reason of the October 15 Order; pending further order, existing counsel of record may continue ordinary-course litigation for Teton Life; any dispute about who may instruct that counsel shall be presented to the Court on two business days' notice; and no act outside the ordinary course shall be taken for Teton Life without the written consent of the Trustee, Lubin, and Gavriel Yitzchakov (each directly or through counsel), or an order of this Court.

(f) If the Court grants neither subparagraph (b) nor subparagraph (d), then, for the period provided in paragraph 3(i), the Trustee may act for the four companies on an interim basis only, subject to paragraphs 2, 4, 5, and 11 of this Order and without prejudice to any party's position on the Trustee's authority; subparagraph (e) governs Teton Life, LLC.

(g) This Order does not adjudicate the rights of Teton Life, LLC's other member, the ownership of any claim or asset held by a Subject Entity, whether any Subject Entity's assets are property of the estate, or the Subject Entities' defenses in this proceeding. If any party proposes an irreversible disposition of a disputed Subject Entity claim before the continued hearing, that party shall promptly identify the proposed action, its asserted authority, and any required court-approval procedure to the other parties and the Court, without disclosing privileged advice or protected settlement terms. Existing approval requirements remain in effect; see also paragraph 11. Nothing in this Order determines any member's rights under Teton Life's operating agreement or applicable law, and all parties' positions on those rights are reserved.

(h) Nothing in this Order removes the Trustee, limits his administration of Lubin's Chapter 11 estate except as this paragraph 3 provides, restores Lubin to debtor-in-possession status, or revests any interest in Lubin, and management of a Subject Entity under subparagraph (b) is not debtor-in-possession status.

(i) Duration and basis. Subparagraphs (b)(i)–(iii), entered under Fed. R. Civ. P. 65(b)(4) and 54(b), dissolve or clarify provisions of the October 15 Order and restore the arrangement in effect before it; they remain in effect until the determination described in subparagraph (a) or further order of the Court. The conditions in subparagraph (c) apply for the same period because Lubin proposed them and consents to them, as to himself and his exercise of the authority restored by subparagraph (b)(ii); that consent is limited to those conditions and, apart from paragraph (1) as stated in paragraph 9, is not consent to the continuation of any provision of the October 15 Order; and any party may move to modify them under subparagraph (c)(v).

Subparagraph (b)(iv) and, to the extent the Court grants them, subparagraphs (d), (e), and (f) are temporary injunctive provisions. They remain in effect for the same period only if the Court enters them as a preliminary injunction under Fed. R. Civ. P. 65(a), with the findings and conclusions required by Fed. R. Civ. P. 52(a)(2) and 65(d)(1); otherwise they are subject to the duration, expiration, and extension provisions of paragraph 9.

4. By October 23, 2026 at 5:00 p.m., the Trustee shall file and serve a report that, for each proceeding in which a Subject Entity is a party, identifies the Subject Entity's posture (claimant, defendant, or appellant, and whether it was the claimant or the defendant when the proceeding was commenced), states whether the Trustee contends that paragraph (1) of the October 15 Order stays that proceeding in whole or in part, identifies the next applicable deadline, and identifies counsel of record, if any. Pending that report and the Court's further direction, counsel of record for a Subject Entity in another forum may seek extensions, file status notices, and take comparable non-merits, deadline-protective steps on prior notice to the Trustee and the Debtor, without violating paragraph (2) of the October 15 Order and without prejudice to the Court's determination of authority. Where the Trustee contends a proceeding is stayed, he shall promptly file a notice of the October 15 Order in that proceeding. An earlier deadline requiring immediate direction shall be brought promptly to the Court's attention on notice. This paragraph is not authority to waive a defense, concede ownership, or act for an entity without legal authorization. Without limiting the foregoing, any filing needed to preserve a claim of Spin Capital, LLC under Tex. Bus. & Com. Code ch. 24 against extinguishment under § 24.010 is a deadline-protective step under this paragraph; counsel for Spin Capital, LLC, or the Trustee if no such counsel is engaged, shall promptly verify the applicable deadline, which may be as early as October 27, 2026. Such a filing may be made by licensed counsel engaged under paragraph 3(c)(iii) or 3(d) or by the Trustee, on prior notice to the other; if neither has acted by October 23, 2026, the Trustee shall promptly advise the Court. No such claim shall be settled, released, or dismissed except under paragraph 11.

5. If paragraph (3) of the October 15 Order is not dissolved under paragraph 3(b), it is clarified to restrain transfers and dispositions of the Subject Entities' assets outside the ordinary course of business. It does not restrain: (a) payment of life-insurance premiums and other payments necessary to preserve the policies and collateral administered by the receiver appointed by the Supreme Court of the State of New York, New York County, in the action bearing Index No. 650582/2022, when made by or at the direction of that receiver under that court's orders; (b) payment of insurance premiums, taxes, registered-agent, franchise, filing and other compliance charges necessary to preserve an asset or an entity's good standing; (c) a retainer or fees for

counsel to defend a Subject Entity in this adversary proceeding or to take the deadline-protective steps described in paragraph 4, paid from that entity's funds, where the engagement and the payment have been authorized by (i) the person or persons this Court identifies under paragraph 2 as authorized to engage counsel for that entity, (ii) the Trustee in writing, (iii) an order of this Court entered on application on two business days' notice, which may be sought where a filing deadline in another proceeding requires it, or (iv) Lubin under paragraph 3(d), within its limits; a notice of a proposed engagement or payment, and the absence of any response to it, shall not by themselves authorize Lubin or any other person to bind a Subject Entity or to disburse its funds; (d) any payment the Trustee approves in writing. Each payment under (a), (b) or (c) shall be reported to the Trustee within seven days, in a report limited to nonprivileged information. Existing receivership and other court orders remain controlling. This paragraph does not restrain the prosecution or defense of any Subject Entity's litigation, which paragraph 4 addresses.

6. If paragraph (4) of the October 15 Order is dissolved under paragraph 3(b), it is replaced by this paragraph; if it is not dissolved, it is clarified, not suspended, by this paragraph. Nothing in this paragraph limits the Trustee's rights under 11 U.S.C. § 542 or Fed. R. Bankr. P. 2004. The periods in this paragraph run from the entry of this Order. (a) The Debtor shall preserve and produce, within fourteen days after entry of this Order, recorded information in his possession, custody, or control relating to property of the estate, consistent with 11 U.S.C. § 521(a)(3)–(4). (b) Within three business days after entry of this Order the Trustee shall supply a prioritized written list and proposed rolling-production schedule for the Subject Entities' books and records; undisputed records shall be produced on that schedule and shall not await resolution of any disputed item. (c) Any record withheld or redacted on grounds of privilege or third-party rights shall be identified on a log within fourteen days of the withholding, with sufficient nonprivileged information to permit resolution; no record shall be withheld on a blanket basis; disputes shall be presented promptly to the Court. (d) Pursuant to Fed. R. Evid. 502(d), production of a document or communication under this Order does not waive the attorney-client privilege or work-product protection in this proceeding or in any other federal or state proceeding; material produced that is subject to a claim of attorney-client privilege or work-product protection shall be returned or sequestered on request pending a ruling. This subparagraph does not extend to any other privilege or protection, and it does not determine who holds or controls any privilege of a Subject Entity, which is reserved.

7. Before the continued preliminary-injunction hearing, the Trustee shall identify, claim by claim and entity by entity, the competing ownership or authority assertions on which he relies

for the relief requested, the nonprivileged source of each assertion, and the pertinent management provisions. The Trustee's submission shall also state his proposed plan and schedule, if any, for investigating and reporting on the potential recovery claims and the records identified in Lubin's certification (¶ 9). Existing disclosure duties under Rule 2014 remain applicable. Nothing in this Order constitutes a finding that counsel to the Trustee holds or represents an interest adverse to the estate; any application concerning the estate's professionals under 11 U.S.C. § 327(a) or, for a specified special purpose, § 327(e), is reserved and shall be supported by an appropriately scoped application. This paragraph concerns the estate's professionals and is separate from paragraph 2.

8. The Trustee shall promptly serve this motion and this Order on Teton Life's other identified member, Gavriel Yitzchakov, or verified current counsel, and give entity creditors such additional notice as the Court directs before substantive relief affecting their rights. The October 15 Order states that it serves in lieu of a summons. Pursuant to Fed. R. Bankr. P. 7012(a)(1) ("unless the court sets a different time"), the Debtor shall answer or otherwise respond to the Complaint on or before November 23, 2026, and each Subject Entity shall answer or otherwise respond to the Complaint on or before December 7, 2026, or within such other period as the Court sets; a further extension requires a timely request and further order. This Order does not treat the Debtor's interim objection as an answer or determine the sufficiency of original process, and all defenses under Fed. R. Bankr. P. 7012 and Fed. R. Civ. P. 12(b) are preserved.

9. Paragraph (1) of the October 15 Order is continued until the final hearing under paragraph 1 or further order of the Court, by preliminary injunction or other order authorized by law, on such notice to affected persons as the Court directs and for the reasons stated on the record; Lubin does not oppose its continuation and consents to it as to himself. It applies to litigation and judgment enforcement against the Subject Entities, including, as to the Subject Entities, the action pending in the United States District Court for the Southern District of New York, No. 1:24-cv-08515; the report under paragraph 4 shall identify the other proceedings to which the Trustee contends it applies, and any dispute about its application shall be presented to the Court on notice. Except as provided in paragraph 3(i) and as to paragraph (1), the temporary injunctive provisions retained, modified, or entered by this Order expire October 29, 2026 at 5:00 p.m., unless before then the Court enters a further order authorized by Rule 65(b)(2) or a preliminary injunction under Rule 65(a). October 29, 2026 is the end of the initial period provided by Fed. R. Civ. P. 65(b)(2) measured from October 15; until the October 15 Order is modified, dissolved, or otherwise terminated by law or further order, it remains binding. Any

extension of the temporary restraints shall be by order stating good cause under Rule 65(b)(2), or by a preliminary injunction supported by the findings and conclusions required by Fed. R. Civ. P. 52(a)(2) and 65(d)(1) (made applicable by Fed. R. Bankr. P. 7052 and 7065). Except as to paragraph (1), Lubin's individual request for additional hearing time is not consent to an extension under Rule 65(b)(2), and he gives no consent on behalf of any company or other affected person; his consent to the conditions in paragraph 3(c) is limited as stated in paragraph 3(i); nothing herein limits the Court's authority to extend for good cause. Statutory duties and stays are unaffected. The Court will address any requested intervening protection separately from the November scheduling provisions.

10. Except as expressly modified, existing obligations remain in effect according to their lawful terms. No Florida order is vacated or modified; no disputed claim is assigned; no company is represented by Lubin; and no final adverse merits determination is made by this Order. The parties may seek further direction on notice as required by law and the October 15 Order.

11. Pending the Court's determination of the authority and consolidation questions, and without any finding of wrongdoing by any party, no party exercising interim authority over a Subject Entity, other than under paragraph 3(b), shall, without prior notice to the parties and leave of this Court, settle, release, assign, abandon, dismiss with prejudice, subordinate, or concede the ownership of any claim, appeal, or cause of action belonging to a Subject Entity that is disputed in this adversary proceeding. An act under paragraph 3(b) is governed by paragraph 3(c). This paragraph does not restrain ordinary-course management of the Subject Entities' litigation and is without prejudice to any party's right to seek approval of a proposed disposition under Fed. R. Bankr. P. 9019 or 11 U.S.C. § 363(b). The restraint in this paragraph is temporary injunctive relief; unless the Court enters it as a preliminary injunction with the findings described in paragraph 3(i), it is subject to the duration, expiration and extension provisions of paragraph 9.

12. For purposes of the relief addressed in this Order, finding 6 of the May 15, 2026 Order Imposing Charging Orders entered in FVP Opportunity Fund III, LP v. Zankl, No. CACE-22-005125 (Fla. 17th Jud. Cir.) (Trustee Certification Ex. A), shall not be given preclusive effect against Lubin or any Subject Entity. The Court notes that the verdict forms filed in that action on October 6, 2025 record the jury's answers to the veil-piercing questions concerning "Spin Capital LLC," including its answer "no" to question 3 (whether the corporate form was formed or used for a fraudulent or improper purpose). Lubin Certification Exs. D–E.

All other issues of issue and claim preclusion, including the effect of those verdicts in this proceeding and whether they concern the Spin Capital, LLC named in the May 15, 2026 order, are reserved for determination on a complete record. Nothing herein determines that any Subject Entity is bound by, or in privity with any party to, the Florida proceeding.