**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br>AVRUMI LUBIN<br>Defendant, Pro Se, individually<br>1460 Arboretum Parkway<br>Lakewood, New Jersey 08701<br>(718) 570-3796<br>josh@tetonfunding.com | Case No. 26-17342 (EJO)<br>Chapter 11<br>Adv. Pro. No. 26-01494 (EJO)<br>Judge: Eamonn J. O'Hagan, U.S.B.J.<br>Return Date: December 3, 2026<br>10:00 a.m. |
| In re: AVRUMI LUBIN a/k/a Josh Lubin, Debtor.<br><br>BENJAMIN A. STANZIALE, JR., CHAPTER 11 TRUSTEE FOR AVRUMI LUBIN a/k/a JOSH LUBIN, Plaintiff,<br>v.<br>AVRUMI LUBIN; SPIN CAPITAL, LLC; TETON LIFE, LLC; TETON FUNDING, LLC; TETON FUNDING GROUP, LLC; and JL SPECIAL INVESTMENTS, LLC, Defendants. | MEMORANDUM OF LAW |

FILED:BANKRUPTCY:NJ 2026 OCT 27 PM4:00:15

## MEMORANDUM IN SUPPORT OF RULE 8002(d) MOTION

Rule 8002(a)(1) ordinarily requires a notice of appeal within 14 days after entry of the challenged order. Dkt. 5 was entered October 15, 2026, and Dkt. 21 was entered October 23, 2026. The resulting dates are October 29, 2026 and November 6, 2026. This motion is filed before both dates.

Rule 8002(d)(1)(A) permits the bankruptcy court, on motion filed within the original appeal period, to extend the time to appeal. The excusable-neglect requirement in subdivision (d)(1)(B) concerns motions filed after that period and does not apply to this timely motion. Granting an extension remains discretionary. The accompanying certification explains the Movant's efforts to obtain counsel, the October 27 delivery of the hearing transcript, competing response deadlines, and his dyslexia. The requested extension would not stay the Orders or change the existing litigation schedule.

Rule 8002(d)(2) excludes orders granting relief from an automatic stay under the listed Code sections; authorizing a sale or lease of property or use of cash collateral under section 363; authorizing credit under section 364; authorizing assumption or assignment under section 365; approving a disclosure statement; or confirming a plan. The two Orders here impose interim restraints and address further proceedings; they do not grant relief of those excluded kinds. Dkt. 21 also denies, rather than grants, a stay pending appeal.

Under Rule 8002(d)(3), an extension may reach 21 days after the original appeal period or 14 days after entry of the order granting the extension, whichever is later. The Movant requests that period: November 19, 2026 for Dkt. 5 and November 27, 2026 for Dkt. 21, or 14 days after entry of the extension order, whichever is later for each. Rule 9006(b)(3) permits enlargement under Rule 8002 only within that rule's conditions.

This is a timing motion only. It does not resolve whether either Order is appealable, whether Dkt. 21 superseded any part of Dkt. 5, whether leave to appeal is necessary, or what appellate issues remain available. Those matters are reserved for the appropriate proceeding. Nor is this motion among the motions listed in Rule 8002(b)(1) that restart the appeal period; the Movant recognizes that an extension requires a court order.

The Movant requests disposition on the papers as promptly as proper notice and an opportunity to respond permit, without treating his own willingness to proceed as a waiver of anyone else's response rights. He respectfully requests entry of the proposed order.

Dated: October 27, 2026
Lakewood, New Jersey

________________________________
Avrumi Lubin
Defendant, Pro Se, individually
1460 Arboretum Parkway
Lakewood, New Jersey 08701
(718) 570-3796
josh@tetonfunding.com