| | |
|---|---|
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br>AVRUMI LUBIN<br>Defendant, Pro Se, individually<br>1460 Arboretum Parkway<br>Lakewood, New Jersey 08701<br>Telephone: (718) 570-3796<br>Email: josh@tetonfunding.com | Case No. 26-17342 (EJO)<br><br>Chapter 11<br><br>Adv. Pro. No. 26-01494 (EJO)<br><br>Judge: Eamonn J. O'Hagan, U.S.B.J.<br><br>Hearing Date: December 3, 2026 at 10:00 a.m. |
| In re:<br><br>AVRUMI LUBIN a/k/a Josh Lubin,<br><br>Debtor. | |
| BENJAMIN A. STANZIALE, JR., CHAPTER 11 TRUSTEE FOR AVRUMI LUBIN a/k/a JOSH LUBIN,<br>Plaintiff,<br>v.<br>AVRUMI LUBIN; SPIN CAPITAL, LLC; TETON LIFE, LLC; TETON FUNDING, LLC; TETON FUNDING GROUP, LLC; and JL SPECIAL INVESTMENTS, LLC,<br>Defendants. | CERTIFICATION OF AVRUMI LUBIN |

**CERTIFICATION OF AVRUMI LUBIN IN SUPPORT OF MOTION UNDER FED. R. BANKR. P. 9023 AND 7052 (AND, ALTERNATIVELY, FED. R. BANKR. P. 7065) TO ALTER OR AMEND THE OCTOBER 23, 2026 ORDER (ECF NO. 21) BY ADDING FOUR INTERIM PROTECTIONS PENDING THE FINAL HEARING**

I, Avrumi Lubin, certify as follows:

1. I am the debtor in the above-captioned Chapter 11 case and a defendant in this adversary proceeding. I make this certification in my individual capacity only, on personal knowledge, except where I state otherwise. Exhibit A is the October 23, 2026 Order (ECF No. 21). Exhibit B is the October 15, 2026 Order to Show Cause with Temporary Relief (ECF No. 5). Exhibit C consists of the cover page, pages 44-48, 50-51, 56, 58-59, 61 and 64-65, and the transcriber's certification from the certified transcript of the October 22, 2026 hearing, which I received on October 27, 2026. Exhibits D through G are emails, reproduced from my mailbox (josh@tetonfunding.com) with their headers; where an exhibit is an excerpt of a longer chain, the omitted messages or passages are marked on the

exhibit, and attachments are omitted. In this certification, the "Subject Entities" are Spin Capital, LLC, Teton Life, LLC, Teton Funding, LLC, Teton Funding Group, LLC and JL Special Investments, LLC, and the "Trustee" is Plaintiff Benjamin A. Stanziale, Jr., Chapter 11 Trustee.

**A. The two Orders**

2. On October 15, 2026 the Court entered the Order to Show Cause with Temporary Relief (Exhibit B). Its paragraph 2 enjoined me from taking actions in the name of the Subject Entities or collecting judgments in their favor, and "CONFIRMED that the Trustee has the sole authority to act in the stead of the Debtor as to any management and litigation decisions regarding the Subject Entities" (ECF No. 5 at 4). That Order contains no provision about counsel for the Subject Entities, and it states that the defendants "may move for dissolution of the restraints and other interim relief" (id. at 5).

3. On October 23, 2026, after the October 22 hearing, the Court entered the October 23 Order (Exhibit A). As to the Subject Entities other than Teton Life, LLC, paragraph 2 repeats the injunction and the confirmation of the Trustee's "sole authority to act in the stead of the Debtor as to any management or litigation decisions regarding the Subject Entities, provided, however, that the Debtor shall retain the right to engage representation for himself and the Subject Entities in the current adversary proceeding" (ECF No. 21 at 5, ¶ 2). As to Teton Life, LLC, the Court bifurcated the Trustee's requests, scheduled a further hearing for November 10, 2026 at 1:00 p.m., continued "the preliminary restraints set forth in the Order to Show Cause" pending further order, and preserved "[a]ll rights, remedies, and defenses as to Teton Life, LLC" (id. at 4-5, Teton Life ¶¶ 1-4). The Order notes that I own a 50% interest in Teton Life, LLC "with contractual rights to manage the company subject to consultation with the co-owner" (id. at 2 n.1). It sets November 9, 2026 for responsive pleadings, December 17, 2026 at 2:00 p.m. for a further hearing on the continuation of the preliminary relief and for a pretrial hearing on scheduling the final hearing, and records that my oral motion for a stay pending appeal was denied (id. at 6, ¶¶ 5-8). On October 27, 2026 I filed a motion under Fed. R. Bankr. P. 8002(d) (ECF No. 22), which is pending. Today I have also filed a protective notice of appeal and a motion for leave to appeal, limited to the restraints that bind me personally.

4. At the October 22 hearing the Court stated that the relief "going to be entered today is preliminary. It is not being entered on a final basis" (Tr. 61:1-2); that "[t]his is the beginning of the ... process" (Tr. 44:18-21); that I have standing to oppose the relief as a defendant with "a residual interest in these entities" (Tr. 58:2-6); that the Court would not "substitute someone else's business judgment for the judgment of the Chapter 11 Trustee" (Tr. 44:8-12); that decisions about hiring counsel for the entities are the Trustee's (Tr. 51:22-23; 56:5-10); and that "if you want to seek relief from any order that this Court enters, you're free to do that" (Tr. 59:22-23). I told the Court that I was "trying to get this thing on guardrails" and "looking to preserve the estate" (Tr. 45:18-19). The relevant pages are Exhibit C. This motion is my attempt to do that in the form the Court described.

5. At the same hearing the Trustee's counsel said that the Trustee wants "to be able to see what litigations, causes of action, not only Mr. Lubin, but the subject entities have," and then "consult with either existing counsel or retain new counsel to see if these things are going anywhere," and that the Court "will see very soon an application to retain counsel on behalf of Spin in the case in Texas" (Tr. 48:9-19). She also said, about my emails: "when we get a clear email with information, there are times we've asked for information multiple times. We respond to it. But there are so many emails, so much information, and frankly, I don't understand what he's asking for" (Tr. 47:7-11). In his supplemental certification the Trustee stated that "there are potentially valuable claims to be made on behalf of one or more of the Subject Entities" (ECF No. 18, ¶ 5), that he sought an order "so that no one ... is uncertain as to my authority to manage the existing cases, perhaps bring new cases and retain counsel to move forward. Right now, there is chaos. My hope is to bring order to this case" (id. ¶ 6), and he referred to "the appropriate party to prosecute and defend (and perhaps settle) actions on behalf of the Subject Entities" (id. ¶ 10).

**B. What has happened since October 23**

6. Spin Capital, LLC. On October 27, 2026 the Trustee filed, "on behalf of Spin Capital, LLC" and "pursuant to the October 23, 2026 Order," a complaint against Johnson River Ranch, LLC, Bridgelink Investments, LLC and Red Leaf Investments, LLC (Adv. Pro. No. 26-01532), which pleads that "Bridgelink Investments owes Spin more than $8.2 million on a final judgment" (Compl. ¶ 7). The Trustee's counsel wrote the next morning that the filing

had "preserved a filing deadline" (Exhibit E-1). I do not object to a filing made to preserve a deadline, and the proposed order excludes such filings. Several investors who hold participation interests in the Bridgelink transaction were on the email chain; one of them asked the Trustee's counsel in writing, on October 27 and 28, to confirm whether he or his attorney had authority to sign on Spin's behalf in the Texas matter (quoted in Exhibit E-1). On October 28 the Trustee's counsel wrote that "the Trustee needs to be consulted first and has the authority to act on Spin's behalf. You do not" (Exhibit E-1); that she had spoken with Texas counsel and that "collectively the participants, Brown Fox and the Trustee can come to an agreement regarding going forward, hopefully resulting in retention upon proper application to the bankruptcy court" (Exhibit E-2); and that "[i]f the suit is brought on behalf of Spin, the trustee signs the engagement letter and gets the retention approved by the bankruptcy court" (Exhibit E-3). I take those statements at face value. For clarity: my schedules list me as the 100% owner of Spin Capital, LLC. Spin Capital's transactions are structured deal by deal; the participants in each transaction hold equity in that transaction and own rights in it, and participants provided most of the capital in those transactions. Whether any participant also holds a membership interest in Spin Capital, LLC itself is a question that requires review by counsel; if that review shows that my schedules should be amended, I will amend them (Fed. R. Bankr. P. 1009(a)). I told the Trustee and his counsel by telephone, beginning with our September 28, 2026 call, that most of the capital in Spin Capital's transactions came from participants, and I am compiling the participant information the Trustee has requested. The statements quoted above show that decisions about Spin's largest receivable - who prosecutes it, on what terms, and ultimately whether and how it is resolved - are now being made under the October 23 Order, and that there is no provision for notice to me, to the participants, or to the United States Trustee before a settlement, release, assignment or other disposition. A retention application gives notice of a retention; it does not give notice of a settlement.

7. Teton Life, LLC. Teton Life, LLC is the plaintiff in Teton Life, LLC, as assignee of Spin Capital, LLC v. Golden Foothill Insurance Services, LLC, Index No. 650582/2022 (N.Y. Sup. Ct., N.Y. Cnty.), in which a receiver holds the collateral at issue. On October 8 and 9, 2026, after speaking with the Trustee's counsel, Teton Life's New York counsel wrote that the Trustee had not instructed them, that the firm had "independently determined that the

most prudent course of action is to temporarily pause any non-essential filings in the New York case until those issues have been resolved in the bankruptcy court," and that "we are not making further filings (unless we deem it to be an emergency) until the bankruptcy court issues a directive" (Exhibit D). The Trustee's counsel wrote on October 9 that the Trustee would "be seeking authority from the court for the Trustee to act on their behalf but the Trustee does not have that authority at the present" and that "[h]ow that is resolved is up to Judge O'Hagan" (Exhibit D). Since October 15, Teton Life has been subject to the October 15 Order's restraints, which contain no counsel proviso, and its counsel has said it will take direction from whoever is authorized to direct the company.

8. On October 26, 2026 I asked the Trustee and his counsel in writing to "exercise the interim authority provided by those orders" and to give Teton Life's New York counsel written consent and direction to prepare and file a preservation application in the New York action addressing the stay in that action, the receiver's powers over additional policies identified in Teton Life's own August 31, 2026 letter to that court, interim protection of policies and proceeds, preservation of evidence, and continued premium payments (Exhibit F). I had earlier reported to the Trustee and his counsel, in writing, that a carrier told me by telephone that two of the policies identified in that letter had lapsed for nonpayment, and that written carrier confirmation and any reinstatement deadlines had not been obtained; I repeated that in the October 26 email. I received no substantive response. On October 28 at 10:33 PM I renewed the request, asked three specific questions, and asked for a written response by noon on October 29 (Exhibit G-2). At 10:50 PM the Trustee's counsel replied in full: "Do what you will with your self-created deadlines. We are speaking with counsel and conducting our independent investigation. Your cooperation as to the Trustee's requests is mandatory" (Exhibit G-3). I do not know who, if anyone, is presently authorized to act for Teton Life in the New York action, or who, if anyone, will appear for Teton Life at the November 10 hearing. I will continue to respond to the Trustee's requests.

9. Request for consent. On October 28, 2026 at 9:40 PM I asked the Trustee and his counsel in writing to consent to "an expedited, narrowly tailored modification of the October 15 and October 23 orders" that would identify who may retain, fund and instruct conflict-free counsel for Spin and permit that counsel to pursue protective relief, and I asked for any

narrower language they would accept (Exhibit G-1). The only response on either chain is the 10:50 PM message quoted above. No consent was given. I had also asked for consent to modify the temporary restraints in emails of October 15 and 18, 2026, before the October 22 hearing.

**C. Why the four protections matter**

10. Notice before a disposition (proposed order ¶ 2). The Court recognized my residual interest in the Subject Entities (Tr. 58:2-6), and investors hold participation interests in some of their receivables. A settlement, release, assignment or abandonment of a Subject Entity claim is not reversible once made. Under the October 23 Order those steps can be taken without notice to anyone outside the Trustee's own team. I ask only for notice and a hearing before such a step, in the same manner the Bankruptcy Rules provide when a trustee compromises a claim of the estate. The proposed paragraph excludes ordinary-course litigation steps, deadline-driven filings and retention applications, so it does not slow the Trustee's work; it adds notice at the one point where notice matters.

11. Counsel for Teton Life (proposed order ¶ 3). The Court added a proviso to paragraph 2 of the October 23 Order so that I may engage representation for myself and the Subject Entities in this adversary proceeding. The restraints continued for Teton Life are those of the October 15 Order, which has no such proviso. Teton Life cannot appear through me. Its own hearing is on November 10, 2026, and the final hearing will follow. The co-member, Mr. Yitzchakov, has his own counsel in this proceeding and consultation rights under the operating agreement. I ask that the same proviso apply to Teton Life so that it can be represented at its own hearing, and that existing counsel of record for a Subject Entity not be left unable to meet a deadline while direction is awaited.

12. Written answers (proposed order ¶ 4). The Trustee's counsel has said that my emails are too many and unclear (Tr. 47:7-11); the Trustee has said that the present state is "chaos" (ECF No. 18, ¶ 6). I accept that a defined form of request would serve everyone. The proposed paragraph requires a request to identify a specific protective step, its deadline and the source of the deadline, and requires a written answer within three business days - yes, no with a reason, or an alternative. If there is no answer, the matter goes to the Court. Silence

would not be consent and would not transfer any authority. This replaces email traffic with one request and one answer, and it keeps the decision with the Trustee and this Court.

13. Interim nature (proposed order ¶ 5). The Court said the October 23 Order is preliminary and not final (Tr. 61:1-2), and it preserved all rights as to Teton Life (ECF No. 21 at 5, Teton Life ¶ 4). Outside this Court, however, the Order's confirmation of "sole authority" is being read as a determination that I have no rights as to the entities and that others have none either; counsel in other actions have said they will take direction from whoever the bankruptcy court says has authority. One sentence confirming that the confirmation is interim and does not decide ownership, participant rights or the co-member's rights would prevent the Order from being used, before the final hearing, as something the Court has said it is not.

14. What I do not ask. I do not ask the Court to vacate the October 23 Order, to lift the stay in its paragraph 1, to restore my authority over any entity, to substitute my judgment for the Trustee's, to stop the Trustee from preserving deadlines or retaining counsel, or to decide who owns any claim. I ask for notice, representation, written answers and a clarifying sentence, pending the final hearing.

15. Timing. The October 23 Order was entered on October 23, 2026. This motion is filed within fourteen days after entry. Because the November 10 hearing already concerns Teton Life, I ask that paragraph 3 of the proposed order be considered then if the Court finds it convenient, and the rest on the return date.

I certify under penalty of perjury under the laws of the United States of America (28 U.S.C. § 1746) that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: October 29, 2026
Lakewood, New Jersey

Avrumi Lubin
Defendant, Pro Se, individually
1460 Arboretum Parkway
Lakewood, New Jersey 08701
(718) 570-3796
josh@tetonfunding.com