<table>
<tr><td>Caption in Compliance with D.N.J. LBR 9004-1(b)<br>AVRUMI LUBIN<br>Defendant, Pro Se, individually<br>1460 Arboretum Parkway<br>Lakewood, New Jersey 08701<br>Telephone: (718) 570-3796<br>Email: josh@tetonfunding.com</td><td rowspan="3">Case No. 26-17342 (EJO)<br><br>Chapter 11<br><br>Adv. Pro. No. 26-01494 (EJO)<br><br>Judge: Eamonn J. O'Hagan, U.S.B.J.<br><br>Hearing Date: December 3, 2026 at 10:00 a.m.<br><br><br><br>MEMORANDUM OF LAW</td></tr>
<tr><td>In re:<br><br>AVRUMI LUBIN a/k/a Josh Lubin,<br><br>Debtor.</td></tr>
<tr><td>BENJAMIN A. STANZIALE, JR., CHAPTER 11 TRUSTEE FOR AVRUMI LUBIN a/k/a JOSH LUBIN,<br>Plaintiff,<br>v.<br>AVRUMI LUBIN; SPIN CAPITAL, LLC; TETON LIFE, LLC; TETON FUNDING, LLC; TETON FUNDING GROUP, LLC; and JL SPECIAL INVESTMENTS, LLC,<br>Defendants.</td></tr>
</table>

**MEMORANDUM OF LAW IN SUPPORT OF MOTION UNDER FED. R. BANKR. P. 9023 AND 7052 (AND, ALTERNATIVELY, FED. R. BANKR. P. 7065) TO ALTER OR AMEND THE OCTOBER 23, 2026 ORDER (ECF NO. 21) BY ADDING FOUR INTERIM PROTECTIONS PENDING THE FINAL HEARING**

## PRELIMINARY STATEMENT

This motion does not ask the Court to undo what it decided on October 22 and 23, 2026. It asks the Court to add four interim protections to the preliminary injunction it entered: notice and a hearing before the Trustee causes a Subject Entity to settle, release, assign, abandon or sell a claim or asset; the same counsel proviso for Teton Life, LLC that the Court gave the other entities; a written answer, within three business days, to a written request that identifies a specific protective step and its deadline; and one sentence confirming that the Order's confirmation of the Trustee's authority is interim and decides no question of ownership or third-party rights. Each protection keeps the Trustee's authority and this Court's control exactly where the October 23 Order put them. Each addresses something that has happened since October 23: the Trustee has begun to make litigation decisions for Spin Capital, LLC under the Order, counsel for Teton Life, LLC has paused

pending direction, written preservation requests have gone unanswered, and the Order is being read outside this Court as a final determination of rights. The motion is timely under Fed. R. Bankr. P. 9023 and 7052, and it is the vehicle the Third Circuit prescribes for a party who takes exception to the terms of a preliminary injunction.

**STATEMENT OF FACTS**

The facts are set out in the accompanying Certification of Avrumi Lubin ("Cert.") and its Exhibits A through G, and are summarized here. The October 15, 2026 Order to Show Cause (ECF No. 5) confirmed the Trustee's "sole authority to act in the stead of the Debtor as to any management and litigation decisions regarding the Subject Entities," without any provision about counsel for the entities, and provided that the defendants "may move for dissolution of the restraints and other interim relief" (ECF No. 5 at 4-5; Cert. ¶ 2). The October 23 Order (ECF No. 21) continued that confirmation as to four entities, adding that "the Debtor shall retain the right to engage representation for himself and the Subject Entities in the current adversary proceeding"; as to Teton Life, LLC, it continued the October 15 restraints, set a further hearing for November 10, 2026, and preserved all rights, remedies and defenses (ECF No. 21 at 4-5; Cert. ¶ 3). The Court described the relief as "preliminary," "not ... final," and "the beginning of the ... process," recognized the Movant's standing as a defendant with a residual interest in the entities, and told him that he was free to seek relief from any order the Court enters (Tr. 44:18-21; 58:2-6; 59:22-23; 61:1-2; Cert. ¶ 4).

Since October 23 the Trustee has filed a complaint "on behalf of Spin Capital, LLC" on a judgment it pleads at more than $8.2 million and has begun to arrange counsel for that claim; investors who hold participation interests in the receivable have asked who may act for Spin; and the Trustee's counsel has written that the Trustee "has the authority to act on Spin's behalf" and that retention will follow "upon proper application to the bankruptcy court" (Cert. ¶ 6; Exs. E-1 to E-3). Teton Life's New York counsel paused non-essential filings on October 9 pending a directive from this Court (Cert. ¶ 7; Ex. D). The Movant's written requests of October 26 and 28 that the Trustee direct a preservation application for Teton Life, and his October 28 request for consent to a narrow modification, drew one response: "Do what you will with your self-created deadlines" (Cert. ¶¶ 8-9; Exs. F, G-1 to G-3).

**ARGUMENT**

**I. The motion is timely and is the proper vehicle.**

Fed. R. Bankr. P. 9023 makes Fed. R. Civ. P. 59 applicable in cases under the Code and provides that a motion to alter or amend a judgment "must be filed within 14 days after the judgment is entered." Fed. R. Bankr. P. 7052 makes Fed. R. Civ. P. 52 applicable in adversary proceedings, with the same 14-day period for a motion to amend or add findings. "Judgment" in the Bankruptcy Rules means "any appealable order." Fed. R. Bankr. P. 9001(7). The October 23 Order was entered on October 23, 2026; this motion is filed within fourteen days.

The Third Circuit has explained that when a court "enters an order granting preliminary injunctive relief, parties who take exception to its terms must either file a motion for reconsideration in the district court ... under Rule 59(e), bring an interlocutory appeal from that order ..., or wait until the preliminary injunction becomes final and then appeal." Favia v. Indiana Univ. of Pa., 7 F.3d 332, 337 (3d Cir. 1993). A later "motion to modify" that merely relitigates the original issue is treated as an untimely Rule 59(e) motion. Id. at 337-38 (citing Ortho Pharm. Corp. v. Amgen, Inc., 887 F.2d 460, 463 (3d Cir. 1989)). The Movant has done what Favia directs: he has filed a timely motion under Rule 59(e) (Rule 9023), directed to the terms of the injunction, and a protective notice of appeal. A motion under Rule 59(e) may be granted to correct "a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); see also Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010). The motion does not contend that the Court erred in granting preliminary relief, and it does not re-argue the grant. It asks the Court to cure one inconsistency - the counsel proviso the Court added for four entities does not reach the fifth, which remains under the October 15 Order - and to add three conditions that the Order does not address: notice before an irreversible disposition, a written answer to a written preservation request, and a sentence stating what the Order does not decide. The Third Circuit has distinguished a motion that "sought to relitigate more than the original issue" by seeking additional, forward-looking terms for a preliminary injunction from a disguised motion for reconsideration. Ortho, 887 F.2d at 462-63. This motion is of the former kind, and it is timely under either description.

In the alternative, the Court has continuing authority over its own preliminary injunction. Fed. R. Civ. P. 65 applies in this proceeding through Fed. R. Bankr. P. 7065; the court that grants a

preliminary injunction retains the power to modify it, Fed. R. Civ. P. 62(d) (formerly Rule 62(c)); Ortho, 887 F.2d at 462-64; and the October 15 Order itself invited the defendants to "move for dissolution of the restraints and other interim relief" (ECF No. 5 at 5). Modification of an injunction is appropriate where circumstances have changed since its entry. Favia, 7 F.3d at 337-38. Circumstances have changed since October 23: the Trustee has begun to exercise the confirmed authority over Spin Capital's largest receivable, counsel for Teton Life has stood down pending direction, and written preservation requests have gone unanswered (Cert. ¶¶ 6-9). Under either rule the result is the same, and the Movant asks the Court to reach it under whichever rule the Court considers applicable.

The Movant's protective notice of appeal does not affect the Court's authority to decide this motion. A notice of appeal filed before the court disposes of a timely motion under Rule 9023 or 7052 "becomes effective when the order disposing of the last such remaining motion is entered." Fed. R. Bankr. P. 8002(b)(2). A timely motion under Rule 9023 directed to an interlocutory order that is appealable by leave has the same effect: the time to seek leave to appeal runs from the order deciding the motion. Colonial Bank v. Freeman (In re Pac. Forest Prods. Corp.), 335 B.R. 910, 918-19 (S.D. Fla. 2005) (any other reading would render "the moving party's right to rehearing a virtual nullity"). The Movant does not ask the Court to treat this motion as extending any period; his separate motion under Rule 8002(d) (ECF No. 22) is pending and is not affected.

**II. The Court may tailor its preliminary injunction with conditions.**

A preliminary injunction is "customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits," and "the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits." Univ. of Tex. v. Camenisch, 451 U.S. 390, 395 (1981). The court that enters such an order retains the power to shape it. Fed. R. Civ. P. 65(d)(1) requires every injunction to "state its terms specifically" and to "describe in reasonable detail ... the act or acts restrained or required," and the Bankruptcy Court may issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Code. 11 U.S.C. § 105(a). The Third Circuit requires that "injunctive relief should be no broader than necessary to provide full relief to the aggrieved party," Meyer v. CUNA Mut. Ins. Soc'y, 648 F.3d 154, 170 (3d Cir. 2011) (quoting Ameron, Inc. v. U.S. Army Corps of Eng'rs, 787 F.2d 875, 888 (3d Cir. 1986)), and it has held that, because of the

limited nature of the proceedings that produce a preliminary injunction, "any findings of fact and conclusions of law made at the preliminary stage are of no binding effect whatsoever" at the trial on the merits. Clark v. K-Mart Corp., 979 F.2d 965, 969 (3d Cir. 1992). The four protections are terms of that kind. They do not disturb the findings the Court made; they state, in reasonable detail, how the confirmed authority is to be exercised during the interim period and what the Order does not decide. The Court said on October 22 that it would not substitute anyone's business judgment for the Trustee's (Tr. 44:8-12). The protections do not ask it to. Notice and a hearing before a disposition leave the business judgment with the Trustee and the approval with the Court; a written answer leaves the decision with the Trustee; a counsel proviso leaves retention decisions where the Order puts them; and a clarifying sentence changes no finding.

**III. Each protection is warranted and modest.**

**A. Notice and a hearing before a disposition (proposed order ¶ 2).**

The Trustee's authority over the Subject Entities rests on the estate's ownership of the Movant's membership interests, which are property of the estate under 11 U.S.C. § 541(a)(1), and on the Court's confirmation that the Trustee may exercise the Movant's management rights. When a trustee exercises a debtor's membership powers over a non-debtor company to take a step outside the ordinary course, courts have treated the request as one for the use of estate property under 11 U.S.C. § 363(b)(1), which requires notice and a hearing. In In re Modanlo, 412 B.R. 715 (Bankr. D. Md. 2006), aff'd, 266 F. App'x 272 (4th Cir. 2008), a Chapter 11 trustee who held the debtor's sole membership interest in a Delaware LLC sought to use the debtor's member powers to act through the LLC; the court held that "[a] request for use of such powers or interests of a debtor is properly brought under section 363(b)," id. at 719 n.7, noted that "property of the estate includes intangible property as well, such as stockholder equity rights and voting rights," id. at 731, and granted the request only after a two-day hearing and a finding of "business justification," id. at 731-33. See also In re Albright, 291 B.R. 538, 540-41 & n.7 (Bankr. D. Colo. 2003) (trustee of a sole member obtained the member's governance rights; result "would be different if there were other non-debtor members").

If Spin Capital's judgments were claims of the estate itself, the Trustee could not compromise them without a motion, notice to "the debtor" and other parties in interest, and court approval. Fed. R. Bankr. P. 9019(a); Fed. R. Bankr. P. 2002(a)(3) (twenty-one days' notice of the

hearing on approval of a compromise or settlement of a controversy); see Fed. R. Bankr. P. 2002(a)(2) (sales), 6004, 6007 (abandonment). The Third Circuit requires a bankruptcy court approving a settlement to "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996). "The import of Section 363 is that a trustee is prohibited from acting unilaterally; this schema is intended to protect both debtors and creditors (as well as trustees) by subjecting a trustee's actions to complete disclosure and review by the creditors of the estate and by the bankruptcy court." Id. at 395. The Third Circuit has recently noted that courts in this Circuit examine "settlements under Bankruptcy Rule 9019 to ensure they do not impermissibly dictate the terms of eventual reorganization plans or bypass the Code's procedural safeguards." In re Boy Scouts of Am., 137 F.4th 126 (3d Cir. 2025) (slip op. at 49). And a bankruptcy court applying § 363(b)(1) to a debtor's sale of an operating asset explained that "[i]f notice which is appropriate under the circumstances to allow creditors and other parties in interest to protect their rights is not provided, the structural tension inherent in the Bankruptcy Code which balances the rights of all parties is subverted." In re Naron & Wagner, Chartered, 88 B.R. 85, 88 (Bankr. D. Md. 1988). Those safeguards exist because a compromise of a claim is final and because the people with an interest in the claim should be heard before it is made. The October 23 Order places the same decisions, for the Subject Entities' claims, in the Trustee's hands under a confirmation of "sole authority," with no notice provision at all. The Court's own finding was that irreparable harm would be likely if assets were moved or disposed of beyond anyone's reach (ECF No. 21 at 4, ¶ E). The same logic supports notice before a disposition by anyone during the interim period. Proposed paragraph 2 imports the Rule 2002(a)(3) notice period and a hearing for dispositions only, excludes ordinary-course steps, deadline-driven filings and retention applications, and leaves the Trustee free to seek relief on shortened time. The record shows why it is needed now: the Trustee has begun to arrange counsel for Spin Capital's $8.2 million judgment and the participants in that receivable have had to ask who may act (Cert. ¶ 6). The Trustee's counsel has said retention will be "upon proper application to the bankruptcy court" (Ex. E-2); the proposed paragraph asks the same of a settlement.

**B. The counsel proviso for Teton Life, LLC (proposed order ¶ 3).**

An entity may appear in federal court only through licensed counsel. Rowland v. Cal. Men's Colony, 506 U.S. 194, 201-02 (1993); Simbraw, Inc. v. United States, 367 F.2d 373, 374 (3d Cir. 1966). The Court recognized the problem on October 22 and resolved it, for four of the entities, by adding to paragraph 2 of the October 23 Order the proviso that the Movant may engage representation for himself and the Subject Entities in this adversary proceeding. Teton Life, LLC was carved out. It remains subject to the October 15 Order, which has no proviso, and its own hearing is first, on November 10, 2026. Its New York counsel has said it will take direction only from whoever is authorized to direct the company (Ex. D). Unless the proviso is extended, Teton Life may be the one defendant with no one able to engage counsel for it at its own hearing. The proposed paragraph extends the proviso, expressly subject to the co-member's consultation rights, and confirms that counsel of record in a pending action may take a step required to preserve a deadline, a limitations period, collateral or the status quo on advance notice to the Trustee's counsel, unless the Trustee's counsel objects before the step is taken. That confirmation does not transfer authority; it prevents a deadline from being lost while direction is awaited, and it keeps the Trustee's objection as the control.

**C. Written answers to preservation requests (proposed order ¶ 4).**

The Trustee's counsel told the Court that the Movant's emails are too many and too unclear to answer (Tr. 47:7-11), and the Trustee certified that the present state is "chaos" (ECF No. 18, ¶ 6). The Movant's October 26 and 28 requests concerning Teton Life identified specific steps and the reasons for them, and received no substantive answer (Cert. ¶ 8; Exs. F, G-2, G-3). A protocol solves both problems. Under proposed paragraph 4, a request must identify a specific protective step, its deadline and the source of the deadline; the Trustee answers in writing within three business days - yes, no with a reason, or an alternative; and if there is no answer, either side may bring the matter to the Court, on shortened time under D.N.J. LBR 9013-2(c) if the deadline requires it. Silence is not consent and transfers no authority. The protocol asks nothing of the Trustee that a fiduciary would not do in any event, and it gives the Court a record - one request and one answer - instead of email chains. Section 105(a) authorizes orders of this kind that are "necessary or appropriate" to carry out the Code, and the Court's continuing supervision of its own injunction supports it.

**D. The interim and non-dispositive nature of the Order (proposed order ¶ 5).**

The Court said that the October 23 Order is preliminary and not final (Tr. 61:1-2), and the Supreme Court has explained that findings made at the preliminary-injunction stage "are not binding at trial on the merits." Camenisch, 451 U.S. at 395; Clark, 979 F.2d at 969. The Order itself preserves "[a]ll rights, remedies, and defenses as to Teton Life, LLC" (ECF No. 21 at 5). Yet the confirmation of "sole authority" is being read elsewhere as a final determination of the Movant's rights, of the participants' rights in Spin Capital's receivables, and of the co-member's rights under the Teton Life operating agreement (Cert. ¶¶ 6-7, 13). The one-sentence amendment in proposed paragraph 5 states what the Court has already said: the confirmation is interim relief pending the final hearing and does not determine the ownership of any claim or judgment, the rights of any participant or investor, or the rights of the co-member. It costs the Trustee nothing, and it prevents the Order from being given an effect in other courts that this Court did not intend.

**IV. The balance of interests favors the protections.**

None of the protections restores authority to the Movant or limits the Trustee's investigation. The Trustee has said that he intends to proceed by proper application (ECF No. 18, ¶ 6; Ex. E-2); the protections hold him to that for dispositions, add Teton Life to the counsel proviso the Court has already adopted, require written answers to written requests, and confirm the interim character of the Order. Against those modest terms stand the interests the Court has recognized: the estate's interest in the value of the Subject Entities' claims, the Movant's residual interest (Tr. 58:2-6), the co-member's interest, and the participants' interests in the receivables. A disposition made without notice cannot be undone at the final hearing; a protection added now can be removed then if the Court finds it unnecessary.

**CONCLUSION**

The Movant respectfully requests that the Court alter or amend the October 23 Order (ECF No. 21), including the portion continuing the October 15 Order as to Teton Life, LLC, by entering the proposed order, and that the Court consider paragraph 3 of the proposed order at the November 10, 2026 hearing if it finds that convenient. The decisions from other districts cited above are offered as persuasive authority.

Dated: October 29, 2026
Lakewood, New Jersey

Avrumi Lubin
Defendant, Pro Se, individually
1460 Arboretum Parkway
Lakewood, New Jersey 08701
(718) 570-3796
josh@tetonfunding.com