# EXHIBIT A

Order Granting Preliminary Injunction and Providing for Further Proceedings, entered October 23, 2026 (ECF No. 21)

Stanziale v. Lubin, Adv. Pro. No. 26-01494 (EJO) — Certification of Avrumi Lubin in support of the Rule 9023 motion

Order Filed on October 23, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re:<br><br>AVRUMI LUBIN A/K/A JOSH LUBIN,<br><br>Debtor. | Case No.: 26-17342-EJO<br>Chapter: 11<br>Judge: Eamonn J. O'Hagan |
| BENJAMIN A. STANZIALE, JR.,<br>AS CHAPTER 11 TRUSTEE,<br><br>Plaintiffs,<br><br>v.<br><br>AVRUMI LUBIN, SPIN CAPITAL, LLC, TETON LIFE, LLC, TETON FUNDING, LLC, TETON FUNDING GROUP, LLC, JL SPECIAL INVESTMENTS, LLC,<br><br>Defendants. | Adv. Pro. No.: 26-01494-EJO |

**ORDER GRANTING PRELIMINARY INJUNCTION AND PROVIDING FOR FURTHER PROCEEDINGS**

The relief set forth on the following pages, numbered two (2) through six (6), is hereby

**ORDERED.**

**DATED: October 23, 2026**

Eamonn O'Hagan

Honorable Eamonn J. O'Hagan
United States Bankruptcy Judge

---

Upon consideration of this matter presented to the Court by way of Verified Complaint ("the Verified Complaint") [ECF No. 1] to extend the captioned Chapter 11 case to the following entities for which the Debtor owns either a 100% interest, or a 50% controlling interest[1]:

(1) SPIN CAPITAL, LLC ("Spin"),
(2) TETON LIFE, LLC ("Teton Life"),
(3) TETON FUNDING, LLC ("Teton Funding"),
(4) TETON FUNDING GROUP, LLC ("Teton Funding Group"), and,
(5) JL SPECIAL INVESTMENTS, LLC ("JL"),

(Collectively, the "Subject Entities," and collectively with the Debtor, the "Defendants"), filed by Patricia A. Staiano, Esquire, of Hellring Lindeman Goldstein & Segal, LLP, on behalf of Benjamin A. Stanziale, Jr., as Chapter 11 Trustee (the "Trustee") for Debtor, Avrumi Lubin a/k/a Josh Lubin (the "Debtor") together with a Request for the Entry of an Order to Show Cause for Preliminary Restraints [ECF No. 3], as supported by the Certification of Benjamin Stanziale [ECF No. 3-1];

And, the Court having entered an Order to Show Cause and for Temporary Relief [ECF No. 5] on October 15, 2026 (the "Order to Show Cause"), granting preliminary restraints for good cause shown and scheduling an emergent hearing on the Trustee's requests for a preliminary injunction and to schedule a final hearing on the merits of the Verified Complaint for October 22, 2026;

---

[1] The Debtor owns a 50% interest in Teton Life, LLC with contractual rights to manage the company subject to consultation with the co-owner. All other Subject Entities are 100% owned by the Debtor.

And, the Court having considered the responsive materials filed thereto by the Debtor, acting *pro se* [ECF Nos. 9 - 12][2], and by Patrick T. Krenicky, Esquire, on behalf of Gavriel Yitzchacov, who owns a 50% share of Defendant, Teton Life, LLC [ECF No. 14];

And, the Court having considered the reply, supplemental certification in support, and letter brief filed by Trustee [ECF Nos. 18, 19];

And, the Court having considered the affidavits and arguments of all parties presented on the record within the emergency hearing conducted on October 22, 2026;

And, the Court having made specific factual findings as set forth on the record with respect to the need for preliminary injunctive relief to stay the metaphorical "tidal wave" of litigation pending against the Debtor and the Subject Entities throughout the country to protect the Debtor's estate pending further investigation and administration; including, but not limited to:

A. That the Trustee's preliminary investigation has revealed that there exists ongoing litigation in numerous jurisdictions in various stages, in NJ, NY, Michigan, Texas, Tennessee and Florida, in which the Debtor and/or the subject entities are parties. [Stanziale Reply Cert., ECF No. 18, Para 4.]

B. That the Trustee is given wide latitude and deference in its investigation into the Debtor's estate and the exercise of the Trustee's business judgment to safeguard and/or maximize the Debtor's estate for the benefit of the creditor body. As a part of that investigation, the

[2] The Court also denied the Debtor's two requests for an adjournment of the emergency hearing [ECF Nos. 7, 8] and his request to dissolve restraints communicated within ECF No. 12.

Trustee must decide which entities and actions are valuable to the estate and how to most effectively protect those assets.

C. That the trustee has established a reasonable likelihood of success in extending the automatic stay as to the Subject Entities for the duration of these chapter 11 proceedings by establishing the requisite "unusual circumstances" under McCartney v. Integra Nat'l Bank North, 106 F.3d 506, 510 (3d Cir. 1997).

D. That irreparable harm my result should the litigation impacting the Subject Entities progress without the Trustee's participation and/or yield unfavorable outcomes during this early state of the Trustee's investigation.

E. That irreparable harm is likely to result if the Debtor is permitted control and use those entities to move and/or dispose of assets that are currently beyond the Trustee's reach; and

F. That the overall balance of the harms weighs heavily in favor of the Trustee where the preliminary stay will protect the Debtor's estate and the subject entities from adverse rulings or collection activity during the Trustee's investigation.

It is **HEREBY ORDERED AS TO TETON LIFE, LLC, ONLY** that:

1. The consideration of the Trustee's Verified Complaint and Order to Show Cause as they relate to Teton Life, LLC, are hereby bifurcated from the remaining requests for relief.
2. A further hearing on the Verified Complaint and Order to Show Cause as to Teton Life, LLC, only, is scheduled for November 10, 2026, at 1:00 p.m.

3. Pending further order of the Court, the preliminary restraints set forth in the Order to Show Cause shall continue to apply to Teton Life, LLC, as agreed to on the record by counsel to the Trustee and counsel to Teton Life, LLC.
4. All rights, remedies, and defenses as to Teton Life, LLC, are hereby preserved.

It is **HEREBY FURTHER ORDERED AS TO THE SUBJECT ENTITIES OTHER THAN TETON LIFE, LLC,** that for good cause shown, and pending further order of this Court, the following relief is **GRANTED** as follows:

1. Any litigation or enforcement of judgments against the Subject Entities is **STAYED**;
2. The Debtor, and all persons and entities acting in concert with him, are **ENJOINED** from taking actions in the name of the Subject Entities or to collect judgments in favor of the Subject Entities, and it is further **CONFIRMED** that the Trustee has the sole authority to act in the stead of the Debtor as to any management or litigation decisions regarding the Subject Entities, provided, however, that the Debtor shall retain the right to engage representation for himself and the Subject Entities in the current adversary proceeding.
3. Defendants and any person or entity acting in concert with them are **ENJOINED** from transferring or disposing of assets of the Subject Entities.
4. Defendants are **DIRECTED AND ENJOINED** from refusing to turnover the books and records of the Debtor and the Subject Entities to the Trustee or his professionals whose retention is approved by the Court.

5. The Defendants shall file responsive pleadings to the Complaint and Order to Show Cause no later than November 9, 2026.

6. A further hearing on the continuation of the preliminary injunctive relief granted herein will be conducted on **December 17, 2026, at 2:00 p.m.**

7. A pretrial hearing to consider scheduling of a final hearing on the merits will be conducted on **December 17, 2026, at 2:00 p.m.**

8. The Debtor's oral motion for a stay pending appeal is hereby **DENIED**.