# EXHIBIT C

Transcript of the October 22, 2026 hearing (J&J Court Transcribers, Inc., certified October 27, 2026): cover page, pages 44–48, 50–51, 56, 58–59, 61 and 64–65, and the transcriber's certification

Stanziale v. Lubin, Adv. Pro. No. 26-01494 (EJO) — Certification of Avrumi Lubin in support of the Rule 9023 motion

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IN RE: | . | Case No. 26-17342-EJO |
| AVRUMI LUBIN, | . | 402 East State Street |
| Debtor. | . | Trenton, NJ 08608 |
| . . . . . . . . . . . . . . | . | |
| FVP INVESTMENTS, LLC, et al., | . | Adv. No. 26-01315-EJO |
| Plaintiffs, | . | |
| v. | . | |
| AVRUMI LUBIN, | . | |
| Defendant. | . | |
| . . . . . . . . . . . . . . | . | |
| BENJAMIN A. STANZIALE, JR., | . | Adv. No. 26-01494-EJO |
| Plaintiff, | . | |
| v. | . | |
| AVRUMI LUBIN, et al., | . | |
| Defendants. | . | October 22, 2026 |
| . . . . . . . . . . . . . . | . | 10:16 a.m. |

TRANSCRIPT OF PRETRIAL CONFERENCE
AND MOTION TO SHOW CAUSE
BEFORE HONORABLE EAMONN JAMES O'HAGAN
UNITED STATES BANKRUPTCY COURT JUDGE

TELEPHONIC APPEARANCES:

For the Debtor: Pro Se
By: AVRUMI "JOSH" LUBIN
1460 Arboretum Parkway
Lakewood, NJ 08701

Audio Operator: Michelle Fogleman

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

---

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail: jjcourt@jjcourt.com**

**(609) 586-2311 Fax No. (609) 587-3599**

*pendens*.

THE COURT: No, we're not doing that.

We're not doing that.

MR. LUBIN: So Your Honor doesn't -- if the case has an October 27th statute of limitations. You're saying if nobody can get there, just let them have (indiscernible) million dollars (indiscernible)?

THE COURT: What I am saying is that I am not going to substitute someone else's business judgment for the judgment of the Chapter 11 Trustee, who is an experienced Chapter 11 Trustee, who is capable of making appropriate determinations on behalf of the estate.

MR. LUBIN: Okay. No problem. There can be restraints. There can be restraints, or I can't, there are restraints already, just from me filing Chapter 11. There are authority issues and disputed rights issues that have to get dealt with before --

THE COURT: That's what we're trying to work out here. This is the beginning of the --

MR. LUBIN: Correct.

THE COURT: -- process, Mr. Lubin.

MR. LUBIN: Right. I understand. And that's why I filed bankruptcy. The only way to work it out, I think, in the United States is filing bankruptcy. You need a special counsel to do it. No one has to deal with these conflicts. The only

way to procedurally deal with it is with a special counsel. I told the Trustee to hire special counsel not to go throughout the country. No, in New Jersey, to issue a ruling to deal with these authority issues inside New Jersey, in the bankruptcy.

These are above my pay grade. I don't know if this issue has ever came up in the United States before. I'm not an attorney, but I think it's definitely a very rare situation. I'm not looking to get into any merits, call people names, trying to be as professional as possible. I'm sure, I mean, Your Honor probably has a few thousand cases or whatever it is, and this one's a little messy.

Messy and also small at the same time. But I just don't want these companies, personal to them, there's nothing there. They're never even opened a bank account. But really kind of three. I don't know if I have to get an attorney. I don't know if (indiscernible) is valid or not. But we're getting into Spin.

I have no problem keeping -- I'm trying to get this thing on guardrails and I'm looking to preserve the estate. And upon information and belief, I do believe the FVP parties have asserted authority to the Trustee. I think that's going to come out. I think they'll have consequences for that. And I'd like to ask the Trustee -- I'd like to get two minutes to ask the Trustee -- I'm not accusing the Trustee of misconduct.

I'm accusing FVP of misconduct. If FVP did that, the

Trustee would have a fiduciary duty to protect their interest. It's not accusing the Trustee of misconduct. That's basically unraveling a situation. And if you look at any of my papers, I'm not accusing the Trustee of any misconduct whatsoever. I'm looking to put this thing on guardrails, and I'm accusing FVP of misconduct. And I want to ask the -- the only way to get the honest answer is if I can ask Mr. Stanziale some questions under oath.

And if that does come out to be the case of what I'm saying right now, that's an issue that has to get dealt with. I think it's an issue that is getting dealt with, yeah, already.

THE COURT: So, Mr. Lubin, the FVP issues that you're talking about do not touch upon the preliminary relief that is being requested today. Ms. Staiano, do you have any specific responses to any of the arguments of Mr. Lubin?

MS. STAIANO: I don't understand some of the arguments, Your Honor, I'm sorry. I don't understand.

Mr. Stanziale is the Chapter 11 Trustee. He has his duties and obligations, like in every other case. He is looking to maximize assets for distribution to creditors.

I'll tell Mr. Lubin, without Mr. Stanziale being under oath, he hasn't received instructions from anyone.

MR. LUBIN: And that's all I'm asking.

MS. STAIANO: Then I don't, Your Honor, with all due

respect, I don't know what Mr. Lubin is asking. He asked, and I read in the papers, the Trustee received instructions. He's not taking instructions from anyone.

The only person Mr. Stanziale has received purported instructions from is Mr. Lubin who sends e-mails and says, you have to do this, you have to do that.

The bottom line is, when we get a clear email with information, there are times we've asked for information multiple times. We respond to it. But there are so many emails, so much information, and frankly, I don't understand what he's asking for.

MR. LUBIN: Your Honor --

MS. STAIANO: I'm sorry, Mr. Lubin, I'm just going to finish.

MR. LUBIN: I'm sorry.

MS. STAIANO: There are cases across the country that we have already talked to existing counsel about. These counsel have a right to know, for example, how or if they're going to get paid. There was one counsel that Mr. Lubin retained a few weeks ago in Michigan. Mr. Stanziale and I called him. He said he didn't even know Mr. Lubin was in Chapter 11 when he was retained.

I don't know where the money came from. Mr. Lubin told me that he paid by credit card. I don't know what the state of his finances are, but I don't have the financials. As

I candidly set forth before the Court --

MR. LUBIN: We're kind of going off topic.

MS. STAIANO: We're kind of not going off topic because I don't know where the money is coming from. And I don't have financials. And I candidly said, I'm not sure how we're going to provide meaningful, credible operating reports to the United States Trustee until we get certain financials that we're asking for.

But the bottom line is this. We want to maximize value to this estate and its creditors. We want to be able to see what litigations, causes of action, not only Mr. Lubin, but the subject entities have. We want to be able to then consult with either existing counsel or retain new counsel to see if these things are going anywhere.

I suspect if Your Honor continues these temporary restraints and gives Mr. Stanziale continuing control temporarily over these entities, that Your Honor will see very soon an application to retain counsel on behalf of Spin in the case in Texas.

THE COURT: Does this relate -- do you have an understanding of the --

MR. LUBIN: That's not what I'm talking about.

MS. STAIANO: I mean, we're doing what we're --

THE COURT: -- *lis pendens* that Mr. Lubin is talking about?

they're confused who the client is.

And they can't, it kind of puts them in a pickle, like, hypothetical. I'm not asking if FVP is giving Mr. Stanziale -- did I pronounce it right -- instructions. I don't think that would be the case. You don't have to do that.

You just have to assert authority that you're a third-party beneficiary. And the Trustee would have a fiduciary duty by United States law to protect Mr. Breslin, even if he's committing crimes. That's just a fact. That's just the way this thing happens.

THE COURT: So, Mr. Lubin --

MR. LUBIN: Yeah.

THE COURT: Mr. Lubin, after the Court rules today, this adversary proceeding will continue. There will be a scheduling order. And if there's specific factual issues that you need to get clarification on, you will have an opportunity to do that. But, at this point, I think that we're not going to hold a hearing today regarding whether or not FVP has asserted third-party beneficiary status, because that is not germane to the issues that I need to decide today. Which again, is as to preliminary relief.

MR. LUBIN: I understand that, Your Honor. I'm looking to -- I think there's another hearing today at 2:00 p.m., the status conference.

THE COURT: I believe that's been adjourned.

MS. STAIANO: I think that's been adjourned.

THE COURT: That's been adjourned. The status conference has been adjourned, Mr. Lubin.

MR. LUBIN: To when?

MS. STAIANO: I believe, Your Honor, to December.

MR. LUBIN: That's at 2:00 p.m. today. I thought I saw an email that said that.

THE COURT: In light of the fact that we have several matters today, obviously, that's really the status of what's going on. So, there's no need to have a duplicative status conference --

MR. LUBIN: Okay. Your Honor, the --

THE COURT: It's been adjourned to December 17th. But obviously, we're going to be back here on issues well before that.

MR. LUBIN: Other issues. There's three other -- four. I'm going to look into see if whether I can legally consolidate any of them, whatever. I think that I have a picture.

In regards to Paragraph 2, okay, Your Honor made it clear that these companies could hire attorneys. I just --

THE COURT: No, I made clear that the Chapter 11 Trustee can make decisions regarding hiring counsel.

MR. LUBIN: What about me hiring counsel to defend -- what about me on behalf of these entities hiring counsel to

but I'm not --

MR. LUBIN: Correct. That's exactly what I was asking. And Your Honor already made it clear that I don't have the right.

THE COURT: So, Mr. Lubin, as you have the opportunity to hire counsel for yourself. That is abundantly clear. There's nothing preventing you from trying to, again, retain counsel, okay. But as it relates to the entities that you control, your ability to do that has been supplanted by the Chapter 11 Trustee.

MR. LUBIN: Okay. So the Chapter 11 Trustee has a fiduciary duty to protect those entities, to defend that -- yeah, that whole complaint. They have a duty to not have the whole lawsuit has to get thrown out. This stuff is going to make it -- it's a complicated situation. They have a duty to protect and defend the complaint that they're pursuing.

MS. STAIANO: We do not. The Trustee is the plaintiff, but what I'm trying to do, Your Honor, is perhaps --

MR. LUBIN: It sounds like you nailed it, but that's what -- who has the right to -- who's going to defend these entities in this action?

THE COURT: So, Mr. Lubin, what is it that you think is going to be accomplished by not putting a preliminary injunction in place with respect to these entities? It's something that you've asked for. You asked if we could apply

defend this action for the entities?

THE COURT: No, you can assert your interest in this case on behalf of yourself, and your standing is that you, Josh Lubin, are a defendant, and you also have a residual interest in these entities, okay. And you have standing to oppose the relief that's being requested.

You have opposed that relief. That's not the same thing as saying that simply because a Chapter 11 Trustee has been appointed, and now when it comes to hiring counsel as to those entities to defend it in litigation around the country.

MR. LUBIN: Not I'm talking about, right. Who --

THE COURT: But that's separate.

Mr. Lubin, you can assert whatever objections you have to the relief being requested, and you have. Okay. You can also invoke the fact that you own these entities, and you have invoked that, and you're talking about all these deals and all these things that you want to do, and how you think this is somehow going to upset that. So that's where we are.

MR. LUBIN: Now, repeat that. I'm trying to -- let's stay focused on one issue.

Who's going to answer these complaints, this complaint the Trustee is seeking. I can answer on behalf of myself, but who answers it on behalf of entities?

MS. STAIANO: Your Honor.

THE COURT: Yes, Ms. Staiano.

MS. STAIANO: I'm sorry if I'm interrupting.

I think Your Honor has just stated the answer, which is, Mr. Lubin, you're a Chapter 11 debtor. Your life post-petition is your life. You have been sued. You can retain counsel. And you can also have counsel assert, on behalf of your ownership interests, whatever they and you feel you need to assert regarding these entities.

MR. LUBIN: But who can respond to the complaints? No one.

THE COURT: You can, Mr. Lubin.

MS. STAIANO: You can hire a lawyer.

MR. LUBIN: I can do it on behalf of myself, but who can do it on behalf of entities, in this case? I'm talking about this specific one case.

THE COURT: Mr. Lubin, this is not a clinic to give you legal advice, okay. The fact of the matter is, it happens in litigation, whether it's in this context or when it's alleged that an entity is an alter ego of another entity, or there should be some type of veil piercing because the debtor actually is one in the same as that entity that is controlled.

So these are not as novel issues as you're making them out to be. And Mr. Lubin, if you want to seek relief from any order that this Court enters, you're free to do that, okay.

MR. LUBIN: Okay, the Honor is aware that the jury ruled that in Florida, that in this specific case where she's

going to be entered today is preliminary.

It is not being entered on a final basis. And if you wish to retain counsel to defend your interests, including your individual capacity as an owner of business entities, you can do that. That doesn't mean that that means you then can still have control over those entities, over those interests which are property of their bankruptcy estate. And that's all that I'm going to say on that.

MR. LUBIN: Right. Okay.

So preliminary means until the case is over, or what does that mean?

THE COURT: No, I'm going to issue my ruling, Mr. Lubin, and that's going to indicate what we're doing, okay.

MR. LUBIN: I'm just trying to --

THE COURT: Other than Mr. Lubin, are there any parties that wish to be heard on any of this before the Court rules?

(No audible response)

THE COURT: Okay. This is an order to show cause filed by the Chapter 11 Trustee on October 15, 2026, seeking to extend the automatic stay and the proceedings to the following entities, which I will refer to as the subject entities, Spin Capital, LLC, which I'll refer to as Spin; Teton Funding, LLC, which I'll refer to as Teton Funding; Teton Funding Group, LLC, which I'll refer to as Teton Funding Group; and JL Special

I find that irreparable harm is likely to result if the debtor is permitted to control and use those entities and to move and/or dispose of assets that are currently beyond the Trustee's reach.

MR. LUBIN: Your Honor, the Court never ruled that.

THE COURT: I conclude that the overall balance of --

Could you please mute Mr. Lubin's line?

I conclude that the overall balance of the harms weighs heavily in favor of the Trustee where the preliminary stay will protect the debtor's estate and that the subject entities from adverse rulings or collection activity during the Trustee's investigation.

So with those findings, the Court holds that the following relief is granted.

Any litigation or enforcement of judgments against the subject entities is hereby stayed on a temporary basis. The debtor and all persons and entities acting in concert with him are enjoined from taking actions in the name of the subject entities or to collect judgments in favor of the subject entities. And it is further confirmed that the Trustee has the sole authority to act in the stead of the debtor as to any management and litigation decisions regarding the subject entities.

The defendants and any person or entity acting in concert with them are enjoined from transferring or disposing

of assets of the subject entities and the defendants are directed and enjoined from refusing to turn over books and records of the debtor and the subject entities to the Trustee or his professionals whose retention is approved by the Court.

With respect to all the foregoing relief, the subject entities are specifically defined to not include Teton Life. With respect to Teton Life, the temporary relief in the order to show cause is extended through November 10th, where the order to show cause will be adjourned with respect to all matters involving Teton Life, all of whom's rights are expressly reserved.

The Court is also ordering, with respect to the subject entities, including Mr. Lubin, the date to file a responsive pleading shall be fixed at 14 days from entry of the Court's order deciding this matter and that a pretrial conference will be conducted on December 3rd at 10:00 a.m., at which time, the Court will hear from the parties as to a scheduling order for a trial on the complaint. December 3rd will also be a further hearing on the preliminary stay, an injunction that has been imposed on a preliminary basis now.

That is the ruling of the Court.

Ms. Staiano, do you have any questions about that?

MS. STAIANO: No, Your Honor. Thank you.

THE COURT: Okay.

Mr. Lubin, I am going to allow your line to be

**C E R T I F I C A T I O N**

I, KAREN K. WATSON, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter, and to the best of my ability.

/s/ Karen K. Watson
KAREN K. WATSON, AAERT CET

J&J COURT TRANSCRIBERS, INC. DATE: October 27, 2026