# EXHIBIT G

G-1, email, October 28, 2026, 9:40 PM, Lubin to Staiano and Leininger (cc Stanziale, Moloshok and others), "Re: Bridgelink Deal – Participation Interests – Spin's counsel and ranch protection"; G-2, email, October 28, 2026, 10:33 PM, Lubin to Stanziale, Staiano, Moloshok, Wentworth-Ping, Wurtzel, Stevens and others (cc the U.S. Trustee), "Re: Teton Life — written clarification …"; G-3, email, October 28, 2026, 10:50 PM, Staiano to Lubin (cc the same), reply to G-2 — each reproduced as the top message with its header

Stanziale v. Lubin, Adv. Pro. No. 26-01494 (EJO) — Certification of Avrumi Lubin in support of the Rule 9023 motion

Exhibit G-1

| | |
|---|---|
| **From:** | Josh Lubin <josh@tetonfunding.com> |
| **Sent:** | Wednesday, October 28, 2026 9:40 PM |
| **To:** | Patricia A. Staiano <pstaiano@hlgslaw.com>; John C. Leininger <jcl@os.law> |
| **Cc:** | ben <ben@stanzialelaw.com>; Sam Gross <sam@wynwoodcapitalgroup.com>; Sol Teitel <sol@wynwoodcapitalgroup.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>; Isaac Weiss <Isaac@gssservices.com>; Jsturm@gssservices.com; Kenneth Beams <ken@krbpllc.com>; akelly@kbtlaw.com; dkasen@kasenlaw.com; ben <ben@stanzialelaw.com>; sam@wynwoodcapitalgroup.com; sol@wynwoodcapitalgroup.com; Matthew E. Moloshok <mmoloshok@hlgslaw.com>; isaac@gssservices.com <Isaac@gssservices.com>; Jsturm@gssservices.com; ken@krbpllc.com; akelly@kbtlaw.com; michael.napoli@akerman.com; laura.taveras@akerman.com; abe zagelbaum <abe@argylemgmt.com> |
| **Subject:** | Re: Bridgelink Deal – Participation Interests – Spin's counsel and ranch protection |

Trustee, Pat, Ben and Matt,

I request the Trustee's consent to an expedited, narrowly tailored modification of the October 15 and October 23 orders so Spin's claims can be protected while the broader control issues are litigated.

This is not a theoretical dispute. Based on my current understanding of the investment records, approximately $10.2 million in investor funds is at stake in Bridgelink alone, and I believe more than $100 million in aggregate value is at stake across the Subject Entities. These are my estimates of the amounts at risk, not adjudicated losses. The situation requires action now.

Please consent to submitting a proposed order that clearly identifies who may retain, fund and instruct conflict-free counsel for Spin, and permits that counsel to pursue necessary, legally supportable protective relief in the Bridgelink/Johnson matters. Any unresolved funding or authority issue should be identified expressly—not left to investors and prospective counsel to guess.

Please confirm by noon Eastern tomorrow, October 29, whether you consent to this relief and expedited court consideration. If not, identify the specific objections, any narrower language you would accept, and what existing counsel will do in the meantime to protect Spin's claims and applicable deadlines.

I also attach the Trustee's email requesting September income-and-expense information by October 30 at 3:00 p.m. I acknowledge that separate request; this consent request does not condition my response to it.

There needs to be full transparency about counsel's authority, scope of engagement, funding and responsibility for protective action. Please provide a concrete plan and timetable.

I write individually and reserve my rights.

Josh Lubin

***[OMITTED AS MARKED: the earlier messages in the chain.]***

---

*[Reproduced from the Movant's mailbox (josh@tetonfunding.com). Omitted messages and passages are marked above. Attachments are omitted.]*

Exhibit G-2

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Wednesday, October 28, 2026 10:33 PM
**To:** Alexander P. Wentworth-Ping <awping@schlamstone.com>; Patricia A. Staiano <pstaiano@hlgslaw.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>; ben <ben@stanzialelaw.com>; fstevens@klestadt.com
**Cc:** Joshua Wurtzel <jwurtzel@schlamstone.com>; Rachel Wolf <rachel.wolf@usdoj.gov>; Ardelean, Kirsten K. (USTP) <kirsten.k.ardelean@usdoj.gov>; Feinman, Heidi A. (USTP) <Heidi.A.Feinman@usdoj.gov>; John C. Leininger <jcl@os.law>; akelly@kbtlaw.com; michael.napoli@akerman.com; laura.taveras@akerman.com
**Subject:** Re: Teton Life — written clarification of filing pause, claimed authority, and protective action

Ben, Pat, Matt, Alex, Joshua, Fred, and counsel,

I am adding the lawyers copied on the latest Bridgelink chain so there is a shared written record of the outstanding requests for authority and protective action.

I have received no response to my October 26 email below requesting written authorization and a concrete preservation plan for Teton Life. The requested October 27 response date has passed.

I am concerned that the continuing delay may already be causing significant harm and creates a risk of irreparable loss through policy lapses, expired reinstatement opportunities, or dissipation of collateral and proceeds.

As previously reported, Zurich verbally advised me that two policies with $10 million face amounts had lapsed. Written carrier confirmation, current status, and any reinstatement deadlines remain essential. These face amounts are not a statement of established damages.

Attached are the following orders:

- October 15, 2026 — New Jersey ECF 5: Order to Show Cause with Temporary Relief, Adv. No. 26-01494-EJO.

- October 23, 2026 — New Jersey ECF 21: Order Granting Preliminary Injunction and Providing for Further Proceedings, Adv. No. 26-01494-EJO.

- October 7, 2026 — Tennessee Doc. 109: Order confirming the scope of and modifying the automatic stay as to nondebtor parties in the New York action, In re Stefan Joseph Leer, No. 3:26-bk-00149.

The October 23 New Jersey order continues the earlier restraints for Teton Life and separately addresses the other Subject Entities. Necessary preservation work needs a clear decision under those orders.

The Tennessee order also needs to be addressed. To the extent the Leer stay applies to nondebtor parties in the New York action, Doc. 109 modifies it to permit nondebtor proceedings and nondebtor branches of pending motions to proceed, subject to its express limitations. It leaves Justice Bannon to determine how and whether those proceedings continue and preserves the protections for Leer and property of his bankruptcy estate. It does not resolve authority in my New Jersey bankruptcy or override the subsequent New Jersey orders.

Please provide a substantive written response by 12:00 noon Eastern on Thursday, October 29, 2026, addressing each of the following.

1. Teton Life — immediate preservation

Will the Trustee give Alex and Joshua written authorization and direction to pursue the supported preservation relief requested in my October 26 email?

In light of Tennessee Doc. 109, please identify any remaining New York stay restriction and promptly seek the clarification or modification necessary from Justice Bannon, together with any needed clarification or expansion of the Receiver's authority. Please expressly address Doc. 109 and its limitations in that request.

Please identify the responsible attorney and the proposed filing time. Also confirm who will obtain current carrier information and arrange authorized premium payments or feasible reinstatement.

Protective steps already permitted should proceed immediately.

2. Bridgelink and Spin — completed and outstanding protective action

I acknowledge Pat's conditional authorization for an emergency filing and her subsequent communications concerning counsel's engagement, the Trustee's signature, and retention approval.

Please identify what protective action has actually been completed, what remains outstanding, who is responsible, and the timetable.

If a lien or lis pendens has been recorded, provide the recording information. If a proposed step is unavailable, identify the alternative protection.

3. Modification of the orders — authority to protect the entities

Will the Trustee consent to and promptly seek expedited court modification restoring my authority to retain and instruct qualified, conflict-free counsel and make the management decisions necessary to preserve Teton Life's and the other Subject Entities' assets and claims?

The proposed relief should identify the permitted acts, funding arrangements, reporting requirements, and safeguards against unauthorized transfers, distributions, or settlements.

I reserve my request for broader restoration of management rights.

If the Trustee opposes even this limited relief, identify the specific objections, narrower language he would accept, and the immediate protection he will arrange instead.

Please identify any different treatment required for Teton Life, Spin Capital, Teton Funding, Teton Funding Group, or JL Special Investments. A general reference to unresolved control issues does not answer who will protect the assets and claims in the meantime.

The noon deadline is my requested time for a written position and concrete action plan. Any change to the court's restraints requires court approval. Necessary protective action should not wait for that deadline or for resolution of the broader control dispute.

I write individually, reserve all rights and objections, and am not purporting to direct counsel on behalf of an entity while restrained. Please keep privileged legal advice off this shared chain.

Josh Lubin

732-608-4905

josh@tetonfunding.com

***[OMITTED AS MARKED: the earlier messages in the chain. Attachments (ECF No. 5, ECF No. 21 and the October 7, 2026 Tennessee order) omitted.]***

---

*[Reproduced from the Movant's mailbox (josh@tetonfunding.com). Omitted messages and passages are marked above. Attachments are omitted.]*

Exhibit G-3

| | |
|---|---|
| **From:** | Patricia A. Staiano <PStaiano@hlgslaw.com> |
| **Sent:** | Wednesday, October 28, 2026 10:50 PM |
| **To:** | Josh Lubin <josh@tetonfunding.com> |
| **Cc:** | Alexander P. Wentworth-Ping <awping@schlamstone.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>; ben <ben@stanzialelaw.com>; fstevens@klestadt.com; Joshua Wurtzel <jwurtzel@schlamstone.com>; Rachel Wolf <Rachel.Wolf@usdoj.gov>; Kirsten K. Ardelean <Kirsten.K.Ardelean@usdoj.gov>; Heidi A. Feinman <Heidi.A.Feinman@usdoj.gov>; John C. Leininger <jcl@os.law>; akelly@kbtlaw.com; michael.napoli@akerman.com; laura.taveras@akerman.com |
| **Subject:** | Re: Teton Life — written clarification of filing pause, claimed authority, and protective action |

Do what you will with your self-created deadlines. We are speaking with counsel and conducting our independent investigation. Your cooperation as to the Trustee's requests is mandatory.

Patricia A. Staiano, Esq.

Hellring Lindeman Goldstein & Siegal LLP

103 Eisenhower Parkway

Roseland, NJ 07068

T: +1.973.621.9020

F: +1.973.621.7406

pstaiano@hlgslaw.com

***[OMITTED AS MARKED: the earlier messages in the chain (the message of October 28, 2026, 10:33 PM, to which this replies, is Exhibit G-2).]***

---

*[Reproduced from the Movant's mailbox (josh@tetonfunding.com). Omitted messages and passages are marked above. Attachments are omitted.]*