| | |
|---|---|
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br>AVRUMI LUBIN<br>Defendant, Pro Se, individually<br>1460 Arboretum Parkway<br>Lakewood, New Jersey 08701<br>Telephone: (718) 570-3796<br>Email: josh@tetonfunding.com | Case No. 26-17342 (EJO)<br><br>Chapter 11<br><br>Adv. Pro. No. 26-01494 (EJO)<br><br>Judge: Eamonn J. O'Hagan, U.S.B.J.<br><br>Hearing Date: December 3, 2026 at 10:00 a.m. |
| In re:<br><br>AVRUMI LUBIN a/k/a Josh Lubin,<br><br>Debtor. | |
| BENJAMIN A. STANZIALE, JR., CHAPTER 11 TRUSTEE FOR AVRUMI LUBIN a/k/a JOSH LUBIN,<br>Plaintiff,<br>v.<br>AVRUMI LUBIN; SPIN CAPITAL, LLC; TETON LIFE, LLC; TETON FUNDING, LLC; TETON FUNDING GROUP, LLC; and JL SPECIAL INVESTMENTS, LLC,<br>Defendants. | PROPOSED ORDER |

**ORDER ALTERING AND AMENDING THE OCTOBER 23, 2026 ORDER (ECF NO. 21) TO PROVIDE INTERIM PROTECTIONS PENDING THE FINAL HEARING**

The relief set forth on the following pages, numbered two (2) through four (4), is hereby ORDERED.

| | |
|---|---|
| Debtor: | Avrumi Lubin a/k/a Josh Lubin |
| Case No.: | 26-17342 (EJO) |
| Adv. Pro. No.: | 26-01494 (EJO) |
| Caption of Order: | Order Altering and Amending the October 23, 2026 Order (ECF No. 21) to Provide Interim Protections Pending the Final Hearing |

Upon the motion of defendant Avrumi Lubin, appearing pro se in his individual capacity (the "Movant"), under Fed. R. Bankr. P. 9023 and 7052 and, alternatively, Fed. R. Bankr. P. 7065 and the Court's continuing authority over its preliminary injunction, to alter or amend the Order Granting Preliminary Injunction and Providing for Further Proceedings entered October 23, 2026 (ECF No. 21) (the "October 23 Order"), including the portion of that Order continuing the restraints of the Order to Show Cause with Temporary Relief entered October 15, 2026 (ECF No. 5) as to Teton Life, LLC; and the Court having considered the Certification of Avrumi Lubin with its exhibits, the Memorandum of Law, and any response; and for good cause shown; it is hereby

ORDERED as follows. In this Order, the "Trustee" is Plaintiff Benjamin A. Stanziale, Jr., Chapter 11 Trustee, the "Debtor" is Avrumi Lubin, and the "Subject Entities" are Spin Capital, LLC, Teton Life, LLC, Teton Funding, LLC, Teton Funding Group, LLC and JL Special Investments, LLC.

1. The motion is GRANTED to the extent set forth below. Except as amended by this Order, the October 23 Order and the October 15, 2026 Order remain in effect.

2. Notice and approval before disposition of a Subject Entity claim or asset. For so long as paragraph 2 of the October 23 Order (as to the Subject Entities other than Teton Life, LLC) or paragraph 3 of its Teton Life provisions is in effect, the Trustee shall not cause or permit a Subject Entity to settle, compromise, release, dismiss with prejudice, assign, abandon, sell or otherwise dispose of any claim, judgment, cause of action or other asset of that Subject Entity except on not less than twenty-one (21) days' written notice, in the manner of Fed. R. Bankr. P. 2002(a)(3), to the Debtor, the Office of the United States Trustee, counsel of record for the Subject Entity in any action in which the claim or asset is at issue, the co-member of Teton Life, LLC (as to Teton Life, LLC), and any person the Trustee knows to hold a participation or other interest in the affected claim, and upon order of this Court after

a hearing. Ordinary-course litigation steps (including a filing made to preserve a deadline or a limitations period, an opposition, and discovery), the retention of professionals upon proper application, and any step this Court separately authorizes on notice are not dispositions under this paragraph. Nothing in this paragraph limits the Trustee's ability to seek relief on shortened time.

3. Counsel for the Subject Entities, including Teton Life, LLC. The proviso in paragraph 2 of the October 23 Order - that "the Debtor shall retain the right to engage representation for himself and the Subject Entities in the current adversary proceeding" - applies equally to Teton Life, LLC, subject to the consultation rights of its co-member under its operating agreement. Nothing in the October 15, 2026 Order or the October 23 Order bars counsel of record for a Subject Entity in a pending action from taking a step that is required to preserve a deadline, a limitations period, collateral or the status quo in that action, on written notice to the Trustee's counsel given as far in advance as the deadline allows (and not less than two (2) business days in advance where the deadline allows), unless the Trustee's counsel objects in writing before the step is taken; any such step is taken subject to the Trustee's authority under the October 23 Order and to further order of this Court. Nothing in this paragraph obligates any attorney to accept an engagement or authorizes the Debtor to appear for any entity.

4. Written responses to preservation requests. A written request from the Debtor, or from counsel of record for a Subject Entity, that identifies a specific protective step, the deadline for it and the source of that deadline shall be answered in writing by the Trustee or his counsel within three (3) business days after it is received, by authorizing the step, declining it with the reason, or proposing an alternative. If a request is not answered within that time, or the parties reach a documented impasse, the Debtor, the Trustee or counsel of record for the Subject Entity may apply to the Court for a determination, on shortened time under D.N.J. LBR 9013-2(c) if the deadline requires it. Silence shall not be deemed consent and shall not transfer any authority.

5. Interim nature; no determination of ownership or third-party rights. Paragraph 2 of the October 23 Order, and paragraph 2 of the October 15, 2026 Order as continued for Teton Life, LLC, are amended to add the following sentence: "The confirmation of the Trustee's

authority in this paragraph is interim relief pending the final hearing on the Verified Complaint and does not determine the ownership of any claim or judgment of a Subject Entity, the rights of any participant or investor in any transaction of Spin Capital, LLC, or the rights of the co-member of Teton Life, LLC under its operating agreement."

6. Nothing in this Order modifies paragraphs 1, 3 and 4 of the October 23 Order (stay of litigation against the Subject Entities; no transfer of assets; turnover of books and records), the November 9, 2026 date for responsive pleadings, the November 10, 2026 hearing as to Teton Life, LLC, or the December 17, 2026 hearings. Nothing in this Order constitutes a finding on the merits of the Verified Complaint, and the Debtor's objections and appellate rights, including those addressed in ECF No. 22, are preserved.