AVRUMI LUBIN, Defendant, pro se, individually
1460 Arboretum Parkway, Lakewood, NJ 08701
Telephone: 718-570-3796 | josh@tetonfunding.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

In re: AVRUMI LUBIN a/k/a Josh Lubin, Debtor.
**Case No. 26-17342 (EJO) | Chapter 11**

BENJAMIN A. STANZIALE, JR., CHAPTER 11 TRUSTEE FOR AVRUMI LUBIN a/k/a Josh Lubin, Plaintiff,
v.
AVRUMI LUBIN; SPIN CAPITAL, LLC; TETON LIFE, LLC; TETON FUNDING, LLC; TETON FUNDING GROUP, LLC; and JL SPECIAL INVESTMENTS, LLC, Defendants.
**Adv. Pro. No. 26-01494 (EJO)**
Hon. Eamonn J. O'Hagan, U.S.B.J.

---

# MOTION FOR LEAVE TO APPEAL
# 28 U.S.C. § 158(a)(3); FED. R. BANKR. P. 8004

To the United States District Court for the District of New Jersey: Avrumi Lubin, acting pro se in his individual capacity only, requests leave to appeal the challenged portions of Dkts. 5 and 21 identified in his accompanying notice. Leave is requested to the extent required, without assuming either order is final or immediately appealable. This motion does not request a stay pending appeal.

## 1. Facts needed to understand the questions

On October 15, 2026, the Bankruptcy Court entered Dkt. 5. In addition to staying litigation against five entities, it directly enjoined Lubin from taking actions in their names, confirmed the Trustee's sole authority in Lubin's stead as to management and litigation decisions, prohibited transfers of entity assets, and directed turnover of books and records. Dkt. 5, pp. 3-4, operative paragraphs (1)-(4).

Lubin filed Dkt. 12 on October 19, 2026, seeking dissolution or modification of the personal restraints and related relief. The Bankruptcy Court heard the matter on October 22. Dkt. 21, p. 3 n.2, records denial of his dissolution request. The relevant oral ruling appears at transcript pp. 61-67, attached with its cover and certification.

Dkt. 21, entered October 23, imposes preliminary relief for Spin Capital, Teton Funding, Teton Funding Group, and JL Special Investments, including commands directed to Lubin personally and the Trustee's sole-authority determination. It expressly preserves Lubin's right to engage representation for himself and the entities in this adversary proceeding. Dkt. 21, p. 5, paragraphs 1-4. As to Teton Life only, Dkt. 21 continues the October 15 restraints by agreement pending further order and schedules a November 10 hearing. Dkt. 21, pp. 4-5, Teton Life paragraphs 1-4.

The Court found a likelihood of success and threatened irreparable harm, referred to the Trustee's investigation and business judgment, and balanced the harms. Dkt. 21, pp. 3-4; transcript pp. 62-64. Lubin disputes the legal sufficiency and scope of the personal commands, not the existence of those findings. The order sets responsive pleadings for November 9 and further preliminary-relief and pretrial proceedings for December 17, 2026. Dkt. 21, p. 6.

**2. Questions presented**

**A.** What legal showing and findings are required to impose direct personal restraints on an individual debtor and confirm a trustee's sole authority in his stead over management and litigation decisions of separate entities on a preliminary basis? In particular, were the legal requirements of 11 U.S.C. §§ 105(a) and 541 and Fed. R. Civ. P. 52(a)(2) and 65, incorporated by Bankruptcy Rules 7052 and 7065, adequately applied to the distinct restraints in paragraphs 2-4, rather than only to a protective stay of litigation against the entities?

**B.** Do the challenged provisions state the permitted and prohibited conduct with the specificity required by Rule 65(d)(1), including the relationship between the sole-authority language and Lubin's preserved right to engage defense representation in this adversary proceeding?

These questions are limited to commands and obligations imposed on Lubin himself. He does not seek to assert claims belonging to an entity or to vacate paragraph 1's litigation and enforcement stay. Any challenge to Dkt. 5 is limited to a continuing, reviewable personal effect; he does not assume that superseded relief remains reviewable.

### 3. Why interlocutory review is requested

**Controlling legal issue.** The line between protecting estate interests and imposing the challenged personal commands affects the conduct required of Lubin throughout the adversary proceeding. Determining the legal showing and required specificity can guide further proceedings without deciding ownership, asset values, or the ultimate extension claim.

**Substantial ground for disagreement.** The specific issue is whether findings supporting protection of estate interests from outside litigation also suffice for the separate sole-authority and personal-control restraints, or whether those restraints require a separately identified basis and findings defining their scope. Section 541 defines estate interests; § 105(a) authorizes orders to carry out the Bankruptcy Code; Rules 52(a)(2) and 65 require supporting findings and specific injunction terms. Lubin submits that the interaction of these requirements warrants review here. The issue is the governing legal standard for distinct forms of relief, not merely disagreement with an adverse result.

**Material advancement.** Review now may clarify the permissible scope of interim personal restraints before the continuation hearing and final-merits scheduling, reduce repeated disputes about who may act and what Lubin may do, and avoid later proceedings built on an erroneous legal premise. The requested review can leave the litigation stay and estate-protective measures otherwise intact. These considerations track 28 U.S.C. § 1292(b) by analogy; jurisdiction is requested under § 158(a)(3), not as an automatic injunction appeal under § 1292(a)(1).

### 4. Relief, timing, and attachments

Lubin requests leave for the limited appeal and, on the merits after briefing, vacatur or narrowing of the challenged personal provisions and remand for appropriate findings and proceedings, without lifting the litigation stay. The notice is submitted on October 29, within 14 days of October 15 and October 23, without relying on tolling or on the pending Rule 8002(d) motion (Dkt. 22). These papers do not stay either order or any deadline. The accompanying appendix contains both orders and the complete October 22 oral ruling excerpt, as required by Rule 8004(b)(1)(E).

Dated: October 29, 2026
Lakewood, New Jersey

______________________________

Avrumi Lubin
Defendant, pro se, individually
1460 Arboretum Parkway, Lakewood, NJ 08701
718-570-3796 | josh@tetonfunding.com