# APPENDIX C - OCTOBER 22 ORAL RULING

Excerpt from the certified transcript of the October 22, 2026 hearing, prepared by J&J; Court Transcribers, Inc.; certification dated October 27, 2026.

Selected original transcript pages: 1 (cover), 61-67 (including the complete oral ruling beginning at page 61, line 19, and its concluding discussion), and 68 (transcriber certification). These nine source pages are reproduced without textual alteration.

This is an excerpt, not the full 68-page transcript. The omitted pages contain earlier proceedings and argument. The complete transcript can be designated or supplied if required. The later written order controls where its dates differ from the oral discussion.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE:<br><br>AVRUMI LUBIN,<br><br>Debtor. | Case No. 26-17342-EJO<br><br>402 East State Street<br>Trenton, NJ 08608 |
| FVP INVESTMENTS, LLC, et al.,<br>Plaintiffs,<br>v.<br><br>AVRUMI LUBIN,<br><br>Defendant. | Adv. No. 26-01315-EJO |
| BENJAMIN A. STANZIALE, JR.,<br>Plaintiff,<br>v.<br><br>AVRUMI LUBIN, et al.,<br><br>Defendants. | Adv. No. 26-01494-EJO<br><br>October 22, 2026<br>10:16 a.m. |

TRANSCRIPT OF PRETRIAL CONFERENCE
AND MOTION TO SHOW CAUSE
BEFORE HONORABLE EAMONN JAMES O'HAGAN
UNITED STATES BANKRUPTCY COURT JUDGE

TELEPHONIC APPEARANCES:

| | |
|---|---|
| For the Debtor: | Pro Se<br>By: AVRUMI "JOSH" LUBIN<br>1460 Arboretum Parkway<br>Lakewood, NJ 08701 |
| Audio Operator: | Michelle Fogleman |

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

---

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail: jjcourt@jjcourt.com**

**(609) 586-2311 Fax No. (609) 587-3599**

going to be entered today is preliminary.

It is not being entered on a final basis. And if you wish to retain counsel to defend your interests, including your individual capacity as an owner of business entities, you can do that. That doesn't mean that that means you then can still have control over those entities, over those interests which are property of their bankruptcy estate. And that's all that I'm going to say on that.

MR. LUBIN: Right. Okay.

So preliminary means until the case is over, or what does that mean?

THE COURT: No, I'm going to issue my ruling, Mr. Lubin, and that's going to indicate what we're doing, okay.

MR. LUBIN: I'm just trying to --

THE COURT: Other than Mr. Lubin, are there any parties that wish to be heard on any of this before the Court rules?

(No audible response)

THE COURT: Okay. This is an order to show cause filed by the Chapter 11 Trustee on October 15, 2026, seeking to extend the automatic stay and the proceedings to the following entities, which I will refer to as the subject entities, Spin Capital, LLC, which I'll refer to as Spin; Teton Funding, LLC, which I'll refer to as Teton Funding; Teton Funding Group, LLC, which I'll refer to as Teton Funding Group; and JL Special

Investments, LLC, which I will refer to as JL.

I note at the outset that the Third Circuit's ruling in McCartney vs. Integra National Bank North, 106 F.3d 506 (3d Cir. 1997), recognizes that the unusual circumstances that have justified applying the automatic stay to non-debtors is not limited to situations where a judgment against a non-debtor is effectively against the debtor. The Third Circuit expressly recognized that unusual circumstances have also been found where "stay protection is essential for the debtor's efforts of reorganization."

Based on the pleadings, the certifications, as well as the arguments of counsel on the record, the automatic stay of creditors is hereby extended to the subject entities, Spin, Teton, Teton Funding, and Teton Funding Group, and JL, on a preliminary basis pending further proceedings. In granting a preliminary injunction to the Trustee, the Court makes the following findings as to the elements present weighing in favor of such injunction under Rule 65, made applicable to this case through Bankruptcy Rule 7065.

I find that the debtor's affairs have been assumed by the appointed Chapter 11 Trustee by virtue of the order entered September 28, 2026, that the Trustee's preliminary investigation has revealed that the debtor is either a 100 percent owner of the subject entities, that the debtor's interest/equity in said companies is property of the Bankruptcy

Estate, that the Trustee's preliminary investigation has revealed that there exists ongoing litigation in numerous jurisdictions in various stages in New Jersey, New York, Michigan, Texas, Tennessee, and Florida, in which the debtor and/or the subject entities are parties.

I find that the Trustee has given wide latitude and deference in its investigation into the debtor's estate and the exercise of the Trustee's business judgment to safeguard and/or maximize the debtor's estate for the benefit of the creditor body. As a part of that investigation, the Trustee must decide which entities and actions are valuable to the estate and how to most effectively protect those assets.

That the Trustee has established a reasonable likelihood of success in extending the automatic stay as to the subject entities for the duration of these Chapter 11 proceedings, that irreparable harm may result should the litigation impacting the subject entities progress without the Trustee's participation and/or yield unfavorable outcomes during the early stages of the Trustee's investigation, that the Court in Florida has already found that Spin Capital and Teton Funding were under the complete dominion and control of the debtor who used the corporate forum to shield assets from creditors. And for that, I'm citing the Stanziale Certification at ECF Docket Number 3-1, Paragraph 6, citing the charging order attached as Exhibit A.

I find that irreparable harm is likely to result if the debtor is permitted to control and use those entities and to move and/or dispose of assets that are currently beyond the Trustee's reach.

MR. LUBIN: Your Honor, the Court never ruled that.

THE COURT: I conclude that the overall balance of --

Could you please mute Mr. Lubin's line?

I conclude that the overall balance of the harms weighs heavily in favor of the Trustee where the preliminary stay will protect the debtor's estate and that the subject entities from adverse rulings or collection activity during the Trustee's investigation.

So with those findings, the Court holds that the following relief is granted.

Any litigation or enforcement of judgments against the subject entities is hereby stayed on a temporary basis. The debtor and all persons and entities acting in concert with him are enjoined from taking actions in the name of the subject entities or to collect judgments in favor of the subject entities. And it is further confirmed that the Trustee has the sole authority to act in the stead of the debtor as to any management and litigation decisions regarding the subject entities.

The defendants and any person or entity acting in concert with them are enjoined from transferring or disposing

of assets of the subject entities and the defendants are directed and enjoined from refusing to turn over books and records of the debtor and the subject entities to the Trustee or his professionals whose retention is approved by the Court.

With respect to all the foregoing relief, the subject entities are specifically defined to not include Teton Life. With respect to Teton Life, the temporary relief in the order to show cause is extended through November 10th, where the order to show cause will be adjourned with respect to all matters involving Teton Life, all of whom's rights are expressly reserved.

The Court is also ordering, with respect to the subject entities, including Mr. Lubin, the date to file a responsive pleading shall be fixed at 14 days from entry of the Court's order deciding this matter and that a pretrial conference will be conducted on December 3rd at 10:00 a.m., at which time, the Court will hear from the parties as to a scheduling order for a trial on the complaint. December 3rd will also be a further hearing on the preliminary stay, an injunction that has been imposed on a preliminary basis now.

That is the ruling of the Court.

Ms. Staiano, do you have any questions about that?

MS. STAIANO: No, Your Honor. Thank you.

THE COURT: Okay.

Mr. Lubin, I am going to allow your line to be

unmuted to answer any specific questions that you have. You now need to manually unmute yourself.

MR. LUBIN: May the Court stay this order pending appeal on the injunction?

THE COURT: The debtor has orally moved for a stay pending appeal and that request is denied.

MR. STANZIALE: Judge, if I may, and I don't want to interrupt. I'm not so sure if I'm going to be needed on the 3rd, but I'll be away. So perhaps we could pick another date in December?

THE COURT: I mean, the 10th would be the next available date that we have.

MR. STANZIALE: I'll be away until the 14th, I believe, yeah.

MS. STAIANO: Your Honor, do you want to make it on the 17th, which is the date Your Honor scheduled for the status conference?

THE COURT: Yeah, we can do that.

Ms. Pattison, what do you want to do in terms of the order to be entered?

THE CLERK: Your Honor, we'll do the order.

THE COURT: Okay. So, Ms. Staiano, the Court will enter a form of order consistent with the ruling that the Court has announced.

MS. STAIANO: Thank you, Your Honor.

THE COURT: Mr. Lubin, do you have another question?

MR. LUBIN: Yeah, can you put the denial for the stay in the order?

THE COURT: You've made a motion orally. You haven't made a motion by paper. You made your motion orally, I ruled orally, so there's not any like docket entry to respond. I mean, if you want to put in the order that the debtor has requested a stay pending appeal orally and that request was denied --

MR. LUBIN: And it's denied. Yeah.

THE COURT: -- then, yes, we can put that in the order for you, Mr. Lubin.

MR. LUBIN: I appreciate that.

Thank you, Your Honor.

THE COURT: Okay.

I think that concludes all the issues we have on Lubin.

So with respect to Number 16 on the Court's calendar, the Court's minutes will reflect that preliminary relief has been granted in part and that the order to show cause is adjourned to November 10th at one o'clock p.m. with respect to Teton Life, LLC.

Okay. That concludes the Lubin matter.

(Proceedings conclude at 12:00 p.m.)

* * * * *

**C E R T I F I C A T I O N**

I, KAREN K. WATSON, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter, and to the best of my ability.

/s/ Karen K. Watson
KAREN K. WATSON, AAERT CET

J&J COURT TRANSCRIBERS, INC. DATE: October 27, 2026