| | |
|---|---|
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br>AVRUMI LUBIN<br>Defendant, Pro Se, individually<br>1460 Arboretum Parkway<br>Lakewood, New Jersey 08701<br>Telephone: (718) 570-3796<br>Email: josh@tetonfunding.com | Case No. 26-17342 (EJO)<br><br>Chapter 11<br><br>Adv. Pro. No. 26-01494 (EJO)<br><br>Judge: Eamonn J. O'Hagan, U.S.B.J.<br><br>Hearing Date: December 3, 2026 at 10:00 a.m. |
| In re:<br><br>AVRUMI LUBIN a/k/a Josh Lubin,<br><br>Debtor. | |
| BENJAMIN A. STANZIALE, JR., CHAPTER 11 TRUSTEE FOR AVRUMI LUBIN a/k/a JOSH LUBIN,<br>Plaintiff,<br>v.<br>AVRUMI LUBIN; SPIN CAPITAL, LLC; TETON LIFE, LLC; TETON FUNDING, LLC; TETON FUNDING GROUP, LLC; and JL SPECIAL INVESTMENTS, LLC,<br>Defendants. | CERTIFICATION OF AVRUMI LUBIN |

**CERTIFICATION OF AVRUMI LUBIN IN SUPPORT OF MOTION (1) FOR A STATEMENT BY THE CHAPTER 11 TRUSTEE ON THREE MATTERS OF ESTATE ADMINISTRATION (11 U.S.C. §§ 1106(a)(1) AND 704(a)(7)) AND (2) FOR LEAVE TO SERVE LIMITED EARLY DISCOVERY (FED. R. CIV. P. 26(d)(1))**

I, Avrumi Lubin, certify as follows:

1. I am the debtor in the above-captioned Chapter 11 case and a defendant in this adversary proceeding. I make this certification in my individual capacity only, on personal knowledge. Exhibits A through F and K are true copies of emails I sent from josh@tetonfunding.com, reproduced as the top message of each with its header; the earlier messages quoted below each signature in the original, and any attachments, are omitted to save space. Exhibit J is an excerpt of an email I sent on September 28, 2026: its final paragraphs, which concern a possible resolution and are not relevant to this motion, are

omitted, and the omission is marked on the exhibit. Exhibit G consists of the cover page, pages 42-43, 45-47 and 50, and the transcriber's certification from the certified transcript of the October 22, 2026 hearing, which I received on October 27, 2026. Exhibits H and I are public court records: the complete six-page 2021 Assignment of Obligations and Merchant Documents from Spin Capital, LLC to Franklin Capital Group, LLC, as filed in Mehdipour v. Hi Bar Capital, LLC, Adv. No. 23-01132-EPK (Bankr. S.D. Fla.) at DE 292-5 on April 10, 2025 (identification and bank account numbers redacted), and the April 1, 2025 judgment in Franklin Capital Funding, LLC v. Spin Capital LLC, No. 22-193300-CB (Mich. Cir. Ct., Oakland County).

2. Since the Trustee's appointment was approved on September 28, 2026 (Main Case Dkt. 124), I have put one factual question to the Trustee and his counsel in writing on six occasions between October 7 and October 18, 2026 (Exhibits A through F): has anyone other than me told the Trustee or his counsel that it owns or controls Spin Capital, any Spin Capital claim, any of my rights, or any rights of Teton Life, Teton Funding, Teton Funding Group or JL Special? If so, who, and what do they claim? If no one has, please confirm that. Each email was sent or copied to the Office of the United States Trustee.

3. The six emails are: (A) October 7, 2026, 11:21 PM, question 3; (B) October 9, 2026, 9:58 AM, item 3, together with item 4, a request under 11 U.S.C. §§ 1106(a)(1) and 704(a)(7) for information about the Trustee's communications with the FVP entities, the Franklin entities, Hi Bar Capital, LLC, the Excell Auto Group trustee and others concerning the Subject Entities, with a requested response date of October 23, 2026, and item 6, a request that the Office of the United States Trustee review the matter under 28 U.S.C. § 586(a)(3); (C) October 9, 2026, 5:14 PM; (D) October 13, 2026, 1:11 PM, which repeated the October 9 question and transmitted Franklin's filings in other courts claiming Spin Capital's contracts and claims; (E) October 15, 2026, 10:39 PM, item 2(f); and (F) October 18, 2026, 3:51 PM, item 3. In this certification, the "FVP entities" are FVP Servicing, LLC, FVP Opportunity Fund III, LP and FVP Investments, LLC, and the "Franklin entities" are Franklin Capital Group, LLC and Franklin Capital Funding, LLC.

4. On October 19, 2026 I filed Defendant Avrumi Lubin's Request for Limited Testimony of the Plaintiff-Trustee at the October 22 Hearing or, Alternatively, a Sworn Statement or

Limited Early Discovery (Dkt. 9). Its first subject was "Competing assertions of ownership or control": whether a person or entity outside the Trustee's legal team has asserted to the Trustee or his counsel a right to own, control or direct a claim, defense, account or litigation of mine or of a Subject Entity, and if so the claimant, the right asserted, and when and how it was asserted.

5. The responses I have received address related but different questions. On October 8, 2026 the Trustee's counsel wrote about instructions the Trustee had given: "the Trustee has not provided instruction to Teton's counsel nor micro-managed Mr. Lubin's decisions regarding Teton or any other entities in which Mr. Lubin has an ownership interest." The Trustee's supplemental certification of October 21, 2026 states that "no party has directed, or sought to direct me (except for the Debtor) to do anything in this bankruptcy or in any litigation in which the Subject Entities . . . are a party" (Dkt. 18, ¶ 2). As to communications, it states that the Trustee had his counsel "contact known counsel for the Subject Entities and contra parties advising of the entry of the Order to Show Cause" (id. ¶ 3), and that he and his counsel "have contacted or have been contacted by both counsel that represent the Subject Entities in these actions as well as contra-party counsel" (id. ¶ 5). At the October 22 hearing the Trustee's counsel stated, not under oath, that the Trustee "hasn't received instructions from anyone" (Tr. 46:22-23; see Tr. 47:1-6). I accept those statements for what they say. None of them states whether any creditor or other party has asserted to the Trustee or his counsel that it owns or controls a right of the Subject Entities - for example, by assignment, as a third-party beneficiary, or under the Michigan or Florida judgments. I have not received the information requested in item 4 of Exhibit B.

6. At the October 22 hearing I asked to put the question to the Trustee under oath (Tr. 42:20-22; 43:1-7; 45:20-24; 46:6-8). The Court declined to take testimony that day because the question was not germane to the preliminary relief then before the Court (Tr. 43:15-21; 46:13-15; 50:17-21), and stated: "after the Court rules today, this adversary proceeding will continue. There will be a scheduling order. And if there's specific factual issues that you need to get clarification on, you will have an opportunity to do that" (Tr. 50:13-17). The relevant transcript pages are Exhibit G.

7. Why the information matters. The Verified Complaint asks the Court to extend this Chapter 11 case to the Subject Entities and to substantively consolidate their estates with mine, or alternatively to stay all claims by or against them (Dkt. 1, Wherefore clause (a)-(b)). The October 23, 2026 Order confirms, pending further order, that the Trustee "has the sole authority to act in the stead of the Debtor as to any management or litigation decisions regarding the Subject Entities" (Dkt. 21, ¶ 2 as to the Subject Entities other than Teton Life, LLC). I dispute the legal basis and scope of the authority granted by the Order and reserve my appellate rights. I recognize that the Order remains binding unless modified or stayed. My request to extend appeal time is the subject of my pending motion (Dkt. 22). The Trustee sought that authority so that no one would be "uncertain as to my authority to manage the existing cases, perhaps bring new cases and retain counsel" (Dkt. 18, ¶ 6), and he referred to the Michigan and Florida judgments in addressing "the appropriate party to prosecute and defend (and perhaps settle) actions on behalf of the Subject Entities" (id. ¶ 10). On October 27, 2026 the Trustee filed, "on behalf of Spin Capital, LLC" and "pursuant to the October 23, 2026 Order," a complaint against Johnson River Ranch, LLC, Bridgelink Investments, LLC and Red Leaf Investments, LLC (Adv. Pro. No. 26-01532), which pleads that "Bridgelink Investments owes Spin more than $8.2 million on a final judgment" (Compl. ¶ 7). That complaint states the Trustee's position on one of Spin Capital's judgments. It does not say whether he contends that anyone else owns or holds an interest in Spin Capital's other claims and judgments - including through the 2021 assignment (Exhibit H) or the 2025 Michigan judgment (Exhibit I). The Franklin entities and the FVP entities hold two of the largest claims against my estate and are adverse to the Subject Entities in other courts. Whether any of them has asserted to the Trustee that it owns or controls the Subject Entities' claims, and whether the Trustee has decided not to pursue claims against them, bears on whose interests the extension and consolidation would serve, on the standing questions in the Subject Entities' pending cases, and on the positions I will take as the Court schedules the final hearing on the merits (the pretrial hearing on scheduling is set for December 17, 2026; Dkt. 21, ¶ 7). Items (1) and (2) of the proposed order ask for the Trustee's position and decisions; the requests for admission ask only whether certain statements were made to him or his counsel, and if so by whom and when. I do not ask for the Trustee's litigation strategy or mental impressions.

8. The vehicle collateral (item (3)). On September 28, 2026, I spoke by telephone with the Trustee and his counsel. On that call I understood the Trustee's counsel to say that counsel for the Chapter 7 trustee of Excell Auto Group, Inc. had reported that the vehicles that were the FVP entities' listed collateral had been abandoned - as I understood it, to the FVP entities, the Franklin entities or the Auto Wholesale of Boca, LLC estate - including vehicles associated with the Auto Wholesale of Boca proceedings. I asked for the documents, and I understood that they would be obtained for me. That evening Mr. Moloshok asked me for the Broward County orders that no one could sell the cars, and I sent them. At 8:44 PM I put my understanding of the call in writing, asked to be corrected if I had misunderstood, and asked the Trustee's counsel to "obtain the exact docket entries and VIN lists counsel was referring to" (Exhibit J). I was not corrected, and I have not received the entries or lists. On a later call I was told that the cars themselves are gone; my understanding was that the subject was not considered a present priority. On October 7, 2026 I confirmed in writing that "I understand from our call that the cars themselves are gone, and I am not asking the Trustee to chase the cars. I am asking for the records, now," and I explained why the records matter to the estate: the amount of the FVP claim (the vehicles were its listed collateral, and I have found no credit for the vehicles the Excell trustee turned over), the motions I filed in the Florida case on January 27 and February 16, 2026, possible claims of the estate against whoever received the vehicles or the money, and time, because "some limitations periods may be running" (Exhibit K, item 4(b)). In the same email I asked for the Trustee's position on those motions and on November 5, 2026, which I noted may be the last day for any new motion under Fla. R. Civ. P. 1.540(b) (Exhibit K, item 2). The same day I sent the Trustee's counsel a car-records package - a memorandum with 36 specific record requests and two vehicle schedules - which is not attached here. I have not received a written response on this subject. Item (3) asks the Trustee to identify the vehicle records he holds and to say whether his review of related estate claims and credits is ongoing or concluded; it does not ask him to produce the records or to explain his strategy. I believe that limitations periods on some claims relating to the vehicles may begin to expire in 2027, which is why I ask now.

9. The request is narrow. Paragraph 2 of the proposed order asks for a short statement on three matters. Paragraph 3 asks leave to serve five requests for admission and one

interrogatory, which are attached to the proposed order as Exhibit 1. I do not ask for communications between the Trustee and his own counsel, for privileged material, for the Trustee's investigative files, or for his mental impressions.

10. I have not been able to obtain this information by request. I therefore ask the Court to direct the statement described in paragraph 2 of the proposed order and to permit the limited early discovery described in paragraph 3.

I certify under penalty of perjury under the laws of the United States of America (28 U.S.C. § 1746) that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: October 29, 2026
Lakewood, New Jersey

Avrumi Lubin
Defendant, Pro Se, individually
1460 Arboretum Parkway
Lakewood, New Jersey 08701
(718) 570-3796
josh@tetonfunding.com