| | |
|---|---|
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br>AVRUMI LUBIN<br>Defendant, Pro Se, individually<br>1460 Arboretum Parkway<br>Lakewood, New Jersey 08701<br>Telephone: (718) 570-3796<br>Email: josh@tetonfunding.com | Case No. 26-17342 (EJO)<br><br>Chapter 11<br><br>Adv. Pro. No. 26-01494 (EJO)<br><br>Judge: Eamonn J. O'Hagan, U.S.B.J.<br><br>Hearing Date: December 3, 2026 at 10:00 a.m. |
| In re:<br><br>AVRUMI LUBIN a/k/a Josh Lubin,<br><br>Debtor. | |
| BENJAMIN A. STANZIALE, JR., CHAPTER 11 TRUSTEE FOR AVRUMI LUBIN a/k/a JOSH LUBIN,<br>Plaintiff,<br>v.<br>AVRUMI LUBIN; SPIN CAPITAL, LLC; TETON LIFE, LLC; TETON FUNDING, LLC; TETON FUNDING GROUP, LLC; and JL SPECIAL INVESTMENTS, LLC,<br>Defendants. | MEMORANDUM OF LAW |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION (1) FOR A STATEMENT BY THE CHAPTER 11 TRUSTEE ON THREE MATTERS OF ESTATE ADMINISTRATION (11 U.S.C. §§ 1106(a)(1) AND 704(a)(7)) AND (2) FOR LEAVE TO SERVE LIMITED EARLY DISCOVERY (FED. R. CIV. P. 26(d)(1))**

**1. The Trustee must furnish information concerning the estate and its administration.**

11 U.S.C. § 1106(a)(1) requires a Chapter 11 trustee to perform the duties of a trustee specified in, among others, paragraph (7) of 11 U.S.C. § 704(a). Section 704(a)(7) provides that the trustee shall, unless the court orders otherwise, furnish such information concerning the estate and the estate's administration as is requested by a party in interest. The Movant is the debtor and a party in interest, 11 U.S.C. § 1109(b). He has asked for information of this kind in writing since September 28, 2026 (Exhibits A through F, J and K), most often with the Office of the United States Trustee copied, and the information described in paragraph 2 of the proposed order has not been provided. No order of this Court excuses the Trustee from the duty.

Courts read the duty broadly. Section 704(a)(7) "places the burden of providing requested information on the trustee, and reflects the overriding duty to keep parties in interest informed," and courts "have interpreted the trustee's responsibilities broadly, making a request for information difficult for the trustee to avoid, in the absence of a court order to the contrary." In re Refco Inc., 336 B.R. 187, 193 (Bankr. S.D.N.Y. 2006) (internal quotation marks omitted) (quoting Pineiro v. Pension Benefit Guar. Corp., 318 F. Supp. 2d 67, 102 (S.D.N.Y. 2003)); see id. at 192 (section 704(7) "applies under 11 U.S.C. §§ 1106(a)(1) and 1107(a) to chapter 11 trustees and debtors in possession, respectively"). In In re Sports Accessories, Inc., 34 B.R. 80, 81-82 (Bankr. D. Md. 1983), the court directed a trustee, at the request of a creditor who was in litigation with him in another court, to state what litigation he had filed to collect the estate's receivables and "[w]hat accounts has the trustee elected not to pursue further," and held that the availability of discovery in the parallel litigation was not "a reason for foreclosing [the] request for information."

The duty also has limits, which this motion respects. In In re Walters, 136 B.R. 256, 258 (Bankr. C.D. Cal. 1992), the court held that "information developed by the Trustee's professionals for the prosecution of an adversary proceeding is not 'information concerning the estate and the estate's administration' as contemplated under § 704(7)." The court contrasted those materials with a request, while an adversary proceeding is pending, for "the status of the adversary proceeding" and for "information concerning what steps Trustee was taking to prosecute that action diligently," which it described as analogous to the estate-administration information a debtor in possession had been required to furnish in another case. Id. at 258. It also read Sports Accessories as having directed the trustee "only to state what litigation had been filed to collect the receivables, and what accounts the trustee had elected not to pursue," without directing him "to turn over all the discovery and work product generated in reaching those determinations." Id. at 259 n.3. Agreeing with Walters, a bankruptcy court recently required a chapter 7 trustee to give a creditor the bank statements of the debtor and related entities that a secured lender had provided to him, but declined to compel the other materials the lender had provided during his investigation of possible estate claims against it. The court explained that what matters is "the nature of the information sought—not why the creditor wants it," and that "a creditor's discontent with a trustee's course of action does not warrant an overbroad application of § 704(a)(7)." In re Newport 222 Mitchell St., L.P., No. 24-54060-SMS, slip op. at 4, 6-9 (Bankr. N.D. Ga. May 27, 2026).

Paragraph 2 of the proposed order is drawn to fit those limits. Item (1) asks whether the Trustee contends that anyone other than Spin Capital, LLC owns or is entitled to the proceeds of that company's claims and judgments - information bearing on the value of the estate's interest in the company and on adverse claims to its assets. Item (2) asks what the Trustee has elected not to pursue, the question approved in Sports Accessories. Item (3) asks the Trustee to identify the vehicle records he holds and to say whether his review is ongoing or concluded - status information of the kind Walters describes - and does not ask him to produce the records. None of the items asks for investigative materials, work product or reasoning. The decisions cited are from other districts and are offered as persuasive authority.

**2. Limited early discovery is appropriate for the remaining factual question.**

Whether third parties have told the Trustee or his counsel that they own or control the Subject Entities' claims is a question of fact. If the Trustee contends that what third parties have told him falls outside section 704(a)(7), as the materials a third party provided did in Newport (slip op. at 7-9), the same facts are discoverable in this adversary proceeding. Fed. R. Civ. P. 26(d)(1), made applicable by Fed. R. Bankr. P. 7026, permits discovery before the Rule 26(f) conference "when authorized . . . by court order." The information is relevant to the claims and defenses in this proceeding, Fed. R. Civ. P. 26(b)(1): the Trustee seeks to extend this case to the Subject Entities and to consolidate them, and he has relied on his need for authority "to manage the existing cases, perhaps bring new cases and retain counsel" (Dkt. 18, ¶ 6). The requests are proportional: five requests for admission under Fed. R. Civ. P. 36 (Fed. R. Bankr. P. 7036) and one interrogatory under Fed. R. Civ. P. 33 (Fed. R. Bankr. P. 7033), each limited to statements made to, or communications with, the Trustee or his counsel since September 18, 2026, are attached to the proposed order as Exhibit 1. Prompt answers will let the parties address the ownership questions on a common record as the Court schedules the final hearing on the merits, which the October 23, 2026 Order sets for consideration at the December 17, 2026 pretrial hearing (Dkt. 21, ¶ 7). The Trustee is the plaintiff and is subject to discovery as a party.

**3. The Court anticipated that factual issues could be clarified as the proceeding continues.**

At the October 22, 2026 hearing the Court declined to take testimony on this question because it was not germane to the preliminary relief then under consideration, and stated that, as the adversary proceeding continues, the Movant "will have an opportunity" to obtain clarification of

specific factual issues (Tr. 50:13-17). The October 23, 2026 Order sets a pretrial hearing "to consider scheduling of a final hearing on the merits" for December 17, 2026 (Dkt. 21, ¶ 7); no scheduling order has yet been entered. This motion seeks that clarification in a limited form.

**4. The responses to date address different questions.**

The Trustee's counsel's October 8, 2026 email concerned instructions the Trustee had given to counsel for a Subject Entity. The Trustee's supplemental certification states that no party other than the Debtor "has directed, or sought to direct" the Trustee, and describes communications with counsel for the Subject Entities and "contra-party counsel" in general terms (Dkt. 18, ¶¶ 2, 3, 5); at the October 22 hearing his counsel stated, not under oath, that he had not received instructions from anyone. None of those statements says whether any creditor or other party has asserted to the Trustee that it owns or controls the Subject Entities' claims, or what the Trustee's position on ownership is. The Movant does not question the Trustee's independence by this motion; he asks for the facts and positions described in the proposed order.

**5. The relief requested is narrow.**

The Movant does not seek communications between the Trustee and his own counsel, privileged material, the Trustee's investigative files, or his mental impressions, and does not seek to modify the October 15 or October 23, 2026 Orders. This motion is filed in this adversary proceeding because both parts relate to it. To the extent the Court considers the request in paragraph 2 of the proposed order to be a matter for the main case, the Movant asks that it be treated as filed in Case No. 26-17342 as well; the caption bears both numbers. The Movant respectfully requests that the Court enter the proposed order.

Dated: October 29, 2026
Lakewood, New Jersey

Avrumi Lubin
Defendant, Pro Se, individually
1460 Arboretum Parkway
Lakewood, New Jersey 08701
(718) 570-3796
josh@tetonfunding.com