# EXHIBIT A

Email, October 7, 2026, 11:21 PM, Lubin to Staiano (cc Moloshok, Stanziale, U.S. Trustee), "Re: Lubin call" — question 3

Stanziale v. Lubin, Adv. Pro. No. 26-01494 (EJO) — Certification of Avrumi Lubin

Exhibit A

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Wed 10/07 11:21 PM ET
**To:** pstaiano@hlgslaw.com
**Cc:** mmoloshok@hlgslaw.com; ben@stanzialelaw.com; rachel.wolf@usdoj.gov; kirsten.k.ardelean@usdoj.gov; Heidi.A.Feinman@usdoj.gov
**Subject:** Re: Lubin call

Pat,

Thank you. I understand the Trustee will go forward with the complaint. I will respond to it when it is filed. I am copying the Office of the U.S. Trustee.

Your email says the complaint is meant to give the Trustee authority to act for Spin. On October 2 you wrote that until that relief is granted, the Trustee cannot act or speak for Spin. Right now I do not know whether the Trustee intends to protect Spin's rights, my own rights, or the rights of the companies affiliated with me (Teton Life, Teton Funding and JL Special). Before the complaint is filed, please tell me in writing:

1. Michigan appeal (Franklin v. Spin, Mich. Ct. App. No. 379467). Spin's brief, or a motion for more time, is due Thursday, October 15. If nothing is filed, the appeal can be dismissed and the Michigan findings become final. Franklin relies on those findings to claim Spin's rights. Will the Trustee seek a stay of that appeal, or support Spin's counsel in asking for more time?

2. Franklin's claim to Spin's rights. In other courts, Franklin has said that the October 2021 Wing Lake assignment gave it Spin's rights, including claims against third parties. What is the Trustee's position on that claim? Will the complaint ask the Court to decide who owns Spin's claims?

3. Anyone else. Has FVP, Franklin, or anyone else told the Trustee or his counsel that it owns or controls Spin, any of Spin's accounts or claims, any of my rights, or any rights of Teton Life, Teton Funding or JL Special? If so, who, and what do they claim? If no one has, please confirm that.

4. My rights and my companies' rights. While the complaint is pending, what will the Trustee do to protect my own claims and defenses, including my Florida appeal (No. 4D2025-3564, see my October 7 email), and the rights of Teton Life, Teton Funding and JL Special?

5. Spin's records. At 5:03 PM today, Microsoft emailed that Spin's Microsoft 365 subscription was canceled "as requested." I did not request it. Did the Trustee, his counsel, or anyone working with them request or approve it? Spin's email and files are now locked, and Microsoft says the data may be deleted after 90 days. I will not delete anything.

In my statement for the October 22 status conference, I will ask the Court to direct the Trustee and every party in my case and in the related adversary proceedings to file a short statement, signed under penalty of perjury, saying whether it claims to own or control any right of Spin, any of my rights, or any right of Teton Life, Teton Funding or JL Special, and what it relies on. Please tell me whether the Trustee will support that request.

A written answer by Friday, October 9 would help, because of the October 15 deadlines.

I am writing in my individual capacity and reserve all rights.

Josh Lubin

(732) 608-4905

josh@tetonfunding.com

---

*[End of the message as sent. The earlier messages quoted below the signature in the original email, and any attachments, are omitted from this exhibit.]*