# EXHIBIT B

Email, October 9, 2026, 9:58 AM, Lubin to Staiano and the U.S. Trustee (cc Stanziale, Moloshok and others), "In re Lubin, No. 26-17342 — October 15 deadlines, requests about filings, and request for U.S. Trustee review" — items 3, 4 and 6

Stanziale v. Lubin, Adv. Pro. No. 26-01494 (EJO) — Certification of Avrumi Lubin

Exhibit B

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Fri 10/09 9:58 AM ET
**To:** pstaiano@hlgslaw.com; Rachel.Wolf@usdoj.gov; Kirsten.K.Ardelean@usdoj.gov
**Cc:** awping@schlamstone.com; fstevens@klestadt.com; scasey@sqcaseylaw.com; jwurtzel@schlamstone.com; ben@stanzialelaw.com; mmoloshok@hlgslaw.com; Rachel.Wolf@usdoj.gov; Kirsten.K.Ardelean@usdoj.gov; Heidi.A.Feinman@usdoj.gov
**Subject:** In re Lubin, No. 26-17342 - October 15 deadlines, requests about filings, and request for U.S. Trustee review

Ben, Pat and Matt; Rachel, Kirsten,

I am copying the U.S. Trustee's offices for transparency. Below are my requests, in order of urgency. Thank you for the Trustee's October 7 letter supporting a stay in SDNY (ECF 210).

Pat's questions this morning about my schedules and about legal fees: I will answer them separately, in writing, by Wednesday, October 14.

1. Today: the October 15 deadlines

I do not yet have written confirmation of who is protecting these dates:

- Michigan appeal, Franklin v. Spin, No. 379467: the Court of Appeals' September 24 order gives Spin 21 days, to October 15, to file its brief or an appropriate motion to extend time. Otherwise the appeal goes on the involuntary dismissal docket.

- Spin v. Moseley, Adv. No. 24-07004 (Bankr. W.D. Tex.): the 14-day period to appeal the October 1 dismissal order ends October 15.

Please confirm today what protective action, if any, the Trustee will take in each matter. On October 2, Pat wrote that, until the requested relief is granted, "Ben cannot act or speak on behalf of Spin." If that is still the Trustee's position for these two matters, please say so today, so that Spin's counsel is not left waiting on the Trustee.

2. Requests to file, not file, or pause

On October 1, after I introduced the Trustee's team to Spin's SDNY counsel, Pat wrote to that counsel: "please do not file anything with the court in the interim." Please confirm whether that request is still in effect.

Please also state whether the Trustee or his counsel has asked any lawyer for me, Spin Capital, Teton Life, Teton Funding or JL Special to file, not file, delay or pause any filing. If so, please identify who was asked, when, what was asked, and the authority relied on.

3. Assertions of ownership or control

Has anyone asserted to the Trustee or his counsel that it owns or controls Spin, any particular Spin claim, any of my rights, or rights of Teton Life, Teton Funding or JL Special? If so, please identify who, the rights claimed, and the supporting filing or nonprivileged document. If no such assertion has been received, please confirm that.

4. Information about communications (requested by Friday, October 23)

Under 11 U.S.C. §§ 1106(a)(1) and 704(a)(7), unless the Court orders otherwise, a trustee must furnish information about the estate and its administration that a party in interest requests. I recognize that a trustee communicates with creditors and other parties as part of that work. My request is limited to communications since the Trustee's appointment that concern (i) the administration of the estate as it relates to Spin Capital, Teton Life, Teton Funding or JL Special; (ii) any authority claimed over those companies or their litigation; or (iii) any request or direction to file, not file, delay or pause a filing. It covers communications between the Trustee or his counsel and:

(a) the FVP parties, the Franklin parties and Hi Bar Capital, LLC, and their counsel (including Jennifer Mara, Jerrell Breslin, Jonathan Schwartz, Alan Karten and Hillel Parness);

(b) counsel for Spin Capital or Teton Life, counsel for the co-owner of Teton mentioned in Pat's October 6 e-mail, and counsel for the New York Receiver;

(c) the Chapter 7 trustee of Excell Auto Group and that trustee's counsel; and

(d) any other non-party, on the same subjects.

For each communication, please provide the date, participants, general subject, any request or direction concerning litigation filings, the response, and copies of existing nonprivileged written communications. For oral communications, please provide a nonprivileged summary to the extent available. If information is withheld, please identify the basis. This includes Pat's October 8 call with Teton Life's counsel and the calls with Spin's Texas counsel. I am not asking for communications between the Trustee and his own counsel.

5. FVP and Teton Life

Please state whether the Trustee or his counsel has communicated with Mr. Breslin or any other lawyer for FVP about Teton Life, its counsel or its New York case, and if so, when.

Please provide the proposed complaint and order to show cause before filing if practicable, or promptly upon filing, together with the hearing and response dates. I previously requested a response to my October 7 requests by October 13; please confirm whether you can meet that requested date. All of these dates are requested dates, not court deadlines.

6. To the Office of the U.S. Trustee

I respectfully ask your office, under its role supervising trustees (28 U.S.C. § 586(a)(3)), to review and, as it sees fit, investigate the communications described in items 2, 4 and 5 and the

authority asserted over Spin Capital and Teton Life. I understand that your office decides for itself what, if anything, to do.

I write in my individual capacity. I do not concede that the Trustee has authority to act for Spin Capital or Teton Life, and I reserve my objections and all rights. Nothing here asks anyone to delay any protective step.

Josh Lubin

(732) 608-4905

josh@tetonfunding.com

---

*[End of the message as sent. The earlier messages quoted below the signature in the original email, and any attachments, are omitted from this exhibit.]*