# EXHIBIT D

Email, October 13, 2026, 1:11 PM, Lubin to Staiano (cc Moloshok, Stanziale, U.S. Trustee), "In re Lubin, No. 26-17342-EJO — Franklin's claim to Spin's contracts and claims: its filings and the court orders" (attachments omitted)

Stanziale v. Lubin, Adv. Pro. No. 26-01494 (EJO) — Certification of Avrumi Lubin

Exhibit D

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Tue 10/13 1:11 PM ET
**To:** pstaiano@hlgslaw.com
**Cc:** mmoloshok@hlgslaw.com; ben@stanzialelaw.com; rachel.wolf@usdoj.gov; kirsten.k.ardelean@usdoj.gov; Heidi.A.Feinman@usdoj.gov
**Subject:** In re Lubin, No. 26-17342-EJO - Franklin's claim to Spin's contracts and claims: its filings and the court orders

Dear Mr. Stanziale,

On October 9, I asked your office whether anyone has told you that it owns or controls rights belonging to me or my companies. The same day, Ms. Staiano wrote that you will be seeking authority to act for Spin. Franklin Capital is a creditor in my case. Before you take any position on Spin's claims or on Franklin's claim, I want you to have Franklin's own filings and the court orders on this issue.

1. What Franklin has filed

In the Auto Wholesale of Boca bankruptcy (Bankr. S.D. Fla. No. 22-15627-EPK), Franklin has told Judge Kimball that Spin Capital's contracts, rights and claims were assigned to Franklin under the November 2021 assignment. The broadest is Franklin's August 1, 2024 motion (AWB Dkt. 842). Franklin attached its Broward counterclaims, which say:

- "the balance of all outstanding Obligations owed to Spin was transferred to Franklin, including disclosed and undisclosed Obligations" (para. 67);

- Spin "sold and assigned to Franklin all Obligations, Merchant Documents, known and unknown claims, against the Debtor or This [sic] Parties" (para. 201); and

- Franklin asks for a declaration that "each of the First Spin Contract, Second Spin Contract, and Third Spin Contract and all other obligations owed by the Debtor or Claims against the Debtor or Third Parties arising from the Spin Contracts were assigned to Franklin" (Count 2, prayer (c)).

Franklin and Wing Lake made similar statements earlier in the AWB adversary (Adv. No. 22-01218, Dkt. 120 and 206) and in the main case (Dkt. 333). FVP and Karma repeated the language (Adv. Dkt. 145). (Attachment 2.)

2. What Franklin's CEO has sworn

Shaya Baum, who runs Franklin (Wing Lake), has described the same assignment under oath as covering Excell's obligations:

- Franklin's proof of claim in the Excell case (Claim 43-1, signed by Mr. Baum): Franklin purchased "the obligations of Excell and its affiliates owing to Spin."

- His Broward declaration (Dec. 30, 2024, para. 32): Spin assigned "all of its right, title, and interest under its agreements with Excell and its affiliates."

- At the Excell trial, asked whether the assignment may cover Spin agreements that are not with Excell or its affiliates: "Of course not, that would be unrelated. It literally says similar or related. How would that be related?" (Adv. No. 23-01132, Feb. 2, 2026 Tr. 542:21-543:1).

- "I am not aware that anyone ever alleged that they own every Spin lawsuit that are not related or similar to this assignment." (Feb. 2 Tr. 558:22-24).

(Mr. Baum does say the third Spin contract with Excell is covered (Feb. 2 Tr. 544:19-21). That is an Excell-only issue.)

3. What the courts have said

- Excell trial. When Judge Kimball asked Franklin's counsel to confirm that owning Spin's whole balance sheet "is not Franklin's position," counsel answered: "I haven't prepared for this lawsuit, but I assume it's not" (Feb. 2 Tr. 554:20-555:1). Judge Kimball: "No one has argued that it covers anything unrelated -- [interruption] -- to Excell" (Feb. 6, 2026 Tr. 1269:8-11). (Attachment 3.)

- Michigan. Even the Michigan court, which ruled for Franklin, described the assignment as covering Spin's rights "under its agreements with Debtor" -- and "Debtor" there means Excell and its two Karma affiliates (Oakland County Cir. Ct. No. 22-193300-CB, Opinion and Order, Apr. 23, 2024, p. 5 and n. 2). The April 1, 2025 judgment is a money judgment against Spin. It does not declare that Franklin owns any of Spin's other claims. (Attachment 1, Tabs A and B.)

- Broward. Franklin repeated the same broad words in its later Broward pleading (Second Amended Counterclaims, para. 219). On Franklin's own motion, Counts 1-10, 14-16 and 23 -- including its declaratory count on the assignment (Count 2) and the count with para. 219 (Count 3) -- were dismissed "as moot with respect to Spin only" on September 18, 2025. That order made no ruling on what the assignment covers. (Attachment 1, Tab D.)

No court has adopted Franklin's broad reading.

4. A related order

The Broward court's August 14, 2025 order was entered on the joint motion of FVP, Franklin and Hi Bar, over my objection. It says that neither I "nor any of this [sic] affiliated entities, have any rights to the Net Proceeds" -- the AWB vehicle-sale fund (para. 11). Because it speaks of my "affiliated entities," it could be cited against Spin and my other companies. My pending Florida appeal (4th DCA No. 4D2025-3564) challenges that order; I wrote to your office about it on October 7. (Attachment 1, Tab C.)

In my view, Franklin's filings go well beyond the assignment, and beyond what its own CEO has sworn. Together with that order, they cloud who controls Spin's claims and what those claims are worth to my creditors. Any lawyer for Spin would likely first face a dispute over what Spin still owns.

I ask only that you keep this in mind before taking any position on Spin's claims or on Franklin's claim. I can send the complete filings and transcripts if you would like them.

I write in my individual capacity and reserve all rights.

Thank you,

Avrumi (Josh) Lubin

732-608-4905

josh@tetonfunding.com

---

*[End of the message as sent. The earlier messages quoted below the signature in the original email, and any attachments, are omitted from this exhibit.]*