# EXHIBIT E

Email, October 15, 2026, 10:39 PM, Lubin to Staiano, Moloshok and Stanziale (cc U.S. Trustee), "Stanziale v. Lubin, Adv. No. 26-01494 (EJO) — written notice under the October 15 Order (at 5) and Fed. R. Civ. P. 65(b)(4); request for consent to modify the temporary restraints; the Florida record" — item 2(f) (attachments omitted)

Stanziale v. Lubin, Adv. Pro. No. 26-01494 (EJO) — Certification of Avrumi Lubin

Exhibit E

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Thu 10/15 10:39 PM ET
**To:** pstaiano@hlgslaw.com; mmoloshok@hlgslaw.com; ben@stanzialelaw.com
**Cc:** rachel.wolf@usdoj.gov; kirsten.k.ardelean@usdoj.gov; Heidi.A.Feinman@usdoj.gov
**Subject:** Stanziale v. Lubin, Adv. No. 26-01494 (EJO) - written notice under the October 15 Order (at 5) and Fed. R. Civ. P. 65(b)(4); request for consent to modify the temporary restraints; the Florida record

Ben, Pat and Matt,

I write in my individual capacity only. I am not counsel for, and do not speak for, Spin Capital, Teton Life, Teton Funding, Teton Funding Group or JL Special Investments. The Office of the United States Trustee is copied.

1. Written notice. The last paragraph of the Order to Show Cause entered October 15, 2026 (Order at 5) permits the defendants to move for dissolution of the restraints "on two (2) days' written notice to the Trustee and in accordance with Fed.R.Bankr.P. 7065." Under that paragraph and Fed. R. Civ. P. 65(b)(4), please treat this email as written notice that I will move to dissolve or modify paragraphs (2), (3) and (4) of the temporary restraints. I will ask the Court to hear that motion on October 22 or on the earliest date the Court allows. I understand this notice does not itself change the Order or any deadline, and I will continue to comply with the Order as entered. The opposition date (October 20, 5:00 p.m.) and the return date (October 22, 10:00 a.m.) stand unless the Court changes them.

2. What I will ask the Court for, and what I ask you to consent to now:

(a) October 22 for the interim issues; more time for the full opposition. I ask that October 22 be kept for the interim matters in (b) through (e) below and for my motion to modify, and that the full opposition and the preliminary-injunction hearing on paragraphs (2) through (4) be adjourned about three weeks (to on or about November 9 and November 12, 2026, or the Court's next available dates), with paragraph (1) - the stay of litigation and judgment enforcement against the five companies - continuing only as authorized by the Court, with its scope and duration expressly stated. My request for additional time does not constitute consent to continuing paragraphs (2)-(4) as written, or consent on behalf of any company or other affected person. The companies are named defendants and can appear only through counsel. The entities need a meaningful opportunity to arrange independent defense counsel for this adversary.

(b) A court-approved process for independent defense counsel for the companies. Paragraph (2) says it is "CONFIRMED that the Trustee has the sole authority to act in the stead of the Debtor as to any management and litigation decisions regarding the Subject Entities." The

Trustee is also the plaintiff suing those entities. That presents a potential divided-duty concern requiring court direction: the person with authority over the defendants' litigation decisions is the party suing them. I am not suggesting any misconduct; I am asking that the Court approve a defined process for each company to obtain independent legal advice and defend this action. Please state the Trustee's position on who may authorize, retain, instruct and pay defense counsel for each company while the Order is in place, and confirm that a company's retaining counsel and appearing here does not violate paragraph (2). Teton Life's other member has separate rights that also need to be addressed. In the meantime I propose a neutral standstill: neither the Trustee nor I takes affirmative management or litigation action in a company's name, except deadline-protective filings by the company's existing counsel on notice to both of us, and retention of counsel.

(c) Paragraph (3). Limit the freeze to transfers outside the ordinary course of business and confirm it does not reach (i) the New York receiver's payment of life-insurance premiums and other actions under Justice Bannon's orders, (ii) taxes, registered-agent fees and other ordinary-course expenses, (iii) retainers for a company's own counsel, paid from that company's funds on seven days' notice to the Trustee, and (iv) any payment the Trustee approves in writing.

(d) Paragraph (4). I will comply. Please tell me the format and delivery method you want. I propose a rolling production starting within seven days of your instructions and completed within thirty days, with a short protocol for privileged material and for the joint-litigation and common-interest agreements to which the companies are parties.

(e) Deadlines in the other courts. Please tell me by Friday who is protecting each company's deadlines while paragraph (2) is in place, or confirm that the companies' existing counsel may make deadline-protective filings on notice to both of us. The matters are: Michigan Court of Appeals No. 379467 (Spin Capital; brief was due October 15); S.D.N.Y. No. 1:24-cv-08515 (Spin Capital); Supreme Court, New York County, Index No. 650582/2022 (Teton Life and Spin Capital; receiver); Bankr. M.D. Tenn. No. 3:26-bk-00149 (Teton Life); the Johnson involuntary cases in Texas (Spin Capital; objection dates October 19 and 21); Bankr. S.D. Fla. Adv. No. 23-01132 (Spin Capital; response brief due February 1, 2027); Broward CACE-22-005125; and the Fourth District Court of Appeal, Nos. 4D2026-1512 and 4D2026-1833.

(f) Competing claims, claim by claim. For any claim or company as to which someone else asserts ownership or control that is affecting the Trustee's decisions, please identify the claimant, the instrument or order relied on, and whether the assertion concerns ownership, enforcement, management or forum. The clearest example is Franklin. Franklin's pleaded assignment (Excell Adv. No. 23-01132, DE 292-5) conveys defined Excell-related contracts and related rights; Franklin contends, and the Michigan trial court found in its March 12, 2025 decision (now on appeal, COA No. 379467), that the assignment's "similar or related documents" language reaches the August 2021 transaction, and the Michigan court also relied

on separate contractual restrictions as an independent ground. Whether any of that affects a particular Spin claim - and whether it is a question of ownership, of an enforcement restriction, of management or of forum - is exactly what needs to be stated claim by claim. I am not asking for a final ruling on the assignment in this interim proceeding, and I am not asserting that Franklin owns every Spin claim.

(g) Disclosures. Please identify any actual or potential conflict affecting the estate's evaluation of those competing ownership claims, with the relevant retention disclosures under Fed. R. Bankr. P. 2014, supplemented if needed. If such a conflict exists, I ask that the Trustee propose a narrowly scoped, court-approved arrangement for conflict-free estate counsel on that issue under 11 U.S.C. § 327. That is separate from defense counsel for the companies under (b). I have not concluded that an actual disqualifying conflict exists; I request disclosure and court consideration of the potential divided-duty issue. I do not contend that an adverse creditor's assertion, by itself, creates a conflict.

3. The Florida record behind paragraphs 6 and 7 of the Trustee's Certification. The Certification relies on finding 6 of the May 15, 2026 Broward charging order and says the findings "were made in contested proceedings." Before October 22, please read the record of the hearing that produced that order. I sent the May 13 and June 16 transcripts to Mr. Stanziale on September 22 (with the U.S. Trustee copied); complete copies, the June 9 transcript, the two verdict forms and the pending motion to vacate are attached. In short:

- May 13, 2026 (the hearing on the application): a 27-minute Zoom motion hearing. The only appearances were Mr. Karten for FVP and me "on behalf of myself individually" (Tr. 2; 3:3-18); no lawyer appeared for any company. My request to continue was denied (Tr. 5:13-14). The only sworn testimony was mine, on FVP's separate motion to compel (Tr. 7:14-8:4). No exhibit was received on the application; the Court identified Mr. Karten's declaration as the evidence (Tr. 21:2-6; see 16:8-9). The words "domination," "shield" and "alter ego" were not spoken. The Court's stated basis for foreclosure was that "the declaration established that he is a sole member of the LLC" (Tr. 21:5-6). Mr. Karten told the Court he had uploaded a proposed order "not for signature" (Tr. 21:7-12). The Court told me three times that FVP would not control the companies (Tr. 21:21-24; 25:6-8; 26:7-10). The nine-page order with finding 6 was entered two days later.

- The jury verdict (October 6, 2025), on both verdict forms: Question 3 - "Was the corporate form of Spin Capital formed or used for a fraudulent or improper purpose?" - was answered "NO." Questions 1 and 2, on domination and control, were answered "yes." I state the verdict as it is.

- June 9, 2026: the Court denied foreclosure as to Teton Life because it has more than one member; Mr. Karten agreed he was "only entitled to a charging order" there (Tr. 7:12-14).

- June 16, 2026: The Court discussed foreclosure of my membership interest and the supplementary proceeding as distinct grounds for relief (Tr. 11:1-20). Spin Capital's counsel raised the verdict at that hearing (Tr. 8:4-14; 10:13-16). Mr. Karten expressly retracted his initial statement that the charging order needed correction (Tr. 10:17-23). The Court denied the supplementary default request without prejudice, allowed Spin Capital ten days to respond, and directed its counsel to file a separate pleading if it challenged the May 15 order (Tr. 11:23-12:13). The Court did not vacate or amend that order.

- A motion to vacate the May 15 order has been pending in Broward since June 23, 2026, and the order is on appeal (4th DCA No. 4D2026-1512). The May 15 order has not been vacated.

If, after reading the record, the Trustee's position on paragraphs 6 and 7 changes, please say so to the Court before October 22.

4. Please respond by Friday, October 16, at 5:00 p.m. on whether the Trustee will consent to items 2(a) through 2(e), and with the information in 2(f) and 2(g) as soon as you can. I am available for a call on Friday at any time. I reserve all rights and objections, and nothing in this email is an appearance for, or a waiver by, any company. Nothing in it changes the Order or any deadline unless the Court so orders.

Thank you.

Josh Lubin

732-608-4905

josh@tetonfunding.com

---

*[End of the message as sent. The earlier messages quoted below the signature in the original email, and any attachments, are omitted from this exhibit.]*