# EXHIBIT F

Email, October 18, 2026, 3:51 PM, Lubin to Staiano, Moloshok and Stanziale (cc U.S. Trustee), "Re: Stanziale v. Lubin, Adv. No. 26-01494 (EJO) — written notice under the October 15 Order (at 5) …" — item 3 (attachments omitted)

Stanziale v. Lubin, Adv. Pro. No. 26-01494 (EJO) — Certification of Avrumi Lubin

Exhibit F

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Sun 10/18 3:51 PM ET
**To:** pstaiano@hlgslaw.com; mmoloshok@hlgslaw.com; ben@stanzialelaw.com
**Cc:** rachel.wolf@usdoj.gov; kirsten.k.ardelean@usdoj.gov; Heidi.A.Feinman@usdoj.gov
**Subject:** Re: Stanziale v. Lubin, Adv. No. 26-01494 (EJO) - written notice under the October 15 Order (at 5) and Fed. R. Civ. P. 65(b)(4); request for consent to modify the temporary restraints; the Florida record

Ben, Pat and Matt,

I write in my individual capacity only, with the Office of the United States Trustee copied. This is in addition to my two emails of Saturday morning, October 17 (7:04 and 7:13 AM), about the S.D.N.Y. action and the Michigan appeal, and my Saturday 3:35 PM request for a status-quo report.

1. My October 15 notice. My email below (Thursday, 10:39 PM) asked for the Trustee's consent to items 2(a) through 2(e) by Friday at 5:00 PM, and for the information in 2(f) and 2(g). I received no response. Your October 16 emails were on other subjects (the Michigan appeal and the Johnson cases). I will file my opposition and my request for a limited adjournment on Monday, October 19, and I will tell the Court on October 22 what I asked and what was answered. Attachment A is a dated list of my requests since September 28 and the responses received.

2. Notice of the October 15 Order in the other courts. My two separate emails of Saturday morning asked for notice of the Order to be filed in S.D.N.Y. No. 1:24-cv-08515 and in Michigan Court of Appeals No. 379467, or for written authorization to Spin's counsel of record to file it, by today at 3:00 PM. I have not received an answer about either court, and I have received no S.D.N.Y. filing notice since October 16. As I wrote on Saturday, I will send my own short notice of the Order to the S.D.N.Y. Pro Se Intake Unit this evening, in my individual capacity only. I saw Pat's 3:04 PM email today asking Mr. Leininger to send the Order to the Court in the Texas Johnson case. Thank you. The same question applies to the other matters listed in item 2(e) of my October 15 email, including the Michigan appeal, the New York County receivership case (Index No. 650582/2022) and the Tennessee Leer case: who acts for the company while paragraph (2) is in place. Under paragraph (2), I cannot act in a company's name.

3. The question I have asked since October 7. Has anyone - FVP, Franklin, Hi Bar, the Excell trustee, Mr. Yitzchakov or anyone else - told the Trustee or his counsel that it owns or controls any right of mine, or any right of Spin Capital, Teton Life, Teton Funding, Teton Funding Group or JL Special? I asked on October 7 (11:21 PM, question 3), October 9 (9:58 AM, item

3; 5:14 PM, question 2), October 13 and October 15 (item 2(f)). If no one has, the answer is two words: "no one." If someone has, please say who and what they rely on.

4. What I owe you. (a) The list of actions in which I am a party in my individual capacity, which I said I would send by October 14, is Attachment B. (b) Pat's October 16 questions: Spin Capital has no cash on hand. Mr. Beams has been paid $2,500 for the Michigan work to date; a friend of mine advanced that amount. Spin paid nothing, and neither did I. I have not guaranteed Mr. Beams's fees or any other legal fees of Spin. No lawyer has been paid with my personal funds or with estate funds since June 25, 2026. I also need to correct my October 9 answer ("No lawyer has been paid since I filed on June 25, 2026"). In September 2026 my father paid a $25,000 retainer to Ashford-Schael LLC. The firm applied $8,370.45 to its final invoice and returned the $16,629.55 balance to my father. The firm's September 20 letter, which I sent to Ben with Ms. Wolf and Ms. Ardelean copied on September 22, shows this. Apart from Mr. Beams and Ashford-Schael, I know of no lawyer who has been paid since June 25, 2026.

5. Ben's question on Saturday afternoon about the $8 million New Jersey claim: I sent the memo and exhibit binder on Saturday at 6:35 PM (the claim against Carter Ledyard & Milburn). The Texas (Bridgelink) memo and binders are in my October 16, 1:24 AM email.

6. A correction to my Saturday 7:13 AM email on the Michigan appeal. I wrote that Ken filed Spin's extension motion "before the Order existed." That was not accurate. The Court of Appeals received the motion at 8:38 PM on October 15, after the Order was entered and after Pat's 6:48 PM email that sent it. As I wrote on Friday, Ken had not received the Order when he filed; he was not on the 6:48 PM email.

I am available for a call on Monday morning. Nothing in this email is an appearance for, or a waiver by, any company, and I reserve all rights and objections.

Josh Lubin

(732) 608-4905

josh@tetonfunding.com

---

*[End of the message as sent. The earlier messages quoted below the signature in the original email, and any attachments, are omitted from this exhibit.]*