# EXHIBIT G

Transcript of the October 22, 2026 hearing (J&J Court Transcribers, Inc., certified October 27, 2026): cover page, pages 42–43, 45–47 and 50, and the transcriber's certification

Stanziale v. Lubin, Adv. Pro. No. 26-01494 (EJO) — Certification of Avrumi Lubin

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IN RE: | . | Case No. 26-17342-EJO |
| | . | |
| AVRUMI LUBIN, | . | |
| | . | 402 East State Street |
| Debtor. | . | Trenton, NJ 08608 |
| . . . . . . . . . . . . . . | . | |
| FVP INVESTMENTS, LLC, et al., | . | Adv. No. 26-01315-EJO |
| Plaintiffs, | . | |
| v. | . | |
| | . | |
| AVRUMI LUBIN, | . | |
| | . | |
| Defendant. | . | |
| . . . . . . . . . . . . . . | . | |
| BENJAMIN A. STANZIALE, JR., | . | Adv. No. 26-01494-EJO |
| Plaintiff, | . | |
| v. | . | |
| | . | |
| AVRUMI LUBIN, et al., | . | |
| | . | |
| Defendants. | . | October 22, 2026 |
| . . . . . . . . . . . . . . | . | 10:16 a.m. |

TRANSCRIPT OF PRETRIAL CONFERENCE
AND MOTION TO SHOW CAUSE
BEFORE HONORABLE EAMONN JAMES O'HAGAN
UNITED STATES BANKRUPTCY COURT JUDGE

TELEPHONIC APPEARANCES:

| | |
|---|---|
| For the Debtor: | Pro Se<br>By: AVRUMI "JOSH" LUBIN<br>1460 Arboretum Parkway<br>Lakewood, NJ 08701 |
| Audio Operator: | Michelle Fogleman |

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

---

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail: jjcourt@jjcourt.com**

**(609) 586-2311 Fax No. (609) 587-3599**

done and to triage and to figure out how the estate needs to deploy its resources, which cases matter more, which cases matter less. But this is all in the nature of just preliminary relief, okay.

And so I'm not hearing you say anything that suggests that any parties that you're talking about are somehow going to be irreparably harmed if there's a continued pause button on these issues.

MR. LUBIN: Okay. A few things, Your Honor.

First of all, if you want me to consent on all the entities that have individual trustees, I'll do that right now.

Co-mingling with the --

THE COURT: No one's asking you for that.

MR. LUBIN: I'm saying I'd be happy to. I could use the same Trustee for these companies based on disputed rights that are ongoing and in active lawsuits. That it's a complicated situation. I think it can cause the companies irreparable harm by issuing the type of relief Your Honor signed of a few days ago.

We can get into that topic right now if Your Honor would give me the ability to ask the Trustee a few minutes, a few questions under oath.

THE COURT: The Trustee submitted a revised certification that addressed each and every point that you made.

MR. LUBIN: It did not address any of the questions that I asked. I'm not asking whether the Trustee is taking instructions from someone else. That's not what I'm asking.

I'm asking whether, if Your Honor would give me -- I'm asking whether anyone asserted it, which would be very, very relevant because if people asserted it, the Trustee would have a fiduciary duty to protect my adversary. It's just a very complicated situation. The DOJ, the FBI is very familiar with it. This is not a simple -- this is -- yeah, basically, if someone asserts a Trustee based on a Michigan ruling that they are a third-party beneficiary of, for example, FVP parties, have asserted openly in a lawsuit, that basically would make the Trustee have to destroy a duty to protect FVP.

It would be a violation of law if they didn't.

THE COURT: Mr. Lubin, there's an issue of relevance that dictates what we are going to be addressing here, and these points that you are raising are not relevant to the question before this Court, which is, are we going to temporarily continue a stay and a preliminary injunction preventing irreparable harm, subject to a final determination at a different date?

MR. LUBIN: I have no problem with some of the relief being continued, but some of the relief should be, for example, this Texas case that I mentioned. If the Trustee can't hire counsel within 24 hours, I should be allowed to file a *lis*

way to procedurally deal with it is with a special counsel. I told the Trustee to hire special counsel not to go throughout the country. No, in New Jersey, to issue a ruling to deal with these authority issues inside New Jersey, in the bankruptcy.

These are above my pay grade. I don't know if this issue has ever came up in the United States before. I'm not an attorney, but I think it's definitely a very rare situation. I'm not looking to get into any merits, call people names, trying to be as professional as possible. I'm sure, I mean, Your Honor probably has a few thousand cases or whatever it is, and this one's a little messy.

Messy and also small at the same time. But I just don't want these companies, personal to them, there's nothing there. They're never even opened a bank account. But really kind of three. I don't know if I have to get an attorney. I don't know if (indiscernible) is valid or not. But we're getting into Spin.

I have no problem keeping -- I'm trying to get this thing on guardrails and I'm looking to preserve the estate. And upon information and belief, I do believe the FVP parties have asserted authority to the Trustee. I think that's going to come out. I think they'll have consequences for that. And I'd like to ask the Trustee -- I'd like to get two minutes to ask the Trustee -- I'm not accusing the Trustee of misconduct.

I'm accusing FVP of misconduct. If FVP did that, the

Trustee would have a fiduciary duty to protect their interest. It's not accusing the Trustee of misconduct. That's basically unraveling a situation. And if you look at any of my papers, I'm not accusing the Trustee of any misconduct whatsoever. I'm looking to put this thing on guardrails, and I'm accusing FVP of misconduct. And I want to ask the -- the only way to get the honest answer is if I can ask Mr. Stanziale some questions under oath.

And if that does come out to be the case of what I'm saying right now, that's an issue that has to get dealt with. I think it's an issue that is getting dealt with, yeah, already.

THE COURT: So, Mr. Lubin, the FVP issues that you're talking about do not touch upon the preliminary relief that is being requested today. Ms. Staiano, do you have any specific responses to any of the arguments of Mr. Lubin?

MS. STAIANO: I don't understand some of the arguments, Your Honor, I'm sorry. I don't understand.

Mr. Stanziale is the Chapter 11 Trustee. He has his duties and obligations, like in every other case. He is looking to maximize assets for distribution to creditors.

I'll tell Mr. Lubin, without Mr. Stanziale being under oath, he hasn't received instructions from anyone.

MR. LUBIN: And that's all I'm asking.

MS. STAIANO: Then I don't, Your Honor, with all due

respect, I don't know what Mr. Lubin is asking. He asked, and I read in the papers, the Trustee received instructions. He's not taking instructions from anyone.

The only person Mr. Stanziale has received purported instructions from is Mr. Lubin who sends e-mails and says, you have to do this, you have to do that.

The bottom line is, when we get a clear email with information, there are times we've asked for information multiple times. We respond to it. But there are so many emails, so much information, and frankly, I don't understand what he's asking for.

MR. LUBIN: Your Honor --

MS. STAIANO: I'm sorry, Mr. Lubin, I'm just going to finish.

MR. LUBIN: I'm sorry.

MS. STAIANO: There are cases across the country that we have already talked to existing counsel about. These counsel have a right to know, for example, how or if they're going to get paid. There was one counsel that Mr. Lubin retained a few weeks ago in Michigan. Mr. Stanziale and I called him. He said he didn't even know Mr. Lubin was in Chapter 11 when he was retained.

I don't know where the money came from. Mr. Lubin told me that he paid by credit card. I don't know what the state of his finances are, but I don't have the financials. As

they're confused who the client is.

And they can't, it kind of puts them in a pickle, like, hypothetical. I'm not asking if FVP is giving Mr. Stanziale -- did I pronounce it right -- instructions. I don't think that would be the case. You don't have to do that.

You just have to assert authority that you're a third-party beneficiary. And the Trustee would have a fiduciary duty by United States law to protect Mr. Breslin, even if he's committing crimes. That's just a fact. That's just the way this thing happens.

THE COURT: So, Mr. Lubin --

MR. LUBIN: Yeah.

THE COURT: Mr. Lubin, after the Court rules today, this adversary proceeding will continue. There will be a scheduling order. And if there's specific factual issues that you need to get clarification on, you will have an opportunity to do that. But, at this point, I think that we're not going to hold a hearing today regarding whether or not FVP has asserted third-party beneficiary status, because that is not germane to the issues that I need to decide today. Which again, is as to preliminary relief.

MR. LUBIN: I understand that, Your Honor. I'm looking to -- I think there's another hearing today at 2:00 p.m., the status conference.

THE COURT: I believe that's been adjourned.

**C E R T I F I C A T I O N**

I, KAREN K. WATSON, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter, and to the best of my ability.

/s/ Karen K. Watson
KAREN K. WATSON, AAERT CET

J&J COURT TRANSCRIBERS, INC. DATE: October 27, 2026