# EXHIBIT J

Email, September 28, 2026, 8:44 PM, Lubin to Stanziale, Moloshok and Staiano, "Follow-up: vehicle custody, abandonment records, and coordinated investigation" — EXCERPT (the final paragraphs, concerning a possible resolution, are omitted as marked)

Stanziale v. Lubin, Adv. Pro. No. 26-01494 (EJO) — Certification of Avrumi Lubin

Exhibit J (excerpt)

| | |
|---|---|
| **From:** | Josh Lubin <josh@tetonfunding.com> |
| **Sent:** | Mon 9/28 8:44 PM ET |
| **To:** | ben@stanzialelaw.com; mmoloshok@hlgslaw.com; pstaiano@hlgslaw.com |
| **Cc:** | |
| **Subject:** | Follow-up: vehicle custody, abandonment records, and coordinated investigation |

Dear Ben and team,

Thank you for today's call. I understood that Excell's counsel reported that vehicles had been abandoned, including vehicles associated with the AWB proceedings. Please correct me if I misunderstood.

The review of the available records has not located a blanket Excell notice or order abandoning all cars to AWB, either Karma entity, Franklin, or FVP. There are vehicle-specific abandonment and turnover orders, but those are different from a blanket disposition of the entire vehicle pool. This is a limited finding from the records available to me—not a representation that no additional filing exists. Please obtain the exact docket entries and VIN lists counsel was referring to.

Priority question: who possessed the seven vehicles marked "No"?

Excell Dkt. 76, filed May 7, 2022, identifies 14 vehicles. Seven are marked "No" under "In Trustee's Possession?":

[Table in original:] Vehicle, as listed — VIN

2018 Karma Revero, red — 50GK41SA2JA000170

2021 Karma Revero, black/blue — 50G6E4SS7MA000047

2022 Karma Revero, blue — 50G6E4SS9NA000066

2022 Honda MC, grey — JH2AF5813NK900455

2022 Honda MC, white — JH2AF5818NK900516

2022 Honda MC, white — JH2AF5815NK900537

1968 Ford Mustang, blue/white — 8F02C131515

For each VIN, could you please obtain the existing records establishing:

Who held it and where: the individual or entity with physical custody, and its location, on April 8, April 22, and May 7, 2022, to the extent known.

What "No" meant: whether the trustee lacked direct physical custody only, or whether no auctioneer, storage company, agent, or other person held or controlled it on her behalf. Please distinguish the vehicle from its title documents.

Whether the safeguarding arrangement covered it: on April 22, 2022, FVP's counsel told the Broward court that FVP had reached an agreement with the Excell trustee to collect and safeguard vehicles. Did that arrangement include any of these seven? If so, which ones, and who was responsible for them?

The basis for including it in the notice: what records supported the vehicle's identification and the estate interest, if any, being abandoned.

What happened afterward: any collection, release, transfer, sale, or other disposition, including dates, recipients, supporting authority, pickup receipts, title records, sale proceeds, and corresponding credits against a debt.

I am not assuming the trustee previously possessed these seven vehicles merely because they appear in her notice. If custody or disposition is unknown, please identify the last documented holder and the specific missing records.

Other records that need to be reconciled

Excell: Dkts. 130, 153, 158, and 159 direct release of the seven vehicles marked in the trustee's possession to different recipients—Kristen Zankl, Westlake, Karma Automotive, and Karma of Broward. Dkt. 303 separately lists two Mokes. Dkt. 412 directs abandonment and turnover of the Rhino ending 79768, with FVP arranging pickup. These orders do not themselves establish completed delivery or subsequent sale proceeds.

AWB: At Dkt. 642, Excell's trustee opposed AWB's proposed abandonment and supported a sale. Dkt. 694 authorized vehicle sales; Karma's separate abandonment motion was withdrawn at Dkt. 696.

Specific AWB abandonments: Dkt. 663 concerns the Urus ending 12270; Dkt. 689 concerns the silver Lamborghini ending 14316, with restrictions on disposition pending further order; and Dkt. 762 concerns the different Rhino ending 18666.

Records themselves: AWB Dkt. 849 lists specified property and claims, including vehicle titles, a McLaren, books and records, deal jackets, and keys. Please confirm who now holds those records and arrange their preservation and production.

The objective is a VIN-by-VIN accounting separating physical custody, title, ownership claims, authorized releases, actual dispositions, and proceeds.

Cooperation with Excell and investigation of FVP and Franklin

To be clear, my present objective is not to sue the Excell trustee or her attorneys. I would like you to explore full cooperation with them to establish the vehicle history, obtain the

accounting, and evaluate potential claims and recoveries against FVP and Franklin where the evidence supports them.

I am willing to assist with documents and factual information.

***[EXCERPT - the rest of this paragraph and the next paragraph of the email, which concern a possible resolution and are not relevant to this motion, are omitted.]***

Thank you,

Avrumi "Josh" Lubin

---

*[This exhibit is an EXCERPT of the message as sent: the omitted passage is marked above. Any attachments are omitted.]*