| | |
|---|---|
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br>AVRUMI LUBIN<br>Defendant, Pro Se, individually<br>1460 Arboretum Parkway<br>Lakewood, New Jersey 08701<br>Telephone: (718) 570-3796<br>Email: josh@tetonfunding.com | Case No. 26-17342 (EJO)<br><br>Chapter 11<br><br>Adv. Pro. No. 26-01494 (EJO)<br><br>Judge: Eamonn J. O'Hagan, U.S.B.J.<br><br>Hearing Date: December 3, 2026 at 10:00 a.m. |
| In re:<br><br>AVRUMI LUBIN a/k/a Josh Lubin,<br><br>Debtor. | |
| BENJAMIN A. STANZIALE, JR., CHAPTER 11 TRUSTEE FOR AVRUMI LUBIN a/k/a JOSH LUBIN,<br>Plaintiff,<br>v.<br>AVRUMI LUBIN; SPIN CAPITAL, LLC; TETON LIFE, LLC; TETON FUNDING, LLC; TETON FUNDING GROUP, LLC; and JL SPECIAL INVESTMENTS, LLC,<br>Defendants. | PROPOSED ORDER |

**ORDER (1) DIRECTING THE CHAPTER 11 TRUSTEE TO FILE A STATEMENT ON THREE MATTERS OF ESTATE ADMINISTRATION (11 U.S.C. §§ 1106(a)(1) AND 704(a)(7)) AND (2) GRANTING LEAVE TO SERVE LIMITED EARLY DISCOVERY**

The relief set forth on the following pages, numbered two (2) through three (3), is hereby ORDERED.

| | |
|---|---|
| Debtor: | Avrumi Lubin a/k/a Josh Lubin |
| Case No.: | 26-17342 (EJO) |
| Adv. Pro. No.: | 26-01494 (EJO) |
| Caption of Order: | Order (1) Directing the Chapter 11 Trustee to File a Statement on Three Matters of Estate Administration (11 U.S.C. §§ 1106(a)(1) and 704(a)(7)) and (2) Granting Leave to Serve Limited Early Discovery |

Upon the motion of defendant Avrumi Lubin, appearing pro se in his individual capacity (the "Movant"), for an order directing Plaintiff Benjamin A. Stanziale, Jr., Chapter 11 Trustee (the "Trustee"), to file a statement under 11 U.S.C. §§ 1106(a)(1) and 704(a)(7) and granting leave to serve limited early discovery; and the Court having considered the Certification of Avrumi Lubin with its exhibits, the Memorandum of Law, and any response; and for good cause shown; it is hereby

ORDERED as follows:

1. The motion is GRANTED to the extent set forth below.

2. Within fourteen (14) days after the entry of this Order, the Trustee shall file in this adversary proceeding and serve on the Movant a written statement under 28 U.S.C. § 1746 addressing the following matters. In this Order, the "Subject Entities" are Spin Capital, LLC, Teton Life, LLC, Teton Funding, LLC, Teton Funding Group, LLC and JL Special Investments, LLC.

   (1) Spin Capital, LLC's claims. Whether the Trustee contends that any person other than Spin Capital, LLC ("Spin") owns, holds by assignment, or is entitled to the proceeds of any claim or judgment of Spin, other than the judgment that is the subject of Adv. Pro. No. 26-01532; and, if so, the person, the claim or judgment, and the assignment, judgment or order on which that contention rests;

   (2) Claims against certain parties. Whether the Trustee has elected not to pursue, or has determined that the estate or a Subject Entity may not pursue because of an assignment, judgment or order of another court, any claim against Franklin Capital Group, LLC, Franklin Capital Funding, LLC, FVP Servicing, LLC, FVP

Opportunity Fund III, LP, FVP Investments, LLC, Hi Bar Capital, LLC or the Chapter 7 trustee of Excell Auto Group, Inc.; and, if so, the claim and the assignment, judgment or order, if any, on which that determination rests; and

(3) Vehicle records. Whether the Trustee holds records concerning the disposition of the vehicles that FVP Servicing, LLC, FVP Opportunity Fund III, LP and FVP Investments, LLC listed as their collateral in the bankruptcy cases of Excell Auto Group, Inc. (Bankr. S.D. Fla. No. 22-12790) and Auto Wholesale of Boca, LLC (Bankr. S.D. Fla. No. 22-15627), including any notice, docket entry, list of vehicle identification numbers, title record or sale record received from the Chapter 7 trustee of Excell Auto Group, Inc. or her counsel, identifying those records by type and date; and whether the Trustee's review of possible claims of the estate, and of credits against the claims of those creditors and of Franklin Capital Group, LLC and Franklin Capital Funding, LLC, relating to those vehicles is ongoing or concluded and, if concluded, whether he has elected not to pursue them.

The statement need not disclose the Trustee's litigation strategy or mental impressions or his communications with his own counsel, and need not attach the records identified under item (3).

3. The Movant is granted leave under Fed. R. Civ. P. 26(d)(1), made applicable by Fed. R. Bankr. P. 7026, to serve on the Trustee, before the Rule 26(f) conference, the five requests for admission and one interrogatory attached to this Order as Exhibit 1. The Trustee shall serve responses within twenty-one (21) days after service.

4. Nothing in this Order requires the production of communications between the Trustee and his own counsel or of privileged material; nothing in this Order determines the ownership of any claim or the effect of any assignment, judgment or order of another court; and nothing in this Order modifies the Orders entered October 15, 2026 (Dkt. 5) and October 23, 2026 (Dkt. 21).