**EXHIBIT 1 TO PROPOSED ORDER - NOT YET SERVED**

Stanziale v. Lubin, Adv. Pro. No. 26-01494 (EJO)

# DEFENDANT AVRUMI LUBIN'S FIRST REQUESTS FOR ADMISSION AND FIRST INTERROGATORY TO PLAINTIFF BENJAMIN A. STANZIALE, JR., CHAPTER 11 TRUSTEE

PROPOSED REQUESTS ONLY. Filing or serving this motion does not serve these requests or start a response period. If leave is granted, Movant will separately serve the requests under Fed. R. Civ. P. 26(d)(1), 33 and 36 (Fed. R. Bankr. P. 7026, 7033 and 7036). The proposed order requests responses within twenty-one (21) days after that service.

Definitions: "Trustee" means Benjamin A. Stanziale, Jr., Chapter 11 Trustee for Avrumi Lubin. "Counsel" means Hellring Lindeman Goldstein & Siegal LLP and any other attorney acting for the Trustee. "Spin" means Spin Capital, LLC. "FVP entities" means FVP Servicing, LLC, FVP Opportunity Fund III, LP and FVP Investments, LLC. "Franklin entities" means Franklin Capital Group, LLC and Franklin Capital Funding, LLC. "Assignment" means the Assignment of Obligations and Merchant Documents executed in October 2021 by Spin to Franklin Capital Group, LLC (Exhibit H to the Certification of Avrumi Lubin). "Michigan Judgment" means the judgment entered April 1, 2025 in Franklin Capital Funding, LLC v. Spin Capital LLC, No. 22-193300-CB (Mich. Cir. Ct., Oakland County) (Exhibit I). "Stated" means stated orally or in writing. Each request covers the period from September 18, 2026 to the date of the response.

## REQUESTS FOR ADMISSION

1. Admit that no person other than Avrumi Lubin has stated to the Trustee or Counsel that it owns, holds by assignment, or is entitled to direct the prosecution of any claim or judgment of Spin.

2. Admit that no person other than Franklin Capital Group, LLC has stated to the Trustee or Counsel that it holds or may enforce rights under the Assignment, whether as a third-party beneficiary, successor, assignee or otherwise.

3. Admit that no person other than Franklin Capital Funding, LLC has stated to the Trustee or Counsel that it holds or may enforce rights under the Michigan Judgment, whether as a third-party beneficiary, successor, assignee or otherwise.

4. Admit that no person other than Avrumi Lubin has stated to the Trustee or Counsel that it owns, holds by assignment, or is entitled to direct any claim or judgment of Teton Funding, LLC, Teton Funding Group, LLC or JL Special Investments, LLC.

5. Admit that neither the Trustee nor Counsel has communicated with any of the FVP entities, the Franklin entities, Hi Bar Capital, LLC or the Chapter 7 trustee of Excell Auto Group, Inc., or with their counsel, concerning the ownership or control of any claim or judgment of Spin, Teton Life, LLC, Teton Funding, LLC, Teton Funding Group, LLC or JL Special Investments, LLC.

**INTERROGATORY**

1. For each Request for Admission above that you do not admit without qualification, identify each person who made the statement or took part in the communication, its date and whether it was oral or written, and the claim, judgment or right concerned.

Avrumi Lubin, Defendant, pro se, individually - 1460 Arboretum Parkway, Lakewood, New Jersey 08701 - (718) 570-3796 - josh@tetonfunding.com