**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

FILED:BANKRUPTCY:NJ 2026 NOV 4 AM11:51:51

Caption in Compliance with D.N.J. LBR 9004-1(b)

AVRUMI LUBIN
Defendant, pro se, individually
605 West 42nd Street
New York, New York 10036
Telephone: (718) 570-3796
josh@tetonfunding.com

Case No. 26-17342 (EJO)
Chapter 11
Adv. Pro. No. 26-01494 (EJO)
Judge: Eamonn J. O'Hagan, U.S.B.J.
Existing hearing: Dec. 3, 2026, 10:00 a.m.
Requested hearing: Nov. 10, 2026, 1:00 p.m. (not ordered)

In re AVRUMI LUBIN a/k/a Josh Lubin, Debtor.
BENJAMIN A. STANZIALE, JR., CHAPTER 11 TRUSTEE, Plaintiff,
v. AVRUMI LUBIN; SPIN CAPITAL, LLC; TETON LIFE, LLC; TETON FUNDING, LLC; TETON FUNDING GROUP, LLC; and JL SPECIAL INVESTMENTS, LLC, Defendants.

# SUPPLEMENTAL CERTIFICATION OF AVRUMI LUBIN IN SUPPORT OF APPLICATION FOR ORDER SHORTENING TIME (HEARING ON PARAGRAPH 3, AND IN THE ALTERNATIVE PARAGRAPH 2 AS TO TETON LIFE, LLC, OF THE PROPOSED ORDER SUBMITTED WITH DKT. 25)

I, Avrumi Lubin, certify as follows:

1. I am the debtor in the above-captioned Chapter 11 case and a defendant in this adversary proceeding. I make this certification in my individual capacity only, on personal knowledge. It supplements my Certification of October 29, 2026 (Dkt. 25-1) in support of my Motion to Alter or Amend the October 23, 2026 Order under Fed. R. Bankr. P. 9023 (Dkt. 25). I first filed this application and certification in person on November 2, 2026. As of November 3, 2026, they did not appear on the adversary docket, so I refile them today, with the caption of the application and proposed order corrected and with four exhibits added about events of October 28 and November 1 through 3, 2026.

## A. The Pending Motion and the November 10 Hearing

2. Dkt. 25 was filed on October 29, 2026. The Clerk listed it for December 3, 2026 at 10:00 a.m. The Notice of Motion (p. 3) asked that paragraph 3 of the proposed order (counsel for Teton Life, LLC) be considered at the November 10, 2026 hearing as to Teton Life, LLC, if the Court found it convenient. As of the date of this certification, I am not aware of any order moving that paragraph to November 10.

3. The October 23, 2026 Order (Dkt. 21) bifurcated the Trustee's requests as to Teton Life, LLC; scheduled "[a] further hearing on the Verified Complaint and Order to Show Cause as to Teton Life, LLC, only ... for November 10, 2026, at 1:00 p.m."; continued the October 15, 2026 restraints as to

Teton Life, LLC "[p]ending further order of the Court"; and preserved "[a]ll rights, remedies, and defenses as to Teton Life, LLC" (Dkt. 21 at 4-5, Teton Life paragraphs 1-4). The proviso that "the Debtor shall retain the right to engage representation for himself and the Subject Entities in the current adversary proceeding" appears only in the section of the Order addressed to the Subject Entities other than Teton Life, LLC (Dkt. 21 at 5, paragraph 2).

4. Paragraph 3 of the proposed order submitted with Dkt. 25 asks that the proviso apply equally to Teton Life, LLC, subject to the consultation rights of its co-member, and that counsel of record for a Subject Entity in a pending action may take a step required to preserve a deadline, a limitations period, collateral or the status quo, on written notice to the Trustee's counsel, unless the Trustee's counsel objects in writing. Paragraph 2 asks for twenty-one days' written notice and an order of this Court before the Trustee causes or permits a Subject Entity, including Teton Life, LLC, to settle, release, dismiss with prejudice or otherwise dispose of a claim or asset. Neither paragraph asks that any authority be restored to me, or that I be permitted to appear for any entity.

**B. The Proposed Enforcement Order in the New York Action**

5. On October 30, 2026, counsel for the Intervenor-Defendants in Teton Life, LLC v. Golden Foothill Insurance Services, LLC, Index No. 650582/2022 (Sup. Ct. N.Y. County) (the "New York Action"), filed a letter asking that court to sign a proposed "Order Directing Enforcement of Settlement Agreement" submitted on May 29, 2026 (NYSCEF 1508 and 1509; Exhibits A and B) (the "Proposed Enforcement Order"). As to Teton Life, LLC, the Proposed Enforcement Order would declare the terms placed on the record on November 25, 2025 "an enforceable contract binding upon plaintiff Teton Life, LLC" (paragraph 3); vacate the January 15, 2026 stay "as to all parties other than defendant Stefan Leer" (paragraph 5); direct the Receiver, within two days of service of the order, to deliver $3.5 million to Cap Factor, LLC and "100% of the remaining balance of the Receiver Bank Accounts" to Teton Life, LLC, less the Receiver's allowed fees and expenses (paragraph 8); have Teton Life, LLC and Spin Capital, LLC give releases (paragraph 16); and dismiss "all causes of action, except those as to defendant Stefan Leer," with prejudice (paragraph 20). The letter sets no response date, and I am not aware of any date by which that court will act.

6. Teton Life, LLC's New York counsel wrote on October 9 and October 13, 2026 that the firm would pause non-essential filings until this Court gives direction (Dkt. 25, Ex. D). To my knowledge, no attorney has appeared for Teton Life, LLC in this adversary proceeding. At the October 22, 2026 hearing, the attorney who agreed with the Trustee's counsel to continue the restraints as to Teton Life, LLC introduced himself as follows: "This is Patrick Krenicky. I represent Gavriel Yitzchakov" (Tr. 3:13-14; see Tr. 16:10-14, 17:16-19). The Trustee's counsel told the Court that, as to Teton Life, LLC, I "currently ha[ve] management interest for certain litigation in New York State" (Tr. 9:20-23).

**C. My Requests to the Trustee**

7. My written requests to the Trustee concerning preservation of Teton Life, LLC's position in the New York Action, and the responses, are in the record at Dkt. 25, Exs. F and G-1 to G-3. On October 29, 2026, the Trustee's counsel wrote: "This is our last exchange. ... We will engage with you in court from now on except to seek information from you in accordance with the court's October 23 order," and "All settlements will be on notice to parties in the case" (Exhibit C). Earlier that evening she wrote that the Trustee and she had spoken with the Receiver, who "advises the policies are not at risk," and that they "will be speaking with counsel to Cap Factor tomorrow" (Exhibit C). I do not know what was discussed. On November 2, 2026, I asked the Trustee's counsel by email whether the Trustee consents to the hearing date requested here (Exhibit D). As of this certification, I have received no response.

**D. Events of November 1 Through 3, 2026**

8. On November 1, 2026, in my own name only, I filed in the New York Action a proposed order to show cause, with supporting papers (NYSCEF 1510-1529). Among other things, it asks that the Proposed Enforcement Order not be signed except on notice to all parties who have appeared and an opportunity to be heard. The Proposed Enforcement Order names me individually (Exhibit B at 10, paragraph 15), and its release is given by Teton Life, LLC and Spin Capital, LLC "on behalf of themselves" and their "past and present managers" (Exhibit B at 10, paragraph 16). My application does not speak for Teton Life, LLC. Its proposed order states that nothing in it affects the automatic stay in my Chapter 11 case or this Court's October 15 and 23, 2026 Orders (NYSCEF 1515, paragraph 4).

9. On November 2, 2026, the Trustee's counsel wrote to me that I was "in contempt of the October 15 Order as it applies to Teton Life, LLC" and directed me to withdraw my New York application (Exhibit E, printed page 7 of 12). I responded that I disagreed, and I asked her to identify the provision and the specific request she contends is a violation. In the same email, I asked again whether the Trustee will authorize Teton Life, LLC's New York counsel to seek stay modification and policy-preservation relief and, if not, what protective course the Trustee proposes (Exhibit E, printed page 6 of 12). As of this certification, I have not received an answer to that question.

10. On November 3, 2026, counsel to the Trustee sent the New York court a letter asking it to "not consider or act on" my application (Exhibit F; its enclosures, which are Dkt. 5 and Dkt. 21 of this adversary proceeding, are omitted). The letter refers to "NYSCEF 1509"; my application is NYSCEF 1511, and NYSCEF 1509 is the Proposed Enforcement Order (Exhibit B). The letter states that the Trustee "has spoken with numerous counsel to both Teton Life, LLC and other parties, as well as the Receiver, and is in the process of determining a path forward in this case in his business judgment." It describes the October 23, 2026 Order as "still in full force and effect as to Teton Life, LLC"; it does not mention that the Order bifurcated the Trustee's requests as to Teton Life, LLC and set them for hearing on November 10, 2026. The letter also asserts that my application violated this Court's October 15 and 23, 2026 Orders. I disagree. To my knowledge, no

court has made that finding, and I will answer any such request in this Court. The same day, I asked the New York court for permission to respond, and responded (NYSCEF 1536; Exhibit G), attaching the November 1-2 email chain (NYSCEF 1537; Exhibit E). As of this certification, the New York court has not acted on my application.

**E. Facts Bearing on Timing**

11. I am not aware of any date by which the New York court will act on the Proposed Enforcement Order. If it is signed, it would declare a settlement binding on Teton Life, LLC, direct distribution of the Receiver's accounts, take releases from Teton Life, LLC and Spin Capital, LLC, and dismiss their claims with prejudice (Exhibit B, paragraphs 3, 8, 16 and 20). To my knowledge, no attorney has appeared for Teton Life, LLC in this adversary proceeding, and Teton Life, LLC's New York counsel wrote in October that it would await this Court's direction (Dkt. 25, Ex. D). If the New York court does not consider my application, as the Trustee asks, I know of nothing in the New York Action that would require notice to me before the Proposed Enforcement Order is signed.

12. On October 26 and 28, 2026, I asked the Trustee's counsel in writing for a decision on steps to preserve the life insurance policies at issue in the New York Action, including a preservation application by Teton Life, LLC's New York counsel, continued premium payments and, where feasible, reinstatement (Dkt. 25, Exs. F and G-2). Exhibit H is a true copy of the three most recent emails in that chain, all sent on October 28, 2026, as printed from my mailbox on November 3, 2026 (pages 1 to 4 of a 25-page printout; the earlier emails in the chain, dated October 8 through October 26, 2026, are omitted). It shows my October 28 request, as quoted in the reply (see Dkt. 25, Ex. G-2); the reply of the Trustee's counsel at 10:50 p.m., which reads in full: "Do what you will with your self-created deadlines. We are speaking with counsel and conducting our independent investigation. Your cooperation as to the Trustee's requests is mandatory." (Exhibit H at 2; see Dkt. 25, Ex. G-3); and my reply at 11:20 p.m. In my reply, I listed the dates, from August 26 to October 26, 2026, of my earlier written notices that those policies could lapse; asked the Trustee to state in writing every carrier inquiry, premium payment or reinstatement step he had authorized since October 8, 2026, and who is responsible for it; and said that I would keep cooperating with the Trustee's requests (Exhibit H at 1-2). The statement of the Trustee's counsel about the policies on October 29, 2026 is quoted in paragraph 7 (Exhibit C).

13. Dkt. 25 was mailed to all nine recipients on October 29, 2026 (Dkt. 25-12). The November 10 hearing as to Teton Life, LLC is already scheduled (Dkt. 21). Paragraph 3 of the proposed order does not change any deadline or authorize a disposition of any asset, and it preserves the Trustee's written objection and this Court's further order. Paragraph 2, as applied to Teton Life, LLC, asks for notice and an order of this Court before a disposition. The Trustee's counsel wrote on October 29, 2026 that "[a]ll settlements will be on notice to parties in the case" (Exhibit C).

14. At the February 5, 2025 oral argument in the New York Action, after plaintiff's counsel described Justice Borrok's earlier dismissal, without prejudice, of the usury counterclaim and third-party claim, Justice Bannon stated, "It's law of case," and explained: "That's the reason for 'without prejudice' because it is to be brought up again or renewed at the end of discovery; but if there is nothing in discovery that changes that result, then it's law of the case" (NYSCEF 813, Tr. 38:9-24).

**F. Relief Requested**

15. I respectfully ask the Court, under Fed. R. Bankr. P. 9006(c)(1) and D.N.J. LBR 9013-2(c), to shorten the time for a hearing on paragraph 3 and, in the alternative or in addition, paragraph 2 as applied to Teton Life, LLC, of the proposed order submitted with Dkt. 25, so that they are heard on November 10, 2026 at 1:00 p.m., with the Teton Life, LLC hearing set by Dkt. 21, or on another date before December 3, 2026 that the Court sets; with objections due by Friday, November 6, 2026, or as the Court directs; and with the remainder of Dkt. 25 to be heard on December 3, 2026. If the Court enters a further order on November 10 continuing the Trustee's authority over Teton Life, LLC, I ask that paragraphs 2 and 3 be considered in relation to that order as well. I will serve any Order Shortening Time as the Court directs, file a certification of service, and notify chambers by email on the day I file this application (D.N.J. LBR 9013-2(c)).

16. I appear for myself only. I do not speak for Teton Life, LLC, Spin Capital, LLC or any other entity, and nothing in this application seeks relief for any of them.

I certify under penalty of perjury under the laws of the United States of America (28 U.S.C. § 1746) that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: November 4, 2026

Avrumi Lubin
Defendant, Pro Se, individually
605 West 42nd Street
New York, New York 10036
(718) 570-3796
josh@tetonfunding.com