**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

In re Avrumi Lubin, Case No. 26-17342 (EJO); Stanziale v. Lubin, et al., Adv. Pro. No. 26-01494 (EJO)

# INDEX OF EXHIBITS TO THE SUPPLEMENTAL CERTIFICATION OF AVRUMI LUBIN DATED NOVEMBER 4, 2026

| Exhibit | Description | Pages |
|---|---|---|
| A | NYSCEF Doc. No. 1508 - Letter of Peter M. Levine, Esq. to Hon. Nancy M. Bannon, J.S.C., filed October 30, 2026 | 2 |
| B | NYSCEF Doc. No. 1509 - Proposed "Order Directing Enforcement of Settlement Agreement," with cover letter, submitted May 29, 2026 and filed October 30, 2026 | 12 |
| C | Excerpts of two emails from Patricia A. Staiano, Esq. (counsel to the Chapter 11 Trustee) to Avrumi Lubin, October 29, 2026 | 1 |
| D | Email from Avrumi Lubin to counsel to the Chapter 11 Trustee, November 2, 2026 (request for consent to the November 10 hearing date) | 1 |
| E | NYSCEF Doc. No. 1537 - Email chain dated November 1-2, 2026, between Avrumi Lubin and Patricia A. Staiano, Esq. (counsel to the Chapter 11 Trustee), filed November 3, 2026 as Exhibit A to NYSCEF Doc. No. 1536 (copy as submitted for filing) | 13 |
| F | Letter of Matthew E. Moloshok, Esq., Hellring Lindeman Goldstein & Siegal LLP (counsel to the Chapter 11 Trustee), to Hon. Nancy M. Bannon, J.S.C., dated November 3, 2026 (enclosures omitted; they are Dkt. 5 and Dkt. 21 of this adversary proceeding) | 2 |
| G | NYSCEF Doc. No. 1536 - Letter of Avrumi Lubin to Hon. Nancy M. Bannon, J.S.C., dated November 3, 2026 (request for permission to respond, and response, to the Trustee's letter of November 3, 2026) (copy as submitted for filing; its Exhibit A is Exhibit E hereto) | 2 |
| H | Emails of October 28, 2026 between Avrumi Lubin and Patricia A. Staiano, Esq. (counsel to the Chapter 11 Trustee), with others copied, in the chain "Re: Teton Life — written clarification of filing pause, claimed authority, and protective action" - pages 1-4 of a 25-page printout made November 3, 2026 from Avrumi Lubin's mailbox (the earlier emails in the chain, dated October 8-26, 2026, are omitted) | 4 |

Page counts exclude the exhibit cover sheets. Each page of Exhibits A, B and E-H bears a small stamp at the lower right ("Lubin Supp. Cert. Ex. __, p. __ of __").

# EXHIBIT A

NYSCEF Doc. No. 1508 - Letter of Peter M. Levine, Esq. to Hon. Nancy M. Bannon, J.S.C., filed October 30, 2026

Teton Life, LLC v. Golden Foothill Insurance Services, LLC, Index No. 650582/2022 (Sup. Ct. N.Y. County)

**PETER M. LEVINE**
ATTORNEY AT LAW
444 MADISON AVENUE
SUITE 410
NEW YORK, NEW YORK 10022

TELEPHONE: 212-599-0009
FACSIMILE: 212-838-8663
chief@pmlevinelaw.com

October 30, 2026

**NYSCEF**
Hon. Nancy M. Bannon
Justice of the Supreme Court
New York County Court House
60 Centre Street, Courtroom 232
New York, New York 10007

**Re: Teton Life LLC v. Golden Foothill Insurance Services, LLC**
**Index No. 650582-2022**

Dear Justice Bannon:

I represent the Intervenor-Defendants.*/ I write to urge the Court to sign the Order submitted May 29, 2026 by John Giardino of Pryor Cashman LLP, counsel for defendant Cap Factor LLC. [Exhibit 1].

By Notices of Cross-Motion dated May 1, 2026, both the Intervenor-Defendants and Cap Factor moved to enforce the Settlement Agreement made in open court on November 25, 2025. [Doc. Nos. 1368 & 1383]. On May 19, 2026, following oral argument on the Cross-Motions , the Court directed the submission of a proposed order regarding the enforcement of the settlement agreement. [Doc. No. 1141]. Mr. Giardino and I timely complied.

The Order provides for an initial distribution by the Receiver, Fred Stevens, of more than $6 million to plaintiff Teton Life LLC and $3.5 million to Cap Factor, who will remit a portion to the Intervenor- Defendants. No other party in this action has a claim to those funds, which are being held by the Receiver in an account at Wilmington Trust.

The Intervenor Defendants and Cap Factor, which consists of several individual investors, hold Class B shares in Life Shares 1019, LLC, an investment vehicle formed by defendant Stefan Leer. The investors were promised that the return on their investments would be paid from the proceeds of two insurance policies on the life of John P. Utsick, one issued by the John Hancock Life Insurance Company, the other by Brighthouse Financial Life Insurance Co. The investors would receive their promised return within three months after Life Shares 1019 learned of Utsick's death. Utsick died on June 8, 2023, but the investors have yet to receive any portion of their promised return.

*/ Stephen Marik Brockman, Aaron Davison, Neilesh Desai, Jennifer Pursley, Michael Schwartz, Sheila Schwartz, the Charissa & Toney Trust, the Charissa Toney Living Trust, Matthew Troy, and American River AG, Inc.

Leer intercepted the proceeds of the John Hancock policy, refused to deliver them to the Receiver, and was held in civil, then criminal, contempt.**/ As a result of an interpleader action commenced in federal court, the Receiver took control of the proceeds of the Brighthouse policy.

By order of this Court [Doc. No. 916], the parties convened in the Court House for a settlement conference September 29, 2025 in the presence of Commercial Division Law Clerk Federica Simonelli. The parties discussed a framework for allocating the assets at issue: the proceeds of the Brighthouse policy, the claim held by the Receiver with respect to the John Hancock policy, the future death benefits from the life insurance policies issued by Zurich American Life Insurance Co. and Accordia Life and Annuity Company, which are also held by the Receiver. Though they made progress, the parties did not reach a settlement.

On November 25, 2025, again by order of this Court [Doc. No. 924], the parties convened in the Court House for a second settlement conference, which again was conducted in the presence of Ms. Simonelli. The Order scheduling the conference required those attending to have "full settlement authority." At the conclusion of the conference, with all counsel present at the counsel table in open court, Ms. Simonelli transcribed by hand and read aloud the final settlement terms, which were incorporated into a typed term sheet. The term sheet contains all terms necessary and sufficient to conclude a settlement.

The settlement will resolve all the claims that have been asserted in this action. All parties who are claiming money damages will receive a payment. The settlement will not make any of the investors whole; all will suffer a loss. Nonetheless, they all wish to abide by the settlement, which provides a fair way to allocate limited resources among Teton Life, Cap Factor, and the Intervenor-Defendants.

It's well over three years since the investors should have received their promised return from the Utsick polices and nearly a year since they accepted a compromise of their claims. Each day they are losing interest on money that is immediately available to pay just a fraction of what they are truly owed – which makes the delay especially frustrating.

At this point, Your Honor, justice delayed is justice denied.

Very truly yours,

cc [NYSCEF]:
All Counsel of Record

**/ The Receiver is pursuing claims against Leer in the United States Bankruptcy Court for the Middle District of Tennessee. All claims against Leer in this action have been severed. [Doc. No. 1471].

# EXHIBIT B

NYSCEF Doc. No. 1509 - Proposed "Order Directing Enforcement of Settlement Agreement," with cover letter, submitted May 29, 2026 and filed October 30, 2026

Teton Life, LLC v. Golden Foothill Insurance Services, LLC, Index No. 650582/2022 (Sup. Ct. N.Y. County)

# EXHIBIT 1

PRYOR CASHMAN LLP

New York | Los Angeles | Miami

7 Times Square, New York, NY 10036-6569 Tel: 212-421-4100 Fax: 212-326-0806 pryorcashman.com

**John Giardino**

Direct Tel: 212-326-0829
Direct Fax: 212-326-0806
jgiardino@pryorcashman.com

May 29, 2026

**VIA ELECTRONIC MAIL**

Hon. Nancy M. Bannon, J.S.C.
New York County Supreme Court
Commercial Division, Part 61
60 Centre Street, Courtroom 232
New York, NY 10007
Email: SFC-Part61-Clerk@nycourts.gov

**Re:** ***Teton Life, as Assignee of the Rights of Spin Capital, LLC v. Golden Foothill Insurance Services, LLC et al.*, Index No. 650582/2022**

Dear Justice Bannon:

I represent the Defendant CapFactor LLC in the above-referenced action. I am submitting the enclosed proposed Order settling the cross motions filed by Cap Factor and the Intervenor-Defendants. The Order has been prepared in cooperation with counsel for the Intervenor-Defendants Peter Levine and is approved for submission to the Court by the cross-movants and their respective counsel.

The transcript of the oral argument held before Your Honor on May 19, 2026 is referenced as an attachment to the Order. We are filing the transcript on NYSCEF at the time of this submission.

Thank you for your attention to this matter which we sincerely hope is finally resolved.

Respectfully yours,

John Giardino

cc: All counsel of record via Email

At an IAS Part 61 of the Supreme Court of the State of New York, held in and for the County of New York, at the New York County Court House, 60 Centre Street, New York, New York, on the _ day of June 2026.

P R E S E N T:

HON. NANCY M. BANNON,

Justice.

---

TETON LIFE, LLC, as Assignee of the Rights of Spin Capital, LLC,

Plaintiffs,

-against-

Index No. 650582/2022

GOLDEN FOOTHILL INSURANCE SERVICES, LLC, LIFE FACTOR II, LLC, LIFE SHARES II, LLC, EL DORADO HILLS INSURANCE SOLUTIONS, INC., LONE WOLF INSURANCE SERVICES, INC., ELDO INVESTMENTS, LLC, THE GENESIS LS FUND, LLC, KTL HOLDINGS, INC., ZURICH AMERICAN LIFE INSURANCE CO., ACCORDIA LIFE AND ANNUITY COMPANY, JOHN HANCOCK LIFE INSURANCE COMPANY, BRIGHTHOUSE LIFE INSURANCE CO., CAP FACTOR, LLC, STEFAN LEER, TATANISHA LEER, LIFE SHARES 1019, LLC, DRVN HOLDINGS, LLC,

Defendants

and

STEPHEN MARIK BROCKMAN, AARON DAVISON, NEILESH DESAI, JENNIFER PURSLEY, MICHAEL SCHWARTZ, SHEILA SCHWARTZ, THE CHARISSA & TONEY TRUST, THE CHARISSA TONEY LIVING TRUST, MATTHEW TROY, and AMERICAN RIVER AG, INC.,

Intervenor-Defendants.

---

**ORDER DIRECTING ENFORCEMENT OF SETTLEMENT AGREEMENT**

Defendant Cap Factor, LLC having moved by Notice of Cross-Motion dated May 1, 2026 for an order pursuant to CPLR § 2104:

A. enforcing the settlement reached at the settlement conference in open court on November 25, 2025,

B. granting to the Receiver, Fred Stevens, Esq., the authority to transfer title to the following Zurich Life Policies, which are the subject of the Settlement: Ronald Gresham [Policy No. 177947], Edward Kellar [Policy No. 170604], Jack & Leonora Perry [Policy No. 167060], Dorothy Sisam [Policy No. 172953], Edwin & Dorothy Sisam [Policy No. 172963],

C. Directing the Leer Entities (Golden Foothill Insurance Services LLC, Life Factor II LLC, Life Shares II LLC, El Dorado Hills Insurance Solutions, Inc., Lone Wolf Insurance Services, Inc., Eldo Investments, LLC, The Genesis LS Fund, LLC, KTL Holdings, Inc., Life Shares 1019, LLC, and DRVN Holdings, LLC) to deliver to the Receiver all documents relative to each of the Zurich Life Policies including, but not limited to, the policy, reports related to the policy, authorization executed by the insured, and premium notices; and

Intervenor-Defendants having moved by Notice of Cross-Motion dated May 1, 2026 for an order pursuant to CPLR § 2104:

A. enforcing the settlement reached at the settlement conference in open court on November 25, 2025,

B. declaring this action resolved in accordance with the settlement,

C. authorizing the Receiver to take all action and sign all documents necessary and sufficient to effectuate the settlement; and

Each of the Cross-Motions having duly come to be heard and a hearing having been held May 19, 2026 before Hon. Nancy M. Bannon, at which Cap Factor, LLC appeared

by Pryor Cashman LLP (John Giardino, Esq., of counsel), the Intervenor-Defendants appeared by Peter M. Levine, Esq., the Leer Entities appeared by Heskin & Proper, PLLC (Shane Heskin, Esq., of counsel), plaintiff Teton Life, LLC appeared by Amini LLC (Jeffrey Chubak, Esq., of counsel), defendant Zurich American Life Insurance Co. appeared by Carlton Fields, P.A. (Sibel Cagatay, Esq. and Irma Solares, Esq., of counsel), and defendant John Hancock Life Insurance Company having appeared by Kelley Drye & Warren LLP (Caitlin R. Hickey, Esq., of counsel); and

The Receiver having been present at the hearing; and

The Court having at the hearing granted each of the Cross-Motions and directed the submission of an order;

NOW, on reading and filing the Notice of Cross-Motion dated May 1, 2026 and the Affirmation of John Giardino dated May 1, 2026, submitted in support of the Cross-Motion filed by Cap Factor, LLC; and upon the Notice of Cross-Motion dated May 1, 2026, the Affirmation of Peter M. Levine dated May 1, 2026 and the exhibits thereto, the Memorandum of Law dated May 1, 2026, the Reply Affirmation of Peter M. Levine dated May 15, 2026 and the exhibits thereto, all submitted in support of the Cross-Motion filed by the Intervenor-Defendants; the Affirmation of Shane Heskin dated May 12, 2026 and the exhibits thereto, submitted in opposition to each of the Cross-Motions;

NOW, upon the aforesaid written submissions, the statements and arguments at the hearing May 19, 2026, the transcript of the hearing attached to this Order, and due deliberation having been had thereon, the Court makes the following findings and conclusions:

(a) By order of this Court, the parties convened in the Court House for a settlement conference September 29, 2025 in the presence of Commercial Division Law Clerk Federica Simonelli.

(b) At the September 29 settlement conference, the parties discussed a framework for allocating the assets at issue: the cash proceeds of the life policy issued by Brighthouse Financial Life Insurance Company and held by the Receiver in accounts at Wilmington Trust and Flagstar Bank (the "Receiver Bank Accounts"), the claim held by the Receiver with respect to the life policy issued by John Hancock Life Insurance Company, and the future death benefits from the Zurich Life Policies. Though they made progress, the parties did not reach a settlement.

(c) On November 25, 2025, again by order of this Court, the parties convened in the Court House for a second settlement conference, which again was conducted in the presence of Commercial Division Law Clerk Federica Simonelli. The Order scheduling the conference required those attending to have full settlement authority.

(d) Counsel for all parties appeared at the November 25, 2025 conference with full settlement authority. At the conclusion of the conference, counsel reported to the Court that a full settlement of all claims was reached.

(e) Counsel recited the specific terms to Law Clerk Simonelli for the purposes of memorializing the settlement.

(f) Counsel for the Intervenors, Peter M. Levine, repeated those final settlement terms as reported in the presence of all counsel to confirm he had transcribed them correctly. Nobody corrected Levine.

(g) With all counsel present at the counsel table in open court Ms. Simonelli transcribed by hand and read aloud the final settlement terms.

(h) At the conclusion of the conference, the Court memorialized the terms in a settlement memorandum dated November 25, 2025.

(i) The settlement memorandum includes all terms necessary and sufficient to conclude a settlement of this action.

(j) Plaintiff Teton Life, LLC, by Avrumi (Josh) Lubin, and defendant Cap Factor, LLC, by John Giardino, signed the settlement memorandum.

(k) Counsel for the Leer Entities did not sign the settlement memorandum for reasons deemed unjustified by this Court.

(l) Counsel for the Intervenors, Peter M. Levine, did not sign the settlement memorandum, because the motion by his clients to intervene had yet to be granted and his clients were not yet parties to this action.

(m) The Intervenors' motion to intervene was granted by Order dated December 15, 2025.

(n) Cap Factor, LLC and the Intervenor-Defendants have reached a settlement regarding the allocation of the proceeds Cap Factor will receive under the settlement made November 25, 2025.

(o) The Leer Entities and their counsel have no claim to the assets which are the subject of the aforementioned settlement.

(p) The settlement memorandum complies with the requirements of CPLR § 2014 for enforcement by the Court.

NOW, on motion by Pryor Cashman LLP, attorneys for Cap Factor, LLC, and on motion by Peter M. Levine, attorney for the Intervenor-Defendants, it is hereby ORDERED:

1. The Cross-Motion of Cap Factor, LLC is in all respects granted.

2. The Cross-Motion of the Intervenor-Defendants is in all respects granted.

3. The terms of settlement placed on the record at the settlement conference November 25, 2025 and as set forth in the settlement memorandum transcribed by the Court

are declared to be an enforceable contract binding upon plaintiff Teton Life, LLC, defendant Cap Factor, LLC, and each of the Leer Entities.

4. All causes of action as to defendant Stefan Leer are severed pursuant to CPLR § 603.

5. The stay imposed by Order dated January 15, 2026 as to all parties other than defendant Stefan Leer is vacated.

6. The Receiver is designated and appointed as the attorney-in-fact for each of the Leer Entities for the purpose of executing and delivering any or all papers or taking any other action necessary and sufficient to deliver, turnover, transfer, or convey all right, title, and interest in each of the Zurich Life Policies.

7. The Receiver is hereby authorized to deliver, turnover, transfer, or convey all right, title, and interest in each of the life policies that are the subject of the settlement memorandum.

8. The Receiver shall within two days of the service of this Order with notice of its entry deliver to Cap Factor, LLC $3.5 million from funds on deposit in the Receiver Bank Accounts, and the Receiver shall also deliver to Teton Life, LLC 100% of the remaining balance of the Receiver Bank Accounts, less allowed but unpaid fees and expenses of the Receiver and his firm (if any). Said deliveries shall be made by electronic funds transfer in accordance with the wire transfer instructions provided by counsel.

9. The Receiver shall within two business days of the service of this Order with notice of its entry execute and deliver to Zurich American Life Insurance Co. any documents necessary and sufficient to designate Teton Life, LLC as the irrevocable beneficiary of 100% of the proceeds of the Zurich Life Policies and to transfer ownership of said policies to Teton, free and clear of any collateral assignments or other competing claims concerning the Zurich Life Policies of which Zurich is aware.

10. All future death benefits paid on account of the Zurich Life Policies shall be paid to the Receiver and paid over by the Receiver as follows: Teton Life, LLC shall be entitled to sixty-five percent of the Net Death Benefits, and Cap Factor, LLC shall be entitled thirty-five percent balance of the Net Death Benefits. The "Net Death Benefit" of a particular Zurich Life Policy means the amount of death benefits paid to the Receiver on account of said policy, with interest, less premiums funded in respect of any said policy by Teton after the entry of this Order. Said payments shall be made by electronic funds transfer in accordance with the wire transfer instructions provided by counsel.

11. Cap Factor, LLC shall within two days of receiving any funds pursuant to this Order shall deliver to the Intervenor-Defendants the allocation of said funds reserved for them in that certain Settlement Term Sheet dated January 15, 2026. Said deliveries shall be made by electronic funds transfer in accordance with the wire transfer instructions provided by counsel.

12. The Leer Entities shall within 10 days of the service of this Order with notice of its entry, deliver to the Receiver all documents relative to each of the Zurich Life Policies including, but not limited to, the policy, reports related to the policy, authorizations executed by the insureds, and premium notices.

13. After the service of this Order with notice of its entry, Zurich American Life Insurance Co. shall transmit to each of the Receiver, Teton Life, LLC, and Cap Factor, LLC all invoices for premium payments due in respect of the Zurich Life Policies, as well as all other notices concerning any of the Zurich Life Policies.

14. Teton Life, LLC shall be responsible for funding all premium payments that come due after the entry of this Order, by paying said amounts to the Receiver at least two business days prior to the due date for paying same set forth in the invoice(s). In the event Teton fails to fund any premium payment due for any Zurich Life Policy and Cap Factor,

LLC elects to fund such premium payment, Cap Factor shall give Teton and the Receiver fourteen days' notice of Cap Factor's intention to make such payment, and if (a) such fourteen days elapse without Teton having made such payment and (b) Cap Factor makes such payment in its stead, the allocation of death benefits payable solely in respect of the policy on which Cap Factor makes premium payment shall be Cap Factor 65% and Teton 35%.

15. Within two business days of the service of this Order with notice of its entry, the Leer Entities shall dismiss the federal case pending in the United States District Court for the Southern District of New York, *Golden Foothill Insurance Services, LLC, et al. v. Spin Capital, LLC, et al.*, 24-cv-8515, as against Spin Capital LLC, BMF Advance LLC, Gavriel Isaacov, Avrumi (Josh) Lubin, and Yoel Getter a/k/a Joel Geta pursuant to Fed. R. Civ. P. 41(a), with prejudice. The Leer Entities shall have no obligation to dismiss the federal case as against Hi Bar Capital, LLC or Yisroel Herbst.

16. Effective upon the service of this of this Order with notice of its entry, Teton Life, LLC and Spin Capital LLC, on behalf of themselves, and any of their predecessors, successors, assigns, affiliates, parent companies, subsidiaries, and their past and present managers, directors, officers, employees, agents and/or representatives, hereby release and forever discharge each of the Leer Entities, Cap Factor, LLC, Zurich American Life Insurance Co., the Intervenor-Defendants, and each of their predecessors, successors, assigns, affiliates, parent companies, subsidiaries, and their past and present members, managers, directors, officers, attorneys, employees, agents and/or representatives, from any and all claims, actions, losses, damages, charges, complaints, liens, obligations, promises, agreements or causes of action of any nature, and for all liabilities and obligations of every kind or character, whether contractual or tort-based, known or unknown, fixed or contingent, arising out of the claims that are or could have been asserted in this action; provided, however, the foregoing release shall not become effective as to Life Shares1019, LLC until the full and final resolution of the

Receiver's claims and causes of action with respect to the life policy issued by John Hancock Life Insurance Company.

17. Effective upon the service of this of this Order with notice of its entry, Cap Factor, LLC, on behalf of itself, and any of its predecessors, successors, assigns, affiliates, parent companies, subsidiaries, and its past and present managers, directors, officers, employees, agents and/or representatives, hereby release and forever discharge each of the Leer Entities, Teton Life, LLC, Spin Capital, LLC, Zurich American Life Insurance Co., the Intervenor-Defendants, and each of their predecessors, successors, assigns, affiliates, parent companies, subsidiaries, and their past and present members, managers, directors, officers, attorneys, employees, agents and/or representatives, from any and all claims, actions, losses, damages, charges, complaints, liens, obligations, promises, agreements or causes of action of any nature, and for all liabilities and obligations of every kind or character, whether contractual or tort-based, known or unknown, fixed or contingent, arising out of the claims that are or could have been asserted in this action.

18. Effective upon the service of this of this Order with notice of its entry, the Leer Entities, on behalf of themselves, and any of their predecessors, successors, assigns, affiliates, parent companies, subsidiaries, and their past and present managers, directors, officers, employees, agents and/or representatives, hereby release and forever discharge each of Cap Factor, LLC, Teton Life, LLC, Spin Capital LLC, Cap Factor, LLC, Zurich American Life Insurance Co., the Intervenor-Defendants, and each of their predecessors, successors, assigns, affiliates, parent companies, subsidiaries, and their past and present members, managers, directors, officers, attorneys, employees, agents and/or representatives, from any and all claims, actions, losses, damages, charges, complaints, liens, obligations, promises, agreements or causes of action of any nature, and for all liabilities and obligations of every kind or character, whether contractual or tort-based, known or unknown, fixed or contingent,

arising out of the claims that are or could have been asserted in this action or in the aforesaid federal case. Nothing herein shall be construed to constitute a release by the Leer Entities of Hi Bar Capital, LLC or Yisroel Herbst.

19. Effective upon the service of this of this Order with notice of its entry, the Intervenor-Defendants, on behalf of themselves, and any of their predecessors, successors, assigns, affiliates, parent companies, subsidiaries, and its past and present managers, directors, officers, employees, agents and/or representatives, hereby release and forever discharge each of the Leer Entities, Teton Life, LLC, Spin Capital, LLC, Zurich American Life Insurance Co., Cap Factor, LLC, and each of their predecessors, successors, assigns, affiliates, parent companies, subsidiaries, and their past and present members, managers, directors, officers, attorneys, employees, agents and/or representatives, from any and all claims, actions, losses, damages, charges, complaints, liens, obligations, promises, agreements or causes of action of any nature, and for all liabilities and obligations of every kind or character, whether contractual or tort-based, known or unknown, fixed or contingent, arising out of the claims that are or could have been asserted in this action.

20. The forgoing constitutes the final Order of this Court and all causes of action, except those as to defendant Stefan Leer, are hereby dismissed with prejudice except as to the right of any party to seek enforcement of this Order.

21. This Court shall retain jurisdiction of this action to enforce the terms of this Order.

ENTER:

______________________________
Justice of the Supreme Court

# EXHIBIT C

Excerpts of two emails from Patricia A. Staiano, Esq. (counsel to the Chapter 11 Trustee) to Avrumi Lubin, October 29, 2026. Omitted text is marked [...]. The omitted portions concern other matters. The complete emails will be provided to the Court on request.

**Email 1 of 2**

From: Patricia A. Staiano <PStaiano@hlgslaw.com>
Sent: Thursday, October 29, 2026, 6:43 PM (Eastern)
To: Josh Lubin <josh@tetonfunding.com>; John C. Leininger <jcl@os.law>
Cc: ben@stanzialelaw.com; sam@wynwoodcapitalgroup.com; sol@wynwoodcapitalgroup.com; mmoloshok@hlgslaw.com; Isaac@gssservices.com; Jsturm@gssservices.com; ken@krbpllc.com; akelly@kbtlaw.com; dkasen@kasenlaw.com; michael.napoli@akerman.com; laura.taveras@akerman.com; abe@argylemgmt.com; pkrenicky@weirlawllp.com; rachel.wolf@usdoj.gov; kirsten.k.ardelean@usdoj.gov; Heidi.A.Feinman@usdoj.gov
Subject: Re: Bridgelink Deal - Participation Interests - Spin's counsel and ranch protection

[...] I will tell you that the Trustee and I spoke with the Receiver in NY today. He advises the policies are not at risk and I will engage with him to confirm in writing. We are speaking with the Johnson brothers' counsel tomorrow, will be speaking with counsel to Cap Factor tomorrow and then following up with Mr. Yitzachov's counsel.

**Email 2 of 2**

From: Patricia A. Staiano <PStaiano@hlgslaw.com>
Sent: Thursday, October 29, 2026, 9:37 PM (Eastern)
To: Josh Lubin <josh@tetonfunding.com>
Cc: jcl@os.law; FStevens@klestadt.com; ben@stanzialelaw.com; sam@wynwoodcapitalgroup.com; sol@wynwoodcapitalgroup.com; mmoloshok@hlgslaw.com; Isaac@gssservices.com; Jsturm@gssservices.com; ken@krbpllc.com; akelly@kbtlaw.com; dkasen@kasenlaw.com; michael.napoli@akerman.com; laura.taveras@akerman.com; abe@argylemgmt.com; pkrenicky@weirlawllp.com; Rachel.Wolf@usdoj.gov; Kirsten.K.Ardelean@usdoj.gov; Heidi.A.Feinman@usdoj.gov; jwurtzel@schlamstone.com; awping@schlamstone.com; jb@jsjb.law; alankartenlaw@gmail.com
Subject: Re: Bridgelink Deal - Participation Interests - Spin's counsel and ranch protection

[...] This is our last exchange. [...] We will engage with you in court from now on except to seek information from you in accordance with the court's October 23 order. You have been ordered to comply. [...] All settlements will be on notice to parties in the case. [...]

# EXHIBIT D

Email from Avrumi Lubin to counsel to the Chapter 11 Trustee, sent November 2, 2026 (Eastern), copying the Trustee and the Office of the United States Trustee

From: Josh Lubin <josh@tetonfunding.com>
Sent: Monday, November 2, 2026
To: Patricia A. Staiano <pstaiano@hlgslaw.com>
Cc: Matthew E. Moloshok <mmoloshok@hlgslaw.com>; Benjamin A. Stanziale, Jr. <ben@stanzialelaw.com>; Rachel.Wolf@usdoj.gov; Kirsten.K.Ardelean@usdoj.gov; Heidi.A.Feinman@usdoj.gov
Subject: Adv. 26-01494 - consent to hear Dkt. 25 paras. 3 and 2 (Teton Life) on November 10

Pat,

One yes-or-no question, so the Court can be told either way.

Will the Trustee consent to the Court hearing paragraph 3, and in the alternative paragraph 2 as it applies to Teton Life, LLC, of the proposed order submitted with my Rule 9023 motion (Dkt. 25) at the November 10, 2026, 1:00 PM Teton Life hearing, instead of December 3? Paragraph 3 concerns counsel for Teton Life, LLC. Paragraph 2 concerns notice and a court order before any disposition of a Teton Life, LLC claim or asset.

If yes, I will submit a consent order. If not, or if I do not hear back, I will file an application to shorten time today and note your position.

I write individually, for myself only.

Josh Lubin
(732) 608-4905
josh@tetonfunding.com

# EXHIBIT E

NYSCEF Doc. No. 1537 - Email chain dated November 1-2, 2026, between Avrumi Lubin and Patricia A. Staiano, Esq. (counsel to the Chapter 11 Trustee), filed November 3, 2026 as Exhibit A to NYSCEF Doc. No. 1536 (copy as submitted for filing)

Teton Life, LLC v. Golden Foothill Insurance Services, LLC, Index No. 650582/2022 (Sup. Ct. N.Y. County)

**Motion Seq. No. 054**

# EXHIBIT A

Email chain dated November 1–2, 2026 (12 pages)

to the letter of Avrumi Lubin to Hon. Nancy M. Bannon, J.S.C., dated November 3, 2026
*Teton Life LLC v Golden Foothill Ins. Servs., LLC, et al.*, Index No. 650582/2022

Copy printed from my mailbox, without changes.
Submitted only to show the exchange, not for the arguments in it.

---

**Subject:** Re: Teton Life LLC v. Golden Foothill, Index No. 650582/2022 — notice: order to show cause to be filed on NYSCEF today (A. Lubin, third-party defendant, pro se)

**Date:** Monday, November 2, 2026 at 6:04:56 PM Eastern Standard Time

**From:** Josh Lubin <josh@tetonfunding.com>

**To:** Patricia A. Staiano <pstaiano@hlgslaw.com>

**CC:** jwurtzel@schlamstone.com <jwurtzel@schlamstone.com>, awping@schlamstone.com <awping@schlamstone.com>, dgoldsmith@schlamstone.com <dgoldsmith@schlamstone.com>, jgiardino@pryorcashman.com <jgiardino@pryorcashman.com>, dpohlman@pryorcashman.com <dpohlman@pryorcashman.com>, chief@pmlevinelaw.com <chief@pmlevinelaw.com>, david@almeidalawgroup.com <david@almeidalawgroup.com>, shane@heskinproper.com <shane@heskinproper.com>, jgould@carltonfields.com <jgould@carltonfields.com>, scagatay@carltonfields.com <scagatay@carltonfields.com>, isolares@carltonfields.com <isolares@carltonfields.com>, chickey@kelleydrye.com <chickey@kelleydrye.com>, jmetzinger@kelleydrye.com <jmetzinger@kelleydrye.com>, fstevens@klestadt.com <fstevens@klestadt.com>, ben <ben@stanzialelaw.com>, Matthew E. Moloshok <mmoloshok@hlgslaw.com>, Rachel.Wolf@usdoj.gov <Rachel.Wolf@usdoj.gov>, Kirsten.K.Ardelean@usdoj.gov <Kirsten.K.Ardelean@usdoj.gov>, Heidi.A.Feinman@usdoj.gov <Heidi.A.Feinman@usdoj.gov>, emltrustee61@gmail.com <emltrustee61@gmail.com>, eml@trustesolutions.net <eml@trustesolutions.net>, phillip@thompsonburton.com <phillip@thompsonburton.com>, Josh Lubin <josh@spincapital.com>, Jerry Breslin <jerry@breslin.law>, alankartenlaw@gmail.com <alankartenlaw@gmail.com>, Alexander P. Wentworth-Ping <awping@schlamstone.com>, Giardino, John <jgiardino@pryorcashman.com>

**Priority:** High

**Attachments:** NYSCEF_0466_DECISION___ORDER_ON.pdf, 2026-11-02_Exhibit_A_TN_Order_NYSCEF1506_Extract.pdf

Ms. Staiano,

I disagree with your categorical assertion that I have no standing or interest in the New York litigation. My position is explained in my memorandum at NYSCEF 1514 and the proposed supplement lodged with my request for leave at NYSCEF 1530–1531.

Your account omits a material part of the procedural record.

**1. The court expressly clarified the dismissal.**

Justice Borrok's January 4, 2024 order states:

"The motion to dismiss the counterclaims was granted without prejudice and the intention was that the Defendants would be entitled to seek appropriate proportional discovery as to the underlying debt and, if appropriate, reassert counterclaims."

NYSCEF 466 at 2. Please address that clarification, rather than relying only on the earlier dismissal and subsequent withdrawal of the appeal. I am not claiming that the dismissed claims were automatically reinstated.

**2. Third-party defendants have participation rights under New York law.**

CPLR 1008 expressly gives a third-party defendant the rights of a party adverse to the other parties. In Houston Casualty Co. v. Cavan Corp. of NY, Inc., 158 A.D.3d 536, 539

(1st Dep't 2018), the First Department applied that statute to permit a third-party defendant to seek disposition of the plaintiff's claim against the third-party plaintiff.

I invoke that rule in asking Justice Bannon to determine my procedural rights in light of the complete record, including NYSCEF 466. The later orders also continue to identify me in the third-party caption, including NYSCEF 1363 and 1471. I do not suggest that a caption alone resolves the question.

**3. The proposed relief expressly concerns me personally.**

NYSCEF 1509 names me in paragraph 15, contains release language addressing past and present managers in paragraph 16, and proposes dismissal with prejudice of the remaining causes of action in paragraph 20. My request to be heard about provisions purporting to affect me personally is not a request to represent Teton Life or another entity.

Formal party status is also not the sole possible basis for seeking relief.
In Oppenheimer v. Westcott, 47 N.Y.2d 595, 602–603 (1979), the Court of Appeals recognized that an interested person need not have been an original party to seek appropriate relief under CPLR 5015. I cited that as an alternative procedural basis, not as an unlimited right to litigate other persons' claims.

**4. The court's supervisory authority over its receiver is a separate consideration.**

In Alexander v. Valumet Chocolate Co., 240 App. Div. 769, 770 (2d Dep't 1933), the court upheld an order requiring a receiver to account despite doubt about the applicant's standing. That authority concerns the court's power to supervise its own officer; it does not depend entirely on accepting my asserted party status.

Finally, paragraph 6 of the Tennessee order expressly leaves my New York party status, standing, and entitlement to participate for the New York Supreme Court to determine. I am asking that court to address those questions. I am not claiming that Tennessee decided them in my favor or displaced the New Jersey orders.

Please address these authorities and the January 4 clarification. If you maintain that a particular request in Motion 054 violates a New Jersey order, please identify the precise request and operative provision. That is a separate issue from your assertion that I have no interest or possible procedural basis to be heard in New York.

Avrumi "Josh" Lubin
In my individual capacity
732-608-4905
josh@tetonfunding.com

---

**From:** "Patricia A. Staiano" <PStaiano@hlgslaw.com>
**Date:** Monday, November 2, 2026 at 5:53 PM

**To:** Josh Lubin <josh@tetonfunding.com>
**Cc:** "jwurtzel@schlamstone.com" <jwurtzel@schlamstone.com>, "awping@schlamstone.com" <awping@schlamstone.com>, "dgoldsmith@schlamstone.com" <dgoldsmith@schlamstone.com>, "jgiardino@pryorcashman.com" <jgiardino@pryorcashman.com>, "dpohlman@pryorcashman.com" <dpohlman@pryorcashman.com>, "chief@pmlevinelaw.com" <chief@pmlevinelaw.com>, "david@almeidalawgroup.com" <david@almeidalawgroup.com>, "shane@heskinproper.com" <shane@heskinproper.com>, "jgould@carltonfields.com" <jgould@carltonfields.com>, "scagatay@carltonfields.com" <scagatay@carltonfields.com>, "isolares@carltonfields.com" <isolares@carltonfields.com>, "chickey@kelleydrye.com" <chickey@kelleydrye.com>, "jmetzinger@kelleydrye.com" <jmetzinger@kelleydrye.com>, "fstevens@klestadt.com" <fstevens@klestadt.com>, ben <ben@stanzialelaw.com>, "Matthew E. Moloshok" <mmoloshok@hlgslaw.com>, "Rachel.Wolf@usdoj.gov" <Rachel.Wolf@usdoj.gov>, "Kirsten.K.Ardelean@usdoj.gov" <Kirsten.K.Ardelean@usdoj.gov>, "Heidi.A.Feinman@usdoj.gov" <Heidi.A.Feinman@usdoj.gov>, "emltrustee61@gmail.com" <emltrustee61@gmail.com>, "eml@trustesolutions.net" <eml@trustesolutions.net>, "phillip@thompsonburton.com" <phillip@thompsonburton.com>, Josh Lubin <josh@spincapital.com>, Jerry Breslin <jerry@breslin.law>, "alankartenlaw@gmail.com" <alankartenlaw@gmail.com>, "Alexander P. Wentworth-Ping" <awping@schlamstone.com>, "Giardino, John" <jgiardino@pryorcashman.com>
**Subject:** RE: Teton Life LLC v. Golden Foothill, Index No. 650582/2022 — notice: order to show cause to be filed on NYSCEF today (A. Lubin, third-party defendant, pro se)

I refer to Mr. Karten's email of today at 5:36 pm.

Patricia A. Staiano, Esq.
Hellring Lindeman Goldstein & Siegal LLP
103 Eisenhower Parkway
Roseland, NJ 07068
T: +1.973.621.9020
D: +1.973.621.9330
F: +1.973.621.7406
pstaiano@hlgslaw.com

---

**From:** Patricia A. Staiano
**Sent:** Monday, November 2, 2026 5:52 PM
**To:** 'Josh Lubin' <josh@tetonfunding.com>
**Cc:** jwurtzel@schlamstone.com; awping@schlamstone.com; dgoldsmith@schlamstone.com; jgiardino@pryorcashman.com; dpohlman@pryorcashman.com; chief@pmlevinelaw.com; david@almeidalawgroup.com; shane@heskinproper.com; jgould@carltonfields.com; scagatay@carltonfields.com; isolares@carltonfields.com; chickey@kelleydrye.com; jmetzinger@kelleydrye.com; fstevens@klestadt.com; Ben <Ben@stanzialelaw.com>; Matthew E. Moloshok <MMoloshok@hlgslaw.com>; Rachel.Wolf@usdoj.gov; Kirsten.K.Ardelean@usdoj.gov; Heidi.A.Feinman@usdoj.gov; emltrustee61@gmail.com; eml@trustesolutions.net; phillip@thompsonburton.com; Josh Lubin <josh@spincapital.com>; Jerry Breslin <jerry@breslin.law>; alankartenlaw@gmail.com; Alexander P. Wentworth-Ping <awping@schlamstone.com>; Giardino, John

<jgiardino@pryorcashman.com>
**Subject:** RE: Teton Life LLC v. Golden Foothill, Index No. 650582/2022 — notice: order to show cause to be filed on NYSCEF today (A. Lubin, third-party defendant, pro se)

Mr. Lubin,

Please be advised:

You are neither a plaintiff nor a defendant in the New York State case. You were named individually as a third-party defendant in a counterclaim filed in that suit (docket no. 50). However, a motion to dismiss the counterclaim was granted (docket no. 261) and then appealed (docket 262). The appeal was later withdrawn on April 30, 2024. How are you a party and what is your standing or interest in the NY state litigation?

Patricia A. Staiano, Esq.
Hellring Lindeman Goldstein & Siegal LLP
103 Eisenhower Parkway
Roseland, NJ 07068
T: +1.973.621.9020
D: +1.973.621.9330
F: +1.973.621.7406
pstaiano@hlgslaw.com

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Monday, November 2, 2026 5:40 PM
**To:** Patricia A. Staiano <PStaiano@hlgslaw.com>
**Cc:** jwurtzel@schlamstone.com; awping@schlamstone.com; dgoldsmith@schlamstone.com; jgiardino@pryorcashman.com; dpohlman@pryorcashman.com; chief@pmlevinelaw.com; david@almeidalawgroup.com; shane@heskinproper.com; jgould@carltonfields.com; scagatay@carltonfields.com; isolares@carltonfields.com; chickey@kelleydrye.com; jmetzinger@kelleydrye.com; fstevens@klestadt.com; Ben <Ben@stanzialelaw.com>; Matthew E. Moloshok <MMoloshok@hlgslaw.com>; Rachel.Wolf@usdoj.gov; Kirsten.K.Ardelean@usdoj.gov; Heidi.A.Feinman@usdoj.gov; emltrustee61@gmail.com; eml@trustesolutions.net; phillip@thompsonburton.com; Josh Lubin <josh@spincapital.com>; Jerry Breslin <jerry@breslin.law>; alankartenlaw@gmail.com; Alexander P. Wentworth-Ping <awping@schlamstone.com>; Giardino, John <jgiardino@pryorcashman.com>
**Subject:** Re: Teton Life LLC v. Golden Foothill, Index No. 650582/2022 — notice: order to show cause to be filed on NYSCEF today (A. Lubin, third-party defendant, pro se)
**Importance:** High

Ms. Staiano,

I dispute your characterization of my application and your assertion that I am in contempt. I do not agree that withdrawal is required for the reasons stated in your email.

I am named as a third-party defendant in the New York record, and I maintain that I am

entitled to participate in my individual capacity. My procedural position is presented in the filed papers. Mr. Wentworth-Ping's characterization is not a judicial determination.

Attached is the Tennessee court's October 7 order, exactly as filed on NYSCEF as Document 1506. Paragraph 6 expressly provides:

"Nothing in this Order determines Movant's party status, standing, or entitlement to participate in the New York Action under New York procedure, all of which remain for the Supreme Court of the State of New York."

Justice Bannon therefore has that New York procedural question before her. I am not claiming that Tennessee already decided it in my favor.

The Tennessee order also reserves questions arising in my New Jersey bankruptcy and does not authorize me to represent any entity. I recognize those are separate issues. Motion 054 identifies me as the individual movant, and its proposed order expressly preserves the October 15 and October 23 New Jersey orders.

If you contend that particular relief requested in Motion 054 violates those orders, please identify the exact provision relied upon and the particular request or act you contend violates it. Your email's declaration of contempt is not a contempt determination by Judge O'Hagan. I reserve my right to respond through the proper judicial process.

I also require a direct explanation of your addition of Jerrell "Jerry" Breslin and Alan Karten, FVP's Florida counsel, to this correspondence. This is the second documented thread where you have added them:

1. On October 29 at approximately 9:37 p.m., you added both attorneys to "Bridgelink Deal – Participation Interests – Spin's counsel and ranch protection." Neither appeared on your 9:03 p.m. reply.
2. On November 2 at approximately 5:09 p.m., you added both attorneys to this New York thread when asserting contempt and demanding withdrawal of Motion 054. Neither appeared on the preceding November 1 exchange.

Please answer in writing:

1. Why were they added to each thread, and at whose request?
2. Are they participating solely as FVP's counsel, or have either been asked to assist the Trustee or your firm concerning Bridgelink, Teton Life, or Motion 054?
**3. Have FVP, Mr. Breslin, or Mr. Karten asserted any right to control, direct, or exercise my individual decision-making authority or the management or litigation authority of any Subject Entity? If so, please identify who asserted that right, the specific authority and entities involved, the claimed legal basis, and whether the Trustee or**

**your firm has accepted, relied upon, or acted on that assertion.**

4. Did either attorney or FVP request, contribute to, or otherwise participate in formulating the demand that I withdraw Motion 054? Please identify any nonprivileged involvement.
5. Is there any engagement, joint-representation arrangement, or other relationship concerning these matters beyond communications between the Trustee's counsel and counsel for a creditor? If so, please identify its nature and any applicable court disclosure.

These are requests for an explanation of their role and involvement, not a demand for privileged legal advice.

I ask the U.S. Trustee representatives copied here to review these two instances and the explanation provided, and determine whether further inquiry or disclosure concerning the Trustee's and counsel's independence or potential conflicts is warranted. Please acknowledge this request and advise whether supporting correspondence should be submitted separately.

My outstanding preservation request also remains: will the Trustee authorize Teton Life's New York counsel to seek appropriate stay modification and policy-preservation relief? If not, please state the Trustee's position and the protective course proposed instead.

Please provide a substantive written response. I reserve all rights, including for the November 10 hearing.

Avrumi "Josh" Lubin
In my individual capacity
732-608-4905
josh@tetonfunding.com

---

**From:** "Patricia A. Staiano" <pstaiano@hlgslaw.com>
**Date:** Monday, November 2, 2026 at 5:09 PM
**To:** Josh Lubin <josh@tetonfunding.com>
**Cc:** "jwurtzel@schlamstone.com" <jwurtzel@schlamstone.com>, "awping@schlamstone.com" <awping@schlamstone.com>, "dgoldsmith@schlamstone.com" <dgoldsmith@schlamstone.com>, "jgiardino@pryorcashman.com" <jgiardino@pryorcashman.com>, "dpohlman@pryorcashman.com" <dpohlman@pryorcashman.com>, "chief@pmlevinelaw.com" <chief@pmlevinelaw.com>, "david@almeidalawgroup.com" <david@almeidalawgroup.com>, "shane@heskinproper.com" <shane@heskinproper.com>, "jgould@carltonfields.com" <jgould@carltonfields.com>, "scagatay@carltonfields.com" <scagatay@carltonfields.com>, "isolares@carltonfields.com" <isolares@carltonfields.com>, "chickey@kelleydrye.com" <chickey@kelleydrye.com>, "jmetzinger@kelleydrye.com" <jmetzinger@kelleydrye.com>, "fstevens@klestadt.com" <fstevens@klestadt.com>, ben <ben@stanzialelaw.com>, "Matthew E. Moloshok" <mmoloshok@hlgslaw.com>, "Rachel.Wolf@usdoj.gov" <Rachel.Wolf@usdoj.gov>,

"Kirsten.K.Ardelean@usdoj.gov" <Kirsten.K.Ardelean@usdoj.gov>, "Heidi.A.Feinman@usdoj.gov" <Heidi.A.Feinman@usdoj.gov>, "emltrustee61@gmail.com" <emltrustee61@gmail.com>, "eml@trustesolutions.net" <eml@trustesolutions.net>, "phillip@thompsonburton.com" <phillip@thompsonburton.com>, Josh Lubin <josh@spincapital.com>, Jerry Breslin <jerry@breslin.law>, "alankartenlaw@gmail.com" <alankartenlaw@gmail.com>, "Alexander P. Wentworth-Ping" <awping@schlamstone.com>, "Giardino, John" <jgiardino@pryorcashman.com>
**Subject:** RE: Teton Life LLC v. Golden Foothill, Index No. 650582/2022 — notice: order to show cause to be filed on NYSCEF today (A. Lubin, third-party defendant, pro se)

Mr. Lubin,

According to Mr. Wentworth-Ping, you are NOT a party to the New York State case. You are in violation of the October 15, 2026 Bankruptcy Court Order. Furthermore, the court CONFIRMED that it is the Trustee that has the sole authority to act in the stead of the DEBTOR (this means you, Mr. Lubin) as to any management and litigation decisions regarding the Subject Entites.

You are in contempt of the October 15 Order as it applies to Teton Life, LLC. Withdraw your pleading in the New York state action.

Patricia A. Staiano, Esq.
Hellring Lindeman Goldstein & Siegal LLP
103 Eisenhower Parkway
Roseland, NJ 07068
T: +1.973.621.9020
D: +1.973.621.9330
F: +1.973.621.7406
pstaiano@hlgslaw.com

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Sunday, November 1, 2026 6:26 PM
**To:** Patricia A. Staiano <PStaiano@hlgslaw.com>
**Cc:** jwurtzel@schlamstone.com; awping@schlamstone.com; dgoldsmith@schlamstone.com; jgiardino@pryorcashman.com; dpohlman@pryorcashman.com; chief@pmlevinelaw.com; david@almeidalawgroup.com; shane@heskinproper.com; jgould@carltonfields.com; scagatay@carltonfields.com; isolares@carltonfields.com; chickey@kelleydrye.com; jmetzinger@kelleydrye.com; fstevens@klestadt.com; Ben <Ben@stanzialelaw.com>; Matthew E. Moloshok <MMoloshok@hlgslaw.com>; Rachel.Wolf@usdoj.gov; Kirsten.K.Ardelean@usdoj.gov; Heidi.A.Feinman@usdoj.gov; emltrustee61@gmail.com; eml@trustesolutions.net; phillip@thompsonburton.com; Josh Lubin <josh@spincapital.com>
**Subject:** Re: Teton Life LLC v. Golden Foothill, Index No. 650582/2022 — notice: order to show cause to be filed on NYSCEF today (A. Lubin, third-party defendant, pro se)

Ms. Staiano,

The movant is me, Avrumi Lubin, personally and on my own behalf only, as a named third-party defendant in the New York action (CPLR 1008). I do not act for, or in the name of, Teton Life,

Spin Capital, or any other entity. The proposed order states that nothing in it affects the automatic stay in my Chapter 11 case or the October 15 and 23, 2026 orders in Adv. Pro. No. 26-01494 (NYSCEF 1515 ¶ 4).

Josh Lubin
(732) 608-4905
josh@tetonfunding.com

---

**From:** Patricia A. Staiano <PStaiano@hlgslaw.com>
**Sent:** Sunday, 01 November 2026 18:11:22
**To:** Josh Lubin <josh@tetonfunding.com>
**Cc:** jwurtzel@schlamstone.com <jwurtzel@schlamstone.com>; awping@schlamstone.com <awping@schlamstone.com>; dgoldsmith@schlamstone.com <dgoldsmith@schlamstone.com>; jgiardino@pryorcashman.com <jgiardino@pryorcashman.com>; dpohlman@pryorcashman.com <dpohlman@pryorcashman.com>; chief@pmlevinelaw.com <chief@pmlevinelaw.com>; david@almeidalawgroup.com <david@almeidalawgroup.com>; shane@heskinproper.com <shane@heskinproper.com>; jgould@carltonfields.com <jgould@carltonfields.com>; scagatay@carltonfields.com <scagatay@carltonfields.com>; isolares@carltonfields.com <isolares@carltonfields.com>; chickey@kelleydrye.com <chickey@kelleydrye.com>; jmetzinger@kelleydrye.com <jmetzinger@kelleydrye.com>; fstevens@klestadt.com <fstevens@klestadt.com>; ben <ben@stanzialelaw.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>; Rachel.Wolf@usdoj.gov <Rachel.Wolf@usdoj.gov>; Kirsten.K.Ardelean@usdoj.gov <Kirsten.K.Ardelean@usdoj.gov>; Heidi.A.Feinman@usdoj.gov <Heidi.A.Feinman@usdoj.gov>; emltrustee61@gmail.com <emltrustee61@gmail.com>; eml@trustesolutions.net <eml@trustesolutions.net>; phillip@thompsonburton.com <phillip@thompsonburton.com>; Josh Lubin <josh@spincapital.com>
**Subject:** Re: Teton Life LLC v. Golden Foothill, Index No. 650582/2022 — notice: order to show cause to be filed on NYSCEF today (A. Lubin, third-party defendant, pro se)

What have you done? Who is the "movant" in theses papers? Under what authority?

Patricia A. Staiano, Esq.
Hellring Lindeman Goldstein & Siegal LLP
103 Eisenhower Parkway
Roseland, NJ 07068
T: +1.973.621.9020
F: +1.973.621.7406
pstaiano@hlgslaw.com

On Nov 1, 2026, at 5:07 PM, Josh Lubin <josh@tetonfunding.com> wrote:

All,

Today at 4:58 PM I filed on NYSCEF, under Motion Seq. No. 054, a letter to Justice Bannon asking leave to file a short supplemental memorandum of law (NYSCEF 1530). The proposed supplement is attached to it as Exhibit 1, marked "PROPOSED" (NYSCEF 1531). It is not filed as an operative paper unless the Court grants leave.

Copies of both are attached.

Josh Lubin
(732) 608-4905
josh@tetonfunding.com

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Date:** Sunday, November 1, 2026 at 2:01 PM
**To:** "jwurtzel@schlamstone.com" <jwurtzel@schlamstone.com>, "awping@schlamstone.com" <awping@schlamstone.com>, "dgoldsmith@schlamstone.com" <dgoldsmith@schlamstone.com>, "jgiardino@pryorcashman.com" <jgiardino@pryorcashman.com>, "dpohlman@pryorcashman.com" <dpohlman@pryorcashman.com>, "chief@pmlevinelaw.com" <chief@pmlevinelaw.com>, "david@almeidalawgroup.com" <david@almeidalawgroup.com>, "shane@heskinproper.com" <shane@heskinproper.com>, "jgould@carltonfields.com" <jgould@carltonfields.com>, "scagatay@carltonfields.com" <scagatay@carltonfields.com>, "isolares@carltonfields.com" <isolares@carltonfields.com>, "chickey@kelleydrye.com" <chickey@kelleydrye.com>, "jmetzinger@kelleydrye.com" <jmetzinger@kelleydrye.com>, "fstevens@klestadt.com" <fstevens@klestadt.com>, ben <ben@stanzialelaw.com>, "Patricia A. Staiano" <pstaiano@hlgslaw.com>, "Matthew E. Moloshok" <mmoloshok@hlgslaw.com>, "rachel.wolf@usdoj.gov" <rachel.wolf@usdoj.gov>, "kirsten.k.ardelean@usdoj.gov" <kirsten.k.ardelean@usdoj.gov>, "heidi.a.feinman@usdoj.gov" <heidi.a.feinman@usdoj.gov>, "emltrustee61@gmail.com" <emltrustee61@gmail.com>, "eml@trustesolutions.net" <eml@trustesolutions.net>, "phillip@thompsonburton.com" <phillip@thompsonburton.com>
**Cc:** Josh Lubin <josh@spincapital.com>
**Subject:** Re: Teton Life LLC v. Golden Foothill, Index No. 650582/2022 — notice: order to show cause to be filed on NYSCEF today (A. Lubin, third-party defendant, pro se)

Counsel, Mr. Stevens, and the Trustees:

As I wrote earlier today, attached are complete copies of the papers I filed today on NYSCEF in the above action, as a third-party defendant appearing pro se:

NYSCEF 1510 — Letter to Justice Bannon (Commercial Division Rule 24)
NYSCEF 1511 — Proposed Order to Show Cause
NYSCEF 1512 — Affirmation of Avrumi Lubin
NYSCEF 1513 — Statement of Prior Applications (CPLR 2217[b])
NYSCEF 1514 — Memorandum of Law
NYSCEF 1515 — Proposed Order, with Schedules A and B
NYSCEF 1516–1527 — Exhibits A through L
NYSCEF 1528 — Index of Exhibits
NYSCEF 1529 — Certifications

Spin Capital, LLC is copied on this email at josh@spincapital.com.

I will tell you the date, time and place at which the Court will consider the application as soon as I learn it. I write only in my own name.

Avrumi (Josh) Lubin
Third-party defendant, pro se
605 West 42nd Street, New York, NY 10036
(732) 608-4905 · josh@tetonfunding.com

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Date:** Sunday, November 1, 2026 at 12:43 PM
**To:** "jwurtzel@schlamstone.com" <jwurtzel@schlamstone.com>, "awping@schlamstone.com" <awping@schlamstone.com>, "dgoldsmith@schlamstone.com" <dgoldsmith@schlamstone.com>, "jgiardino@pryorcashman.com" <jgiardino@pryorcashman.com>, "dpohlman@pryorcashman.com" <dpohlman@pryorcashman.com>, "chief@pmlevinelaw.com" <chief@pmlevinelaw.com>, "david@almeidalawgroup.com" <david@almeidalawgroup.com>, "shane@heskinproper.com" <shane@heskinproper.com>, "jgould@carltonfields.com" <jgould@carltonfields.com>, "scagatay@carltonfields.com" <scagatay@carltonfields.com>, "isolares@carltonfields.com" <isolares@carltonfields.com>, "chickey@kelleydrye.com" <chickey@kelleydrye.com>, "jmetzinger@kelleydrye.com" <jmetzinger@kelleydrye.com>, "fstevens@klestadt.com" <fstevens@klestadt.com>, ben <ben@stanzialelaw.com>, "Patricia A. Staiano" <pstaiano@hlgslaw.com>, "Matthew E. Moloshok" <mmoloshok@hlgslaw.com>, "rachel.wolf@usdoj.gov" <rachel.wolf@usdoj.gov>, "kirsten.k.ardelean@usdoj.gov" <kirsten.k.ardelean@usdoj.gov>,

"heidi.a.feinman@usdoj.gov" <heidi.a.feinman@usdoj.gov>,
"emltrustee61@gmail.com" <emltrustee61@gmail.com>,
"eml@trustesolutions.net" <eml@trustesolutions.net>,
"phillip@thompsonburton.com" <phillip@thompsonburton.com>
**Subject:** Teton Life LLC v. Golden Foothill, Index No. 650582/2022 — notice: order to show cause to be filed on NYSCEF today (A. Lubin, third-party defendant, pro se)

Counsel, Mr. Stevens, and the Trustees:

Please take notice that today, November 1, 2026, I will file on NYSCEF in the above action a proposed order to show cause (Motion Seq. No. 054), as a third-party defendant appearing pro se. Based on the Tennessee bankruptcy court's order of October 7, 2026 (NYSCEF 1506), it asks the Court:

(1) to modify its January 15, 2026 stay order (NYSCEF 999), as modified July 24, 2026, so that the action may proceed against the non-debtors, the stay remaining in effect as to Stefan Joseph Leer and property of his bankruptcy estate;

(2) to preserve the life insurance policies listed in the Receiver Order (NYSCEF 245) and in NYSCEF 1476; and

(3) to direct that the cross-motions at NYSCEF 1368 and 1383 not be granted, and the proposed order at NYSCEF 1509 not be signed, except on notice and an opportunity to be heard.

Pending the decision, the proposed order to show cause asks that the same stay change apply, and that NYSCEF 1509 not be signed and no action be taken on NYSCEF 1508 except on notice. Nothing in it affects my own Chapter 11 stay or the New Jersey bankruptcy court's orders.

Later today I will email you complete copies of all papers as filed, with their NYSCEF numbers. I will tell you the date, time and place at which the Court will consider the application as soon as I learn it. I write only in my own name.

Avrumi (Josh) Lubin
Third-party defendant, pro se
605 West 42nd Street, New York, NY 10036
(732) 608-4905 · josh@tetonfunding.com
<650582_2022_TETON_LIFE_LLC_as_Assi_v_TETON_LIFE_LLC_as_Assi_EXHIBIT_S__1531.pdf>
<650582_2022_TETON_LIFE_LLC_as_Assi_v_TETON_LIFE_LLC_as_Assi_LETTER___CORRESPOND_1530.pdf>

This email and its attachments may contain confidential and/or legally privileged information from the law firm of Hellring Lindeman Goldstein & Siegal LLP. This information is only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this email and attachments is strictly prohibited and those contents should be returned to this firm immediately. Although this email and its attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, no responsibility is accepted by Hellring Lindeman Goldstein & Siegal LLP for any loss or damage arising in any way from its use. This communication, including attachments and enclosures, is not intended to provide any tax advice, is not a substitute for a formal tax opinion, and is not sufficient to avoid tax-related penalties.

# EXHIBIT F

Letter of Matthew E. Moloshok, Esq., Hellring Lindeman Goldstein & Siegal LLP (counsel to the Chapter 11 Trustee), to Hon. Nancy M. Bannon, J.S.C., dated November 3, 2026 (enclosures omitted; they are Dkt. 5 and Dkt. 21 of this adversary proceeding)

Teton Life, LLC v. Golden Foothill Insurance Services, LLC, Index No. 650582/2022 (Sup. Ct. N.Y. County)

HL GS **Hellring Lindeman Goldstein & Siegal LLP**

COUNSELLORS AT LAW

BERNARD HELLRING (1916-1991)
MICHAEL EDELSON
ROBERT S. RAYMAR Δ
STEPHEN L. DREYFUSS Δ
PATRICIA A. STAIANO
SHERYL E. KOOMER
ERIC R. PERKINS
BRUCE S. ETTERMAN Δ
MATTHEW E. MOLOSHOK Δ
DAVID N. NARCISO Δ
CORINNE B. MALONEY Δ
CHRISTY L. SAALFELD Δ

Δ NJ & NY + FL

103 EISENHOWER PARKWAY
SUITE 403
ROSELAND, NEW JERSEY 07068-1031

T: +1.973.621.9020 | F: +1.973.621.7406
www.hlgslaw.com

JONATHAN L. GOLDSTEIN Δ +
SPECIAL COUNSEL

CHARLES ORANSKY Δ
ROBERT B. ROSEN Δ
JUDAH I. ELSTEIN Δ
JOHN A. ADLER Δ
OF COUNSEL

MARGARET DEE HELLRING (RET.)

November 3, 2026

By FedEx

Honorable Nancy M. Bannon
Justice of the Supreme Court
New York County Court House
60 Centre Street, Courtroom 232
New York, New York 10007

Re: Teton Life, LLC v. Golden Foothill Insurance Services
Index No.650582-2022

Dear Justice Bannon:

This firm represents Benjamin A. Stanziale, Jr., Chapter 11 Trustee ("Trustee") for Avrumi Lubin ("Debtor" or "Lubin"), which Chapter 11 case is pending in the United States Bankruptcy Court for the District of New Jersey, Case No. 26-17342(EJO). We write this letter to respectfully request the Court not consider or act on Lubin's Order to Show Cause filed November 1, 2026 (NYSCEF 1509 (the "OSC"), as the filing of same is violative of orders entered by the United States Bankruptcy Court for the District of New Jersey.

On October 15, 2026, the Trustee filed an Order to Show Cause and Verified Complaint seeking to extend the Debtor's bankruptcy proceeding to include certain entities (the "Subject Entities") in which the Debtor has an ownership interest, including Teton Life, LLC. Stanziale v. Lubin, et als., Adv. Pro. No. 26-01494 (EJO) (the "Adversary Proceeding"). On that same date, the Bankruptcy Court entered an Order To Show Cause with Temporary Relief (copy enclosed) providing for, inter alia, preliminary injunctive relief, pending further order of the Court to: (1) stay any litigation or enforcement of judgments against the Subject Entities; and (2) enjoin the Debtor (Lubin), and all persons and entities acting in concert with him, from taking action in the name of the Subject Entities (including Teton Life, LLC) or collect judgments in favor of the Subject Entities, and to confirm that the Trustee has sole authority to act in the stead of the Debtor (Lubin) as to any management and litigation decisions regarding the Subject Entities (including Teton Life, LLC). The Bankruptcy Court reconfirmed the Order on October 23, 2026 (copy enclosed) and the preliminary injunction remains in full force and effect. The October 23 Order is still in full force and effect as to Teton Life, LLC.

The Trustee respectfully submits that by filing his OSC on November 1, 2026, Debtor Lubin directly violated the October 15 and 23 Bankruptcy Court Orders. Lubin purports to have filed the OSC in his individual capacity. However, it is our understanding that all claims against Lubin were dismissed without prejudice and that he does not have a concrete personal interest (as opposed to an equity interest in one or more parties) at stake.

Indeed, the interest Lubin purportedly seeks to protect (his stake in Teton Life, LLC and the other Subject Entities) belongs now to his bankruptcy estate. All legal and equitable interests in property held by Lubin prior to the filing of his voluntary Chapter 11 petition now belong to his bankruptcy estate (11 U.S.C. §541) and being administered by the Trustee.

The Trustee has spoken with numerous counsel to both Teton Life, LLC and other parties, as well as the Receiver, and is in the process of determining a path forward in this case in his business judgment. Both the Bankruptcy Code and the Bankruptcy Court's Orders provide the Trustee with this ability to do so. Lubin's OSC completely ignores this construct.

The Trustee respectfully requests that the Court not entertain Debtor Lubin's OSC.

Respectfully submitted,

Matthew E. Moloshok

MEM:bml
Enclosures

cc: Benjamin A. Stanziale, Jr., Esq., Ch. 11 Trustee (by email)
Patricia A. Staiano, Esq. (by email)
Mr. Avrumi Lubin (by email)
*By email:*
Alexander Wentworth-Ping, Esq. - awping@schlamstone.com
John J. Giardino, Esq. - jgiardino@pryorcashman.com
Samuel A. Schwartz, Esq. - SASchwartz@nvfirm.com
Shane R. Heskin, Esq. - shane@heskinproper.com
Irma Reboso Solares, Esq. - isolares@carltonfields.com
Jaclyn M. Metzinger, Esq. - jmetzinger@kelleydrye.com
Fred Stevens, Esq. - fstevens@klestadt.com
Philip Young, Esq. - phillip@thompsonburton.com
Shane G. Ramsey, Esq. - shane.ramsey@nelsonmullins.com
Keith D. Slocum, Esq. - Keith@KeithSlocum.com

515179

# EXHIBIT G

NYSCEF Doc. No. 1536 - Letter of Avrumi Lubin to Hon. Nancy M. Bannon, J.S.C., dated November 3, 2026 (request for permission to respond, and response, to the Trustee's letter of November 3, 2026) (copy as submitted for filing; its Exhibit A is Exhibit E hereto)

Teton Life, LLC v. Golden Foothill Insurance Services, LLC, Index No. 650582/2022 (Sup. Ct. N.Y. County)

**Motion Seq. No. 054**

AVRUMI (JOSH) LUBIN
Third-Party Defendant, pro se
605 West 42nd Street, New York, New York 10036
(718) 570-3796 | josh@tetonfunding.com

November 3, 2026

**BY NYSCEF**
Hon. Nancy M. Bannon, J.S.C.
Supreme Court of the State of New York, Commercial Division, Part 61
60 Centre Street, Room 232
New York, New York 10007

Re: *Teton Life LLC v Golden Foothill Ins. Servs., LLC, et al.*, Index No. 650582/2022; Third-Party Index No. 595367/2022 — Motion Seq. No. 054 — request for permission to respond, and response, to the Chapter 11 Trustee's letter of November 3, 2026

Dear Justice Bannon:

I am third-party defendant Avrumi Lubin, pro se, writing in my own name only. Today, counsel for Benjamin A. Stanziale, Jr., the Chapter 11 trustee in my personal bankruptcy case (the "Trustee"), asked the Court not to consider my application. I respectfully request permission to respond briefly; my response follows so the Court can decide both at once. If the Court declines, I ask that it disregard the rest of this letter and not act on the Trustee's letter without first hearing from me as the Court directs.

The Trustee's letter cites "NYSCEF 1509." My application is the proposed order to show cause at NYSCEF 1511 (Motion Seq. No. 054). NYSCEF 1509 is a different paper, which I did not file.

**1. The orders bar me from acting for the Subject Entities, not from being heard for myself.** The Trustee represents my bankruptcy estate (11 U.S.C. § 323[a]). He does not represent me. The orders he encloses enjoin me from "taking actions in the name of the Subject Entities" and confirm his "sole authority to act in the stead of the Debtor as to any management and litigation decisions regarding the Subject Entities" (Adv. Pro. No. 26-01494, Oct. 15, 2026 order ¶ 2). The Trustee takes my place in decisions I would make for those entities. The orders do not put him in my place as a party to this action. I do not purport to act for Teton Life LLC or any other Subject Entity. I made this application "in my own name only" (NYSCEF 1512 ¶ 1), and the proposed order states that nothing in it affects my Chapter 11 stay or the October 15 and 23 orders (NYSCEF 1515 ¶ 4).

**2. No court has found a violation.** The Trustee says my application "directly violated" those orders. No court has so found. If the Trustee believes otherwise, he should raise it with the Bankruptcy Court, and I will answer there. The Trustee is asking this Court to do what the Bankruptcy Court did not do: stop me from being heard in my own name.

**3. I have a concrete personal stake.** I am a named third-party defendant (NYSCEF 50), with "the rights of a party adverse to the other parties in the action" (CPLR 1008). As the Trustee notes, the claims against me were dismissed without prejudice. They can be brought again. The proposed order at NYSCEF 1509 names me individually and would dispose of claims against me personally in a federal action (NYSCEF 1509 at 10, ¶ 15). I ask for notice and an opportunity to be heard before relief affecting me personally is granted. The Tennessee bankruptcy court left my "party status, standing, or entitlement to participate" here to this Court (NYSCEF 1506 at 6, ¶ 6). That question belongs on the papers, with any opposition — not in a letter asking the Court not to look.

**4. The relief protects the estate.** The Trustee does not say that anything I ask for would harm the estate. He objects only to who is asking. Item (2) asks this Court's own Receiver to preserve the policies, including by paying premiums from the funds he holds (NYSCEF 1515 ¶ 2). On August 31, 2026, Teton Life's counsel told this Court that, until the Receiver's authority over the additional policies is clear, "they remain exposed to lapses, surrender, assignment, or change of beneficiary" (NYSCEF 1476 at 4). The Trustee's letter does not mention the policies.

**5. The Trustee has not answered my repeated requests.** Since October 17, I have raised with the Trustee the need to protect the policies. On October 26, 28 and 29, and three times on November 2, I asked him in writing to authorize Teton Life's New York counsel to seek preservation relief and, on November 2, modification of the stay. One of those requests appears at Exhibit A, printed page 6 of 12 (PDF page 7). He has not given that authorization, and his counsel's replies do not identify a decision or any specific alternative protective measure. His letter says only that he "is in the process of determining a path forward." Exhibit A is offered only to show the exchange, not for its arguments; the other emails are available on request.

I ask the Court to decide my application on its merits, after any opposition. If the Court has any concern about the bankruptcy issue, I ask that it hold the application rather than decline it, for example until after the Bankruptcy Court's November 10, 2026 hearing as to Teton Life. I will follow any direction of this Court and of the Bankruptcy Court.

Part 61 Rule 8: two generative artificial-intelligence programs were used in preparing this letter — Claude (Anthropic PBC), which drafted it from my instructions and the documents cited, and ChatGPT (OpenAI), which was used to review the draft and suggest revisions; all generated text, including citations and quotations, was reviewed for accuracy and approved by me, the self-represented party. Exhibit A is an unchanged copy printed from my mailbox.

Respectfully,

/s/ Avrumi Lubin

________________________________

Avrumi (Josh) Lubin

Enclosure: Exhibit A (separate NYSCEF document)
cc: all counsel of record (by NYSCEF); by email, all copied on the Trustee's letter or NYSCEF 1530.

# EXHIBIT H

Emails of October 28, 2026 between Avrumi Lubin and Patricia A. Staiano, Esq. (counsel to the Chapter 11 Trustee), with others copied, in the chain "Re: Teton Life — written clarification of filing pause, claimed authority, and protective action" - pages 1-4 of a 25-page printout made November 3, 2026 from Avrumi Lubin's mailbox (the earlier emails in the chain, dated October 8-26, 2026, are omitted)

Adv. Pro. No. 26-01494 (EJO)

---

**Subject:** Re: Teton Life — written clarification of filing pause, claimed authority, and protective action
**Date:** Wednesday, October 28, 2026 at 11:20:24 PM Eastern Daylight Time
**From:** Josh Lubin <josh@tetonfunding.com>
**To:** Patricia A. Staiano <pstaiano@hlgslaw.com>
**CC:** Alexander P. Wentworth-Ping <awping@schlamstone.com>, Matthew E. Moloshok <mmoloshok@hlgslaw.com>, ben <ben@stanzialelaw.com>, fstevens@klestadt.com <fstevens@klestadt.com>, Joshua Wurtzel <jwurtzel@schlamstone.com>, Rachel Wolf <Rachel.Wolf@usdoj.gov>, Kirsten K. Ardelean <Kirsten.K.Ardelean@usdoj.gov>, Heidi A. Feinman <Heidi.A.Feinman@usdoj.gov>, John C. Leininger <jcl@os.law>, akelly@kbtlaw.com <akelly@kbtlaw.com>, michael.napoli@akerman.com <michael.napoli@akerman.com>, laura.taveras@akerman.com <laura.taveras@akerman.com>
**Priority:** High

Pat,
The noon deadline is my request. I said so in writing.
The carriers' grace and lapse deadlines are not mine. They do not pause for your investigation. An investigation does not pay a premium.
For the record, this is when the Trustee and the U.S. Trustee were put on written notice that these policies could lapse:

- August 26 — I copied Rachel and Kirsten on my "Action required today" email to the Receiver. It asked for carrier-confirmed grace, lapse and reinstatement status, the minimum payments needed to prevent lapse, and same-day status checks on three Zurich policies with premium dates of August 31, September 15 and September 30. I copied the U.S. Trustee because these policies may affect interests disclosed in my Chapter 11 case.
- September 29 — The day after our September 28 call, I sent Ben, you and Matt the Receiver's own emails showing these policies go into grace and lapse unless premiums are paid.
- October 8 — On this chain, to you, with Ben, Matt and the U.S. Trustee copied, I sent the 24 additional policies identified in Teton's August 31 letter (NYSCEF 1476), with $110.9 million in historical face amounts. I reported that Zurich verbally told me two $10 million policies had lapsed for nonpayment. I asked for carrier-confirmed premium and reinstatement deadlines.
- October 9 — I wrote that this could cause over $100 million in damages. You replied that the Trustee's charge is "to maximize assets for distribution to creditors." A lapsed policy does the opposite.
- October 26 — I asked the Trustee to authorize a preservation OSC and premium payments, and pointed to the $9.16 million in receivership funds at Wilmington Trust as of July 31.
- October 28 — No response. Then "self-created deadlines."

Since the October 15 and October 23 orders the Trustee obtained, I am restrained as to Teton Life. On October 13, Teton's counsel wrote that it will take direction from whoever has

authority to direct Teton. That is not me.
If the Trustee says he lacks authority to protect these policies, say so in writing and name who has it.
Otherwise, please state in writing:

1. Every carrier inquiry, premium payment or reinstatement step the Trustee has authorized since October 8.
2. Who is responsible for it now.

I will keep cooperating with the Trustee's requests. If you contend one is outstanding, list it and I will answer in writing.
Reinstatement windows close. Any loss from a lapse after these dates came after written notice to the estate's fiduciary and the U.S. Trustee. I reserve all rights, including to put this record before Judge O'Hagan.
Josh Lubin
732-608-4905

---

**From:** Patricia A. Staiano <PStaiano@hlgslaw.com>
**Sent:** Wednesday, 28 October 2026 22:50:49
**To:** Josh Lubin <josh@tetonfunding.com>
**Cc:** Alexander P. Wentworth-Ping <awping@schlamstone.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>; ben <ben@stanzialelaw.com>; fstevens@klestadt.com <fstevens@klestadt.com>; Joshua Wurtzel <jwurtzel@schlamstone.com>; Rachel Wolf <Rachel.Wolf@usdoj.gov>; Kirsten K. Ardelean <Kirsten.K.Ardelean@usdoj.gov>; Heidi A. Feinman <Heidi.A.Feinman@usdoj.gov>; John C. Leininger <jcl@os.law>; akelly@kbtlaw.com <akelly@kbtlaw.com>; michael.napoli@akerman.com <michael.napoli@akerman.com>; laura.taveras@akerman.com <laura.taveras@akerman.com>
**Subject:** Re: Teton Life — written clarification of filing pause, claimed authority, and protective action

Do what you will with your self-created deadlines. We are speaking with counsel and conducting our independent investigation. Your cooperation as to the Trustee's requests is mandatory.

Patricia A. Staiano, Esq.
Hellring Lindeman Goldstein & Siegal LLP
103 Eisenhower Parkway
Roseland, NJ 07068
T: +1.973.621.9020
F: +1.973.621.7406
pstaiano@hlgslaw.com

On Oct 28, 2026, at 10:35 PM, Josh Lubin <josh@tetonfunding.com> wrote:

Ben, Pat, Matt, Alex, Joshua, Fred, and counsel,

I am adding the lawyers copied on the latest Bridgelink chain so there is a shared written record of the outstanding requests for authority and protective action.

**I have received no response to my October 26 email below requesting written authorization and a concrete preservation plan for Teton Life. The requested October 27 response date has passed.**

I am concerned that the continuing delay may already be causing significant harm and creates a risk of irreparable loss through policy lapses, expired reinstatement opportunities, or dissipation of collateral and proceeds.

As previously reported, Zurich verbally advised me that two policies with $10 million face amounts had lapsed. Written carrier confirmation, current status, and any reinstatement deadlines remain essential. These face amounts are not a statement of established damages.

Attached are the following orders:

- **October 15, 2026 — New Jersey ECF 5:** Order to Show Cause with Temporary Relief, Adv. No. 26-01494-EJO.
- **October 23, 2026 — New Jersey ECF 21:** Order Granting Preliminary Injunction and Providing for Further Proceedings, Adv. No. 26-01494-EJO.
- **October 7, 2026 — Tennessee Doc. 109:** Order confirming the scope of and modifying the automatic stay as to nondebtor parties in the New York action, In re Stefan Joseph Leer, No. 3:26-bk-00149.

The October 23 New Jersey order continues the earlier restraints for Teton Life and separately addresses the other Subject Entities. Necessary preservation work needs a clear decision under those orders.

**The Tennessee order also needs to be addressed.** To the extent the Leer stay applies to nondebtor parties in the New York action, Doc. 109 modifies it to permit nondebtor proceedings and nondebtor branches of pending motions to proceed, subject to its express limitations. It leaves Justice Bannon to determine how and whether those proceedings continue and preserves the protections for Leer and property of his bankruptcy estate. It does not resolve authority in my New Jersey bankruptcy or override the subsequent New Jersey orders.

**Please provide a substantive written response by 12:00 noon Eastern on Thursday, October 29, 2026, addressing each of the following.**

**1. Teton Life — immediate preservation**

Will the Trustee give Alex and Joshua written authorization and direction to pursue the supported preservation relief requested in my October 26 email?

In light of Tennessee Doc. 109, please identify any remaining New York stay restriction and promptly seek the clarification or modification necessary from Justice Bannon, together with

any needed clarification or expansion of the Receiver's authority. Please expressly address Doc. 109 and its limitations in that request.

Please identify the responsible attorney and the proposed filing time. Also confirm who will obtain current carrier information and arrange authorized premium payments or feasible reinstatement.

**Protective steps already permitted should proceed immediately.**

**2. Bridgelink and Spin — completed and outstanding protective action**

I acknowledge Pat's conditional authorization for an emergency filing and her subsequent communications concerning counsel's engagement, the Trustee's signature, and retention approval.

Please identify what protective action has actually been completed, what remains outstanding, who is responsible, and the timetable.

If a lien or lis pendens has been recorded, provide the recording information. If a proposed step is unavailable, identify the alternative protection.

**3. Modification of the orders — authority to protect the entities**

Will the Trustee consent to and promptly seek expedited court modification restoring my authority to retain and instruct qualified, conflict-free counsel and make the management decisions necessary to preserve Teton Life's and the other Subject Entities' assets and claims?

The proposed relief should identify the permitted acts, funding arrangements, reporting requirements, and safeguards against unauthorized transfers, distributions, or settlements.

**I reserve my request for broader restoration of management rights.**

If the Trustee opposes even this limited relief, identify the specific objections, narrower language he would accept, and the immediate protection he will arrange instead.

Please identify any different treatment required for Teton Life, Spin Capital, Teton Funding, Teton Funding Group, or JL Special Investments. A general reference to unresolved control issues does not answer who will protect the assets and claims in the meantime.

The noon deadline is my requested time for a written position and concrete action plan. Any change to the court's restraints requires court approval. Necessary protective action should not wait for that deadline or for resolution of the broader control dispute.

I write individually, reserve all rights and objections, and am not purporting to direct counsel on behalf of an entity while restrained. Please keep privileged legal advice off this shared chain.

Josh Lubin
732-608-4905
josh@tetonfunding.com