UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

AVRUMI LUBIN
Defendant, pro se, individually
605 West 42nd Street
New York, New York 10036
Telephone: (718) 570-3796
josh@tetonfunding.com

Case No.: 26-17342 (EJO)

Adv. No.: 26-01494 (EJO)

In Re:
AVRUMI LUBIN a/k/a Josh Lubin
Debtor (Chapter 11)

Hearing Date: Nov. 10, 2026, 1 p.m.

Judge: Eamonn J. O'Hagan

BENJAMIN A. STANZIALE, JR.,
CHAPTER 11 TRUSTEE

Plaintiff(s)

v.
AVRUMI LUBIN; SPIN CAPITAL, LLC; TETON LIFE, LLC; TETON FUNDING, LLC; TETON FUNDING GROUP, LLC; JL SPECIAL INVESTMENTS, LLC

Defendant(s)

**ORDER**

A: TETON LIFE LITIGATION THROUGH COUNSEL - WITH CONDITIONS

The relief set forth on the following pages, numbered two (2) through 3, is **ORDERED**.

Upon the Verified Complaint [ECF No. 1] and the Order to Show Cause With Temporary Relief [ECF No. 5] (the "Order to Show Cause"), as they relate to Teton Life, LLC, which were bifurcated and continued to November 10, 2026 by the Order entered October 23, 2026 [ECF No. 21] (the "October 23 Order"); and the Court having considered the Response of defendant Avrumi Lubin (the "Debtor") as to Teton Life, LLC, the supporting Certification and Exhibits 1–3, the papers filed by the other parties, and the arguments of the parties; and for good cause shown; it is hereby ORDERED:

**Acceptance of response.** Upon a finding of excusable neglect under Fed. R. Bankr. P. 9006(b)(1)(B), and under D.N.J. LBR 1001-1(b), the Debtor's request for leave is granted and the time to file and serve this response and its supporting papers for the November 10, 2026 hearing is extended through November 5, 2026. Those papers are accepted for consideration. The Trustee and other affected parties may respond at the hearing and through any further submissions authorized by the Court.

**1. Scope.** This Order applies only to Teton Life, LLC. Paragraph (2) of the Order to Show Cause, as continued as to Teton Life by paragraph 3 of the Teton Life part of the October 23 Order, is modified only to the extent expressly provided below. The other provisions remain effective except as expressly stated here.

**2. Direction through licensed counsel.** Pending further order, the Debtor, acting only through licensed counsel of his selection for Teton Life, may direct the prosecution and defense of Teton Life's pending actions, including *Teton Life, LLC as Assignee of the Rights of Spin Capital, LLC v. Golden Foothill Insurance Services, LLC et al.*, Index No. 650582/2022 (Sup. Ct. N.Y. County), consistent with Section 2.08(d) of the Amended and Restated Limited Liability Company Operating Agreement dated August 13, 2025. Counsel may seek relief to preserve policies, proceeds, claims and records, protect deadlines, and oppose applications that would dispose of Teton Life's rights. Nothing here authorizes the Debtor to appear as counsel for Teton Life, lifts another court's stay, expands the New York Receiver's powers, or modifies an order of the appointing court. Any additional relief must be obtained from the court having jurisdiction.

**3. No settlement or disposition without approval.** No claim, right, policy interest, asset or proceeds of Teton Life may be settled, compromised, released, abandoned, sold, assigned, transferred, pledged, encumbered or otherwise disposed of, directly or indirectly, without an order of this Court. This includes consenting to entry of an order that would enforce a settlement or effect such a disposition. Approval shall be sought on at least twenty-one (21) days' notice to the Trustee, the United States Trustee, Teton Life's other member through counsel, and any additional persons required by applicable rules or directed by the Court, unless the Court shortens notice for cause.

The Debtor shall confer in good faith with the other member about any settlement opportunity. Consultation rights under the operating agreement are preserved. Court-authorized preservation payments under paragraph 4 are not prohibited by this paragraph.

**4. Custody and authorized expenses.** Nothing in this Order directs turnover of property held by the New York Receiver or alters existing receivership custody. This Order does not prohibit the Receiver from continuing payments already authorized by the appointing court, including authorized premiums and receivership expenses. Any recovery lawfully paid to Teton Life shall be maintained in a segregated account in its name. No distribution or disbursement from that account, including for premiums or legal expenses, may be made except under an order or budget approved by this Court. No money is released to the Debtor by this Order. Paragraph (3) of the Order to Show Cause otherwise remains effective as to Teton Life.

**5. Reports and court review.** The Debtor shall cause the Trustee's counsel to receive a copy of each paper filed for Teton Life in a pending action when filed, and a written report every thirty (30) days. The Trustee or other member may seek relief from this Court on notice, including expedited relief when warranted. An objection alone does not suspend an otherwise authorized litigation step; any additional stay or restriction requires a court order. This paragraph does not authorize a disposition prohibited by paragraph 3 or a disbursement prohibited by paragraph 4.

**6. Books and records.** Nothing in this Order affects paragraph (4) of the Order to Show Cause.

**7. Reservation.** This Order is an interim allocation of litigation-conduct responsibility only. It makes no determination regarding who holds the membership interest or management rights in Teton Life, the effect of Section 2.04(c) of the operating agreement, or any party's position on those questions; no concession on those issues is inferred from this Order. It decides no question of policy ownership, collateral priority, reimbursement entitlement or the validity of a settlement or release. Except as expressly stated here, the Order to Show Cause and October 23 Order remain effective as to Teton Life pending further order. All rights, remedies and defenses are preserved.