**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

FILED:BANKRUPTCY:NJ
2026 NOV 5 PM2:57:54

Caption in Compliance with D.N.J. LBR 9004-1(b)

Avrumi Lubin
Defendant, pro se, individually
605 West 42nd Street
New York, New York 10036
(718) 570-3796
josh@tetonfunding.com

Case No. 26-17342 (EJO)
Chapter 11
Adv. Pro. No. 26-01494 (EJO)
Judge: Eamonn J. O'Hagan, U.S.B.J.
Hearing: December 3, 2026, 10:00 a.m.
Interim scheduling ruling requested before November 9, 2026

---

In re AVRUMI LUBIN a/k/a Josh Lubin, Debtor.
BENJAMIN A. STANZIALE, JR., CHAPTER 11 TRUSTEE, Plaintiff,
v. AVRUMI LUBIN; SPIN CAPITAL, LLC; TETON LIFE, LLC; TETON FUNDING, LLC; TETON FUNDING GROUP, LLC; and JL SPECIAL INVESTMENTS, LLC, Defendants.

# CERTIFICATION OF AVRUMI LUBIN IN SUPPORT OF MOTION TO EXTEND RESPONSIVE-PLEADING DEADLINES

I, Avrumi Lubin, certify as follows:

## A. The deadline and my capacity

1. I am the debtor in Case No. 26-17342 and a defendant in this adversary proceeding. I make this certification on personal knowledge, except as otherwise stated, in my individual capacity only. I am not a lawyer, do not appear for any entity, and do not submit a responsive pleading for any entity.

2. Paragraph 5 of the October 23, 2026 Order states: "The Defendants shall file responsive pleadings to the Complaint and Order to Show Cause no later than November 9, 2026" (ECF No. 21 at 6, paragraph 5). The Order defines Defendants to include me and the five Subject Entities: Spin Capital, LLC, Teton Life, LLC, Teton Funding, LLC, Teton Funding Group, LLC, and JL Special Investments, LLC (id. at 2).

3. Paragraph 5 appears under the portion of the Order addressed to Subject Entities other than Teton Life. The Order separately bifurcates the Teton Life issues and sets them for November 10, 2026 at 1:00 p.m. (id. at 4-5). I include Teton Life in the requested complaint-response extension only to the extent paragraph 5 applies to it. I do not seek to postpone the November 10 hearing or its response requirements.

4. The October 23 Order also sets a hearing on continuation of preliminary injunctive relief and a pretrial hearing for December 17, 2026 at 2:00 p.m. (id. at 6, paragraphs 6-7). I do not ask to adjourn those hearings.

5. I submit this separate extension motion for filing on November 5, 2026, before November 9. My companion Supplemental Motion also requests related interim deadline protection and an extension for four Subject Entities. I do not state that either application has already been granted. An extension of time to appeal would not itself extend this responsive-pleading deadline.

**B. Requests for consent**

6. On October 25, 2026, I asked the Trustee and his counsel to consent to a 60-day extension of my November 9 deadline through January 8, 2027 and, as plaintiff, to request extensions for the entity defendants to obtain independent counsel and respond. I followed up on October 27. Counsel responded: "The Trustee does not consent." I renewed the requests on October 29. No agreement extending these deadlines has been reached.

7. On October 29, counsel also wrote: "We will engage with you in court from now on except to seek information from you in accordance with the court's October 23 order" (ECF No. 33-5 at 18, Exhibit C; see ECF No. 33-1 at 3, paragraph 7). I am therefore asking the Court to decide the scheduling request. I do not treat the absence of consent as an extension.

**C. Representation and the need for time**

8. Paragraph 2 of the October 23 Order preserves "the right to engage representation for himself and the Subject Entities in the current adversary proceeding" (ECF No. 21 at 5, paragraph 2). The Trustee is plaintiff; the Subject Entities are defendants. My request does not decide any dispute about their management or ownership.

9. I have been trying to obtain counsel for myself and for the Subject Entities since October 15, 2026. As of this certification, I have not retained counsel for myself. To my knowledge, no attorney has appeared for Spin Capital, LLC, Teton Funding, LLC, Teton Funding Group, LLC, or JL Special Investments, LLC in this adversary proceeding.

10. Mr. Yitzchakov has appeared through his own counsel concerning Teton Life. The October 23 Order describes an agreement by counsel to Teton Life. I dispute that his counsel was authorized to represent Teton Life, and I did not authorize counsel to represent it in this adversary proceeding. I do not ask the Court to decide that dispute on this scheduling motion.

11. I understand that a limited liability company must appear through licensed counsel and that I cannot file its Answer. The relief sought in the Verified Complaint directly affects me, my estate, and my asserted interests in the Subject Entities. A default against a co-defendant could affect those interests before the disputed issues receive adversarial presentation.

12. The record involves disputed rights concerning the entities and persons outside this adversary. Teton Life has a co-owner; Franklin and FVP have asserted interests adverse to Spin; and third parties assert participation interests in certain Spin transactions. Those matters require counsel to

review multiple proceedings, contracts and orders. I do not ask this Court to resolve any of those merits questions on this motion.

13. The certification and exhibits submitted November 4 address these representation and preservation concerns (ECF Nos. 33-1 and 33-5). My related requests concerning the October 23 Order remain separate from the responsive pleadings required by paragraph 5. I need time to obtain counsel and prepare my own response; counsel retained for an entity would need time to review the record and answer for that entity.

**D. Relief requested and its limits**

14. I request January 8, 2027 for responses to the Verified Complaint and December 10, 2026 only for written responses concerning continuation of preliminary injunctive relief at the December 17 hearing. I request the latter date, rather than January 8, so that the December 17 hearing can proceed on written responses without an adjournment.

15. Because the noticed December 3 hearing on this motion occurs after November 9, I request an express interim scheduling order before November 9 for the Subject Entities covered by the request. I do not assume that my individual filing invokes an automatic extension for them. I request a separate ruling on my own deadline even if the Court declines the entity scheduling request.

16. Nothing in this motion excuses compliance with existing restraints, books-and-records requirements or other orders. It does not extend the November 10 Teton Life response requirements or excuse any lateness concerning that hearing. I reserve my claims, defenses and objections without asking to alter the injunction through this scheduling motion.

I certify under penalty of perjury under the laws of the United States of America (28 U.S.C. § 1746) that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: November 5, 2026
New York, New York

_______________________________

Avrumi Lubin
Defendant, pro se, individually
605 West 42nd Street
New York, New York 10036
(718) 570-3796
josh@tetonfunding.com