**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

FILED:BANKRUPTCY:NJ
2026 NOV 5 PM2:58:07

Caption in Compliance with D.N.J. LBR 9004-1(b)

Avrumi Lubin
Defendant, pro se, individually
605 West 42nd Street
New York, New York 10036
(718) 570-3796
josh@tetonfunding.com

Case No. 26-17342 (EJO)
Chapter 11
Adv. Pro. No. 26-01494 (EJO)
Judge: Eamonn J. O'Hagan, U.S.B.J.
Hearing: December 3, 2026, 10:00 a.m.
Interim scheduling ruling requested before November 9, 2026

In re AVRUMI LUBIN a/k/a Josh Lubin, Debtor.
BENJAMIN A. STANZIALE, JR., CHAPTER 11 TRUSTEE, Plaintiff,
v. AVRUMI LUBIN; SPIN CAPITAL, LLC; TETON LIFE, LLC; TETON FUNDING, LLC; TETON FUNDING GROUP, LLC; and JL SPECIAL INVESTMENTS, LLC, Defendants.

# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO EXTEND RESPONSIVE-PLEADING DEADLINES

Defendant Avrumi Lubin ("Movant"), appearing for himself only, requests a defined extension of the November 9, 2026 responsive-pleading deadline. He seeks an individual extension and asks the Court to set a coordinated schedule for the entity defendants by express order, not by treating him as their attorney. The request preserves all existing hearings and restraints. "Cert." refers to the accompanying Certification.

## I. A timely request permits a cause-based extension.

Rule 9006(b)(1)(A) authorizes the Court, for cause, to extend a court-ordered period on a request made before it expires, with or without a motion or notice. This motion is submitted before November 9 (Cert. paragraph 5). It seeks additional time for responsive pleadings, not an extension of the nonextendable periods under Rules 7052 or 9023 or the appeal period under Rule 8002. The predeadline request is governed by cause rather than the postdeadline excusable-neglect standard. Fed. R. Bankr. P. 9006(b)(1)(A)-(B).

Rule 7016(a) makes Civil Rule 16 applicable in this adversary proceeding. The Court retains scheduling authority, including authority to modify a schedule for good cause. Fed. R. Civ. P. 16(b)(4). That authority supplies a basis to consider a coordinated response schedule after notice; it does not permit Movant to represent the limited liability companies.

**II. Individual interim protection and entity protection must be distinguished.**

D.N.J. LBR 9013-6(a) provides an automatic extension for a qualifying timely motion, unless the Bankruptcy Code, Bankruptcy Rules, Local Rules or a court order provides otherwise. Movant invokes that protection for his own deadline in this Chapter 11 adversary proceeding. The noticed hearing is December 3. He asks the Court to confirm the applicable interim protection and, if necessary, enter an express interim extension for him before November 9.

The companies present a separate issue. Movant is not their lawyer and does not assume that his filing automatically extends their deadlines. He asks the Court itself, under Rules 9006 and 7016, to enter the proposed interim scheduling order expressly protecting the covered entity deadlines until this motion is decided. That limited order would prevent a default based solely on the November 9 date while leaving the merits and the Trustee's objections for decision. If the Court declines that request, it should still decide Movant's individual extension independently.

If an extension is denied, D.N.J. LBR 9013-6(b) provides, where applicable, until 5:00 p.m., prevailing Eastern Time, on the third business day after entry of the denial order to complete the act. The proposed interim order expressly supplies that period for a company whose interim extension the Court grants. Movant does not assert that this company protection arises without a court order.

**III. Cause exists for a defined extension, without an adjournment.**

**A. Representation and diligence.** Movant has been seeking counsel and requested consent on October 25, followed up on October 27, and renewed the request October 29 (Cert. paragraphs 6, 9). The Trustee refused consent. Movant now requests relief before expiration, rather than treating refusal or silence as permission. The October 23 Order expressly preserves his right to engage representation in this adversary (ECF No. 21 at 5, paragraph 2). Time is needed for counsel to review the disputed contracts, claims and proceedings.

Artificial entities ordinarily must appear in federal court through licensed counsel. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993). Movant does not seek an exception. His individual request concerns the effect of this proceeding on him and the practical ability to exercise the representation right reserved in the Order. He asks the Court to adjust the entity schedule, not to accept him as corporate counsel or to resolve the disputed authority of any lawyer concerning Teton Life.

**B. Merits-based determination.** The Third Circuit has "repeatedly stated [its] preference that cases be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984). That preference is not an automatic entitlement to more time. Here it supports a fixed schedule permitting meaningful responses to a complaint seeking relief affecting five nondebtor companies, while preserving the Court's existing protections and hearing dates.

**C. Prejudice and limits.** Movant recognizes that the Trustee does not consent and has an interest in prompt administration. He submits that existing restraints, an unchanged December 17 hearing, and a December 10 written-response date mitigate prejudice. The January 8 date concerns the complaint response only. The November 10 Teton Life hearing and its response requirements are expressly excluded. No settlement, transfer, release, management decision or other substantive relief is authorized by this motion.

**IV. Requested disposition.**

Movant asks for (1) January 8, 2027 for his complaint response; (2) December 10, 2026 for his written response concerning the December 17 injunction hearing; (3) express orders setting the same dates for Spin Capital, LLC; Teton Funding, LLC; Teton Funding Group, LLC; and JL Special Investments, LLC, and Teton Life, LLC, only to the extent paragraph 5 of the October 23 Order applies to it; and (4) an interim scheduling ruling before November 9 pending the December 3 hearing on this motion. If the Court finds entity-wide relief unavailable on his individual application, it should grant any warranted individual relief and set the entity schedule as it finds appropriate after notice. All substantive disputes remain reserved.

Dated: November 5, 2026
New York, New York

______________________________

Avrumi Lubin
Defendant, pro se, individually
605 West 42nd Street
New York, New York 10036
(718) 570-3796
josh@tetonfunding.com