[PROPOSED]

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

AVRUMI LUBIN
Defendant, pro se, individually
605 West 42nd Street
New York, New York 10036
Telephone: (718) 570-3796
josh@tetonfunding.com

Case No.: 26-17342 (EJO)

Adv. No.: 26-01494 (EJO)

In Re:
AVRUMI LUBIN a/k/a Josh Lubin
Debtor (Chapter 11)

Hearing Date: Dec. 3, 2026, 10 a.m.

Judge: Eamonn J. O'Hagan

BENJAMIN A. STANZIALE, JR.,
CHAPTER 11 TRUSTEE

Plaintiff(s)

v.

AVRUMI LUBIN; SPIN CAPITAL, LLC; TETON LIFE, LLC; TETON FUNDING, LLC; TETON FUNDING GROUP, LLC; JL SPECIAL INVESTMENTS, LLC

Defendant(s)

**ORDER**

EXTENDING RESPONSE DEADLINES UNDER ECF NO. 21

The relief set forth on the following pages, numbered two (2) through 2, is **ORDERED.**

 **[PROPOSED]**



---

Upon the motion of Defendant Avrumi Lubin, appearing pro se in his individual capacity, to extend the November 9, 2026 responsive-pleading deadline in paragraph 5 of the October 23, 2026 Order (ECF No. 21); the Court having considered the motion, supporting certification, memorandum, and any opposition; the request having been made before expiration; and for cause shown under Fed. R. Bankr. P. 9006(b)(1)(A) and 7016; it is ORDERED:

**1. Complaint responses.** Avrumi Lubin's time to file a responsive pleading to the Verified Complaint (ECF No. 1) is extended through January 8, 2027. By express order, the same deadline applies to Spin Capital, LLC; Teton Funding, LLC; Teton Funding Group, LLC; and JL Special Investments, LLC, and Teton Life, LLC, only to the extent paragraph 5 of the October 23 Order applies to it.

**2. December 17 hearing responses.** The time for each defendant covered by paragraph 1 to file a written response concerning continuation of preliminary injunctive relief at the December 17, 2026 hearing is extended through December 10, 2026. This paragraph concerns only that hearing and does not adjourn it.

**3. Interim period and default.** Movant's individual deadline was extended while his qualifying timely extension motion was pending under D.N.J. LBR 9013-6, subject to its exceptions. The Court expressly extends the covered entity deadlines from November 9 through the dates in paragraphs 1-2; this is not a finding that Movant's individual filing automatically extended the entities' deadlines. No default shall be sought or entered based solely on failure to respond by November 9 during the extensions granted here. This Order does not vacate any default already entered; any request to vacate an existing default must be separately presented.

**4. Preserved hearings and restraints.** Nothing in this Order postpones the November 10 Teton Life hearing, extends its response requirements, or excuses any lateness concerning that hearing. No hearing date, substantive restraint, injunction, ownership right or management right is altered. No period under Rules 7052, 9023 or 8002 is extended. All claims, defenses and objections remain reserved.

**5. Capacity and related requests.** Movant appears for himself only and is not authorized to represent an entity by this Order. The dates above govern the covered paragraph 5 responsive pleadings, notwithstanding any earlier interim extension. No other relief sought in the companion Supplemental Motion or separate Teton Life Response is decided here.

**6. Service.** Movant shall serve this Order by regular mail on the Plaintiff-Trustee and his counsel, the Office of the United States Trustee, all entity defendants, counsel to Gavriel Yitzchakov, and all other parties entitled to notice within three days of entry and shall file a certification stating the actual date and manner of service.