**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

Avrumi Lubin
Defendant, Pro Se, individually
605 West 42nd Street
New York, New York 10036
(718) 570-3796
josh@tetonfunding.com

Case No. 26-17342 (EJO)
Chapter 11
Adv. Pro. No. 26-01494 (EJO)
Judge: Eamonn J. O'Hagan, U.S.B.J.
Nov. 10, 2026, 1:00 p.m. requested only
Subject to an order shortening time
Otherwise: Dec. 3, 2026, 10:00 a.m.

In re AVRUMI LUBIN a/k/a Josh Lubin, Debtor.
BENJAMIN A. STANZIALE, JR., CHAPTER 11 TRUSTEE, Plaintiff,
v. AVRUMI LUBIN; SPIN CAPITAL, LLC; TETON LIFE, LLC; TETON FUNDING, LLC; TETON FUNDING GROUP, LLC; and JL SPECIAL INVESTMENTS, LLC, Defendants.

**CERTIFICATION OF AVRUMI LUBIN IN SUPPORT OF SUPPLEMENTAL MOTION TO MODIFY THE OCTOBER 23, 2026 ORDER (ECF NO. 21)**

I, Avrumi Lubin, certify as follows:

### A. Who I Am and What I Ask

1. I am the debtor in the Chapter 11 case and a defendant in this adversary proceeding. I make this certification in my individual capacity only, on personal knowledge, except where I state otherwise. I use the terms defined in the notice of motion. I reserve my objections to paragraph 2 of the October 23 Order and my appeal (ECF Nos. 24, 26). Nothing in this certification concedes that any right of a Subject Entity is property of this estate, or who may act for a Subject Entity.

2. My main requests do not ask that any authority be given to me. I ask that, while the ownership of these rights is in dispute, nothing be settled, and that a person chosen by the Court, with no ties to anyone on either side, act for Spin. I also ask that four Subject Entities not be defaulted, or bound by anyone's consent to the Verified Complaint, before counsel can answer for them, and that the Court confirm that the findings supporting the October 23 Order were preliminary. Only if the Court appoints no Independent Fiduciary do I ask, as a last alternative, for limited authority over Spin, through licensed counsel and with conditions (¶ 23 below). Apart from that, and the right that paragraph 2 of the October 23 Order preserves to engage representation for the Subject Entities in this adversary proceeding, in this supplemental motion I do not ask to act for any entity. My separate Response as to Teton Life, LLC addresses the requested authority concerning that company.

**B. The October 23 Order and the October 22 Hearing**

3. Paragraph 2 of the October 23 Order "CONFIRMED that the Trustee has the sole authority to act in the stead of the Debtor as to any management or litigation decisions regarding the Subject Entities, provided, however, that the Debtor shall retain the right to engage representation for himself and the Subject Entities in the current adversary proceeding" (ECF No. 21 at 5, ¶ 2). The Court found that "irreparable harm [may] result should the litigation impacting the Subject Entities progress without the Trustee's participation and/or yield unfavorable outcomes during this early state of the Trustee's investigation" (id. at 4, ¶ D), and that "the preliminary stay will protect the Debtor's estate and the subject entities from adverse rulings or collection activity during the Trustee's investigation" (id. at 4, ¶ F). As to Teton Life, LLC, the Order bifurcated the Trustee's requests, set them for hearing on November 10, 2026 at 1:00 p.m., continued the October 15, 2026 restraints "[p]ending further order of the Court," and preserved "[a]ll rights, remedies, and defenses as to Teton Life, LLC" (id. at 4–5).

4. At the October 22, 2026 hearing, the Trustee's counsel told the Court: "if Mr. Stanziale seeks to settle a matter, he's going to have to notice the Court and all parties. He's going to have to get Court approval. There are guardrails in this process and Mr. Lubin is going to have every right to speak and be heard on every application and motion that the Trustee raises" (Tr. 31:19–24). She also said: "Of course, we would retain special counsel in each case to prosecute actions that Mr. Stanziale believes have merit" (Tr. 31:15–17).

5. When I told the Court that other people participated in Spin's transactions (Tr. 40:4–41:3), the Court asked: "Have any of those parties come in to object to the relief that's being sought today? They haven't." (Tr. 41:4–6). I answered: "They're not aware of it." (Tr. 41:7). The Court said that it was entering relief so that the Trustee could "hit the pause button" (Tr. 41:21–24), that the relief was "all in the nature of just preliminary relief" (Tr. 42:3–4), and that I could "make whatever arguments you want that when we come back for a final hearing on these issues that this relief should not be made permanent" (Tr. 41:18–20). I told the Court that day: "if you want me to consent on all the entities that have individual trustees, I'll do that right now" (Tr. 42:10–11). The Court said: "Mr. Lubin, if there is going to be counsel hired for these entities, it will be by the Chapter 11 Trustee, not you" (Tr. 53:7–8). The written order entered the next day preserved my right to engage representation for the Subject Entities in this adversary proceeding (¶ 3 above).

**C. Spin's Participants, and My Own Connection**

6. Spin funded its merchant cash advance transactions largely with money from Participants, under participation or funding agreements. On October 7, 2026, eight days before this adversary proceeding was filed, I wrote to the Trustee's counsel that one Participant had "put money into Spin Capital's merchant cash advance deals as a 'participant,'" and that he "is also an investor in Spin's deals" (Exhibit 1, email 1). Beginning September 24, 2026, I shared folders from my OneDrive with the Trustee's counsel that hold Spin's books and deal records, and I have given the Trustee's counsel the Participants' information. I am not filing the Participants' names or their shares.

7. Under the January 12, 2022 funding agreement described in that email, I agreed to repay part of that Participant's unrecovered contributions if the agreement ends with a shortfall (§ 8.2). I disclosed it to the Trustee's counsel in that October 7 email. Because of that connection, I do not ask to decide any Participant question myself.

8. On October 9, 2026, the Trustee's counsel wrote to me: "The Teton entities, Spin and JL did not file bankruptcies," and "Trustees' constituents are creditors. Their charge is to maximize assets for distribution to creditors." (Exhibit 1, email 2). On October 27, 2026, she asked me about the Participant described in paragraph 6: "is he an owner, or a creditor of Spin? Is it an equity interest or a claim?" (Exhibit 1, email 3).

**D. The Three Largest Creditors, and Where Each Stands Against Spin**

9. The claims register attached to the Trustee's October 15, 2026 certification (ECF No. 3-6) lists seventeen claims totaling $27,470,101.20. The three largest are the Excell trustee's (Claim 17, $14,003,564.00), Franklin's (Claim 6, $6,367,888.74) and FVP's (Claim 5, $5,971,306.34). Together they total $26,342,759.08, about 96% of that register's total; Franklin and FVP alone hold about 45%. I dispute all three.

10. Each of the three is on the other side of Spin:

(a) The Excell trustee is the plaintiff against Spin, Hi Bar and me in *Mehdipour v. Hi Bar Capital, LLC*, Adv. No. 23-01132-EPK (Bankr. S.D. Fla.), in which post-trial briefing runs into 2027 (DE 500). She and Franklin have a written common-interest agreement effective March 7, 2023.

(b) Franklin holds a $5,400,000 judgment against Spin entered by the Oakland County, Michigan Circuit Court on April 1, 2025, which Spin has appealed (No. 379467). Franklin has claimed in other courts that Spin assigned it Spin's rights under Spin's agreements with Excell and its affiliates and, in a Broward County counterclaim that it later filed in the *Auto Wholesale of Boca* bankruptcy, that Spin assigned to Franklin "all Obligations, Merchant Documents, known and unknown claims, against the Debtor or This [sic] Parties" (*In re Auto Wholesale of Boca, LLC*, No. 22-15627-EPK (Bankr. S.D. Fla.), Dkt. 842, Ex. A ¶ 201).

(c) FVP holds an October 2025 judgment against me, which I have appealed. On FVP's applications, the Broward County court entered orders that "FORECLOSED" my transferable interests in Spin and Teton Funding, LLC (May 15, 2026; on appeal, No. 4D2026-1512); applied "all proceeds from any litigation in which Teton Funding, LLC is a party" to FVP's judgment and set aside transfers "from Spin Capital, LLC" to Teton Funding, LLC "to the extent necessary to satisfy the Final Judgment" (June 4, 2026); and charged my interest in Teton Life, LLC (June 11, 2026). I dispute those orders.

(d) In a July 2025 settlement agreement among FVP, Franklin and Hi Bar (filed in the main case at Dkt. 44-4, Ex. M, pp. 104–115), Hi Bar agreed to assign to FVP its rights arising from its October 27, 2021 contract with Excell and from *Hi Bar Capital LLC v. Excell Auto Group, Inc.*, Index No. 502846/2022 (Sup. Ct. Kings Cnty.) (¶ 8). In the Common Interest and Joint Litigation Agreement between Spin and Hi Bar, effective January 28, 2022, Hi Bar had already assigned to Spin "any and all Hi Bar Claims" (§ 2(a)), defined to include the claims Hi Bar may assert in that same Kings County case (Recitals A and F). The settlement agreement also states that "all claims of the FVP Parties and Franklin Parties against Lubin, Spin and Getter, including those claims which seek to pierce the corporate veil of Hi Bar with respect to such persons, remain unaffected and proceed to trial" (¶ 9(a)).

11. To my knowledge, no court has decided, in a ruling that binds Franklin, that Franklin owns any right of Spin beyond Spin's agreements with Excell and its affiliates. The Oakland County court held that Spin assigned "all of its right, title and interest under its agreements with Debtor," meaning Excell and two affiliates (Apr. 23, 2024 opinion at 5 & n.2), and that the assignment "clearly sweeps in the August 2021 transaction" (Mar. 12, 2025 findings at 20). In the Excell adversary, Judge Kimball said on September 17, 2026 that the court likely will find "that Hi Bar's payment to Spin to refinance the third Spin contract resulted in a valid refinancing of the third Spin contract by way of the Hi Bar contract" (Tr. 20:9–18), and he has ruled that his post-trial ruling "will not be binding on Franklin in any regard" (DE 496 ¶ 7). In the *Auto Wholesale of Boca* case, Judge Kimball wrote: "This Court cannot and will not decide whether the Common Interest Agreement was terminated and, ultimately, whether Mr. Lubin holds the rights of Hi Bar relating to the Net Proceeds" (No. 22-15627-EPK, Dkt. 952 at 7).

**E. Events Since October 23**

12. On October 27, 2026, the Trustee filed Adversary Proceeding No. 26-01532 in this Court "on behalf of Spin Capital, LLC" against Johnson River Ranch, Bridgelink Investments and Red Leaf Investments, concerning Spin's judgment in the Bridgelink transaction, which Participants largely funded. On October 29, 2026, the Trustee's counsel wrote: "All settlements will be on notice to parties in the case" (my November 4, 2026 Supplemental Certification ("Nov. 4 Supp. Cert."), Ex. C). The Participants are not parties in this case.

13. Twice, the Trustee's counsel added Mr. Breslin and Mr. Karten, FVP's counsel in Florida, to email threads with me about rights of a Subject Entity. On October 29, 2026, in the Bridgelink participation thread about Spin's judgment, her 6:43 p.m. email did not copy them, and her 9:37 p.m. email did (Nov. 4 Supp. Cert., Ex. C, emails 1 and 2). In the thread about Teton Life, LLC's New York case, her November 1, 2026 email at 6:11 p.m. did not copy them, and her November 2, 2026 email at 5:09 p.m. did (id., Ex. E, printed pages 6–8 of 12). That evening I asked her in writing to explain why she had added them. Her reply read, in full: "I refer to Mr. Karten's email of today at 5:36 pm." (id., Ex. E, printed pages 2–3 and 5 of 12).

14. A proposed order is pending before the New York court in *Teton Life, LLC v. Golden Foothill Insurance Services, LLC*, Index No. 650582/2022, that would declare a settlement binding on Teton Life, LLC, direct distribution of the Receiver's accounts, take releases from Teton Life, LLC and Spin, and dismiss their claims with prejudice (Nov. 4 Supp. Cert. ¶¶ 5, 11; Exs. A, B). On November 3, 2026, the Trustee's counsel asked the New York court to "not consider or act on" my application there, and wrote that the Trustee "is in the process of determining a path forward in this case in his business judgment" (id. ¶ 10; Ex. F).

15. On November 4, 2026, the Trustee's counsel replied to my November 3 email, which asked, among other things, whether Spin would respond to bond motions due November 4 and 5 in the involuntary bankruptcy cases against Cole and Cord Johnson in Texas. She wrote: "As you well know, John Leininger is representing the petitioning creditors with respect to the motion to dismiss. As you well know, there is no money in the estate to retain counsel to represent Spin in Texas." She also wrote: "As you well know, all settlements in bankruptcy are put out on notice and subject to court approval." (Exhibit 1, email 4.) To my knowledge, Mr. Leininger also represents Century Bank, another petitioning creditor in those cases. Spin and Teton Life, LLC have not filed for bankruptcy (see paragraph 8).

16. Since October 7, 2026, I have asked the Trustee in writing several times whether Franklin, FVP or anyone else has told him that it owns or controls any of these rights (see ECF No. 27 and its exhibits). I have not received a direct answer. On November 3, 2026, I asked the Trustee's counsel in writing to retain independent special counsel to address Franklin's claim and these conflicts. Her November 4 reply, quoted in paragraph 15, did not say whether he will, and I have received no other answer to that request. On November 4, 2026, I emailed the Trustee and his counsel my memorandum with Exhibits A-F and Teton Life counsel's filed August 31, 2026 letter (NYSCEF 1476) concerning additional policies. The email requested written responses and interim protections for Spin and Teton Life, including preservation measures and court-supervised handling of disputed rights. Sending that memorandum was not a court filing and did not itself extend any court deadline. I do not treat the absence of an immediate response as consent.

**F. The November 9 Deadline in Paragraph 5**

17. Paragraph 5 of the October 23 Order provides: "The Defendants shall file responsive pleadings to the Complaint and Order to Show Cause no later than November 9, 2026" (ECF No. 21 at 6, ¶ 5). It appears in the part of the Order that applies to the Subject Entities other than Teton Life, LLC (*id.* at 5). At the October 22 hearing, the Court stated that, for that relief, "the subject entities are specifically defined to not include Teton Life" (Tr. 65:5–6). Paragraphs 6 and 7 set a further hearing on the preliminary injunction and a pretrial hearing for December 17, 2026, at 2:00 p.m. (*id.* at 6, ¶¶ 6–7). Paragraph 2 preserves my right to engage representation for the Subject Entities in this adversary proceeding (¶ 3 above).

18. To my knowledge, no attorney has entered an appearance in this adversary proceeding for Spin, Teton Funding, LLC, Teton Funding Group, LLC or JL Special Investments, LLC. Holland & Knight LLP signed a stipulation here only for a Delaware limited liability company also named Spin Capital, LLC, which has been dismissed (ECF No. 34). I have not engaged counsel for these four entities, and I do not expect to be able to do so before November 9, 2026. One reason is the dispute over Spin's rights. In its Second Amended Counterclaims and Crossclaims in the Broward County action (October 28, 2024), Franklin pleaded that I was "an alter ego of Spin" (¶ 182) and that Spin "sold and assigned to Franklin all Obligations, Merchant Documents, known and unknown claims" (¶ 219). It made the same two allegations earlier, in its First Amended Counterclaims and Crossclaims (June 17, 2024) (¶¶ 168, 201). FVP holds the orders described in ¶ 10(c) above. Franklin and FVP are two of the three largest creditors in my case (¶ 9 above). A lawyer for Spin would have to take positions against them on these questions. On October 29, 2026, the Trustee's counsel wrote to me that I "created conflicts" and that this, with other matters, "is something the fiduciary has to try and fix" (Exhibit 1, email 5). I dispute that email's characterizations of me, including that I created these conflicts.

19. Before the October 22 hearing, I asked the Court for a court-directed process for independent defense counsel for the entities (ECF No. 10). At the hearing, the Court said that, as to the entities, "your ability to do that has been supplanted by the Chapter 11 Trustee" (Tr. 56:8–10). When I said that "the Chapter 11 Trustee has a fiduciary duty to protect those entities" and to defend them against the complaint he is pursuing (Tr. 56:11–16), the Trustee's counsel answered: "We do not. The Trustee is the plaintiff . . . ." (Tr. 56:17–18). I later asked who could respond to the complaint "on behalf of entities, in this case" (Tr. 59:12–14). On November 4, 2026, the Trustee's counsel wrote that "there is no money in the estate to retain counsel to represent Spin in Texas" (¶ 15 above).

**G. The Florida Verdict Forms and the Charging-Order Finding**

20. Whether Spin's corporate veil should be pierced was a question for the jury in the Broward County action, No. CACE 22-5125. The jury answered it on two verdict forms filed on October 6, 2025, one on FVP's claims and one on Franklin's. On both forms, the jury answered "Yes" to Question 1 (whether I dominated and controlled Spin "such that Spin Capital's separate identity was not sufficiently maintained") and to Question 2 (whether Spin "lacked an existence independent from Lubin"); "No" to Question 3 ("Was the corporate form of Spin Capital formed or used for a fraudulent or improper purpose?"); "Yes" to Question 4 (whether the plaintiffs were "harmed by the fraudulent or improper formation and use of the corporate form of Spin Capital"); and "No" to Question 5 (active participation). That section of each form ends with this instruction: "If you answered 'NO' to any of Questions 1-4 and 'NO' to Question 5, then Avrumi Josh Lubin is not liable." I filed those pages of both forms in this adversary proceeding on October 19, 2026 (ECF Nos. 12-6, 12-7).

21. In his letter of October 21, 2026, the Trustee argued that "the finding that Spin is under his domination and control made in the Florida Charging Order" should be given collateral-estoppel effect, and described my position in terms of whether "the issue of veil piercing was not an issue in the jury trial" (ECF No. 19 at 3, ¶ 6). At the October 22 hearing, the Court stated that "the Court in Florida has already found that Spin Capital and Teton Funding were under the complete dominion and control of the debtor who used the corporate forum to shield assets from creditors," citing the charging order (Tr. 63:20–25). That charging order is the May 15, 2026 order described in ¶ 10(c) above. It was entered on FVP's application about seven months after the verdict forms were filed.

**H. Timing**

22. The October 23 Order was entered on October 23, 2026. I submit this supplemental motion for filing on November 5, 2026. The events in paragraphs 12, 13 and 15, the November 3 letter described in paragraph 14, the October 27 email in paragraph 8, and my November 4 memorandum transmission described in paragraph 16 occurred after entry of the Order. On November 4, 2026, I filed an application asking that paragraph 3 of the proposed order submitted with ECF No. 25 (and paragraph 2 of it, as to Teton Life, LLC) be heard on November 10. I now ask the Court to set the hearing and briefing schedule for this supplemental motion; I do not state that the Court has already granted that request.

**I. A Last Alternative for Spin, and Separate Papers**

23. Paragraph 4 of my Supplemental Certification of November 4, 2026 described only paragraphs 2 and 3 of the proposed order submitted with ECF No. 25, which were the subject of my application of that date. In this motion I ask first for an Independent Fiduciary chosen by the Court. Only if the Court does not appoint one, I ask in the alternative that limited authority over Spin be restored to me, on the conditions in paragraph 3(B) of the proposed order. I would act only through licensed counsel. I do not ask to appear for Spin or any other entity.

24. I have prepared a separate Motion to Extend the November 9, 2026 Deadline to File Responsive Pleadings (Dkt. 21, ¶ 5) and my individual Response as to Teton Life, LLC for the November 10 hearing. I do not state in this certification that those papers have already been filed. The separate extension motion requests January 8, 2027 for responses to the Verified Complaint and December 10, 2026 for written responses concerning the December 17 hearing, for me and the Subject Entities to the extent paragraph 5 applies. It seeks an express interim ruling for the entities and does not postpone the November 10 hearing or its response requirements. Paragraph 7 of the proposed order accompanying this supplemental motion concerns four Subject Entities and requests December 17, 2026, or a later date the Court sets, as an alternative if the broader extension is not granted. Because November 9 precedes the requested hearing, I also request an express interim extension pending the Court's ruling. I make these requests in my individual capacity; I do not submit an Answer or appear as counsel for any entity.

25. I appear for myself only. I do not speak for any Subject Entity.

I certify under penalty of perjury under the laws of the United States of America (28 U.S.C. § 1746) that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: November 5, 2026
New York, New York

______________________________
Avrumi Lubin
Defendant, Pro Se, individually
605 West 42nd Street
New York, New York 10036
(718) 570-3796
josh@tetonfunding.com

# EXHIBIT 1

Five emails (excerpts of emails 1 to 4; email 5 in full): Avrumi Lubin to counsel to the Chapter 11 Trustee (October 7, 2026), and Patricia A. Staiano, Esq., counsel to the Chapter 11 Trustee, to Avrumi Lubin (October 9, October 27, November 4 and October 29, 2026)

Adv. Pro. No. 26-01494 (EJO)

**EXHIBIT 1**

Five emails (excerpts of emails 1 to 4; email 5 in full): Avrumi Lubin to counsel to the Chapter 11 Trustee (October 7, 2026), and Patricia A. Staiano, Esq., counsel to the Chapter 11 Trustee, to Avrumi Lubin (October 9, October 27, November 4 and October 29, 2026). Omitted text is marked [...]. The name and email address of the Participant described in paragraph 6 of the Certification, two other Participant email addresses, one percentage and one dollar amount are redacted and marked [redacted]. Email 5 is reproduced in full, except that its copy list, which includes non-parties' email addresses, is omitted. The other omitted portions concern other matters. The complete emails will be provided to the Court on request.

**Email 1 of 5**

From: Josh Lubin <josh@tetonfunding.com>
Sent: Wednesday, October 7, 2026, 5:03 PM (Eastern)
To: ben@stanzialelaw.com; pstaiano@hlgslaw.com; mmoloshok@hlgslaw.com
Subject: Lubin - amendment to Schedule E/F ([redacted] agreement)

Pat,

[...] Under a January 12, 2022 agreement, [redacted] put money into Spin Capital's merchant cash advance deals as a "participant." Under section 8.2, if the agreement ends and [redacted] has not recovered his contributions, I agreed to repay [redacted] of the shortfall, up to [redacted].

[...] [redacted] is also an investor in Spin's deals, so I will include him on the Spin creditor list Matt asked for on October 1. [...]

**Email 2 of 5**

From: Patricia A. Staiano <PStaiano@hlgslaw.com>
Sent: Friday, October 9, 2026, 8:14 PM (Eastern)
To: Josh Lubin <josh@tetonfunding.com>
Cc: jwurtzel@schlamstone.com; awping@schlamstone.com; scasey@sqcaseylaw.com; ben@stanzialelaw.com; mmoloshok@hlgslaw.com; Rachel.Wolf@usdoj.gov; Kirsten.K.Ardelean@usdoj.gov; Heidi.A.Feinman@usdoj.gov
Subject: Re: Teton Life — written clarification of filing pause, claimed authority, and protective action

[...] The Teton entities, Spin and JL did not file bankruptcies. We will be seeking authority from the court for the Trustee to act on their behalf but the Trustee does not have that authority at the present.

Moreover, Trustees' constituents are creditors. Their charge is to maximize assets for distribution to creditors. [...]

**Email 3 of 5**

From: Patricia A. Staiano <PStaiano@hlgslaw.com>
Sent: Tuesday, October 27, 2026, 8:32 PM (Eastern)
To: Josh Lubin <josh@tetonfunding.com>
Cc: mmoloshok@hlgslaw.com; ben@stanzialelaw.com; [redacted]; [redacted]; [redacted]; ken@krbpllc.com
Subject: Re: Lubin - amendment to Schedule E/F ([redacted] agreement)

You also characterize [redacted] has [sic] having a "claim" but is he an owner, or a creditor of Spin? Is it an equity interest or a claim?

**Email 4 of 5**

From: Patricia A. Staiano <PStaiano@hlgslaw.com>
Sent: Wednesday, November 4, 2026, 8:44 AM (Eastern)
To: Josh Lubin <josh@tetonfunding.com>
Cc: mmoloshok@hlgslaw.com; Rachel.Wolf@usdoj.gov; Kirsten.K.Ardelean@usdoj.gov; Heidi.A.Feinman@usdoj.gov; ben@stanzialelaw.com
Subject: Re: URGENT: Teton Life / Spin Capital: conflicts, Franklin's claim, and Spin's bond-motion deadlines (Nov 4 and 5)

As you well know, John Leininger is representing the petitioning creditors with respect to the motion to dismiss. As you well know, there is no money in the estate to retain counsel to represent Spin in Texas. Did you hire anyone before your bankruptcy? As you well know, all settlements in bankruptcy are put out on notice and subject to court approval. [...]

**Email 5 of 5**

From: Patricia A. Staiano <PStaiano@hlgslaw.com>
Sent: Thursday, October 29, 2026, 9:37 PM (Eastern)
To: Josh Lubin <josh@tetonfunding.com>
Cc: [list omitted; it includes the Trustee, his counsel, the Office of the United States Trustee and others]
Subject: Re: Bridgelink Deal – Participation Interests – Spin's counsel and ranch protection

As to substance, I know you are glad to have your audience. However, When you asked us to help you in landlord tenant court, you did not copy anyone for "purposes of transparency ". We are all here in this mess thanks to one person: Avrumi Lubin. That you created conflicts and created these litigation and appeal issues, risked your and your companies' assets, created emergencies and more is something the fiduciary has to try and fix. So forgive us if we do not believe in your legal acumen the way you do, even with Claude and AI. To be lectured about what a fiduciary should and should not do, by a person that at least two courts have found not to be credible, is rich. You have accused a sitting judge in Florida of entering a "fraudulent order" (certainly not the trustee's words) and criticized trustees in Florida, Tennessee and now New Jersey. Folks can come to their own conclusions.

This is our last exchange. You can load up our emails in the middle of the night all you like. We will engage with you in court from now on except to seek information from you in accordance with the court's October 23 order. You have been ordered to comply. We have serious work to do and need to speak with a lot of folks to try and figure out this mess. You are quite selective in who you want us to believe or even speak with. The Trustee, through his investigation, will draw his own conclusions. All settlements will be on notice to parties in the case. To that end, you told us you needed to amend your petition and schedules, as you have admitted they are incomplete. Please do so immediately.

Patricia A. Staiano, Esq.
Hellring Lindeman Goldstein & Siegal LLP
103 Eisenhower Parkway
Roseland, NJ 07068

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

FILED:BANKRUPTCY:NJ 2026 NOV 5 PM2:53:52

Caption in Compliance with D.N.J. LBR 9004-1(b)

Avrumi Lubin
Defendant, Pro Se, individually
605 West 42nd Street
New York, New York 10036
(718) 570-3796
josh@tetonfunding.com

Case No. 26-17342 (EJO)
Chapter 11
Adv. Pro. No. 26-01494 (EJO)
Judge: Eamonn J. O'Hagan, U.S.B.J.
Nov. 10, 2026, 1:00 p.m. requested only
Subject to an order shortening time
Otherwise: Dec. 3, 2026, 10:00 a.m.

In re AVRUMI LUBIN a/k/a Josh Lubin, Debtor.
BENJAMIN A. STANZIALE, JR., CHAPTER 11 TRUSTEE, Plaintiff,
v. AVRUMI LUBIN; SPIN CAPITAL, LLC; TETON LIFE, LLC; TETON FUNDING, LLC; TETON FUNDING GROUP, LLC; and JL SPECIAL INVESTMENTS, LLC, Defendants.

**NOTICE OF SUPPLEMENTAL MOTION TO MODIFY THE OCTOBER 23, 2026 ORDER (ECF NO. 21)**

PLEASE TAKE NOTICE that defendant Avrumi Lubin, appearing pro se in his individual capacity (the "Movant"), will move before the Honorable Eamonn J. O'Hagan, United States Bankruptcy Judge, at the United States Bankruptcy Court, Clarkson S. Fisher U.S. Courthouse, 402 East State Street, Trenton, New Jersey 08608, Courtroom 2, on Thursday, December 3, 2026 at 10:00 a.m., unless the Court sets an earlier date. The Movant requests November 10, 2026 at 1:00 p.m., with the hearing already set as to Teton Life, LLC, **only if the Court grants the accompanying application for an order shortening time**. The motion seeks an order under Fed. R. Bankr. P. 9023 and 7052 to the extent applicable, Rule 9006(b)(1), and alternatively Rule 7065 and the Court's continuing authority over its preliminary injunction, modifying the Order Granting Preliminary Injunction and Providing for Further Proceedings entered October 23, 2026 (ECF No. 21) (the "October 23 Order"), and the restraints it continued as to Teton Life, LLC, as follows, pending further order of the Court:

1. **No settlements.** No claim, judgment, right or asset of any Subject Entity will be settled, compromised, released, conceded, abandoned, assigned or sold, and no one will agree or stipulate, for a Subject Entity, as to who owns any of them. No one acting for a Subject Entity will consent to or support any order or agreement, in this Court or another court, that would settle, release or dismiss with prejudice a claim of that Subject Entity. Steps needed to preserve a deadline, a limitations period or collateral, and the prosecution and defense of pending cases, are not barred.

2. **An independent fiduciary for Spin, chosen by the Court.** The Court will appoint a disinterested person (the "Independent Fiduciary") to act for Spin in place of the Trustee under paragraph 2 of the October 23 Order. Any party in interest, including the United States Trustee and any Participant, may propose a candidate within fourteen days, and the Court will choose. The

Independent Fiduciary will have no connection to the Trustee or his professionals, Franklin, FVP, the Excell trustee, Hi Bar, any Participant or the Movant, and will not be paid from this estate. In the alternative, if the Court does not appoint an Independent Fiduciary for all of Spin, it will appoint one to act for Spin on the Conflict Matters.

*In the further alternative, if the Court appoints no Independent Fiduciary: limited authority restored to the Movant, with conditions.* The Movant may act for Spin, pending further order, only to (a) defend Spin's claims, judgments, rights and assets against any claim by Franklin, FVP, the Excell trustee or Hi Bar, or anyone claiming through any of them, to own, control or hold an interest superior to Spin's, and (b) take steps needed to preserve a deadline, a limitations period or collateral. The Movant would act only through licensed counsel and subject to the conditions in paragraph 3(B) of the proposed order.

3. **Spin kept separate.** Any recovery on a claim, judgment, right or asset of Spin will be held in a segregated account in Spin's name and will not be used to pay, reduce or settle a claim against the Debtor or his estate. No request to consolidate Spin with the Debtor's estate will be decided until the Participants and Spin's known creditors have received notice and an opportunity to be heard.

4. **Notice to Participants.** The Trustee will serve the order, the Verified Complaint and notice of the December 17, 2026 hearing on each Participant, at the names and addresses the Movant gives him, which will not be filed publicly.

5. **A short written statement.** Within twenty-one days, the Trustee will state in writing whether Franklin, FVP, the Excell trustee or Hi Bar, or anyone acting for any of them, has asserted to him that it owns, controls or holds an interest superior to a Subject Entity in any claim, judgment, right or asset of a Subject Entity, and how he proposes that any such assertion be resolved.

6. **No default or consent, and more time, for four Subject Entities.** As to Spin, Teton Funding, LLC, Teton Funding Group, LLC and JL Special Investments, LLC: no default will be requested or entered; no one acting for any of them will consent or stipulate, on its behalf, to any relief sought in the Verified Complaint; and their time to file a responsive pleading under paragraph 5 of the October 23 Order (now November 9, 2026) is extended to December 17, 2026, the date of the pretrial hearing, or a later date the Court sets.

7. **The findings are preliminary.** The findings made in support of the October 23 Order, including those stated on the record on October 22, 2026, were made for purposes of preliminary relief only. They are not binding at a trial on the merits, and they do not decide whether any Subject Entity is the Debtor's alter ego, whether any Subject Entity's corporate form was used to shield assets from creditors, or the effect of the Florida jury verdict forms filed on October 6, 2025 or of the Broward County order of May 15, 2026.

In this notice, the "Subject Entities" are as defined in the October 23 Order; "Franklin" means Franklin Capital Funding, LLC, Franklin Capital Group, LLC (later called Wing Lake), Franklin Capital Management, LLC and their affiliates; "FVP" means FVP Opportunity Fund III, LP and its affiliates; the "Excell trustee" means Nicole Testa Mehdipour, as chapter 7 trustee of Excell Auto Group, Inc.; "Hi Bar" means Hi Bar Capital, LLC; "Spin" means Spin Capital, LLC, a New Jersey limited liability company (see ECF No. 34); "Participants" means persons who invested in Spin's merchant cash advance transactions under participation or funding agreements; and "Conflict Matter" means (a) any claim by Franklin, FVP, the Excell trustee or Hi Bar, or anyone claiming through any of them, to own, control or hold an interest superior to Spin's in a claim, judgment, right or asset of Spin; (b) any question about a Participant's ownership of its share of a Spin transaction and its recoveries; (c) any use of a claim, judgment, right, asset or recovery of Spin to settle, reduce or pay a claim against the Debtor or his estate; and (d) Spin's pending cases in which Franklin, FVP or the Excell trustee is on the other side.

The motion does not ask the Court to decide who owns any right, what any Participant's interest is, the effect of any Florida verdict or order, or the Trustee's request for substantive consolidation. Except for the further alternative described after item 2, it does not ask that any authority be given to the Movant. It supplements the Movant's pending motion (ECF No. 25) and is submitted for filing on November 5, 2026, within fourteen days after entry of the October 23 Order and before November 9, 2026. The Movant has prepared a separate Response as to Teton Life, LLC for the November 10 hearing and a separate motion concerning the November 9 responsive-pleading deadline. That extension motion requests January 8, 2027 for responses to the Verified Complaint and December 10, 2026 for written responses concerning the December 17 hearing, for the Movant and the Subject Entities to the extent paragraph 5 applies, with an express interim ruling requested for the entities. The December 17 extension requested here is an alternative if the broader request is not granted. Neither request postpones the November 10 Teton Life hearing or its response requirements. This motion does not represent that either separate paper has already been filed, and it is not an Answer to the Verified Complaint.

PLEASE TAKE FURTHER NOTICE that the Movant relies on the accompanying Certification of Avrumi Lubin, with Exhibit 1; his Supplemental Certification dated November 4, 2026 (ECF No. 33-1) and its Exhibits A through H (ECF No. 33-5), filed with his application of that date; and the accompanying Memorandum of Law. Proposed orders are submitted. Unless the Court orders a different schedule, D.N.J. LBR 9013-2(a)(2) requires opposition to be filed and served not later than seven days before the noticed hearing, with time computed under Rule 9006(a). The requested November 9, 2026 noon objection deadline applies **only if ordered by the Court**. The Movant asks for prompt, express interim protection of the paragraph 5 responsive-pleading deadline before November 9, as explained in the Rider and Memorandum; requesting a November 10 hearing does not itself extend that deadline. The Movant appears for himself only and does not speak for any other defendant.

Dated: November 5, 2026
New York, New York

Avrumi Lubin
Defendant, Pro Se, individually
605 West 42nd Street
New York, New York 10036
(718) 570-3796
josh@tetonfunding.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

Avrumi Lubin
Defendant, Pro Se, individually
605 West 42nd Street
New York, New York 10036
(718) 570-3796
josh@tetonfunding.com

Case No. 26-17342 (EJO)
Chapter 11
Adv. Pro. No. 26-01494 (EJO)
Judge: Eamonn J. O'Hagan, U.S.B.J.
Nov. 10, 2026, 1:00 p.m. requested only
Subject to an order shortening time
Otherwise: Dec. 3, 2026, 10:00 a.m.

FILED: BANKRUPTCY: NJ
2026 NOV 5 PM 2:55:28

In re AVRUMI LUBIN a/k/a Josh Lubin, Debtor.
BENJAMIN A. STANZIALE, JR., CHAPTER 11 TRUSTEE, Plaintiff,
v. AVRUMI LUBIN; SPIN CAPITAL, LLC; TETON LIFE, LLC; TETON FUNDING, LLC; TETON FUNDING GROUP, LLC; and JL SPECIAL INVESTMENTS, LLC, Defendants.

# MEMORANDUM OF LAW IN SUPPORT OF SUPPLEMENTAL MOTION TO MODIFY THE OCTOBER 23, 2026 ORDER (ECF NO. 21)

## Preliminary Statement

The October 23 Order is, in the Court's words, a "pause button" while the Trustee investigates (Cert. ¶ 5). This motion asks the Court to keep it a pause for rights that are in dispute. The three creditors that hold about 96% of the claims listed in the October 15 register are each on the other side of Spin, and Spin's transactions were funded largely by Participants who are not parties here and have had no notice (Cert. ¶¶ 5–6, 9–11). The Trustee's constituents are, in his counsel's words, "creditors" (Cert. ¶ 8). On these questions, those creditors are on the other side of Spin. The Movant does not suggest bad faith by anyone. His primary request is for an independent fiduciary; only as a last alternative does he seek the limited authority over Spin described below. He asks that nothing be settled, released or conceded until the Court orders otherwise, and that a disinterested person chosen by the Court, not by any party, act for Spin. He also asks for two steps tied to the October 23 Order itself: that four Subject Entities for which no attorney has appeared in this adversary proceeding not be defaulted, or bound by anyone's consent, before someone can answer for them, with their November 9 deadline extended; and that the Court state that the findings supporting the Order were preliminary.

## I. Filing Time, Notice, and the Court's Authority to Modify Its Preliminary Injunction

The October 23 Order was entered on October 23, 2026. This supplemental motion is submitted for filing on November 5, 2026, within the fourteen-day filing periods under Rules 9023 and 7052, to the extent those rules apply. Under Rule 9006(a), the fourteenth day is November 6, 2026. Rule 9006(b)(2) does not permit extension of those filing periods. The accompanying application concerns shortened notice and scheduling only; it does not seek an extension of either filing period. A later hearing date does not itself make a timely filed motion late.

The November 10 hearing in ECF No. 21 is set as to Teton Life, LLC; it does not automatically schedule this supplemental motion. The Movant requests shortened notice under Rule 9006(c)(1) and D.N.J. LBR 9013-2(c). Unless the Court grants that request or directs otherwise, the noticed hearing for this motion is December 3, 2026 at 10:00 a.m. The requested November 9 noon opposition deadline is proposed only. This motion is not a substitute for the separately required responsive pleadings or a separate Teton Life response.

In the alternative, "a sound judicial discretion may call for the modification of the terms of an injunctive decree if the circumstances, whether of law or fact, obtaining at the time of its issuance have changed, or new ones have since arisen." *System Fed'n No. 91 v. Wright*, 364 U.S. 642, 647 (1961); *see* Fed. R. Bankr. P. 7065. The motion does not re-argue paragraph 2 of the October 23 Order (Cert. ¶¶ 1, 3). It raises what was not before the Court then: the Participants, who had no notice; the positions of this estate's three largest creditors against Spin; and the events since October 23 (Cert. ¶¶ 6–16). It also asks the Court to protect four entities for which, to the Movant's knowledge, no attorney has appeared in this adversary proceeding and which must respond by November 9, and to state that the findings supporting the October 23 Order were preliminary (Cert. ¶¶ 17–21).

If, after considering Rules 8002(b)(2) and 7062 and Civil Rule 62(d), the Court determines that a docketed and pending appeal prevents it from granting any requested relief, the Movant alternatively requests an indicative ruling under Rule 8008(a)(3) or (4).

**II. A Pause Should Not End in a Settlement**

"The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). The Court described its relief the same way: a "pause button," "all in the nature of just preliminary relief," entered to protect "the Debtor's estate and the subject entities from adverse rulings or collection activity during the Trustee's investigation" (Cert. ¶¶ 3, 5). A settlement, release or concession of a disputed right is the opposite of a pause. It is final, and the final hearing cannot undo it.

The Trustee's counsel told the Court that any settlement would need notice to "all parties" and Court approval, and later wrote that "[a]ll settlements will be on notice to parties in the case" (Cert. ¶¶ 4, 12). On November 4 she wrote that "all settlements in bankruptcy are put out on notice and subject to court approval" (Cert. ¶ 15). The October 23 Order does not say so. Spin is not a debtor (Cert. ¶ 8), so a compromise made for Spin may never come before this Court under Fed. R. Bankr. P. 9019, and Spin's Participants are not "parties in the case." Meanwhile, a proposed order in New York would take releases from Teton Life, LLC and Spin and dismiss their claims with prejudice, and the Trustee has told that court that he is "determining a path forward" (Cert. ¶ 14).

The Movant therefore asks for a plain rule: until the Court orders otherwise, no right of a Subject Entity is settled, released, conceded or given away (proposed order ¶ 2). The rule leaves room for everything a pause needs: preserving deadlines, collateral and limitations periods, and prosecuting and defending pending cases. A court in this District has attached conditions of this kind to a preliminary injunction that protected a non-debtor affiliate. *See In re G-I Holdings, Inc.*, 327 B.R. 730, 736 (Bankr. D.N.J. 2005) (describing a preliminary injunction that protected a non-debtor affiliate while requiring thirty days' notice to the asbestos claimants' committee before specified transactions). If a specific settlement is ever proposed, the Court can consider it then, on a motion to modify.

**III. On the Disputed Rights, the Trustee's Constituents Are on the Other Side of Spin**

*A. Whom the Trustee serves.* The Trustee's counsel has described his role: "Trustees' constituents are creditors. Their charge is to maximize assets for distribution to creditors." (Cert. ¶ 8.) That is a fair description of a trustee's role. It is also why the Trustee should not be the one to resolve Spin's disputed rights.

*B. The largest creditors are Spin's opponents.* The Excell trustee, Franklin and FVP hold about 96% of the claims (Cert. ¶ 9). The Excell trustee is suing Spin; Franklin holds a judgment against Spin and claims Spin's rights; FVP holds orders that reach value tied to Spin and, under its July 2025 settlement with Hi Bar, claims rights that Hi Bar had already assigned to Spin (Cert. ¶ 10). No court has decided those questions in a ruling that binds Franklin (Cert. ¶ 11). A concession of any of those claims for Spin, for example as part of a bargain that reduces claims against this estate, would move value from Spin to this estate's largest creditors. And on October 29 and November 2, the Trustee's counsel has added FVP's counsel to email threads with the Movant about rights of Spin and Teton Life, LLC (Cert. ¶ 13).

*C. The Participants.* The Movant contends that the Participants own their shares of the transactions they funded and of the recoveries on them, and that those shares are not available to this estate's creditors. Treating a Participant as anything less than an owner would move value from the Participants to Spin's other creditors, including Franklin, and to this estate's creditors. Yet the Trustee's counsel has asked whether a Participant is "an owner, or a creditor of Spin" (Cert. ¶ 8). And the Trustee's request for substantive consolidation would, if granted, pool Spin's assets with this estate's for the benefit of this estate's creditors.

*D. The Third Circuit's guidance.* In *In re BH & P Inc.*, 949 F.2d 1300 (3d Cir. 1991), one trustee served a corporation and its principals while the corporation had disputed claims against the principals' estates. The bankruptcy court's conflict finding "rested particularly on the disputed nature of the claims against [the principals] and the need for advocacy of competing interests," and, in converting the corporation's case, that court "recognized, as one ground for the conversion, the need for an independent fiduciary — a Chapter 7 trustee — to pursue the claims." *Id.* at 1313. The Third Circuit held that the court did not abuse its discretion in disqualifying the trustee from the

principals' cases. *Id.* at 1313–14. It also recognized that "[i]n some circumstances, the potential for conflict and the appearance of conflict *may*, without more, justify removing a trustee from service." *Id.* at 1313 (emphasis in original). The conflict here does not rest on imaginings. It rests on positions these creditors have taken in filed papers, and on events since October 23 (Cert. ¶¶ 10–14). Spin is not a debtor, and the Movant does not ask that the Trustee be removed or suggest bad faith. He asks for the step *BH & P* points to: an independent fiduciary for the side of the dispute that the Trustee's constituents oppose.

### IV. The Independent Fiduciary Should Be Chosen by the Court

A fiduciary chosen by a party whose constituents stand on one side of the dispute would not look independent. When the Code calls for a trustee in a Chapter 11 case, the United States trustee, "after consultation with parties in interest," appoints, "subject to the court's approval, one disinterested person." 11 U.S.C. § 1104(d). The same structure fits here: candidates proposed by any party in interest, including the United States Trustee and the Participants, and a choice by the Court. The fiduciary would not be paid from this estate. That matters: on November 4 the Trustee's counsel wrote that "there is no money in the estate to retain counsel to represent Spin in Texas," where, she wrote, counsel for the petitioning creditors is handling the motion to dismiss (Cert. ¶ 15). A fiduciary paid from Spin's own recoveries, or by Participants with no right to direct it, solves that problem at no cost to this estate. On October 22 the Movant offered to consent to separate trustees for the entities (Cert. ¶ 5). This request gives the Movant nothing: the Court, not the Movant, would choose the fiduciary. If the Court will not appoint a fiduciary for all of Spin, the Movant asks, in the alternative, for one limited to the Conflict Matters.

*A last alternative.* Only if the Court appoints no Independent Fiduciary does the Movant ask for limited authority over Spin (proposed order ¶ 3(B); Cert. ¶ 23). The further alternative is narrow. It restores no general management authority. It is limited to defending Spin against the competing ownership claims and to preserving deadlines, through licensed counsel. Nothing may be settled, recoveries stay segregated, the Trustee's counsel receives every filing and a monthly report, and the Trustee may object to any step, with the Court deciding. The Court keeps control at every step.

### V. Keeping Spin Separate, and Notice to the Participants

Holding Spin's recoveries in Spin's name, and deciding consolidation only after the Participants and Spin's creditors are heard, preserves the status quo the Court described. On October 22 the Court asked whether any of those parties had come in to object; they had not, and they were "not aware of it" (Cert. ¶ 5). Rule 9019(a) itself provides for notice of a compromise to "any other entity the court designates." Notice now lets the people whose shares are at stake be heard before anything affecting them is decided.

**VI. The Written Statement**

A Chapter 11 trustee must, "unless the court orders otherwise, furnish such information concerning the estate and the estate's administration as is requested by a party in interest." 11 U.S.C. §§ 704(a)(7), 1106(a)(1). Paragraph 6 of the proposed order asks for that information on one subject, and for the Trustee's own plan for resolving it.

**VII. No Default or Consent Before Anyone Answers for Four Entities**

Paragraph 5 of the October 23 Order requires responsive pleadings by November 9, 2026 (Cert. ¶ 17). An entity cannot answer for itself. "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel," and "the rationale for that rule applies equally to all artificial entities." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993). To the Movant's knowledge, no attorney has appeared in this adversary proceeding for Spin, Teton Funding, LLC, Teton Funding Group, LLC or JL Special Investments, LLC (Cert. ¶ 18). The Trustee is the plaintiff. When the Movant said that "the Chapter 11 Trustee has a fiduciary duty to protect those entities," the Trustee's counsel answered, "We do not. The Trustee is the plaintiff . . . ." (Cert. ¶ 19).

A default, or a consent to the Verified Complaint given for one of these entities before anyone independent has answered for it, could lead to a judgment against that entity without a hearing on the merits. The October 23 Order preserved the Debtor's right to "engage representation for himself and the Subject Entities in the current adversary proceeding" (Cert. ¶ 3). The time to use that right, or for the Independent Fiduciary, if one is appointed, to decide how Spin responds, is cause for an extension. Finding that counsel takes time: a lawyer for Spin would have to take positions against Franklin and FVP, two of this estate's largest creditors, which claim rights that Spin says are its own (Cert. ¶¶ 9–11, 18). The Movant makes this request as a co-defendant and as the person whose right paragraph 2 of the October 23 Order preserves. He does not appear for any entity.

The Court may extend a court-ordered period for cause when the request is made before it expires. Fed. R. Bankr. P. 9006(b)(1)(A). This request is submitted before November 9, 2026. Extending the four entities' response deadline to December 17, 2026, the date of the continued hearing and pretrial hearing set in the October 23 Order (Cert. ¶ 17), permits the Court to address representation and interim protection on its existing schedule (proposed order ¶ 7). The Movant has prepared a separate extension motion seeking January 8, 2027 for responses to the Verified Complaint and December 10, 2026 for written responses concerning the December 17 hearing, for himself and the Subject Entities to the extent paragraph 5 applies (Cert. ¶ 24). The December 17 extension requested here is an alternative if that broader request is not granted. Neither request postpones the November 10 Teton Life hearing or its response requirements. This request does not depend on a representation that the separate motion has already been filed.

November 9 comes before the requested November 10 hearing. The Movant therefore asks the Court to act on an interim basis before November 9 and expressly extend the four entities' responsive-pleading deadline pending its ruling on paragraph 7. D.N.J. LBR 9013-6 provides an automatic extension for qualifying timely extension motions, subject to its exceptions. Because the Movant appears individually, not as counsel for those entities, he requests an express ruling and does not assume that his application automatically protects them. The request concerns only paragraph 5's responsive-pleading deadline; it does not extend the filing periods under Rules 9023 or 7052. Neither the email to the Trustee nor the request for a November 10 hearing itself changes a deadline.

**VIII. The Findings Supporting the October 23 Order Are Preliminary**

To the extent Rule 7052 applies, a motion under Civil Rule 52(b) to amend or add findings must be filed within fourteen days after entry. This motion is submitted for filing on November 5, 2026, within that period measured from the October 23 Order. Alternatively, the Movant requests clarification of the limited effect of the preliminary findings under the Court's continuing authority over its injunction. In granting preliminary relief, the Court stated that "the Court in Florida has already found" that Spin and Teton Funding, LLC were under the Debtor's "complete dominion and control" and that the corporate form was used "to shield assets from creditors," citing the charging order (Cert. ¶ 21). The Trustee has asked the Court to give that finding collateral-estoppel effect (id.).

Whether Spin's corporate veil should be pierced was put to the Florida jury, and its answers do not all point one way. The jury answered "Yes" on domination and control and on harm, but "No" when asked whether Spin's corporate form was "formed or used for a fraudulent or improper purpose," and "No" on active participation. That section of each form ends with the instruction: "If you answered 'NO' to any of Questions 1-4 and 'NO' to Question 5, then Avrumi Josh Lubin is not liable" (Cert. ¶ 20; ECF Nos. 12-6, 12-7). The charging order came about seven months later, in post-judgment proceedings (Cert. ¶¶ 10(c), 21).

What effect the verdict and the later order should have is a question for the final hearing, on a full record. Preliminary relief does not decide it: "[T]he findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits." *Camenisch*, 451 U.S. at 395. The Movant asks only that the order say so (proposed order ¶ 8), so that the preliminary findings are not later treated as having decided alter ego, the use of any entity's corporate form, or the effect of the verdict forms or the May 15, 2026 order. He does not ask the Court to decide any of those questions now.

**Conclusion**

The Movant asks the Court to enter the proposed order and, if it grants shortened time, to hear this motion on November 10, 2026 at 1:00 p.m., with the hearing set as to Teton Life, LLC, or on another date it directs. Otherwise the noticed hearing date is December 3, 2026 at 10:00 a.m. The Movant separately requests an express interim extension before November 9, 2026 of the four entities' paragraph 5 response deadline pending determination of proposed paragraph 7. Any relief remains subject to the Court's authority and the conditional request under Rule 8008 stated above.

Dated: November 5, 2026
New York, New York

Avrumi Lubin
Defendant, Pro Se, Individually
605 West 42nd Street
New York, New York 10036
(718) 570-3796
josh@tetonfunding.com

[PROPOSED]

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

AVRUMI LUBIN
Defendant, pro se, individually
605 West 42nd Street
New York, New York 10036
Telephone: (718) 570-3796
josh@tetonfunding.com

Case No.: 26-17342 (EJO)

Adv. No.: 26-01494 (EJO)

In Re:
AVRUMI LUBIN a/k/a Josh Lubin
Debtor (Chapter 11)

Hearing Date: Dec. 3, 2026, 10 a.m.

Judge: Eamonn J. O'Hagan

BENJAMIN A. STANZIALE, JR.,
CHAPTER 11 TRUSTEE

Plaintiff(s)

v.
AVRUMI LUBIN; SPIN CAPITAL, LLC; TETON LIFE, LLC; TETON FUNDING, LLC; TETON FUNDING GROUP, LLC; JL SPECIAL INVESTMENTS, LLC

Defendant(s)

**ORDER**

SUPPLEMENTAL ORDER MODIFYING OCTOBER 23, 2026 ORDER (ECF NO. 21)

The relief set forth on the following pages, numbered two (2) through five (5), is **ORDERED**.

Upon the supplemental motion of defendant Avrumi Lubin, appearing pro se in his individual capacity (the "Movant"), under Fed. R. Bankr. P. 9023, 7052 and 9006(b)(1) and, alternatively, Fed. R. Bankr. P. 7065, to modify the Order Granting Preliminary Injunction and Providing for Further Proceedings entered October 23, 2026 (ECF No. 21) (the "October 23 Order"); and the Court having considered the motion, the Certification of Avrumi Lubin and its exhibit, the Supplemental Certification of Avrumi Lubin dated November 4, 2026 and its exhibits, the Memorandum of Law and any response; and for good cause shown; it is hereby ORDERED:

1. **Definitions.** The motion is GRANTED to the extent set forth below. In this Order, the "Trustee" is Plaintiff Benjamin A. Stanziale, Jr., Chapter 11 Trustee; the "Debtor" is Avrumi Lubin; the "Subject Entities" are as defined in the October 23 Order; "Franklin" means Franklin Capital Funding, LLC, Franklin Capital Group, LLC (later called Wing Lake), Franklin Capital Management, LLC and their affiliates; "FVP" means FVP Opportunity Fund III, LP and its affiliates; the "Excell trustee" means Nicole Testa Mehdipour, as chapter 7 trustee of Excell Auto Group, Inc.; "Hi Bar" means Hi Bar Capital, LLC; "Spin" means Spin Capital, LLC, a New Jersey limited liability company (see ECF No. 34); "Participants" means persons who invested in Spin's merchant cash advance transactions under participation or funding agreements; and "Conflict Matter" means (a) any claim by Franklin, FVP, the Excell trustee or Hi Bar, or anyone claiming through any of them, to own, control or hold an interest superior to Spin's in a claim, judgment, right or asset of Spin; (b) any question about a Participant's ownership of its share of a Spin transaction and its recoveries; (c) any use of a claim, judgment, right, asset or recovery of Spin to settle, reduce or pay a claim against the Debtor or his estate; and (d) Spin's pending cases in which Franklin, FVP or the Excell trustee is on the other side.

2. **No settlements.** Pending further order of this Court, no claim, judgment, right or asset of any Subject Entity shall be settled, compromised, released, conceded, abandoned, assigned or sold, and no person shall agree or stipulate, on behalf of a Subject Entity, as to who owns any such claim, judgment, right or asset. No person acting for a Subject Entity shall consent to or support the entry of any order, or enter into any agreement, in this Court or any other court, that would settle, release or dismiss with prejudice a claim of that Subject Entity. This paragraph applies to every Subject Entity, including Teton Life, LLC. It does not bar steps needed to preserve a deadline, a limitations period or collateral, or the prosecution and defense of pending actions.

3. **Independent Fiduciary.** The Court will appoint a disinterested person (the "Independent Fiduciary") to act for Spin in place of the Trustee under paragraph 2 of the October 23 Order. Within fourteen (14) days after entry of this Order, any party in interest, including the United States Trustee and any Participant, may file and serve the name and qualifications of a proposed candidate, and the Court will select the Independent Fiduciary. The Independent Fiduciary shall have no connection to the Trustee or his professionals, Franklin, FVP, the Excell trustee, Hi Bar, any Participant or the Movant. The Independent Fiduciary shall be compensated only from Spin's own recoveries, or from funds that a Participant or another person other than the Debtor's estate agrees to advance without any right to direct the Independent Fiduciary, in each case as this Court approves, and not from the Debtor's estate. Until the Independent Fiduciary is appointed, paragraph 2 of this Order governs.

*[Alternative paragraph 3, if the Court does not appoint an Independent Fiduciary for all of Spin:]* The Independent Fiduciary shall act for Spin on the Conflict Matters only, and the Trustee shall not act for Spin on any Conflict Matter. The remaining provisions of paragraph 3 apply.

*[Further alternative paragraph 3(B), if the Court appoints no Independent Fiduciary:]* Pending further order of this Court, the Debtor may act for Spin only to (a) defend Spin's claims, judgments, rights and assets against any claim by Franklin, FVP, the Excell trustee or Hi Bar, or anyone claiming through any of them, to own, control or hold an interest superior to Spin's, and (b) take steps needed to preserve a deadline, a limitations period or collateral. The Debtor shall act only through licensed counsel, and subject to these conditions:

(i) paragraph 2 of this Order applies, so no claim, judgment, right or asset of Spin may be settled, compromised, released, conceded or abandoned;

(ii) any recovery shall be deposited as paragraph 4 provides;

(iii) the Debtor shall give the Trustee's counsel a copy of each filing when made and a written report every thirty (30) days;

(iv) the Debtor shall give the Trustee's counsel seven (7) days' written notice before any step, other than a step needed to meet a deadline that falls within those seven days; if the Trustee objects in writing within that time, the step shall await this Court's ruling; and

(v) except as this paragraph provides, paragraph 2 of the October 23 Order is not modified.

4. **Spin kept separate.** Pending further order of this Court, any recovery on a claim, judgment, right or asset of Spin shall be deposited into a segregated account in Spin's name, from which

no withdrawal shall be made without an order of this Court, and no such recovery shall be used to pay, reduce or settle a claim against the Debtor or his estate. The Trustee's request to consolidate Spin with the Debtor's estate shall not be decided until the Participants and Spin's known creditors have received notice and an opportunity to be heard.

5. **Notice to Participants.** To the extent not already provided, within three (3) days after entry of this Order the Movant shall deliver to the Trustee the name and mailing or email address of each Participant known to him; the list shall not be filed on the public docket. Within seven (7) days after receiving it, the Trustee shall serve on each Participant a copy of this Order, the Verified Complaint and notice of the December 17, 2026 hearing, and shall file a certification of service that does not disclose the Participants' names or addresses.

6. **Written statement.** Within twenty-one (21) days after entry of this Order, to the extent not already provided in response to ECF No. 27, the Trustee shall file and serve on the Movant and the Office of the United States Trustee a written statement that (a) states whether Franklin, FVP, the Excell trustee or Hi Bar, or anyone acting for any of them, has asserted to the Trustee or his professionals that it owns, controls or holds an interest superior to a Subject Entity in any claim, judgment, right or asset of a Subject Entity, and, if so, identifies the date, the person making the assertion and its substance; and (b) states how the Trustee proposes that any such assertion be resolved, including the forum. This paragraph does not require disclosure of privileged communications between the Trustee and his counsel.

7. **Responses of four Subject Entities.** Pending further order of this Court, as to Spin, Teton Funding, LLC, Teton Funding Group, LLC and JL Special Investments, LLC: (a) no default shall be requested or entered against any of them in this adversary proceeding; (b) no person acting for any of them shall consent or stipulate, on its behalf, to any relief sought in the Verified Complaint; and (c) the time for each of them to file a responsive pleading under paragraph 5 of the October 23 Order is extended to December 17, 2026, or such later date as the Court may set. Nothing in this paragraph limits the Debtor's right, under paragraph 2 of the October 23 Order, to engage representation for the Subject Entities in this adversary proceeding.

8. **Preliminary findings.** The findings made in support of the October 23 Order, including the findings stated on the record on October 22, 2026, were made for purposes of preliminary relief only. They are not binding at a trial on the merits, and they do not determine whether any Subject Entity is the alter ego of the Debtor, whether the corporate form of any Subject

Entity was used to shield assets from creditors, or the effect of the jury verdict forms filed on October 6, 2025, or the order entered on May 15, 2026, in Case No. CACE 22-5125 in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

9. **Limits.** Nothing in this Order (a) determines the ownership of any claim, judgment, right or asset, or the nature of any Participant's interest; (b) decides the Trustee's complaint, including the request for substantive consolidation, except as stated in paragraph 4; (c) gives any authority to the Movant, except as paragraph 3(B), if entered, provides; or (d) decides ECF Nos. 25 or 27. Except as stated in this Order, the October 23 Order remains in effect.