# EXHIBIT C-5

Order Setting Hearing to Determine Subject Matter Jurisdiction (Nov. 14, 2022), ECF No. 128, and Order Denying Motion to Amend, Granting Leave to File Amended Pleadings, and Continuing Status Conference (Nov. 17, 2022), ECF No. 132 — Adv. Pro. No. 22-01218-EPK

**ORDERED in the Southern District of Florida on November 14, 2022.**

Erik P. Kimball, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**In re:** | **Case No. 22-15627-EPK**

**AUTO WHOLESALE OF BOCA, LLC,** | **Chapter 11**

**Debtor.**
______________________________________/

**FVP OPPORTUNITY FUND III, LP, *et al.*,**

**Plaintiffs,**

**v.** | **Adv. Pro. No. 22-01218-EPK**

**AUTO WHOLESALE OF BOCA, LLC, *et al.*,**

**Defendants.**
______________________________________/

**<u>ORDER SETTING HEARING TO DETERMINE SUBJECT MATTER JURISDICTION</u>**

This matter comes before the Court *sua sponte*. The parties to this adversary proceeding filed a proposed amended primary complaint and a proposed amended cross-

complaint. ECF Nos. 120 and 121. The Court scheduled a hearing on November 16, 2022 to consider a joint motion for leave to file the proposed amended primary complaint. ECF No. 125, setting a hearing on ECF No. 118, relating to the proposed amended primary complaint filed at ECF No. 120. At that hearing, the Court will also consider the proposed amended cross-complaint filed at ECF No. 121.

The Court has reviewed the proposed amended primary complaint and the proposed amended cross-complaint. In general, the parties ask the Court to rule on two matters. First, the parties ask the Court to determine whether a number of vehicles are property of the estate in this bankruptcy case. Second, to the extent any of the vehicles is found to be property of the estate, the parties ask the Court to determine the validity, extent, and priority of alleged liens in the vehicles. The Court has subject matter jurisdiction over such matters under 28 U.S.C. § 1334. Indeed, the question of what assets are included in the estate, and the validity, extent, and priority of liens in property of the estate, are among the most core matters to be considered in a bankruptcy case. *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 691-92 (2015) (Roberts, C.J., dissenting); 28 U.S.C. § 157(b).[1]

However, parts of the proposed amended primary complaint appear to seek relief beyond the subject matter jurisdiction of this Court. For example, to the extent the Court determines that any of the subject vehicles is not property of the estate, the Court's subject matter jurisdiction over questions relating to ownership of such vehicles by others, or the validity, extent, and priority of liens in such vehicles, is tenuous or non-existent.

---

[1] To the extent the proposed amended primary complaint seeks relief in these categories, no matter how presented, such relief falls under the core jurisdiction of the bankruptcy courts. The Court notes that, in general, there is no jury trial right in matters relating to the allowance and disallowance of claims against the estate or the determination of liens against property of the estate. *See Langenkamp v. Culp*, 498 U.S. 42, 44-45 (1990); *Katchen v. Landy*, 382 U.S. 323, 329-30 (1966). It does not matter whether such matters are presented by objection to claim or by complaint.

In light of the foregoing, the Court ORDERS as follows:

1. At the hearing on November 16, 2022, the Court will consider argument relating to whether the Court has subject matter jurisdiction over the claims presented in the proposed amended primary complaint and the proposed cross-complaint.

2. The parties are directed not to file briefs on this issue unless specifically requested by the Court after the hearing.

###

Copy furnished to:

Jerrell A Breslin, Esq.

*Jerrell A Breslin, Esq. is directed to serve a copy of this Order on all appropriate parties and file a certificate of service.*

**ORDERED in the Southern District of Florida on November 17, 2022.**

Erik P. Kimball, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re: Case No. 22-15627-EPK
Chapter

AUTO WHOLESALE OF BOCA, LLC,

Debtor.
_____________________________________/

FVP OPPORTUNITY FUND III, LP, et al.,

Plaintiffs,

v. Adv. Proc. No. 22-01218-EPK

AUTO WHOLESALE OF BOCA, LLC, et al.,

Defendants.
_____________________________________/

**ORDER DENYING MOTION TO AMEND, GRANTING LEAVE TO FILE AMENDED PLEADINGS, AND CONTINUING STATUS CONFERENCE**

This matter came before the Court on November 16, 2022, for a scheduling conference and for hearings on the *Order Setting Hearing to Determine Subject Matter Jurisdiction* [ECF No. 128] and *The FVP, Karma Entities and Wing Lake's Motion for Leave to Amend and to File a Partial Joint Adversary Complaint* [ECF No. 118] (the "Motion to Amend") filed by the

Case 20-01208-EPK Doc 132 Filed 11/17/22 Page 2 of 3

FVP Plaintiffs[1], Karma of Palm Beach, Karma of Broward, and Wing Lake Partners. For the reasons stated on the record, it is ORDERED and ADJUDGED:

1. The Motion to Amend [ECF No. 118] is DENIED.

2. The *Hi Bar Capital, LLC's Amended Cross-Complaint* [ECF No. 121] is stricken.

3. No later than **December 9, 2022**, the parties may file amended pleadings consistent with the Court's guidance at the November 16, 2022, hearing.

4. The Court will hold a continued scheduling conference on **December 14, 2022, at 9:30 a.m.** at the United States Bankruptcy Court, The Flagler Waterview Building, 1515 North Flagler Drive, 8th Floor, Courtroom B, West Palm Beach, Florida 33401. Although the Court will conduct the scheduling conference in person, any interested party may choose to attend the scheduling conference remotely using the services of Zoom Video Communications, Inc. ("Zoom"), which permits remote participation by video or by telephone. To participate in the scheduling conference remotely via Zoom (whether by video or by telephone), you must register in advance no later than 3:00 p.m., one business day before the date of the scheduling conference. To register, click on or enter the following registration link in a browser:

https://www.zoomgov.com/meeting/register/vJIsduGsrTouGn7Udkhqe_ZF90qPJ3uM95E.

If a party is unable to register online, please call Dawn Leonard, Courtroom Deputy, at 561-514-4143.

5. At the scheduling conference, the Court will re-set all deadlines in this case. Following the scheduling conference, the Court will enter one pretrial scheduling order which

---

[1] The FVP Plaintiffs are FVP Opportunity Fund III, LP; FVP Servicing, LLC; and FVP Investments, LLC.

Case 22-01218-EPK Doc 132 Filed 11/17/22 Page 3 of 3

shall apply to all parties in this adversary proceeding and shall replace any existing scheduling orders.

6. All parties in this adversary proceeding shall meet and discuss, prior to the continued scheduling conference, proposed deadlines for:

a. initial disclosures required by Fed. R. Civ. P., 26(a)(1);

b. the completion of discovery;

c. expert disclosures as required by Fed. R. Civ. P. 26(a)(2) and the completion of expert discovery (if applicable);

d. filing motions to join additional parties and motions to amend the pleadings;

e. filing motions for judgment on the pleadings, motions for summary judgment, motions *in limine*, and Fed. R. Evid. 702 motions;

f. conducting mediation;

g. pretrial disclosures as required by Red. R. Civ. P. 26(a)(3)(A); and

h. a final pretrial conference.

7. The parties shall announce the proposed deadlines at the scheduling conference.

8. Failure to comply with any provision of this order or failure to appear at the scheduling conference may result in appropriate sanctions.

###

Copy to:

Jerrell A. Breslin, Esq.

*Jerrell A. Breslin, Esq. is directed to serve a copy of this order on all parties in interest and to file a certificate of service with the Court.*