# EXHIBIT C-6

Transcript of Nov. 16, 2022 hearing before Judge Kimball — Adv. Pro. No. 22-01218-EPK, ECF No. 140, pages 1, 7–10, 20–21 and 49

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: CASE NO. 22-15627-EPK

AUTO WHOLESALE OF BOCA, LLC,

Debtor.

_______________________________________/

FVP OPPORTUNITY FUND III, LP,

Plaintiff,

v ADV. NO. 22-1218-EPK-A

AUTO WHOLESALE OF BOCA, LLC,

Defendant.

_______________________________________/

ECF #118 (adv) #141 (main)

November 16, 2022

The above-entitled cause came on for hearing before the Honorable Erik P. Kimball, one of the Judges in the UNITED STATES BANKRUPTCY COURT, in and for the SOUTHERN DISTRICT OF FLORIDA, at 1515 North Flagler Dr., West Palm Beach, Palm Beach County, Florida, on November 16, 2022, commencing at or about 1:30 p.m., and the following proceedings were had.

Transcribed from a digital recording by:
Cheryl L. Jenkins, RPR, RMR

adversary case.

I have spent a lot of time reviewing the proposed amended complaint, the one that was most recently filed, and also I believe Mr. Shraiberg's complaint, the amended partial complaint, which is 120, and I have the amended cross-complaint, which is 121, and I have some significant concerns about the way those complaints are presented, and the nature of the claims that are presented.

Let me start by saying I understand that, and I have a great deal of sympathy for the fact that all of you spent a lot of time trying to figure out how to present the various disputes in this case, and so I don't leap into this lightly, given the huge number of you, and the significant cost to your clients so far, but I am concerned that a number of the claims -- a number of the counts present claims that, at least facially, I don't appear to have any jurisdiction over -- at all under the Court's subject matter jurisdiction, and I want to start with some basic principals, and then I am likely going to go through each count of each of the two complaints, one by one, and I'd like to work through my concerns with those.

First, there are a couple of things that the Court is being asked to do in this adversary that are

obviously at the center of the Court's subject matter jurisdiction. Number one is the determination of the res, meaning the determination of what is property of the estate.

And number two is the determination of the debtor/creditor relationship, meaning the establishment of claims, liens on property of the estate, and the priority of those liens.

There is clearly subject matter jurisdiction (inaudible) the Supreme Court has repeatedly pointed to the fact that the primary basis for subject matter jurisdiction in bankruptcy matters is the res, meaning the assets of the estate, and that the purpose of bankruptcy jurisdiction is to determine the rights of others in the assets of the estate.

So (inaudible) further in talking about what is core and is not. The determination of property of the estate is core. The determination of claims against the estate, core. The determination of liens on estate assets, core. The determination of the priority of liens on estate assets, also core.

There is no right to a jury trial on any of those matters no matter how they presented, whether it is by motion or in an adversary.

Now obviously you can object to claims

without there being an adversary. If you read the rules very carefully, you'll discover that the only component of the things I've discussed so far that must be done by an adversary is a request for the Court to rule on priority disputes, that is the only thing covered by 7001, which is not eaten up by the exception for determination of claims, that's it.

That doesn't mean that you don't -- that you can't do it in a complaint. Of course you can do it in a complaint, especially if priority is concerned, but all of those things, no right to jury trial.

If I'm asked to determine rights of parties in assets that the Court has determined are not property of the estate, there is no subject matter jurisdiction at all over that question.

Now, sometimes when asked to determine what is property of the estate, in doing that, in order to say that something isn't, I have, in effect, determined that someone else owns it. That's fine. I have jurisdiction to say that, but if I don't need to say that, then the determination of rights in non-estate property, there is literally no subject matter jurisdiction in bankruptcy.

Likewise, determination of claims between creditors, if Creditor A has a claim against Creditor B, even if it arises in connection with the alleged

acquisition of a lien against property of the estate, if you're seeking a judgment against another creditor, there is no jurisdiction at all on a subject matter basis over such claims, that includes determining -- there are lots of exceptions to this, and some of them are provided in the code, and one of them is actually mentioned in the complaints I have, and that is equitable subordination, and another is lien property, and the reason is that those intercreditor disputes affect distributions from the estate.

Now, I'm sure some of you will argue to me that if I rule (inaudible) claim against this other creditor, then I get to make an argument that there is a charging lien of some kind, and the estate should pay me what would otherwise go to them.

If that gives the Bankruptcy Court subject matter jurisdiction, then I have the broadest jurisdiction of any court in the United States, and I do not have that power, nor will I be exercising it in this case.

So, starting with those basic precepts, I have a great deal of concerns about the two complaints that are currently filed with the court.

By my count I can point to two counts in the complaint, one partial and one complete, over which I'm confident there is subject matter jurisdiction, and most

heard on priority, so I'm unlikely to do that.

Count II -- excuse me, Part 2, Count III, that the FVP liens are superior to Wind Lake. Now, this is one of the problems with the structure of the complaint, if you read the complaint without the intent that I think you all intend, and which somebody just told me was the case, you could read Count III and all these other counts to ask me to grant relief even with regard to vehicles I've determine are not property of the estate. I don't think that's your intent, but Count 3, I would only have jurisdiction to make that determination if the subject vehicles are actually owned by the debtor, or the estate has some interest in the vehicle.

Maybe we've all used shorthand that's a little bit too slick, owned by the debtor. The question is whether the estate has an interest, and it can be any interest, by the way.

Count IV, FVP demands that a Hi Bar UCC be declared null and void. That's only if, and to the extent it creates a lien on property of the estate, otherwise there would be no declaration that it is void with regard to anything else.

Award to FVP injunctive relief, damages, civil penlites, costs, attorney's fees under Florida Statute 817.535, I have no jurisdiction over that at all.

Potential punitive damages under 768.72, this is one creditor against another, I have no jurisdiction over that at all under Section 1334.

The jury trial demand, to the extent I am determining whether there is a lien on assets of the estate, no jury trial right.

To the extent that I'm determining whether there is a claim at all, no jury trial right.

To the extent that I am determining the relative priority of liens, no jury trial right.

There is no jury trial on anything that I would have jurisdiction over under Count IV. I think the gist was to cover the Florida statutes request for judgments, injunctive relief, punitive damages. If that's the case, you need to file that in some other court and pursue those jury trial rights.

Count V, FVP seeks the Karma entity's obligation to Hi Bar to be avoided to the extent necessary to satisfy their claims. I have no jurisdiction over that question unless the determination is required to allow a claim against the bankruptcy estate. If that is the case, I have no idea, having read the complaint several times, how that is. So I can do that, again, only if it involves allowance of a claim against the estate, establishment of lien or other right against property of of the estate, or

All right. Great.

MR. WINDERMAN: We'll make sure --

THE COURT: For ease I may just deny the motion that was up for today and make it easier. It just sounded nice to grant it. I'll just deny it, and direct new documents to be filed consistent with the Court's ruling on the record.

Any questions?

MR. WINDERMAN: No, your Honor.

THE COURT: Great. Good luck everyone.

MR. WINDERMAN: Thank you.

THE COURT: And good luck to my colleague, Mr. Russin.

MR. SHRAIBERG: He's done a really good job so far at not impassing. It's remarkable that we've gone this far and we're still negotiating.

THE COURT: He is really dedicated, and he's had a very good run recently with judicial settlement conferences. So you're in really good hands and, you know, sometimes there is just too many balls in the air, and we'll see how it goes, but I encourage all of you to try.

All right. Thank you very much.

MR. SHRAIBERG: Thank you, your Honor.

THE COURT: Good afternoon.