# EXHIBIT C-7

Order denying Franklin's motion for leave to amend (alter ego), dated April 4, 2023 — Franklin Capital Group, LLC v. Spin Capital, LLC, No. 22-193300-CB (Oakland Cnty., Mich., Cir. Ct.), complete

**STATE OF MICHIGAN**

**CIRCUIT COURT FOR THE COUNTY OF OAKLAND**

FRANKLN CAPITAL FUNDING
Plaintiff,
V
SPIN CAPITAL
Defendant.

NO. 2022-193300-CB

HON. MICHAEL WARREN

**ORDER REGARDING MOTION**

**Motion Title**: Plaintiff Franklin Capital Funding, LLC's Motion for Leave to File First Amendment Complaint

**The above-named motion is: Denied**

**In addition**: Having reviewed the Motion and Response, and otherwise being fully informed in the premises, the Court dispenses with oral argument as it would not assist in rendering a decision. MCR 2.119(E)(3).

For the reasons articulated in the Response, the Motion is DENIED.

Without limiting the foregoing, Plaintiff moves for leave to amend its Complaint to allege that Defendants Hi Bar Capital LLC and Spin Capital LLC are alter egos of each other so Spin's contractual consent to jurisdiction can be imputed to Hi Bar. Plaintiff also moves to add claims of fraud and conspiracy.
In response, Hi Bar argues the proposed First Amended Complaint fails to allege alter ego.

In fact, an unchallenged affidavit reflects that Hi Bar and Spin are separate entities; none of the members of Hi Bar are members of Spin; there is no common management of Hi Bar and Spin; and Josh Lubin is not a representative, member, manager, or otherwise affiliated with Hi Bar. The factual predicate for an alter ego theory is simply lacking.
Moreover, the proposed First Amended Complaint does not even allege that Hi Bar and Spin share principal offices, have overlapping boards of directors, frequent interchanges of employees, that Hi Bar is the "exclusive" arm, or that Spin' s revenues are "entirely" - or even partially - derived from Hi Bar; and does not allege any facts to support that Hi Bar was

undercapitalized, that Hi Bar and Spin did not maintain separate books and finances, or that corporate formalities were not followed.

Instead, the proposed First Amended Complaint merely alleges "Josh Lubin had an interest in both Spin and Hi Bar," [paragraphs 42-42], "the two entities appear to share common management," and "freely transferred funds and accounts from one entity to another" [paragraph 64.]

Of course, leave to amend should be freely granted, but may be denied if the request is futile. Ray v Taft, 125 Mich App 314 (1983); Biff's Grills, Inc v State Highway Comm, 75 Mich App 154 (1977). An amendment is futile when, ignoring the substantive merits of the claim, it is legal insufficient on its face. Early Detection Center, PC v New York Life Ins Co, 157 Mich App 618, 625 (1986).

As explained above, the request here is futile. There is not a sufficient factual predicate to support an alter ego theory. To apply this theory (which is treated similarly as an attempt to pierce the corporate veil, RDM Holdings, Ltd v Cont'l Plastics Co, 281 Mich App 678, 705 (2008), Plaintiff must prove that (1) the corporate entity is a mere instrumentality of another corporate entity or individual, (2) the corporate entity was used to commit a fraud or wrong, and (3) the plaintiff was injured. Glenn v TPI Petro, Inc., 305 Mich App 698, 716 (2014). Simply put, there has been no showing that one corporate entity is the mere instrumentality of another. Quite the contrary, the unchallenged evidence reveals that they are quite distinct entities with separate management, governance, ownership, and business operations.

Plaintiff's request to protract these proceedings for discovery is denied. First, the pleadings themselves fall far short of the factual allegations necessary to establish an alter ego. Second, "An unsupported allegation which amounts solely to conjecture does not entitle a party to an extension of time for discovery, since under such circumstances discovery is nothing more than a fishing expedition to discover if any disputed material fact exists between the parties." Pauley v Hall, 124 Mich App 255, 263 (1989). That is precisely what Plaintiff wishes to conduct – an unwarranted fishing expedition.

Moreover, even if alter ego is properly alleged (to confer jurisdiction), amendment is still futile because:

(1) Plaintiff has failed to state a claim for tortious interference because it does not allege Hi Bar committed an act that was wrongful or committed with malice, or that Hi Bar's withdrawal of funds was illegal, unethical or fraudulent, or done for illegitimate business reasons. Also, Hi Bar cannot tortiously interfere in a contract between Franklin and Spin if there is an alter ego relationship.

(2) Plaintiff has failed to state a claim for conversion because it does not allege Hi Bar wrongfully exercised control over Plaintiff's property.

(3) Plaintiff has failed to state a claim for conspiracy if Hi Bar and Spin are alter egos and not two separate entities and Plaintiff fails to allege that Hi Bar participated in fraud.

Dated: 4/4/2023

/s/ Michael Warren
HON. MICHAEL WARREN
CIRCUIT COURT JUDGE