# EXHIBIT C-10

Transcript of June 9, 2026 hearing (certified), page 15, and transcript of June 16, 2026 hearing, pages 1 and 8–12 — No. CACE-22-005125 (Judge Haimes)

June 9, 2026

YM LEGAL SERVICES

**YM Legal Services**
**954-334-1092**
**info@ymlegalservices.com**
**www.ymlegalservices.com**

MR. LUBIN: Well, you're only-- so you're only seeking a charging lien, but you're in the wrong jurisdiction, Mr. Karten, for a -- a charging lien, based on Florida statute and but you're basic-- okay. I -- I'm going to have to do further research on this. And then-- then there's a -- your Honor, there's a Motion to Vacate set for hearing, to vacate his original charging lien, which -- which 90 percent of it, Your Honor didn't rule on. And Mr. Karten submitted an order that's not -- it doesn't align with the record. And I -- I'm not asking to rule on wasn't ruled on, but the correct -- the -- the record based on what was orally ruled on that that matches the transcripts.

MR. KARTEN: If I may briefly comment, this is on appeal before the 4th DCA, Your Honor. These issues actually are on appeal before the 4th DCA.

MR. LUBIN: It-- it is, but I filed it in a -- a way that I think I may have jurisdiction. If Your Honor can look at it real quick.

MR. KARTEN: I don't think you have jurisdiction, Your Honor. I can argue it, but you don't have jurisdiction at this point. And my brief is probably going to be filed in the 4th that at the end of the week. Mr. Lubin filed his and I address

June 16, 2026

YM LEGAL SERVICES

**YM Legal Services**
**954-334-1092**
**info@ymlegalservices.com**
**www.ymlegalservices.com**

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT

IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE-22-005125

DIVISION: 07

JUDGE: DAVID A. HAIMES

FVP OPPORTUNITY FUND III, L.P., et al.,

Plaintiffs/Judgment Creditors,

v.

AVRUMI LUBIN a/k/a JOSH LUBIN, et al.,

Defendants/Judgment Debtors.

______________________/

TRANSCRIPT OF PROCEEDINGS

The above-entitled cause came on for hearing before the Honorable DAVID A. HAIMES, as Presiding Judge via remote video teleconference, on 16th day of June 2026, commencing at 09:13 a.m.

~~~~~~~~~~~~~~~~~~~~~~~~~~~

REPORTED BY:

JANSEN VIANA, COURT REPORTER

NOTARY PUBLIC, STATE OF FLORIDA
~~~~~~~~~~~~~~~~~~~~~~~~~~~

MR. LUBIN: Okay.

THE COURT: In light of that, what are you also requesting, Mr. Casey?

MR. CASEY: Well, nothing at this time, Your Honor. I m just taking a look at the docket. It looks like Your Honor entered an order foreclosing on June 15th. It does seem like -- the only thing that we did win at trial, Judge, was that Spin Capital --

THE COURT: All right.

MR. CASEY: -- wasn t an alter ego of Mr. Lubin. The jury found no to that question. And this order does seem to find that Spin is an alter ego or at least res -- in some respect just reviewing the order now, but, --

THE COURT: Yeah, let me just see something real quick -- pursuant to filing.

MR. KARTEN: Judge, there is no order.

THE COURT: Yeah. I don t think that was for Spin Capital. Have I -- Mr. Karten, have I entered a foreclosure order on Spin Capital?

MR. KARTEN: You have not. In fact, we re here to have an order entered on final default judgment.

THE COURT: Okay. Yeah.

MR. KARTEN: There is no order.

MR. LUBIN: Mr. Karten, Your Honor never ruled on

foreclosure, but you -- Mr. Karten did submit an order that, I think the Court by mistake signed that grants foreclosure against Spin.

MR. KARTEN: That s not true.

THE COURT: Yeah. I have not correct.

MR. CASEY: Looking at charging order, the June 15th.

MR. LUBIN: Yeah.

MR. CASEY: It does have language about --

MR. KARTEN: That s a charging order. That s completely different. This is proceeding supplementary under 56.29. Apples and oranges.

THE COURT: Okay.

MR. LUBIN: No, it s not apples and oranges. You put in a charging order that --

MR. KARTEN: We re not here on the charging order. We re here on proceeding supplementary.

MR. LUBIN: It says that by making an attempt -- that s why I filed a motion to stay apart of the order.

THE COURT: All right. We can make this a lot-- we can make this a lot easier. All right. First of all, we have one -- Court Reporter trying to take down three conversations at the same time. So, let s help Mr. Viana out. Let s speak one at a time. So, Mr. Casey, are you asking for an additional time to look

into it and file a response?

MR. CASEY: Yes, Judge. And I was just mentioning Section E, where it says that, The subject LLCs are hereby foreclosed.

THE COURT: Which order? What s the date of that order?

MR. CASEY: The June 15th charging order.

MR. LUBIN: May, May 15th.

MR. CASEY: Judgment.

THE COURT: Okay. Yeah, that --

MR. CASEY: Oh, May 15th. I m sorry, Your Honor.

THE COURT: Let me go back.

MR. CASEY: Let the judgment debtor exercises complete dominion and control over the subject LLCs. I thought at least that part was resolved at trial in our favor, but, I haven t really looked at it.

MR. KARTEN: If it says, Your Honor, if the charging order is -- has an error in it, then it -- I agree that it needs to be corrected because charging order can t -- well, I take that back.

THE COURT: Okay.

MR. KARTEN: Charging order can foreclose on a single-member LLC. So, I take that back.

THE COURT: All right. Well, what it says is that that Mr. Lubin does own interests in Spin Capital LLC,

and that he s a -- those are single-member LLCs, so he s the sole owner. So, they re not proceeding as an alter ego. But okay. Now, they are, though. They re -- on the supplemental proceedings, they were kind of going under a different avenue. Is that correct, Mr. Karten?

MR. KARTEN: That is correct.

THE COURT: All right.

MR. KARTEN: So, on a single-member LLC, once the charging order is entered, and it s -- can t find assets of the defendant, which the motion being filed this morning on that, you can foreclose. And the court rightly ordered foreclosure.

MR. LUBIN: Yeah, --

THE COURT: So, Mr. Casey, instead of saying that it s an alter ego, he -- they re saying now, even if it s a separate company, he owns an interest in that company, and they -- so, they want to foreclose on Mr. Lubin s interest in that company to satisfy the judgment.

MR. LUBIN: Correct.

MR. CASEY: Understood, Judge.

THE COURT: Let me do this, though. For purposes of today, I m going to deny the Motion for Default and Default Final Judgment on the Supplemental Proceedings

Against Spin Capital. I m going to give you -- how much time do you need to file a response?

MR. CASEY: Seven days, Your Honor.

THE COURT: You have 10 days, all right? So, denied. I ll put -- put in the order Motion for Default is denied.

MR. KARTEN: Without prejudice, Your Honor?

THE COURT: Yeah. You can put without prejudice. Stanley Casey has entered an appearance to represent Spin Capital, and that Spin Capital have 10 days to file a response, all right? As far as the other order, that wasn t on for today. If you have any challenges to that, Mr. Casey, file a pleading.

MR. CASEY: Thank you, Judge. Good to see you.

MR. KARTEN: Stanley, give me a call when you can, please.

MR. CASEY: I will.

THE COURT: All right. Anything else on for today?

MR. LUBIN: Yeah. I filed a --

MR. KARTEN: That s it for me.

MR. LUBIN: I filed a motion to unseal Exhibit F, which is Filing Number 250425468. On the record, Mr. Breslin said August 13th, 2025, I attached the transcripts, the agreement is not confidential. I have