# EXHIBIT C-12

Email chains of October 18–19, 2026 ("request that the Trustee have counsel ask the Broward court to address its May 15 order") and October 23–27, 2026 ("Florida vacatur motions — Stanley Casey and a hearing plan") (printed from Lubin's mailbox)

Printed from the mailbox of josh@tetonfunding.com (Microsoft 365). Messages shown in the order sent; signature blocks and confidentiality footers omitted. Times are Eastern.

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Sunday, October 18, 2026 10:26 PM
**To:** Patricia A. Staiano <pstaiano@hlgslaw.com>
**Cc:** Kenneth Beams <ken@krbpllc.com>; ben <ben@stanzialelaw.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>; Rachel Wolf <Rachel.Wolf@usdoj.gov>; Kirsten K. Ardelean <Kirsten.K.Ardelean@usdoj.gov>; Heidi A. Feinman <Heidi.A.Feinman@usdoj.gov>; Stanley Casey <scasey@sqcaseylaw.com>
**Subject:** Stanziale v. Lubin, Adv. No. 26-01494 (EJO) - request that the Trustee have counsel ask the Broward court to address its May 15 order

Ben, Pat and Matt,

I write in my individual capacity, with the Office of the United States Trustee copied. I have also copied Stanley Casey, who has appeared for Spin Capital in the Broward case (No. CACE-22-005125), so he knows about this request.

The Trustee's application relies on finding 6 of the Broward court's May 15, 2026 order. In my view, finding 6 does not match the record. For example:
- On May 13, 2026, the court granted foreclosure as to "the two where there's evidence ... the declaration established that he is a sole member of the LLC" (Tr. 21:2-6).
- On October 6, 2025, the jury answered "no" to the question whether the corporate form of Spin Capital was formed or used for a fraudulent or improper purpose (question 3 on both verdict forms).

On June 23, 2026, a motion for reconsideration, vacatur and stay of the May 15 order was filed on my behalf on a limited appearance (Filing # 251032035). I am not aware of any order on it.

Paragraph (2) of the October 15 Order restrains me from acting in Spin's name, and the motion concerns my membership interests in Spin and Teton Funding, which the Trustee's papers treat as property of the estate. So I ask the Trustee to authorize Mr. Casey, or other counsel the Trustee selects (including special counsel, with any approval required), to:
1. set the June 23 motion for hearing as soon as the Broward court allows, and supplement it with the attached transcripts and verdict forms; and
2. take any step needed for that, including any permission required from the Bankruptcy Court or the Fourth District Court of Appeal.

If the Trustee prefers another route, such as a motion on behalf of Spin, which was not a party to the charging-order motion, please tell me.

I am not instructing Mr. Casey, and I am not filing anything in Florida myself. While paragraph (2) of the October 15 Order is in effect, I am not acting in Spin's name. I will comply with the Order unless the Court changes it.

Attached:
1. May 13, 2026 transcript
2. June 9, 2026 transcript (certified)
3. June 16, 2026 transcript
4. October 6, 2025 verdict form (FVP)
5. October 6, 2025 verdict form (Franklin)
6. June 23, 2026 motion (Filing # 251032035)

Please let me know the Trustee's decision. We can also discuss it on our 9:30 a.m. call on Monday.

Josh Lubin
(732) 608-4905
josh@tetonfunding.com

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Sunday, October 18, 2026 10:33 PM
**To:** Patricia A. Staiano <pstaiano@hlgslaw.com>
**Cc:** ckortabani@17th.flcourts.org; Kenneth Beams <ken@krbpllc.com>; ben <ben@stanzialelaw.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>; Rachel Wolf <Rachel.Wolf@usdoj.gov>; Kirsten K. Ardelean <Kirsten.K.Ardelean@usdoj.gov>; Heidi A. Feinman <Heidi.A.Feinman@usdoj.gov>; Stanley Casey <scasey@sqcaseylaw.com>
**Subject:** Stanziale v. Lubin, Adv. No. 26-01494 (EJO) - request that the Trustee have counsel ask the Broward court to address its May 15 order

Pat,

I copied Judge Haimes clerk to this email. Can you give me permission to set this motion on emergency basis for hearing and file any supplement if necessary?

---

**From:** Patricia A. Staiano <PStaiano@hlgslaw.com>
**Sent:** Sunday, October 18, 2026 10:39 PM
**To:** Josh Lubin <josh@tetonfunding.com>
**Cc:** ckortabani@17th.flcourts.org; Kenneth Beams <ken@krbpllc.com>; ben <ben@stanzialelaw.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>; Rachel Wolf <Rachel.Wolf@usdoj.gov>; Kirsten K. Ardelean <Kirsten.K.Ardelean@usdoj.gov>; Heidi A. Feinman <Heidi.A.Feinman@usdoj.gov>; Stanley Casey <scasey@sqcaseylaw.com>

**Subject:** Re: Stanziale v. Lubin, Adv. No. 26-01494 (EJO) - request that the Trustee have counsel ask the Broward court to address its May 15 order

Not sure why everything is an emergency now when you could have taken all these actions before the entry of the OSC on Thursday evening. Nonetheless, the trustee does not take instruction from you.

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Sunday, October 18, 2026 10:42 PM
**To:** Patricia A. Staiano <pstaiano@hlgslaw.com>
**Cc:** ckortabani@17th.flcourts.org; Kenneth Beams <ken@krbpllc.com>; ben <ben@stanzialelaw.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>; Rachel Wolf <Rachel.Wolf@usdoj.gov>; Kirsten K. Ardelean <Kirsten.K.Ardelean@usdoj.gov>; Heidi A. Feinman <Heidi.A.Feinman@usdoj.gov>; Stanley Casey <scasey@sqcaseylaw.com>
**Subject:** Re: Stanziale v. Lubin, Adv. No. 26-01494 (EJO) - request that the Trustee have counsel ask the Broward court to address its May 15 order

Think it's better if it comes from a lawyer and I intend on retaining attorneys as soon as the records allows me too, and it looks like we're heading in the right direction.

---

**From:** Patricia A. Staiano <PStaiano@hlgslaw.com>
**Sent:** Monday, October 19, 2026 7:06 AM
**To:** Josh Lubin <josh@tetonfunding.com>
**Cc:** ckortabani@17th.flcourts.org; Kenneth Beams <ken@krbpllc.com>; ben <ben@stanzialelaw.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>; Rachel Wolf <Rachel.Wolf@usdoj.gov>; Kirsten K. Ardelean <Kirsten.K.Ardelean@usdoj.gov>; Heidi A. Feinman <Heidi.A.Feinman@usdoj.gov>; Stanley Casey <scasey@sqcaseylaw.com>
**Subject:** Re: Stanziale v. Lubin, Adv. No. 26-01494 (EJO) - request that the Trustee have counsel ask the Broward court to address its May 15 order

How do you propose to pay for the attorneys you plan to retain? You listed $67 on your petition. Have you made money post petition? Are you generating funds from the subject entities? If so, how much?

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Friday, October 23, 2026 6:01 PM
**To:** ben <ben@stanzialelaw.com>; Patricia A. Staiano <pstaiano@hlgslaw.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>
**Subject:** Florida vacatur motions — Stanley Casey and a hearing plan

Pat,
Thank you for submitting the joint counsel request. Please send me the entered order once available.
I am attaching the GrayRobinson motions, related response papers, the May and June transcripts, and the relevant counsel records.
Stanley Casey filed a limited appearance for Spin on June 17. You may be able to

arrange for him to move Spin's issues forward promptly. At the June 16 hearing, when he questioned the May 15 order, Judge Haimes said: "If you have any challenges to that, Mr. Casey, file a pleading" (Tr. 12:11–13). The Court did not decide those challenges that day.

Please contact Stanley about his current scope and availability to seek an appropriate hearing and supplement or file any necessary challenge. Please also identify appropriate counsel for the other attached motions. The June 23 motion challenging the May 15, 2026 order was filed for me individually; Stanley's Spin appearance should not be assumed to cover me or the Teton companies.

Please confirm the motions' current status, any necessary bankruptcy or appellate permission, and a concrete timetable. I request prompt coordination, not action contrary to an existing order.

I write individually and reserve my objections.

Josh Lubin
732-608-4905

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Saturday, October 24, 2026 6:19 PM
**To:** ben <ben@stanzialelaw.com>; Patricia A. Staiano <pstaiano@hlgslaw.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>
**Cc:** Stanley Casey <scasey@sqcaseylaw.com>
**Subject:** Re: Florida vacatur motions — Stanley Casey and a hearing plan

Ben, Pat and Matt,

I write in my individual capacity, following up on my October 23 email below.

I understand we started off on a rocky path because some issues were not clarified. Until today, I did not understand that the Trustee now has both the authority and the duty to protect the Subject Entities. Now that this is clear, and the Trustee has sole authority over the Subject Entities, I would potentially keep that arrangement in place until we get everything organized and cleaned up.

I am not looking for a confrontational relationship. Going forward, I will cooperate fully, to the best of my ability. I have dyslexia, so I ask for some patience with me.

The Broward orders: Because the Trustee has the authority and the duty to protect Spin and Teton Funding, I ask the Trustee to take prompt steps to have the Broward orders vacated. These orders are potentially causing irreparable harm to the estate and to the companies. On reflection, I think some of the other orders may be more important to vacate before the May 15, 2026 order, and I would like to go over the priorities with you. They include the related orders addressed in the motions attached below, such as the June 4, 2026 default final judgment against Teton Funding.

About the May 15 order:

1. The Trustee relied on it in this adversary proceeding (Dkt. 3-8; Dkt. 19, para. 6). As I understood the Court on October 22, it relied on that order too.
2. It forecloses my interests in Spin and Teton Funding, which are now the estate's, and sets out sale procedures.
3. The record does not support it. The jury answered "No" when asked whether Spin's corporate form was formed or used for a fraudulent or improper purpose (Question 3). On June 16, Judge Haimes described FVP's theory as "even if it's a separate company, he owns an interest in that company" (June 16 Tr. 11).
4. It says the charging lien is "deemed to have attached as of May 5, 2026." That is within 90 days before my June 25 petition. The Trustee may be able to avoid it.

My own motion on the May 15 order (Filing # 251032035) has been pending since June 23. I understand it may need relief from the stay, and possibly permission from the Fourth District, before the Broward court can hear it. I ask the Trustee to support that relief or bring his own motion.

Florida counsel: Stanley Casey filed a limited appearance for Spin in the Broward case on June 17, so he is already in the case. Should we bring him in to help the Trustee as Florida counsel? The choice is the Trustee's.

Please let me know how you would like to proceed. I will help however I can.

I am not giving up any rights by writing this email.

Josh Lubin
732-608-4905
josh@tetonfunding.com

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Monday, October 26, 2026 5:43 PM
**To:** ben <ben@stanzialelaw.com>; Patricia A. Staiano <pstaiano@hlgslaw.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>
**Cc:** Stanley Casey <scasey@sqcaseylaw.com>; abe zagelbaum <abe@argylemgmt.com>; Sam Gross <sam@wynwoodcapitalgroup.com>; sol@wynwoodcapitalgroup.com
**Subject:** Re: Florida vacatur motions — Stanley Casey and a hearing plan

Pat,

I have not had a response from you here. You have a fiduciary duty and the sole authority to vacate this illegal order that you used as a basis to file a TRO.

---

**From:** Patricia A. Staiano <PStaiano@hlgslaw.com>
**Sent:** Monday, October 26, 2026 5:52 PM
**To:** Josh Lubin <josh@tetonfunding.com>; ben <ben@stanzialelaw.com>;

Matthew E. Moloshok <mmoloshok@hlgslaw.com>
**Cc:** Stanley Casey <scasey@sqcaseylaw.com>; abe zagelbaum <abe@argylemgmt.com>; Sam Gross <sam@wynwoodcapitalgroup.com>; sol@wynwoodcapitalgroup.com
**Subject:** Re: Florida vacatur motions — Stanley Casey and a hearing plan

Mr. Lubin,

We are going to contact Stanley Casey tomorrow to preliminarily discuss and then reach out to you. The Trustee will investigate and advise you as to his position.

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Monday, October 26, 2026 5:54 PM
**To:** Patricia A. Staiano <PStaiano@hlgslaw.com>; ben <ben@stanzialelaw.com>; Matthew E. Moloshok <MMoloshok@hlgslaw.com>
**Cc:** Stanley Casey <scasey@sqcaseylaw.com>; abe zagelbaum <abe@argylemgmt.com>; Sam Gross <sam@wynwoodcapitalgroup.com>; sol@wynwoodcapitalgroup.com
**Subject:** Re: Florida vacatur motions — Stanley Casey and a hearing plan

Thank you. If Stanley can't do it, I'm sure Mr Zagelbaum, Sam or Sol can get you Florida local counsel. They all live in Florida

---

**From:** Patricia A. Staiano <PStaiano@hlgslaw.com>
**Sent:** Monday, October 26, 2026 5:56 PM
**To:** Josh Lubin <josh@tetonfunding.com>; ben <ben@stanzialelaw.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>
**Cc:** Stanley Casey <scasey@sqcaseylaw.com>; abe zagelbaum <abe@argylemgmt.com>; Sam Gross <sam@wynwoodcapitalgroup.com>; sol@wynwoodcapitalgroup.com
**Subject:** Re: Florida vacatur motions — Stanley Casey and a hearing plan

Yes, but we want to speak with Stanley first - he knows the case. They we can follow up.

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Tuesday, October 27, 2026 10:55 AM
**To:** Patricia A. Staiano <PStaiano@hlgslaw.com>; ben <ben@stanzialelaw.com>; Matthew E. Moloshok <MMoloshok@hlgslaw.com>; Christine Kortabani <ckortabani@17th.flcourts.org>
**Cc:** Stanley Casey <scasey@sqcaseylaw.com>; abe zagelbaum <abe@argylemgmt.com>; Sam Gross <sam@wynwoodcapitalgroup.com>; sol@wynwoodcapitalgroup.com
**Subject:** Re: Florida vacatur motions — Stanley Casey and a hearing plan

Patricia,

The entities are not in bankruptcy. You can vacate the may 15th Alter Ego order without filing for stay relief or an appeal. The motion is already filed and it just needs to be set for hearing.

Ms Kortabani,

Does Judge Haimes have availability to hear the any of the 3 motions filed by Grey Robinson on behalf of Teton Funding within the next 48 hours?

---

**From:** Patricia A. Staiano <PStaiano@hlgslaw.com>
**Sent:** Tuesday, October 27, 2026 11:14 AM
**To:** Josh Lubin <josh@tetonfunding.com>; ben <ben@stanzialelaw.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>; Christine Kortabani <ckortabani@17th.flcourts.org>
**Cc:** Stanley Casey <scasey@sqcaseylaw.com>; abe zagelbaum <abe@argylemgmt.com>; Sam Gross <sam@wynwoodcapitalgroup.com>; sol@wynwoodcapitalgroup.com
**Subject:** Re: Florida vacatur motions — Stanley Casey and a hearing plan
**Attach:** Lubin10:23:26order.pdf

Dear Ms Kortabani,

This firm represents Benjamin A. Stanziale, Jr., Chapter 11 Trustee for Avrumi Lubin. For your and the Court's information, we attach a copy of the Order Granting Preliminary Injunction and Providing for Further Proceedings entered by the Bankruptcy Court in new Jersey.

Thank you,