# EXHIBIT C-14

Transcript of Oct. 22, 2026 hearing before Judge O'Hagan — Adv. Pro. No. 26-01494 (EJO), pages 1, 27–28, 34, 40, 59–60 and 63

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IN RE: | . | Case No. 26-17342-EJO |
| | . | |
| AVRUMI LUBIN, | . | |
| | . | 402 East State Street |
| Debtor. | . | Trenton, NJ 08608 |
| . . . . . . . . . . . . . . | . | |
| FVP INVESTMENTS, LLC, et al., | . | Adv. No. 26-01315-EJO |
| Plaintiffs, | . | |
| v. | . | |
| | . | |
| AVRUMI LUBIN, | . | |
| | . | |
| Defendant. | . | |
| . . . . . . . . . . . . . . | . | |
| BENJAMIN A. STANZIALE, JR., | . | Adv. No. 26-01494-EJO |
| Plaintiff, | . | |
| v. | . | |
| | . | |
| AVRUMI LUBIN, et al., | . | |
| | . | |
| Defendants. | . | October 22, 2026 |
| . . . . . . . . . . . . . . | . | 10:16 a.m. |

TRANSCRIPT OF PRETRIAL CONFERENCE
AND MOTION TO SHOW CAUSE
BEFORE HONORABLE EAMONN JAMES O'HAGAN
UNITED STATES BANKRUPTCY COURT JUDGE

TELEPHONIC APPEARANCES:

For the Debtor: Pro Se
By: AVRUMI "JOSH" LUBIN
1460 Arboretum Parkway
Lakewood, NJ 08701

Audio Operator: Michelle Fogleman

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

---

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail: jjcourt@jjcourt.com**

**(609) 586-2311 Fax No. (609) 587-3599**

assimilated with the affairs of the debtor that in substance, they are a little more than, as the court in Owens Corning remarks, his corporate pocket.

Prepetition, the debtor disregarded the separateness between himself and these entities significantly, and so much so that creditors and courts in certain instances considered their overlapping interests and the controlling interests of the debtor. A Florida court found that two of the subject entities, Spin and Teton Funding, were under the domination of the debtor in essentially vehicles to hide assets from its creditors. This conclusion, I have to say, was opposed by the debtor.

But the Florida court's ruling that the judgment creditor in that case, FVP, could not only charge the debtor's interest in those entities, but that the judgment creditor would be granted foreclosure in the debtor's interest. This was a final judgment actually litigated and necessary to the Florida court's determination. The debtor has appealed both the judgment and the charging order, but under Florida law, a judgment by a court of competent jurisdiction has preclusive effect, notwithstanding an appeal.

Furthermore, given the overlapping ownership interests and control exercised by the debtor, there can be no doubt that the subject entities were in privity with the debtor. For the reasons set forth in our papers, we assert JL

was an alter ego and is an alter ego of the debtor. And the debtor does not seem to dispute this.

Spin is the most interesting of the four companies that we're talking about today. Since the filing of the case, and certainly since the appointment of the Trustee, Mr. Stanziale and I have been inundated with emails from the debtor, often seeking to direct the Trustee and his counsel to take certain actions and positions. We have advised Mr. Lubin that the Trustee is an independent fiduciary and that neither the Trustee nor his professionals work for him. That does not mean we do not want to work with him.

Most importantly for today's purposes to extend the stay to (indiscernible) litigations, as I previously mentioned in New York, Tennessee, Florida, Texas, and Michigan, we have spoken with counsel representing Mr. Lubin, representing the subject entities. We have spoken with counsel representing adversaries. We have spoken with counsel with respect to two trustees, one in Florida and one in Tennessee, and we've spoken directly with the receiver in the New York State case, which is where the Teton Life insurance policies are currently being addressed.

Your Honor, I'm a little confused sometimes as to what Mr. Lubin wants us to do. On the one hand, if Mr. Lubin wants, I can submit numerous emails. He wants us to take certain actions immediately. He wants us to seek to extend the

personal. Yeah, that's absolutely correct. I'm learning to have to cope with it a little bit. But, yeah, a lot of money is my personal money, and it's significant.

When I wrote on my schedules, I don't know if it's going to be $100 million recovery or if it's going to be $300 million recovery. There's been a lot of damages, and I don't know what -- I can't give you a value. But what concerns me is a few things. That May 15th order, a few things I want to get into. There's a few orders denying on the merits for inclusive effect, me being an alter ego to Spin Capital filed by these parties. One on April 5, 2023, called a futile and unwarranted fishing exposition, Judge Warren from Michigan. I can pull it up on my screen.

THE COURT: So I understand, Mr. Lubin. So these orders that you're talking about, how does that relate to any opposition that you have to the relief that's being requested by Mr. Stanziale?

MR. LUBIN: How does it relate? Because she mentioned that the Florida court ruled on me having dominating control of my entities so the judge did not rule that. I spoke to the judge's clerk on the email with Patricia on there. They're willing to set up a hearing to vacate that order.

Your Honor is aware of that order from the beginning of the case. It has other language that needs to get vacated as well.

recovered, some of the obligations.

And mixing with my personal bankruptcy is, that's doing what -- that May 15th order, I uploaded the transcripts. The judge did not rule that I have full domination and control over these companies. I would consult with all these participants. Every time a deal gets settled, I would make a WhatsApp chat or email with four or five people that are in the deal.

We would all decide, should this get settled for X, Y, and Z. I'm very transparent.

THE COURT: So Mr. Lubin, let me just stop you there.

So this isn't a question of just, for purposes of relief that's being requested today, isn't just saying, let's just mix stuff together with your personal bankruptcy. So the entities that you're talking about, we put Teton Life to the side. You are the sole owner of these entities. Okay.

MR. LUBIN: In what aspect?

THE COURT: There's only one aspect of ownership. Okay. You own and control those entities. Those ownership interests are an asset of your bankruptcy estate. Okay.

MR. LUBIN: I don't know if I'm the sole owner in regards to maybe an offering agreement that was drafted in 2019 before it started doing business. It's owned by the people that participated in the company are the owners. If you actually look at the rights, it's me, I'm like 20, 30 percent

MS. STAIANO: I'm sorry if I'm interrupting.

I think Your Honor has just stated the answer, which is, Mr. Lubin, you're a Chapter 11 debtor. Your life post-petition is your life. You have been sued. You can retain counsel. And you can also have counsel assert, on behalf of your ownership interests, whatever they and you feel you need to assert regarding these entities.

MR. LUBIN: But who can respond to the complaints? No one.

THE COURT: You can, Mr. Lubin.

MS. STAIANO: You can hire a lawyer.

MR. LUBIN: I can do it on behalf of myself, but who can do it on behalf of entities, in this case? I'm talking about this specific one case.

THE COURT: Mr. Lubin, this is not a clinic to give you legal advice, okay. The fact of the matter is, it happens in litigation, whether it's in this context or when it's alleged that an entity is an alter ego of another entity, or there should be some type of veil piercing because the debtor actually is one in the same as that entity that is controlled.

So these are not as novel issues as you're making them out to be. And Mr. Lubin, if you want to seek relief from any order that this Court enters, you're free to do that, okay.

MR. LUBIN: Okay, the Honor is aware that the jury ruled that in Florida, that in this specific case where she's

talking about a May 15th order, that I'm not an alter ego to these entities.

THE COURT: I'm using that as an example, Mr. Lubin --

MR. LUBIN: Right. Okay.

THE COURT: -- as to where individual debtors standing and their ownership interest in a related entity, which is maybe a distinct legal entity, but there's a confluence of interests, okay. But there's also legal separateness, okay.

So if your position is that Ms. Staiano and Mr. Stanziale can't get any of the preliminary relief that they're requesting unless counsel is somehow obtained by you as to all of those entities which you're the sole owner of, that's your position, okay. That is not something that is going to prevent me from --

MR. LUBIN: I'm not a sole owner of these lawsuits, though. Your Honor understands that, right? The claim that Spin own that --

THE COURT: Mr. Lubin, you're confusing whether or not other entities have interests in litigation with whether or not the party to that litigation is an entity that is 100 percent owned by you, okay. So, look, we are not going to continue down this road. I've heard what your concerns are, Mr. Lubin. I will, again, tell you that the relief that's

Estate, that the Trustee's preliminary investigation has revealed that there exists ongoing litigation in numerous jurisdictions in various stages in New Jersey, New York, Michigan, Texas, Tennessee, and Florida, in which the debtor and/or the subject entities are parties.

I find that the Trustee has given wide latitude and deference in its investigation into the debtor's estate and the exercise of the Trustee's business judgment to safeguard and/or maximize the debtor's estate for the benefit of the creditor body. As a part of that investigation, the Trustee must decide which entities and actions are valuable to the estate and how to most effectively protect those assets.

That the Trustee has established a reasonable likelihood of success in extending the automatic stay as to the subject entities for the duration of these Chapter 11 proceedings, that irreparable harm may result should the litigation impacting the subject entities progress without the Trustee's participation and/or yield unfavorable outcomes during the early stages of the Trustee's investigation, that the Court in Florida has already found that Spin Capital and Teton Funding were under the complete dominion and control of the debtor who used the corporate forum to shield assets from creditors. And for that, I'm citing the Stanziale Certification at ECF Docket Number 3-1, Paragraph 6, citing the charging order attached as Exhibit A.