# EXHIBIT C-15

Transcript of June 11, 2025 hearing (oral ruling) before Judge Kimball — Adv. Pro. No. 23-01132-EPK, ECF No. 317, pages 1 and 7–8

Case 23-01132-EPK Doc 317 Filed 06/17/25 Page 1 of 34



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CASE NO. 22-12790-EPK

IN RE:

EXCELL AUTO GROUP, INC.,

Debtor.

_____________________________/

NICOLE TESTA MEHDIPOUR,
Chapter 7 Trustee,

Plaintiff,

vs. ADV. NO. 23-1132-EPK

Hi Bar Capital, LLC, et al.,

Defendants.

_____________________________/

ORAL RULING ON MOTION FOR PARTIAL SUMMARY JUDGMENT (183)

June 11, 2025

The above-entitled cause came on for hearing before the Honorable ERIK P. KIMBALL, Chief Judge of the UNITED STATES BANKRUPTCY COURT, in and for the SOUTHERN DISTRICT OF FLORIDA, at 1515 North Flagler Drive, West Palm Beach, Palm Beach County, Florida, on June 11 2025, commencing at or about 2:30 p.m., and the following proceedings were had:

Transcribe From a Digital Recording By:
Anna M. Meagher, Shorthand Reporter

depends on the interpretation of the Winglake assignment document. The plaintiff argues that the Winglake assignment document includes the third Spin contract. The defendants disagree and argue that the third Spin contract was assigned to Hi Bar, via the Hi Bar transfer agreement. In connection with the motion for summary judgment filed by Hi Bar and other defendants, and joined in by Spin, the Court made a thorough oral ruling on May 28, 2025. The Court determined that looking solely at the four corners of the Winglake assignment document and the related document titled Evidence of Assignment, the Court is unable to conclude whether the third Spin contract was assigned to Winglake. Parol evidence is required.

The limited parol evidence presented in connection with Hi Bar's motion for summary judgment was not sufficient to permit a ruling for either party. The evidence offered in connection with the present motion for summary judgment is not helpful on this issue. This is a separate reason to deny the plaintiff's motion for summary judgment on counts 1 and 2.

In her reply and in a statement of supplemental authority filed at ECF No. 303, the plaintiff argues that a recent decision of a Michigan trial court has preclusive effect on the issue whether Spin transferred the third Spin contract to Hi Bar or to

Case 23-01132-EPK Doc 317 Filed 06/17/25 Page 8 of 34



Winglake. The relevant rulings are Exhibits 43 and 44 to the Plaintiff's Statement of Material Facts. The plaintiff argues that Michigan law applies and that the Michigan trial court's findings are binding here. But the plaintiff fails to explain how an order entered in litigation to which the debtor was not a party may be relied on by the trustee, as the debtor's stand-in in this action. It is not the Court's job to do the plaintiff's research and make the plaintiff's arguments.

The defendants argue that the plaintiff lacks standing to challenge the Winglake assignment document and the Hi Bar transfer agreement, as the debtor was not a party to those agreements and is not a third-party beneficiary able to enforce those agreements. The plaintiff does not seek to enforce those agreements between the parties to those agreements. The plaintiff seeks declaratory rulings to facilitate the estate's own claims against Hi Bar and Spin.

That the debtor was not a direct party to those agreements and may not be a third-party beneficiary has no impact on the plaintiff's standing in connection with counts 1 and 2. The plaintiff, as trustee for the debtor's estate, has standing to seek declaratory relief with regard to those agreements because the validity and enforceability of those agreements has a direct impact on