# EXHIBIT C-20

Unsigned draft "Assignment of Obligations and Merchant Documents," Franklin Capital Group, LLC — Spin Capital (and Austin Business Finance, LLC), sent by DocuSign October 22, 2021 ("The total amount of the outstanding Obligations as of October 21, 2021 is $587,289.00") — Hi Bar's Trial Exhibit 14, Adv. Pro. No. 23-01132-EPK (Bankr. S.D. Fla.), complete (6 pages)

# ASSIGNMENT OF OBLIGATIONS AND MERCHANT DOCUMENTS

Assignment of Obligations and Merchant Documents ("Assignment") executed and delivered as of October ___, 2021 by Spin Capital, with EIN: ___________, (collectively with Austin Business Finance, LLC, with EIN: __________, and each of its affiliates, the "Assignor") to Franklin Capital Group, LLC ("Assignee").

**RECITALS:**

Assignee desires to purchase from Assignor, and Assignor has agreed to sell to Assignee all outstanding obligations ("Obligations") of Excell Auto Group, Inc. and each of its affiliates (collectively, "Company") owing to Assignor under each of (i) the Revenue Purchase Agreement, dated as of June 1, 2021, by and between Assignor and Company, and (ii) the Revenue Purchase Agreement, dated as of July 9, 2021, by and between Assignor and Company (collectively, the "Merchant Agreements") and all rights of Assignor under any similar or related documents (including without limitation, any guaranties, security agreements, forbearance agreements, settlement agreements and judgments), including with respect to all collateral securing the obligations of Company under the Merchant Agreements or securing any guaranties in respect thereof (the documents, including the Merchant Agreements, are defined collectively as the "Merchant Documents"), for a purchase price of $587,289.00 (the "Purchase Price").

For good and valuable consideration, the receipt and adequacy of which is acknowledged, Assignor agrees as follows:

1. The total amount of the outstanding Obligations as of October 21, 2021 is $587,289.00.

2. Effective upon receipt by Assignor of the Purchase Price, which Purchase Price must be paid by Assignee to Assignor by no later than October 27, 2021 (the "Deadline") by wire transfer of immediately available funds in accordance with wire instructions set forth below:

   (a) Assignor sells, transfers and assigns to Assignee the Obligations and all of Assignor's right, title and interest under the Merchant Documents, including any claims, rights or actions Assignor may have (whether known or unknown to Assignor as of the date hereof) against any third party arising in connection with, or otherwise related to, the Merchant Documents or the Obligations ("Third Party Claims");

   (b) Assignee is authorized to file UCC-3 assignments, assigning from Assignor to Assignee all UCC-1 financing statements that Assignor has of record against Company or any guarantors or pledgors of collateral securing the Obligations (collectively, the "Credit Parties"), including without limitation those identified on the attached Exhibit 1; and

   (c) Upon request of Assignee, Assignor will (i) file all necessary papers dismissing any litigation and assigning or discharging (as directed by Assignee) any judgments that may have been entered in favor of Assignor against Company, (ii) execute and deliver such documents as are necessary to rescind or retract any garnishments or instructions given by Assignor to (x) account debtors or customers of Company directing such parties to make payments to Assignor, or (y) any bank or financial institution regarding Company's deposit or other accounts with such bank or financial institution, and (iii) execute and deliver such additional documents and take such other actions as are necessary or advisable in order to evidence or otherwise give effect to the purposes of this Assignment.

3. Assignor will forbear from exercising any remedies with respect to the Obligations, whether under the Merchant Documents or otherwise (including with respect to any Third Party Claims), through the Deadline.

4. Assignor represents and warrants to Assignee that (i) Assignor's exact legal name and EIN are as set forth in the preamble above, (ii) the completed form W-9 provided to Assignee by Assignor on or prior to the date hereof is true and accurate, (iii) Assignor has not sold, assigned, transferred, granted a participation in or pledged the Obligations, the Merchant Documents or the Third Party Claims and Assignor owns the Obligations, the Merchant Documents and the Third Party Claims free and clear of any lien or other encumbrance and (iv) Assignor (including any of its affiliates) has not entered into any written or oral agreement with Company relating to this Assignment or receipt of any compensation

from Company in consideration for entering into this Assignment. The sale, transfer and assignment is made without recourse, representations or warranties of any kind, except as set forth above.

5. Assignor represents and warrants to Assignee that Company is currently in default under the terms of the Merchant Documents and, without limiting the effect of Section 2(a) above, all claims, rights or actions that Assignor may have against Company (or any guarantors of the Obligations) are sold, assigned and transferred to Assignee in connection with this Assignment.

6. Assignor acknowledges that Assignee is in the business of making secured commercial loans. On and after the date of this Assignment, Assignor covenants to Assignee that, so long as Assignee has a UCC financing statement filed of record against any of the Credit Parties or any other person or entity, whether or not related to the Credit Parties (any such Credit Party, person or entity, a "Debtor") that includes language notifying parties that further sales, assignments, pledges or encumbrances with respect to the collateral described in Assignee's UCC financing statement are prohibited, or words of similar import: (a) Assignor shall not purchase any portion of accounts, future accounts, contract rights, future sales, receipts or other obligations from such Debtor, (b) Assignor shall not extend credit to such Debtor, (c) Assignor shall not take a security interest in the assets of such Debtor, and (d) if Assignor violates any of the provisions of clauses (a), (b), or (c) above, its debt and lien shall be subordinate and it shall be subject to a permanent standstill and it shall not take any legal action or otherwise exercise any rights or remedies against such Debtor. Assignor further covenants and agrees that it shall not accept any payments from any of the Credit Parties on account of, or related to, the Obligations (including any compensation in consideration for entering into this Assignment), and Assignor acknowledges and agrees that any such payments, if received, shall be held in trust for the benefit of Assignee and promptly paid over to Assignee in the form received (with proper endorsements or assignment if necessary).

7. Assignor shall execute the Evidence of Assignment attached hereto as Exhibit 2, which Assignee, Company, or any designee of any of the foregoing may, at any time after receipt by Assignor of the Purchase Price, provide to any other person as evidence of this Assignment.

8. This Assignment and any dispute, controversy or claim (whether or not arising out of or in connection with this Assignment) between Assignor and Assignee shall be governed by and construed in accordance with the laws of the State of Michigan, without reference to conflicts of laws. Assignor submits to the non-exclusive jurisdiction and venue of the federal court located in the Eastern District of Michigan or the state courts located in Oakland County, Michigan and shall waive any right to trial by jury, and any suit brought by Assignor, whether or not arising out of or in connection with this Assignment, may only be brought in such courts. Nothing shall limit the right of Assignee to bring any action or proceeding in the courts of any other jurisdiction if necessary or convenient to effect the relief sought.

9. Assignor agrees to indemnify and hold Assignee harmless from and against all losses, costs, damages, liabilities and expenses, including, without limitation, in-house and outside attorneys' fees and disbursements, incurred by Assignee in connection with this Assignment or the transactions contemplated hereby, or enforcing the obligations of Assignor under this Assignment, or in exercising any rights or remedies of Assignee or in the prosecution or defense of any action or proceeding concerning any matter arising under or in connection with this Assignment. If Assignor fails to perform any of its obligations arising under or in connection with this Assignment and/or violates any provision of this Assignment, Assignee shall be entitled to triple the amount of its actual/compensatory damages and, in such event, Assignee shall be entitled to its reasonable attorney fees and expenses (in addition to any other relief to which Assignee may be entitled).

10. Electronic and/or facsimile signatures on this Assignment shall be effective for all purposes.

11. Assignor's wire instructions are as set forth below:

| | |
|---|---|
| ______________________ | ______________________ |
| Bank | ABA Transit Number |
| ______________________ | ______________________ |
| Account Title | Account Number |

**ASSIGNOR:**

**SPIN CAPITAL**

By:________________________________________

Its:________________________________________

**AUSTIN BUSINESS FINANCE, LLC**

By:________________________________________

Its:________________________________________

# EXHIBIT 1

UCC-1 Filings

| Debtor | Secured Party | UCC File No. | Date of Filing | Place of Filing |
|---|---|---|---|---|
| Excell Auto Group, Inc.<br><br>Kristen Zankl | Austin Business Finance, LLC | 20200516365X | 10/28/2020 | Florida |

DocuSign Envelope ID: 3C27E4D0-4D35-407C-BCB5-C4F80E74C40B

**EXHIBIT 2**

[Evidence of Assignment attached]

**Evidence of Assignment**

To Whom It May Concern:

Reference is made to that certain (i) Revenue Purchase Agreement, dated as of June 1, 2021, by and between Excell Auto Group, Inc. ("Company") and Spin Capital ("Assignor"), and (ii) Revenue Purchase Agreement, dated as of July 9, 2021, by and between Company and Assignor (collectively, the "Merchant Agreements") and all rights of Assignor under any similar or related documents (including without limitation, any guaranties, security agreements, settlement agreements, forbearance agreements and judgments), including with respect to all collateral securing the obligations of Company under the Merchant Agreements or securing any guaranties in respect thereof (the documents, including the Merchant Agreements, are defined collectively as the "Merchant Documents").

Assignor hereby confirms that in connection with that certain Assignment of Obligations and Merchant Documents, dated as of October ___, 2021, between Assignor and Franklin Capital Group, LLC ("Assignee"), (i) Assignor has sold, transferred and assigned all of its right, title and interest in the Merchant Documents to Assignee, (ii) Assignor no longer has any rights or interest in the accounts, receivables, or other assets of Company or its guarantors that were sold, assigned, transferred or pledged to Assignor under or in connection with the Merchant Documents and (iii) this Evidence of Assignment may be relied upon by any person as evidence of the foregoing.

**ASSIGNOR:**

**SPIN CAPITAL**

By:______________________________

Its:______________________________

**AUSTIN BUSINESS FINANCE, LLC**

By:______________________________

Its:______________________________