# EXHIBIT C-24

Emails on authority over Spin Capital, September 20 – October 9, 2026: (A) the September 20, 2026 chain between Lubin and the Trustee; (B) the October 1, 2026 emails about Spin's SDNY letter-motion ("please do not file anything with the court in the interim"; "the Trustee takes no position on the filing you wish to make on Spin Capital's behalf"); (C) Ms. Staiano's October 2, 2026 "Stay issues" email; (D) the October 5–7, 2026 "Lubin call" chain (excerpts); (E) Ms. Staiano's October 9, 2026 email — printed from Lubin's mailbox

Printed from the mailbox of josh@tetonfunding.com (Microsoft 365). Messages are shown in date order, oldest first. Times are Eastern. Signature blocks and confidentiality footers are omitted. Nothing else is altered.

## A. September 20, 2026 — Lubin and the Trustee

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Sunday, September 20, 2026 2:08 PM
**To:** Ben Stanziale <Ben@stanzialelaw.com>
**Subject:** In re Avrumi Lubin, Case No. 26-17342-EJO — introductory call

Dear Mr. Stanziale,
I saw the notice of your appointment, subject to court approval, in my Chapter 11 case. When would you be available for an introductory call to discuss the case, next steps, and what information you need from me?
I am available to coordinate around your schedule. You can reach me at 732-608-4905.
Thank you,
Avrumi (Josh) Lubin

---

**From:** Ben Stanziale <Ben@stanzialelaw.com>
**Sent:** Sunday, September 20, 2026 3:08 PM
**To:** Josh Lubin <josh@tetonfunding.com>
**Subject:** Re: In re Avrumi Lubin, Case No. 26-17342-EJO — introductory call

Thanks for contacting me.

I will contact you to set up a call

Ben

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Sunday, September 20, 2026 3:33 PM
**To:** Ben Stanziale <Ben@stanzialelaw.com>
**Subject:** Re: In re Avrumi Lubin, Case No. 26-17342-EJO — introductory call

Thanks Ben,

When are you available? I want to put Spin Capital into bankruptcy and I believe you have the authority to do that in the event your appointment is granted.

Try to keep your email short with me, because i have dyslexia and cannot read really long emails.

Let me know when you have a few minutes to talk

---

**From:** Ben Stanziale <Ben@stanzialelaw.com>
**Sent:** Sunday, September 20, 2026 4:13 PM
**To:** Josh Lubin <josh@tetonfunding.com>
**Subject:** Re: In re Avrumi Lubin, Case No. 26-17342-EJO — introductory call

Do not do that. You have no authority to do that now.

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Sunday, September 20, 2026 4:18 PM
**To:** Ben Stanziale <Ben@stanzialelaw.com>
**Subject:** Re: In re Avrumi Lubin, Case No. 26-17342-EJO — introductory call

I obviously shouldn't do that (especially if I don't have authority) though should you do that? Can we please set up a call? I'm in a complicated situation. And I have some procedure questions. Is there a way to appoint a special counsel/conflict free counsel under 327, where my father pays the fees.

I want to help you recover money for the estate and do to do everything 1000% by the book.

---

**From:** Ben Stanziale <Ben@stanzialelaw.com>
**Sent:** Sunday, September 20, 2026 4:31 PM
**To:** Josh Lubin <josh@tetonfunding.com>
**Subject:** Re: In re Avrumi Lubin, Case No. 26-17342-EJO — introductory call

I will be in touch.

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Sunday, September 20, 2026 4:39 PM
**To:** Ben Stanziale <Ben@stanzialelaw.com>
**Subject:** Re: In re Avrumi Lubin, Case No. 26-17342-EJO — introductory call

Thank you.

People are playing games with my personal and spin capital litigation rights. I spoke to Rachel UST about it and I think judge o Hagen is aware of it. The only possible way to get this on guardrails is through bankruptcy.

There's inconsistent positions and collusive settlement agreements and a lot of shenanigans though these people made it impossible for me to get an attorney (they somehow conflict them all), judge o Hagen stayed the 3 appeals I filed pro se (did a horrible job) so a trustee can clean them up and make sure they're filed correctly.

My personal estate has some claims and can receiver money from them, though the majority of the claims is Spin Capital (potentially 9 digits). Would be great if my

trustee can put spin into bankruptcy as a related case and have it all in one ventue and in front of the same judge.

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Sunday, September 20, 2026 4:44 PM
**To:** Ben Stanziale <Ben@stanzialelaw.com>
**Subject:** Re: In re Avrumi Lubin, Case No. 26-17342-EJO — introductory call

I can maybe also figure out a way to get a DIP loan from a family member

## B. October 1, 2026 — Spin's SDNY filing: "please do not file anything" and "the Trustee takes no position"

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Thursday, October 1, 2026 12:22 PM
**To:** Alexander Sakin <alex@sakin-law.com>; Patricia A. Staiano <PStaiano@hlgslaw.com>; ben <ben@stanzialelaw.com>; Matthew E. Moloshok <MMoloshok@hlgslaw.com>
**Subject:** Re: Golden Foothill v. Spin (SDNY 24-cv-8515) — letter-motion for leave to amend Spin's Answer (collateral estoppel)

Alex,

Meet Ben whos my trustee and his attorneys. They need to be kept in the loop on filings

---

**From:** Patricia A. Staiano <PStaiano@hlgslaw.com>
**Sent:** Thursday, October 1, 2026 12:36 PM
**To:** Josh Lubin <josh@tetonfunding.com>; Alexander Sakin <alex@sakin-law.com>; ben <ben@stanzialelaw.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>
**Subject:** Re: Golden Foothill v. Spin (SDNY 24-cv-8515) — letter-motion for leave to amend Spin's Answer (collateral estoppel)

Hello Alex,

We will be calling you shortly. In the meantime, please do not file anything with the court in the interim.

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Thursday, October 1, 2026 3:00 PM
**To:** pstaiano <pstaiano@hlgslaw.com>
**Cc:** ben <ben@stanzialelaw.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>; Wolf, Rachel (USTP) <Rachel.Wolf@usdoj.gov>; Kirsten.K.Ardelean@usdoj.gov
**Subject:** Re: Golden Foothill v. Spin (SDNY 24-cv-8515) — letter-motion for leave to amend Spin's Answer (collateral estoppel)

EXCERPT (opening and closing paragraphs; the full eight-point email is in the mailbox):

Pat, Matt and Ben,

Thank you for reaching out to Alex and Stanley today. I understand you want to review Spin's filings in advance. That is why I copied you.

I'm writing to explain why I believe it is very important that Spin file this letter-motion as soon as possible, after Alex's and Stanley's own review. In short: the Court could rule any day, the judge has invited this defense more than once, it has never been properly presented, and missing it could cost Spin — and the estate — a great deal.

[points 1–8 omitted]

My request: please authorize Alex and Stanley to file today, after their own review. If you have concerns or want changes, please tell me what they are and I will turn them around right away. The full package is attached to my 12:22 PM email. I'm available by phone at 732-608-4905.

Thank you,
Josh

---

**From:** Patricia A. Staiano <PStaiano@hlgslaw.com>
**Sent:** Thursday, October 1, 2026 3:23 PM
**To:** Josh Lubin <josh@tetonfunding.com>
**Cc:** ben <ben@stanzialelaw.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>; Wolf, Rachel (USTP) <Rachel.Wolf@usdoj.gov>; Kirsten.K.Ardelean@usdoj.gov
**Subject:** Re: Golden Foothill v. Spin (SDNY 24-cv-8515) — letter-motion for leave to amend Spin's Answer (collateral estoppel)

Josh,

We can't figure out which attorney you are using for what. Regardless, the Trustee takes no position on the filing you wish to make on Spin Capital's behalf. Keep us posted.

## C. October 2, 2026 — Trustee's counsel: "Ben cannot act or speak on behalf of Spin"

---

**From:** Patricia A. Staiano <PStaiano@hlgslaw.com>
**Sent:** Friday, October 2, 2026 5:14 PM
**To:** Josh Lubin <josh@tetonfunding.com>
**Cc:** ben <ben@stanzialelaw.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>
**Subject:** Stay issues

Dear Josh,

We have been looking at the Spin Capital issue quite seriously all day. Spin, although owned by you, is a separate entity that is not in bankruptcy. To that end, we are preparing a complaint and order to show cause to file with the bankruptcy court next week to extend the bankruptcy proceedings to Spin and JL and the two Teton entities. But until such time as the requested relief is granted (if the Court does grant the relief in its discretion), Ben cannot act or speak on behalf of Spin.

### D. October 5–7, 2026 — the "Lubin call" chain (excerpts; the full chain is in the mailbox)

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Monday, October 5, 2026 1:16 PM
**To:** Patricia A. Staiano <PStaiano@hlgslaw.com>
**Cc:** Matthew E. Moloshok <MMoloshok@hlgslaw.com>; ben <Ben@stanzialelaw.com>
**Subject:** Re: Lubin call

Patrcia,

Let me know when your available. The estate should file a complaint and seek immediate stay relief against SDNY and Michigan appeal and then get everything organized and investigate the litigation rights during the stay period and then put Spin (and JL) into bankruptcy. Theres no reason and theres no basis for Teton Life to be in bankruptcy, I intend on going to work for that company and get a salary approved by the bk court ect. And theres plenty of money to recover in Spin (a lot more then Teton Life, though a lot more work as well)

---

**From:** Patricia A. Staiano <PStaiano@hlgslaw.com>
**Sent:** Tuesday, October 6, 2026 1:50 PM
**To:** Josh Lubin <josh@tetonfunding.com>
**Cc:** Matthew E. Moloshok <mmoloshok@hlgslaw.com>; ben <ben@stanzialelaw.com>
**Subject:** Re: Lubin call

Josh,

We intend to go forward with our plan to file a complaint and order to show cause to bring Spin and JL into bankruptcy in accordance with Third Circuit law. We are speaking with counsel to the co-owner of Teton about what to do with Teton.

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Wednesday, October 7, 2026 2:00 PM
**To:** Patricia A. Staiano <PStaiano@hlgslaw.com>
**Cc:** Matthew E. Moloshok <MMoloshok@hlgslaw.com>; ben <ben@stanzialelaw.com>
**Subject:** Re: Lubin call

Pat,

I am replying to your October 6 email about a complaint and order to show cause to bring Spin and JL into bankruptcy.

Thank you for supporting the stay in SDNY (ECF 210, filed today). I support that stay. But my support for the stay is not consent to bringing Spin or JL into bankruptcy now.

I object to putting Spin or JL into bankruptcy now, and I do not consent to substantive consolidation. My objection to a Spin or JL bankruptcy is about timing. As I wrote on October 3 and October 5, I think the right order is:
1. First, pause Spin's cases: SDNY (now requested) and the Michigan appeal.
2. Then get organized: a full list of Spin's cases, claims and debts, and an investigation of Spin's rights, including the disputed assignments.
3. Then decide, on a full record, whether a bankruptcy for Spin and JL makes sense.

Once that work is done, I would consider consenting to a properly documented proposal to put Spin and JL into bankruptcy. That is not a commitment. It depends on what the investigation shows.

[Michigan appeal and Teton Life paragraphs omitted.]

If you go forward anyway, please send me the draft complaint and proposed order before you file, and the hearing and response dates. I reserve all of my objections and rights.

Thank you,

Josh Lubin

---

**From:** Patricia A. Staiano <PStaiano@hlgslaw.com>
**Sent:** Wednesday, October 7, 2026 3:15 PM
**To:** Josh Lubin <josh@tetonfunding.com>
**Cc:** Matthew E. Moloshok <MMoloshok@hlgslaw.com>; ben <ben@stanzialelaw.com>
**Subject:** RE: Lubin call

Josh, your wish list is not realistic. The point of the extension proceeding is to afford Mr. Stanziale the authority to act on Spin's behalf and have the stay apply. We must proceed on this course; your suggestions are not going to achieve this goal.

Of course, you are free to contest the Trustee's complaint.

## E. October 9, 2026 — Trustee's counsel: "You currently have autonomy over your entities"

---

**From:** Patricia A. Staiano <PStaiano@hlgslaw.com>
**Sent:** Friday, October 9, 2026 8:14 PM
**To:** Josh Lubin <josh@tetonfunding.com>
**Cc:** Joshua Wurtzel; Alexander P. Wentworth-Ping (Schlam Stone); Stanley Casey; ben <ben@stanzialelaw.com>; Matthew E. Moloshok; Rachel.Wolf@usdoj.gov; Kirsten.K.Ardelean@usdoj.gov; Heidi.A.Feinman@usdoj.gov
**Subject:** Re: Teton Life — written clarification of filing pause, claimed authority, and protective action

Mr. Lubin,

You are able to tell anyone what you see fit. The Teton entities, Spin and JL did not file bankruptcies. We will be seeking authority from the court for the Trustee to act on their behalf but the Trustee does not have that authority at the present.

Moreover, Trustees' constituents are creditors. Their charge is to maximize assets for distribution to creditors. We had hoped to work with you consensually but we receive a barrage of emails and now threats. We do not understand your alleged constitutional violations but again, do as you see fit.

You currently have autonomy over your entities and maintain that you want that in the future. How that is resolved is up to Judge O'Hagan.

You voluntarily filed your bankruptcy and you did not appeal the order appointing a chapter 11 trustee. We do not wish you ill and hope you can successfully proceed with your life after this process.

We have answered your questions and the barrage of emails is not helpful. But this is a fee country and you can keep saying what you need to say. But the Trustee takes the positions and actions he does as well.