# EXHIBIT C-25

Letter of Teton Life LLC's counsel (Schlam Stone & Dolan LLP) to Justice Bannon, August 31, 2026, NYSCEF Doc. No. 1476, Teton Life LLC v. Golden Foothill Ins. Servs., LLC, Index No. 650582/2022 (5 pages), and Patricia A. Staiano's October 29, 2026, 6:43 PM email (opening message)

Joshua Wurtzel
Partner

schlamstone.com
jwurtzel@schlamstone.com

Schlam Stone & Dolan LLP
26 Broadway, New York, NY 10004
Main: 212 344-5400 Mobile: 516 528-9944
Direct: 212 612-1226 Fax: 212 612-1226

August 31, 2026

**BY NYSCEF**

The Honorable Nancy M. Bannon
Supreme Court of the State of New York
60 Centre Street, Room 232
New York, New York 10007

Re: *Teton Life LLC v. Golden Foothill Ins. Servs., LLC*, Index No. 650582/2022

Dear Justice Bannon:

On behalf of plaintiff Teton Life LLC,[1] pursuant to the Order Appointing a Temporary Receiver dated January 6, 2023 (NYSCEF Doc No. 245) (the "Receivership Order"), Plaintiff writes to request a pre-motion conference with the Court and, to the extent leave is required under the Part 61 Rules, leave to file a single omnibus motion seeking two related but distinct forms of relief: (i) an order under CPLR 6401(b) extending the powers of the temporary receiver to, or confirming his authority over, additional life insurance policies discovered since entry of the Receivership Order; and (ii) an order directing reimbursement to Plaintiff, from the funds now held by the Receiver, of amounts Plaintiff has advanced in support of the receivership. To the extent the case remains stayed, Plaintiff also requests a limited modification of the stay to permit the filing and adjudication of the contemplated omnibus motion.

### *A. Background on Receivership Order*

As the Court is aware, by order dated January 6, 2023, Fred Stevens was appointed as temporary receiver under CPLR Article 64 over, among other things, the nine life insurance policies listed below that constitute Plaintiff's collateral. The Court authorized him, among other things, to take possession of the policies and related records, to communicate with the issuing carriers, to pay premiums and other necessary expenses, and to collect the proceeds derived from the policies. NYSCEF Doc No. 228; NYSCEF Doc No. 245 at 2:

| ***Policy No.*** | ***Insured*** | ***Insurance Company*** | ***Current Status*** |
|---|---|---|---|
| 177947 | Gresham, Ronald | Zurich American Life Insurance Company | Active |
| 170604 | Kellar, Edward | Zurich American Life Insurance Company | Active |

[1] This request is made solely on behalf of Teton and is not duplicative of Mr. Josh Lubin's pro se filing. *See* NYSCEF Doc No. 1475.

| ***Policy No.*** | ***Insured*** | ***Insurance Company*** | ***Current Status*** |
|---|---|---|---|
| 172963 | Sisam, Edwin & Dorothy | Zurich American Life Insurance Company | Active |
| 167060 | Perry, Jack & Leonora | Zurich American Life Insurance Company | Active |
| 172953 | Sisam, Dorothy | Zurich American Life Insurance Company | Active |
| 162865 | Leer, William & Rae | Zurich American Life Insurance Company | Active[2] |
| UL00020974 | Sisco, Frances | Accordia Life and Annuity Company | Lapsed[3] |
| 59592683 | Utsick, John | John Hancock Life Insurance Company | Matured |
| 7447253 | Utsick, John | Brighthouse Financial Life Insurance | Matured |

### *B. Developments Since Entry of the Receivership Order*

Three developments give rise to the relief Plaintiff proposes to seek. ***First,*** through the investigation authorized by paragraph 8 of the Receivership Order, as well as discovery in this case, Plaintiff and the Receiver have identified at least 24 additional life insurance policies that may constitute Plaintiff's collateral and that were not enumerated in paragraph 1 of the Receivership Order, including:

| ***Policy No.*** | ***Insured*** | ***Insurance Company*** |
|---|---|---|
| 219618 | Martha Beach | Zurich |
| 207500 | Ricci/Ricardo Campos | Zurich |
| 162213030 | Robert Dilworth | AXA Equitable |
| 174288 | Robert Fell | Zurich |
| VL3175345 | Norma Greever | Hartford |
| 1627551 | Norma Greever | Voya |
| BU1391086 | Jo Anne Gresham | United of Omaha |
| AL001049 | James & Dolores Griffin | American National |
| 93232078 | Leroy Hanneman | John Hancock |
| 61291457 | Kenneth Hatzenbeller | New York Life |
| 93161466 | Nasser Kazeminy | John Hancock |
| BU1808172 | Nasser Kazeminy | United of Omaha |
| 10311039 | William Leer | Royal Neighbors |
| 170759 | Jacqueline Saharagun | Zurich |
| 46007599 | Thomas Saharagun | John Hancock |
| 97519353 | Merton Silbar | Nassau |

[2] Bam Trust asserts an interest in this policy and has been paying premiums. NYSCEF Doc No. 921 at 8.
[3] The Receiver is not maintaining this policy, which lapsed in 2010. NYSCEF Doc No. 921 at 14-15.

| *Policy No.* | *Insured* | *Insurance Company* |
|---|---|---|
| 60053874 | Bertus Leroy Sisco | Allianz |
| 161201739 | Leroy & Frances Sisco | AXA Equitable |
| BU1759281 | Michael Solomon | United of Omaha |
| BU1894962 | Michael Solomon | United of Omaha |
| 181502 | Richard Stowe | Zurich |
| 172959 | Unidentified | Zurich |
| 170606 | Unidentified | Zurich |
| 170608 | Unidentified | Zurich |

***Second***, in January 2023, the Receiver made an initial request for an advance from Spin Capital, with notice to all the other parties. Spin agreed to provide the advance at the contractual rate of five percent per month without objection from any party. Spin Capital thereafter advanced $1,409,439.56 to the Receiver across seven transfers, as detailed below. [4] *See* NYSCEF Doc No. 1017 ¶11; NYSCEF Doc No. 1430 ¶36.

| *Date of Funding* | *Amount Advanced By Spin* |
|---|---|
| 1/27/2023 | $ 129,639.29 |
| 4/12/2023 | $ 173,760.05 |
| 7/10/2023 | $ 307,990.73 |
| 11/9/2023 | $ 164,640.37 |
| 2/2/2024 | $ 223,869.08 |
| 4/16/2024 | $ 220,293.82 |
| 6/27/2024 | $ 189,246.22 |
| **TOTAL** | **$ 1,409,439.56** |

***Third,*** two policies have matured. Both Utsick policies—the John Hancock Policy 59592683 and the Brighthouse Financial Policy 7447253—matured upon the insured's death in 2023. NYSCEF Doc No. 1017 ¶15. Hancock improperly paid its proceeds to Stefan Leer rather than the Receiver, resulting in civil and criminal contempt findings and a money judgment plus interest, against Leer. NYSCEF Doc Nos. 467, 509, 764, 900.

As to the Brighthouse Policy, after litigation in this Court and the Southern District of New York, the Receiver received $9,639,264.17 on January 15, 2025, and now uses those funds to pay receivership premiums and costs. NYSCEF Doc Nos. 793, 1017 at 8. In February 2025, the Court authorized the Receiver to use Brighthouse funds "to pay obligations of the Receiver as established in the Receiver Order." NYSCEF Doc No. 793 at 3.

As of July 31, 2026, the Receiver maintained $9,164,077.17 in his Wilmington Trust account from the Utsick Brighthouse Policy and $214,638.61 in his Flagstar Bank account.

---

[4] Spin Capital funded these advances, but Teton asserts the right to repayment as assignee of Spin Capital in this action, consistent with the court order that permitted Teton to intervene and substitute as plaintiff in place of Spin Capital, LLC. *See* NYSCEF Doc No. 909.

### *C. Proposed Omnibus Motion*

Plaintiff proposes to file one omnibus motion with two independent motions that both arise from the same record—the Receiver's administration of the collateral since January 2023, the additional policies his investigation surfaced, and the accounting of Plaintiff's advances against the fund now on hand. Presenting them together permits the Court to address the scope of the receivership and its funding on a single, complete record, and avoids duplicative papers and appearances. Those two motions would be:

*Motion to Expand Enumerated Policies Subject to Receivership.* CPLR 6401(b) provides that "[u]pon motion of the receiver or a party, powers granted to a temporary receiver may be extended or limited or the receivership may be extended to another action involving the property." A temporary receiver's authority is confined to what the appointing order confers. While paragraphs 8 and 9 of the Receivership Order authorize the Receiver to investigate other policies that may constitute Plaintiff's collateral and to give notice of what he finds, they do not by their terms place those policies within his custody or within the injunctions of paragraphs 13 and 14. Plaintiff therefore proposes to move for an order amending paragraph 1 of the Receivership Order to add the additional policies, or confirming that the Receiver's existing powers reach them, and confirming that the turnover and anti-transfer provisions of paragraphs 11, 13, and 14 apply to them. The relief is time-sensitive because until the Receiver's authority over these policies is clear, they remain exposed to lapses, surrender, assignment, or change of beneficiary.

*Motion to Reimburse Plaintiff for Amounts Advanced to Receiver.* Plaintiff proposes to move, under paragraphs 15 and 18 of the Receivership Order and CPLR 6404, for an interim accounting and an order directing that Plaintiff's principal advance to the Receiver be reimbursed from the funds now in the Receiver's accounts. Plaintiff advanced seven tranches totaling $1,409,439.56, at the Receiver's request when the Receiver lacked estate funds to make timely premium payments, but the Receiver now holds more than $9 million and can use those funds to repay Plaintiff's advances.

Those advances are reimbursable preservation expenses and can be paid now, without addressing the merits of the case. Courts award interest on preservation advances when authorized by governing documents or court orders. *See Bank of Am., N.A. v. ONEONTA, L.P.*, 97 A.D.3d 1023, 1027 (3d Dept 2012) (reversing denial of interest on necessary tax and insurance advances). While Teton reserves its right to request the contractual five percent rate of interest on those advances if the Court determines that that rate is enforceable under paragraph 15 of the Receivership Order, the Loan Documents, and the documented course of performance at a later time, the Court need not decide that issue to reimburse Plaintiff for its principal here.

Plaintiff has discussed the proposed omnibus motion with the Receiver, who does not take a position on Plaintiff's request for reimbursement of the funds advanced to the receivership and is prepared to transmit those if the Court orders it. The Receiver also does not object to Plaintiff's request to expand the enumerated policies under receivership, subject to the Court's resolution of the issues related to his compensation raised in the Court's recent decisions (NYSCEF Doc No. 1471; NYSCEF Doc No. 1472).

Plaintiff respectfully requests that the Court schedule a pre-motion conference and grant leave to file the omnibus motion described above.

Respectfully submitted,

/s/ Joshua Wurtzel
Joshua Wurtzel

cc: All counsel of record (by NYSCEF and email)

Printed from the mailbox of josh@tetonfunding.com (Microsoft 365). Opening message only; quoted history omitted. Times are Eastern.

---

**From:** Patricia A. Staiano <PStaiano@hlgslaw.com>
**Sent:** Thursday, October 29, 2026 6:43 PM
**To:** josh@tetonfunding.com; jcl@os.law
**Cc:** ben@stanzialelaw.com; Wynwood Capital Group (2); mmoloshok@hlgslaw.com; GSS Services (2); ken@krbpllc.com; akelly@kbtlaw.com; dkasen@kasenlaw.com; Akerman (2); abe@argylemgmt.com; pkrenicky@weirlawllp.com; rachel.wolf@usdoj.gov; kirsten.k.ardelean@usdoj.gov; Heidi.A.Feinman@usdoj.gov
**Subject:** Re: Bridgelink Deal – Participation Interests – Spin's counsel and ranch protection

I am not responding until you identify the parties on this email; I have asked you to do this already. Accordingly, we will not engage with you on substance.

I will tell you that the Trustee and I spoke with the Receiver in NY today. He advises the policies are not at risk and I will engage with him to confirm in writing. We are speaking with the Johnson brothers' counsel tomorrow, will be speaking with counsel to Cap Factor tomorrow and then following up with Mr. Yitzachov's counsel.