# EXHIBIT C-27

Participants in Spin's deals: (A) transcript of the July 23, 2026 hearing, In re Lubin, No. 26-17342 (EJO), pp. 21–22; (B) Lubin's October 1 and October 7, 2026 emails to the Trustee's counsel; (C) Ms. Staiano's October 9, 2026 schedules demand and Lubin's October 9 answer; (D) Ms. Staiano's October 25, 26 and 27, 2026 emails and the October 27 exchange — printed from Lubin's mailbox, participant names redacted

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: | Case No. 26-17342-EJO |
| AVRUMI LUBIN, | 402 East State Street<br>Trenton, NJ 08608 |
| Debtor. | |
| | July 23, 2026<br>2:00 p.m. |

TRANSCRIPT OF ORDER TO SHOW CAUSE, MOTION TO VACATE STAY and DISMISSAL

BEFORE HONORABLE EAMONN JAMES O'HAGAN
UNITED STATES BANKRUPTCY COURT JUDGE

TELEPHONIC APPEARANCES:

| | |
|---|---|
| For the Debtor: | AVRUMI LUBIN, PRO SE<br>1460 Arboretum Parkway<br>Lakewood, NJ 08701 |
| For the U.S. Trustee: | Office of the U.S. Trustee<br>By: RACHEL WOLF, ESQ.<br>One Newark Center<br>Suite 2100<br>Newark, NJ 07102 |
| Audio Operator: | Michelle Fogleman |

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail: jjcourt@jjcourt.com**

**(609) 586-2311 Fax No. (609) 587-3599**

potentially explore away where I can monetize the assets through a plan that could also pay creditors.

So, again, not speaking to how likely those events are to happen, speaking to good faith and proper bankruptcy purpose as it stands today, I'm having trouble seeing how I can make that conclusion on the record that we have right now.

MR. LUBIN: Your Honor, can I mention one thing?

MR. BRESLIN: I understand, Judge. Thank you.

MR. LUBIN: Your Honor, the FVP parties have been -- they keep serving demand letters to Fred Stevens which I think you know, he's -- I appoint him as receiver on a matter of $9.3 million. My company is the only creditor to the estate -- $9.3 million in cash. And they keep on sending frivolous letters to try to get Fred to turn over the money which he's not going to do. Fred is a very straight shooter.

But these assets they know about, the reason why there weren't values listed is I don't know what the values are of all these claims. Not only that, I own Spin 100 percent but on these deals yes, there's over $100 million in claims, I don't own these participants. Maybe 20 to 30 percent of all the claims out there is entitled to me is other people that are in these deals.

And FVP is trying to make believe there's no disclosure. Eighty percent is public records. You know, they're asking one of my receivers to try to turn over $9.3

million when now they're saying they're owed five with an $8.8 million judgment. There are so many other moving parts but like regarding -- I'm not looking to screw anybody.

And regarding the fraud judgment, I think you have -- I forgot the statute which prevents Your Honor from getting into -- there was no fraud there. I don't think it belongs in this court. There is a pending appeal annoying, and for that -- most of that appeal, but I didn't. I think I need an attorney to handle it. And there's three pending appeals. They know where this money is, and they're trying to foreclose on an entity that I own 100 percent when its participants in those deals, they're going to take all the money and keep it. And it's a few participants, a few funds that would give me money.

And these complications over here regarding restructuring, I think all the banks, there's maybe like a few hundred thousand dollars that are owed to banks. I think they should all get paid in full not over five years -- immediately, like when there's liquid to pay it. The settlement offer is on the table. I can't take this. I technically could. There's legal questioning on whether I can accept it right now until Chief Judge Kimball is a bankruptcy judge rules on Spin Capital's rights which is supposed to come out in the next month or two and he indicated really well that it's going to belong to me and not to Franklin and FVP.

### A. July 23, 2026 hearing transcript, pages 21–22 (follow)

Printed from the mailbox of josh@tetonfunding.com (Microsoft 365). Opening messages only; quoted history omitted. Times are Eastern. Participant names and dollar figures in the October 7, 2026 email are redacted as [PARTICIPANT] and [amount]; nothing else is altered. Items marked EXCERPT reproduce the quoted sentence only; the full message is in the mailbox.

### B. October 1 and 7, 2026 — Lubin tells the Trustee's counsel about the participants

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Thursday, October 1, 2026 2:22 PM
**To:** Patricia A. Staiano <PStaiano@hlgslaw.com>
**Cc:** ben <ben@stanzialelaw.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>
**Subject:** Re: Lubin related parties

EXCERPT: "There's also participants in the deals, that's creditor right?"

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Wednesday, October 7, 2026 5:03 PM
**To:** ben <ben@stanzialelaw.com>; pstaiano <pstaiano@hlgslaw.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>
**Subject:** Lubin - amendment to Schedule E/F ([PARTICIPANT] agreement)

Pat,

I need to amend my Schedule E/F to add a claim I left off.

Under a January 12, 2022 agreement, [PARTICIPANT] put money into Spin Capital's merchant cash advance deals as a "participant." Under section 8.2, if the agreement ends and [PARTICIPANT] has not recovered his contributions, I agreed to repay 50% of the shortfall, up to [amount].

I will file an amendment listing [PARTICIPANT]'s claim as contingent, unliquidated and disputed. I reserve all defenses.

[PARTICIPANT] is also an investor in Spin's deals, so I will include him on the Spin creditor list Matt asked for on October 1.

A copy of the agreement is attached.

Thank you,

Josh Lubin
(732) 608-4905
josh@tetonfunding.com

<[PARTICIPANT] - Spin 2.0 - MCA Funding Agreement - Execution Copy.pdf>

## C. October 9, 2026 — the schedules demand and Lubin's answer

---

**From:** Patricia A. Staiano <PStaiano@hlgslaw.com>
**Sent:** Friday, October 9, 2026 8:05 AM
**To:** Josh Lubin <josh@tetonfunding.com>
**Cc:** ben <ben@stanzialelaw.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>; Schlam Stone & Dolan (Wentworth-Ping, Wurtzel); Rachel.Wolf@usdoj.gov; Kirsten.K.Ardelean@usdoj.gov; Heidi.A.Feinman@usdoj.gov
**Subject:** Re: Teton Life — written clarification of filing pause, claimed authority, and protective action

EXCERPT: "Josh, Truthfulness on your schedules is a priority. You signed your petition under penalty of perjury. Amend and provide truthful answers if you have not done so. That is transparency." ... "How are you paying all these lawyers? Your petition says you had $67.00 at the time of filing. I see no application to the court for post/petition financing."

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Friday, October 9, 2026 10:01 AM
**To:** Patricia A. Staiano <PStaiano@hlgslaw.com>
**Cc:** ben <ben@stanzialelaw.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>; Rachel.Wolf@usdoj.gov; Kirsten.K.Ardelean@usdoj.gov; Heidi.A.Feinman@usdoj.gov
**Subject:** Answers to your questions - legal fees and schedules (In re Lubin, No. 26-17342)

EXCERPT (substance): no lawyer has been paid since June 25, 2026; the lawyers represent the companies; the schedules were true when signed; the value of Spin's claims is unknown and not yet determined; any amendment will be made with counsel. [Full message in the mailbox — swap in the Outlook print.]

## D. October 25–27, 2026 — the accusations

---

**From:** Patricia A. Staiano <PStaiano@hlgslaw.com>
**Sent:** Sunday, October 25, 2026 9:51 AM
**To:** Josh Lubin <josh@tetonfunding.com>; ben <ben@stanzialelaw.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>
**Cc:** Rachel.Wolf@usdoj.gov; Kirsten.K.Ardelean@usdoj.gov; Heidi.A.Feinman@usdoj.gov
**Subject:** Re: Adv. 26-01494 — requested appeal and response deadline extensions

Josh,

We will respond to your emails today but please understand that neither the Trustee nor I work for you or the Subject Entities. The Trustee's job is to investigate assets and liabilities and, in his business judgment, determine the best course of action to proceed for the benefit of the estate and its creditors.

We continue to urge you to retain your own counsel.

We will coordinate with you to have an accountant that the Trustee plans to retain and an IT person to meet you wherever you have your computer and hard records so that we can get those records. We will endeavor to download your and the Subject Entities' records from whatever electronic form you have.

Moreover, it is incumbent you to amend your schedules. You advised that you "made a mistake", for example, in not listing participants in Spin deals. You claimed on your petition and schedules that you are the 100% owner of Spin and the Trustee and other parties in the case relied on your sworn statement that what you put down is true.

This in no way suggests that we do not wish to work with you - we just do not work for you.

---

**From:** Patricia A. Staiano <PStaiano@hlgslaw.com>
**Sent:** Monday, October 26, 2026 9:59 PM
**To:** Josh Lubin <josh@tetonfunding.com>
**Cc:** ben <ben@stanzialelaw.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>
**Subject:** Re: Stanziale v. Lubin, Adv. No. 26-01494 — Johnson matters and protective counsel

You have maligned us, screamed at us, accused us of violating investors' constitutional rights and yet despite repeated requests you refuse to tell us who those investors are.
In addition, you claimed on the phone today with the Spun investors(without Mr. Yitzchacov because you have at various time told us he is investor and also not) that the Trustee has the authority to change the terms of the Court's order "by email". You need to point out that provision in the order, because as far as we can see, it does not exist.
Provide the list of deals and participants, please. It is you, not the Trustee, preventing them from being heard by the court.

---

**From:** Patricia A. Staiano <PStaiano@hlgslaw.com>
**Sent:** Tuesday, October 27, 2026 3:36 PM
**To:** Josh Lubin <josh@tetonfunding.com>
**Cc:** ben <ben@stanzialelaw.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>; Rachel.Wolf@usdoj.gov; Kirsten.K.Ardelean@usdoj.gov; Heidi.A.Feinman@usdoj.gov; Kenneth Beams

<ken@krbpllc.com>
**Subject:** Re: Adv. 26-01494 —discovery

Mr.Lubin,

In accordance with the terms of paragraph 4 of the October 23, 2026 Bankruptcy Court Order, please provide the Trustee with not only the identities and contact information of all of the participants in the Spin Capital, LLC deals, but also the CRMs for the deals. Please provide this information to the Trustee no later than this Thursday at 4:00 p.m. in light of your anticipated filings, due to concerns raised by you regarding notice. We have been asking for information regarding the identity of the participants since October 24.

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Tuesday, October 27, 2026 8:18 PM
**To:** Patricia A. Staiano <PStaiano@hlgslaw.com>
**Cc:** ben <ben@stanzialelaw.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>; [three participants]; Kenneth Beams <ken@krbpllc.com>
**Subject:** Re: Lubin - amendment to Schedule E/F ([PARTICIPANT] agreement)

Patricia,

The record is clear that right after you were appointed I disclosed the [PARTICIPANT] agreement on October 7th 2026 and clearly mentioned below in the same email that Spin has investors. I didn't withhold any information and there's multiple emails with you and your teams of me discussing Spin Capitals investors. This is black and white, clear cut.

---

**From:** Patricia A. Staiano <PStaiano@hlgslaw.com>
**Sent:** Tuesday, October 27, 2026 8:26 PM
**To:** Josh Lubin <josh@tetonfunding.com>
**Cc:** ben <ben@stanzialelaw.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>; [three participants]; Kenneth Beams <ken@krbpllc.com>
**Subject:** Re: Lubin - amendment to Schedule E/F ([PARTICIPANT] agreement)

Did you file the amendment?

---

**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Tuesday, October 27, 2026 8:30 PM
**To:** Patricia A. Staiano <PStaiano@hlgslaw.com>
**Cc:** ben <ben@stanzialelaw.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>; [three participants]; Kenneth Beams <ken@krbpllc.com>
**Subject:** Re: Lubin - amendment to Schedule E/F ([PARTICIPANT] agreement)

I didn't fail to disclose anything. Let move on, prevent damages, and preserve the claims.

**From:** Patricia A. Staiano <PStaiano@hlgslaw.com>
**Sent:** Tuesday, October 27, 2026 8:32 PM
**To:** Josh Lubin <josh@tetonfunding.com>
**Cc:** ben <ben@stanzialelaw.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>; [three participants]; Kenneth Beams <ken@krbpllc.com>
**Subject:** Re: Lubin - amendment to Schedule E/F ([PARTICIPANT] agreement)

You also characterize [PARTICIPANT] has having a "claim" but is he an owner, or a creditor of Spin? Is it an equity interest or a claim?