# EXHIBIT C-28

Letter dated November 3, 2026 from Hellring Lindeman Goldstein & Siegal LLP (Matthew E. Moloshok, Esq.), counsel to the Chapter 11 Trustee, to Hon. Nancy M. Bannon, Supreme Court of the State of New York, New York County, in Teton Life, LLC v. Golden Foothill Insurance Services, Index No. 650582/2022 (pages 1–2; the enclosed copies of ECF Nos. 5 and 21 in this adversary proceeding are omitted) — as emailed to Lubin on November 3, 2026

HL GS **Hellring Lindeman Goldstein & Siegal LLP**

COUNSELLORS AT LAW

BERNARD HELLRING (1916-1991)
MICHAEL EDELSON
ROBERT S. RAYMAR Δ
STEPHEN L. DREYFUSS Δ
PATRICIA A. STAIANO
SHERYL E. KOOMER
ERIC R. PERKINS
BRUCE S. ETTERMAN Δ
MATTHEW E. MOLOSHOK Δ
DAVID N. NARCISO Δ
CORINNE B. MALONEY Δ
CHRISTY L. SAALFELD Δ

Δ NJ & NY + FL

103 EISENHOWER PARKWAY
SUITE 403
ROSELAND, NEW JERSEY 07068-1031

T: +1.973.621.9020 | F: +1.973.621.7406
www.hlgslaw.com

JONATHAN L. GOLDSTEIN Δ +
SPECIAL COUNSEL

CHARLES ORANSKY Δ
ROBERT B. ROSEN Δ
JUDAH I. ELSTEIN Δ
JOHN A. ADLER Δ
OF COUNSEL

MARGARET DEE HELLRING (RET.)

November 3, 2026

<u>By FedEx</u>

Honorable Nancy M. Bannon
Justice of the Supreme Court
New York County Court House
60 Centre Street, Courtroom 232
New York, New York 10007

Re: Teton Life, LLC v. Golden Foothill Insurance Services
<u>Index No.650582-2022</u>

Dear Justice Bannon:

This firm represents Benjamin A. Stanziale, Jr., Chapter 11 Trustee ("Trustee") for Avrumi Lubin ("Debtor" or "Lubin"), which Chapter 11 case is pending in the United States Bankruptcy Court for the District of New Jersey, Case No. 26-17342(EJO). We write this letter to respectfully request the Court not consider or act on Lubin's Order to Show Cause filed November 1, 2026 (NYSCEF 1509 (the "OSC"), as the filing of same is violative of orders entered by the United States Bankruptcy Court for the District of New Jersey.

On October 15, 2026, the Trustee filed an Order to Show Cause and Verified Complaint seeking to extend the Debtor's bankruptcy proceeding to include certain entities (the "Subject Entities") in which the Debtor has an ownership interest, including Teton Life, LLC. <u>Stanziale v. Lubin, et als.</u>, Adv. Pro. No. 26-01494 (EJO) (the "Adversary Proceeding"). On that same date, the Bankruptcy Court entered an Order To Show Cause with Temporary Relief (copy enclosed) providing for, inter alia, preliminary injunctive relief, pending further order of the Court to: (1) stay any litigation or enforcement of judgments against the Subject Entities; and (2) enjoin the Debtor (Lubin), and all persons and entities acting in concert with him, from taking action in the name of the Subject Entities (including Teton Life, LLC) or collect judgments in favor of the Subject Entities, and to confirm that the Trustee has sole authority to act in the stead of the Debtor (Lubin) as to any management and litigation decisions regarding the Subject Entities (including Teton Life, LLC). The Bankruptcy Court reconfirmed the Order on October 23, 2026 (copy enclosed) and the preliminary injunction remains in full force and effect. The October 23 Order is still in full force and effect as to Teton Life, LLC.

The Trustee respectfully submits that by filing his OSC on November 1, 2026, Debtor Lubin directly violated the October 15 and 23 Bankruptcy Court Orders. Lubin purports to have filed the OSC in his individual capacity. However, it is our understanding that all claims against Lubin were dismissed without prejudice and that he does not have a concrete personal interest (as opposed to an equity interest in one or more parties) at stake.

Indeed, the interest Lubin purportedly seeks to protect (his stake in Teton Life, LLC and the other Subject Entities) belongs now to his bankruptcy estate. All legal and equitable interests in property held by Lubin prior to the filing of his voluntary Chapter 11 petition now belong to his bankruptcy estate (11 U.S.C. §541) and being administered by the Trustee.

The Trustee has spoken with numerous counsel to both Teton Life, LLC and other parties, as well as the Receiver, and is in the process of determining a path forward in this case in his business judgment. Both the Bankruptcy Code and the Bankruptcy Court's Orders provide the Trustee with this ability to do so. Lubin's OSC completely ignores this construct.

The Trustee respectfully requests that the Court not entertain Debtor Lubin's OSC.

Respectfully submitted,

Matthew E. Moloshok

MEM:bml
Enclosures

cc: Benjamin A. Stanziale, Jr., Esq., Ch. 11 Trustee (by email)
Patricia A. Staiano, Esq. (by email)
Mr. Avrumi Lubin (by email)
*By email*:
Alexander Wentworth-Ping, Esq. - awping@schlamstone.com
John J. Giardino, Esq. - jgiardino@pryorcashman.com
Samuel A. Schwartz, Esq. - SASchwartz@nvfirm.com
Shane R. Heskin, Esq. - shane@heskinproper.com
Irma Reboso Solares, Esq. - isolares@carltonfields.com
Jaclyn M. Metzinger, Esq. - jmetzinger@kelleydrye.com
Fred Stevens, Esq. - fstevens@klestadt.com
Philip Young, Esq. - phillip@thompsonburton.com
Shane G. Ramsey, Esq. - shane.ramsey@nelsonmullins.com
Keith D. Slocum, Esq. - Keith@KeithSlocum.com