# EXHIBIT C-29

Emails of October 29, 2026 (9:03 PM and 9:37 PM) and November 2, 2026 (5:09, 5:34, 5:39, 5:52, 5:53 and 5:56 PM) between Ms. Staiano, Mr. Karten and Lubin, showing the recipients of each message — printed from Lubin's mailbox

Printed from the mailbox of josh@tetonfunding.com (Microsoft 365). Eight messages, in date order. Each message is shown with its full sender and recipient lists as they appear in the mailbox; only the top (new) message of each email is reproduced. Times are Eastern. Attachments are not included. Nothing else is altered.

## A. October 29, 2026 — the Bridgelink / ranch-protection thread

**No.** 1
**From:** Patricia A. Staiano <PStaiano@hlgslaw.com>
**Sent:** Thursday, October 29, 2026 9:03 PM
**To:** Josh Lubin <josh@tetonfunding.com>
**Cc:** John C. Leininger <jcl@os.law>; Fred Stevens <fstevens@klestadt.com>; ben <ben@stanzialelaw.com>; Sam Gross <sam@wynwoodcapitalgroup.com>; Sol Teitel <sol@wynwoodcapitalgroup.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>; Isaac Weiss <Isaac@gssservices.com>; Jsturm@gssservices.com; Kenneth Beams <ken@krbpllc.com>; akelly@kbtlaw.com; dkasen@kasenlaw.com; michael.napoli@akerman.com; laura.taveras@akerman.com; abe zagelbaum <abe@argylemgmt.com>; pkrenicky@weirlawllp.com; Rachel Wolf <Rachel.Wolf@usdoj.gov>; Kirsten K. Ardelean <Kirsten.K.Ardelean@usdoj.gov>; Heidi A. Feinman <Heidi.A.Feinman@usdoj.gov>; Joshua Wurtzel <jwurtzel@schlamstone.com>; Alexander P. Wentworth-Ping <awping@schlamstone.com>
**Subject:** Re: Bridgelink Deal – Participation Interests – Spin's counsel and ranch protection

So why don't you tell us what you did to protect the other policies? That would be helpful.

Patricia A. Staiano, Esq.
Hellring Lindeman Goldstein & Siegal LLP

*[Earlier messages quoted below this one, the rest of the sender's signature block and any confidentiality notice are omitted. Nothing else is altered.]*

---

**No.** 2
**From:** Patricia A. Staiano <PStaiano@hlgslaw.com>
**Sent:** Thursday, October 29, 2026 9:37 PM
**To:** Josh Lubin <josh@tetonfunding.com>
**Cc:** John C. Leininger <jcl@os.law>; Fred Stevens <fstevens@klestadt.com>; ben <ben@stanzialelaw.com>; Sam Gross <sam@wynwoodcapitalgroup.com>; Sol Teitel <sol@wynwoodcapitalgroup.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>; Isaac Weiss <Isaac@gssservices.com>; Jsturm@gssservices.com; Kenneth Beams <ken@krbpllc.com>; akelly@kbtlaw.com; dkasen@kasenlaw.com; michael.napoli@akerman.com; laura.taveras@akerman.com; abe zagelbaum <abe@argylemgmt.com>; pkrenicky@weirlawllp.com; Rachel Wolf <Rachel.Wolf@usdoj.gov>; Kirsten K. Ardelean <Kirsten.K.Ardelean@usdoj.gov>; Heidi A. Feinman <Heidi.A.Feinman@usdoj.gov>; Joshua Wurtzel <jwurtzel@schlamstone.com>; Alexander P. Wentworth-Ping <awping@schlamstone.com>; Jerry Breslin <jb@jsjb.law>; alankartenlaw@gmail.com
**Subject:** Re: Bridgelink Deal – Participation Interests – Spin's counsel and ranch protection

As to substance, I know you are glad to have your audience. However, When you asked us to help you in landlord tenant court, you did not copy anyone for "purposes of transparency ". We are all here in this mess thanks to one person: Avrumi Lubin. That you created conflicts and created these litigation and appeal issues, risked your and your companies' assets, created emergencies and more is something the fiduciary has to try and fix. So forgive us if we do not believe in your legal acumen the way you do, even with Claude and AI. To be lectured about what a fiduciary should and should not do, by a person that at least two courts have found not to be credible, is rich. You have

accused a sitting judge in Florida of entering a "fraudulent order" (certainly not the trustee's words) and criticized trustees in Florida, Tennessee and now New Jersey. Folks can come to their own conclusions.

This is our last exchange. You can load up our emails in the middle of the night all you like. We will engage with you in court from now on except to seek information from you in accordance with the court's October 23 order. You have been ordered to comply. We have serious work to do and need to speak with a lot of folks to try and figure out this mess. You are quite selective in who you want us to believe or even speak with. The Trustee, through his investigation, will draw his own conclusions. All settlements will be on notice to parties in the case. To that end, you told us you needed to amend your petition and schedules, as you have admitted they are incomplete. Please do so immediately.

Patricia A. Staiano, Esq.
Hellring Lindeman Goldstein & Siegal LLP

*[Earlier messages quoted below this one, the rest of the sender's signature block and any confidentiality notice are omitted. Nothing else is altered.]*

## B. November 2, 2026 — the New York order-to-show-cause thread

| | |
|---|---|
| **No.** | 3 |
| **From:** | Patricia A. Staiano <PStaiano@hlgslaw.com> |
| **Sent:** | Monday, November 2, 2026 5:09 PM |
| **To:** | Josh Lubin <josh@tetonfunding.com> |
| **Cc:** | jwurtzel@schlamstone.com; awping@schlamstone.com; dgoldsmith@schlamstone.com; jgiardino@pryorcashman.com; dpohlman@pryorcashman.com; chief@pmlevinelaw.com; david@almeidalawgroup.com; shane@heskinproper.com; jgould@carltonfields.com; scagatay@carltonfields.com; isolares@carltonfields.com; chickey@kelleydrye.com; jmetzinger@kelleydrye.com; fstevens@klestadt.com; ben <ben@stanzialelaw.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>; Rachel.Wolf@usdoj.gov; Kirsten.K.Ardelean@usdoj.gov; Heidi.A.Feinman@usdoj.gov; emltrustee61@gmail.com; eml@trustesolutions.net; phillip@thompsonburton.com; Josh Lubin <josh@spincapital.com>; Jerry Breslin <jerry@breslin.law>; alankartenlaw@gmail.com; Alexander P. Wentworth-Ping <awping@schlamstone.com>; Giardino, John <jgiardino@pryorcashman.com> |
| **Subject:** | RE: Teton Life LLC v. Golden Foothill, Index No. 650582/2022 — notice: order to show cause to be filed on NYSCEF today (A. Lubin, third-party defendant, pro se) |

Mr. Lubin,

According to Mr. Wentworth-Ping, you are NOT a party to the New York State case. You are in violation of the October 15, 2026 Bankruptcy Court Order. Furthermore, the court CONFIRMED that it is the Trustee that has the sole authority to act in the stead of the DEBTOR (this means you, Mr. Lubin) as to any management and litigation decisions regarding the Subject Entites.

You are in contempt of the October 15 Order as it applies to Teton Life, LLC. Withdraw your pleading in the New York state action.

Patricia A. Staiano, Esq.
Hellring Lindeman Goldstein & Siegal LLP

*[Earlier messages quoted below this one, the rest of the sender's signature block and any confidentiality notice are omitted. Nothing else is altered.]*

---

**No.** 4
**From:** Alan Karten <alankartenlaw@gmail.com>
**Sent:** Monday, November 2, 2026 5:34 PM
**To:** pstaiano@hlgslaw.com
**Cc:** josh@tetonfunding.com; jwurtzel@schlamstone.com; dgoldsmith@schlamstone.com; jgiardino@pryorcashman.com; dpohlman@pryorcashman.com; chief@pmlevinelaw.com; david@almeidalawgroup.com; shane@heskinproper.com; jgould@carltonfields.com; scagatay@carltonfields.com; isolares@carltonfields.com; chickey@kelleydrye.com; jmetzinger@kelleydrye.com; fstevens@klestadt.com; ben@stanzialelaw.com; mmoloshok@hlgslaw.com; Rachel.Wolf@usdoj.gov; Kirsten.K.Ardelean@usdoj.gov; Heidi.A.Feinman@usdoj.gov; emltrustee61@gmail.com; eml@trustesolutions.net; phillip@thompsonburton.com; josh@spincapital.com; jerry@breslin.law; awping@schlamstone.com
**Subject:** Re: Teton Life LLC v. Golden Foothill, Index No. 650582/2022 — notice: order to show cause to be filed on NYSCEF today (A. Lubin, third-party defendant, pro se)
**Attached:** LT_315041_26_NY_605_West_42nd_Owner_LLC_v_Avrumi_Lubin_et_al_PETITION_1.pdf; LT_315041_26_NY_605_West_42nd_Owner_LLC_v_Avrumi_Lubin_et_al_NOTICE_OF_BANKRUPTC_7.pdf (not included)

Avrumi Lubin is neither a plaintiff nor a defendant in the NY case. He was named individually as a third-party- defendant in a counterclaim filed in that lawsuit. [DE 50] However, a motion to dismiss the counterclaim was granted [DE 261 and then appealed. [DE 262] The appeal was later withdrawn on April 30, 2024. My research says that Lubin has no interest or standing in the NY litigation.

He is also being sued by his landlord
LT-315041-26/NY - New York County Civil Court - Landlord and Tenant Division
Short Caption: 605 West 42nd Owner LLC v. Avrumi Lubin et al
Lubin entered an appearance pro se on November 2, 2026 and notified the court of the bankruptcy.

Best,

Alan Karten

Law Office of Alan I. Karten, PLLC
Florida Bar No. 200263

*[Earlier messages quoted below this one, the rest of the sender's signature block and any confidentiality notice are omitted. Nothing else is altered.]*

---

**No.** 5
**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Monday, November 2, 2026 5:39 PM
**To:** pstaiano@hlgslaw.com
**Cc:** jwurtzel@schlamstone.com; awping@schlamstone.com; dgoldsmith@schlamstone.com; jgiardino@pryorcashman.com; dpohlman@pryorcashman.com; chief@pmlevinelaw.com; david@almeidalawgroup.com; shane@heskinproper.com; jgould@carltonfields.com; scagatay@carltonfields.com; isolares@carltonfields.com; chickey@kelleydrye.com; jmetzinger@kelleydrye.com; fstevens@klestadt.com; ben <ben@stanzialelaw.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>; Rachel.Wolf@usdoj.gov; Kirsten.K.Ardelean@usdoj.gov; Heidi.A.Feinman@usdoj.gov; emltrustee61@gmail.com; eml@trustesolutions.net; phillip@thompsonburton.com; Josh Lubin <josh@spincapital.com>; jerry@breslin.law; alankartenlaw@gmail.com; awping@schlamstone.com; jgiardino@pryorcashman.com
**Subject:** Re: Teton Life LLC v. Golden Foothill, Index No. 650582/2022 — notice: order to show cause to be filed on NYSCEF today (A. Lubin, third-party defendant, pro se)
**Attached:** 2026-11-02_Exhibit_A_TN_Order_NYSCEF1506_Extract.pdf (not included)

Ms. Staiano,

I dispute your characterization of my application and your assertion that I am in contempt. I do not agree that withdrawal is required for the reasons stated in your email.

I am named as a third-party defendant in the New York record, and I maintain that I am entitled to participate in my individual capacity. My procedural position is presented in the filed papers. Mr. Wentworth-Ping's characterization is not a judicial determination.

Attached is the Tennessee court's October 7 order, exactly as filed on NYSCEF as Document 1506. Paragraph 6 expressly provides:

"Nothing in this Order determines Movant's party status, standing, or entitlement to participate in the New York Action under New York procedure, all of which remain for the Supreme Court of the State of New York."

Justice Bannon therefore has that New York procedural question before her. I am not claiming that Tennessee already decided it in my favor.

The Tennessee order also reserves questions arising in my New Jersey bankruptcy and does not authorize me to represent any entity. I recognize those are separate issues. Motion 054 identifies me as the individual movant, and its proposed order expressly preserves the October 15 and October 23 New Jersey orders.

If you contend that particular relief requested in Motion 054 violates those orders, please identify the exact provision relied upon and the particular request or act you contend violates it. Your email's declaration of contempt is not a contempt determination by Judge O'Hagan. I reserve my right to respond through the proper judicial process.

I also require a direct explanation of your addition of Jerrell "Jerry" Breslin and Alan Karten, FVP's Florida counsel, to this correspondence. This is the second documented thread where you have added them:

1. On October 29 at approximately 9:37 p.m., you added both attorneys to "Bridgelink Deal – Participation Interests – Spin's counsel and ranch protection." Neither appeared on your 9:03 p.m. reply.
2. On November 2 at approximately 5:09 p.m., you added both attorneys to this New York thread when asserting contempt and demanding withdrawal of Motion 054. Neither appeared on the preceding November 1 exchange.

Please answer in writing:

1. Why were they added to each thread, and at whose request?
2. Are they participating solely as FVP's counsel, or have either been asked to assist the Trustee or your firm concerning Bridgelink, Teton Life, or Motion 054?
3. Have FVP, Mr. Breslin, or Mr. Karten asserted any right to control, direct, or exercise my individual decision-making authority or the management or litigation authority of any Subject Entity? If so, please identify who asserted that right, the specific authority and entities involved, the claimed legal basis, and whether the Trustee or your firm has accepted, relied upon, or acted on that assertion.
4. Did either attorney or FVP request, contribute to, or otherwise participate in formulating the demand that I withdraw Motion 054? Please identify any nonprivileged involvement.
5. Is there any engagement, joint-representation arrangement, or other relationship concerning these

matters beyond communications between the Trustee's counsel and counsel for a creditor? If so, please identify its nature and any applicable court disclosure.

These are requests for an explanation of their role and involvement, not a demand for privileged legal advice.

I ask the U.S. Trustee representatives copied here to review these two instances and the explanation provided, and determine whether further inquiry or disclosure concerning the Trustee's and counsel's independence or potential conflicts is warranted. Please acknowledge this request and advise whether supporting correspondence should be submitted separately.

My outstanding preservation request also remains: will the Trustee authorize Teton Life's New York counsel to seek appropriate stay modification and policy-preservation relief? If not, please state the Trustee's position and the protective course proposed instead.

Please provide a substantive written response. I reserve all rights, including for the November 10 hearing.

Avrumi "Josh" Lubin
In my individual capacity
732-608-4905
josh@tetonfunding.com

*[Earlier messages quoted below this one, the rest of the sender's signature block and any confidentiality notice are omitted. Nothing else is altered.]*

---

| | |
|---|---|
| **No.** | 6 |
| **From:** | Patricia A. Staiano <PStaiano@hlgslaw.com> |
| **Sent:** | Monday, November 2, 2026 5:52 PM |
| **To:** | Josh Lubin <josh@tetonfunding.com> |
| **Cc:** | jwurtzel@schlamstone.com; awping@schlamstone.com; dgoldsmith@schlamstone.com; jgiardino@pryorcashman.com; dpohlman@pryorcashman.com; chief@pmlevinelaw.com; david@almeidalawgroup.com; shane@heskinproper.com; jgould@carltonfields.com; scagatay@carltonfields.com; isolares@carltonfields.com; chickey@kelleydrye.com; jmetzinger@kelleydrye.com; fstevens@klestadt.com; ben <ben@stanzialelaw.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>; Rachel.Wolf@usdoj.gov; Kirsten.K.Ardelean@usdoj.gov; Heidi.A.Feinman@usdoj.gov; emltrustee61@gmail.com; eml@trustesolutions.net; phillip@thompsonburton.com; Josh Lubin <josh@spincapital.com>; jerry@breslin.law; alankartenlaw@gmail.com; awping@schlamstone.com; jgiardino@pryorcashman.com |
| **Subject:** | RE: Teton Life LLC v. Golden Foothill, Index No. 650582/2022 — notice: order to show cause to be filed on NYSCEF today (A. Lubin, third-party defendant, pro se) |

Mr. Lubin,

Please be advised:

You are neither a plaintiff nor a defendant in the New York State case. You were named individually as a third-party defendant in a counterclaim filed in that suit (docket no. 50). However, a motion to dismiss the counterclaim was granted (docket no. 261) and then appealed (docket 262). The appeal was later withdrawn on April 30, 2024. How are you a party and what is your standing or interest in the NY state litigation?

Patricia A. Staiano, Esq.
Hellring Lindeman Goldstein & Siegal LLP

*[Earlier messages quoted below this one, the rest of the sender's signature block and any confidentiality notice are omitted. Nothing else is altered.]*

---

| | |
|---|---|
| **No.** | 7 |
| **From:** | Patricia A. Staiano <PStaiano@hlgslaw.com> |
| **Sent:** | Monday, November 2, 2026 5:53 PM |
| **To:** | Josh Lubin <josh@tetonfunding.com> |
| **Cc:** | jwurtzel@schlamstone.com; awping@schlamstone.com; dgoldsmith@schlamstone.com; jgiardino@pryorcashman.com; dpohlman@pryorcashman.com; chief@pmlevinelaw.com; david@almeidalawgroup.com; shane@heskinproper.com; jgould@carltonfields.com; scagatay@carltonfields.com; isolares@carltonfields.com; chickey@kelleydrye.com; jmetzinger@kelleydrye.com; fstevens@klestadt.com; ben <ben@stanzialelaw.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com>; Rachel.Wolf@usdoj.gov; Kirsten.K.Ardelean@usdoj.gov; Heidi.A.Feinman@usdoj.gov; emltrustee61@gmail.com; eml@trustesolutions.net; phillip@thompsonburton.com; Josh Lubin <josh@spincapital.com>; jerry@breslin.law; alankartenlaw@gmail.com; awping@schlamstone.com; jgiardino@pryorcashman.com |
| **Subject:** | RE: Teton Life LLC v. Golden Foothill, Index No. 650582/2022 — notice: order to show cause to be filed on NYSCEF today (A. Lubin, third-party defendant, pro se) |

I refer to Mr. Karten's email of today at 5:36 pm.

Patricia A. Staiano, Esq.
Hellring Lindeman Goldstein & Siegal LLP

*[Earlier messages quoted below this one, the rest of the sender's signature block and any confidentiality notice are omitted. Nothing else is altered.]*

---

| | |
|---|---|
| **No.** | 8 |
| **From:** | Patricia A. Staiano <PStaiano@hlgslaw.com> |
| **Sent:** | Monday, November 2, 2026 5:56 PM |
| **To:** | Josh Lubin <josh@tetonfunding.com>; alankartenlaw@gmail.com |
| **Cc:** | jwurtzel@schlamstone.com; dgoldsmith@schlamstone.com; jgiardino@pryorcashman.com; dpohlman@pryorcashman.com; chief@pmlevinelaw.com; david@almeidalawgroup.com; shane@heskinproper.com; jgould@carltonfields.com; scagatay@carltonfields.com; isolares@carltonfields.com; chickey@kelleydrye.com; jmetzinger@kelleydrye.com; fstevens@klestadt.com; ben@stanzialelaw.com; mmoloshok@hlgslaw.com; Rachel.Wolf@usdoj.gov; Kirsten.K.Ardelean@usdoj.gov; Heidi.A.Feinman@usdoj.gov; emltrustee61@gmail.com; eml@trustesolutions.net; phillip@thompsonburton.com; josh@spincapital.com; jerry@breslin.law; awping@schlamstone.com |
| **Subject:** | RE: Teton Life LLC v. Golden Foothill, Index No. 650582/2022 — notice: order to show cause to be filed on NYSCEF today (A. Lubin, third-party defendant, pro se) |

Another non sequitur. Are you going to withdraw your pleading or not? You are in contempt of Judge O'Hagan's order.

Patricia A. Staiano, Esq.
Hellring Lindeman Goldstein & Siegal LLP

*[Earlier messages quoted below this one, the rest of the sender's signature block and any confidentiality notice are omitted. Nothing else is altered.]*