# EXHIBIT C-30

October 13, 2026 emails arranging that afternoon's 3:30 PM call and the Microsoft Teams meeting invitation (Trustee, Staiano, Moloshok, Lubin); Lubin's October 15, 2026, 12:51 AM email to the Trustee's counsel and the Trustee (top message); Lubin's October 16, 2026, 12:37 AM email — printed from Lubin's mailbox

Printed from the mailbox of josh@tetonfunding.com (Microsoft 365). Times are Eastern. Each message is shown with its sender and recipient lists as they appear in the mailbox; only the top (new) message of each email is reproduced unless stated. Attachments are not included. Nothing else is altered.

## A. October 13, 2026 — the call arranged for 3:30 PM that afternoon

---

**No.** 1
**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Tuesday, October 13, 2026 12:52 PM
**To:** pstaiano <pstaiano@hlgslaw.com>
**Cc:** Matthew E. Moloshok <mmoloshok@hlgslaw.com>; ben <ben@stanzialelaw.com>
**Subject:** When are you available for a call?

Patricia,

When are you available for a call? Can you call my cell?

*[Signature block and confidentiality notice omitted. Nothing else is altered.]*

---

**No.** 2
**From:** Patricia A. Staiano <PStaiano@hlgslaw.com>
**Sent:** Tuesday, October 13, 2026 12:56 PM
**To:** Josh Lubin <josh@tetonfunding.com>
**Cc:** Matthew E. Moloshok <mmoloshok@hlgslaw.com>; ben <ben@stanzialelaw.com>
**Subject:** Re: When are you available for a call?

Later this afternoon about 3:30. Please send me your cell again

Patricia A. Staiano, Esq.
Hellring Lindeman Goldstein & Siegal LLP

*[Signature block and confidentiality notice omitted. Nothing else is altered.]*

---

**No.** 3
**From:** Josh Lubin <josh@tetonfunding.com>
**Sent:** Tuesday, October 13, 2026 12:57 PM
**To:** Patricia A. Staiano <PStaiano@hlgslaw.com>
**Cc:** Matthew E. Moloshok <mmoloshok@hlgslaw.com>; ben <ben@stanzialelaw.com>
**Subject:** Re: When are you available for a call?

732-608-4905

*[Signature block and confidentiality notice omitted. Nothing else is altered.]*

| | |
|---|---|
| **No.** | 4 |
| **From:** | Patricia A. Staiano <PStaiano@hlgslaw.com> |
| **Sent:** | Tuesday, October 13, 2026 1:11 PM |
| **To:** | Josh Lubin <josh@tetonfunding.com> |
| **Cc:** | Matthew E. Moloshok <mmoloshok@hlgslaw.com>; ben <ben@stanzialelaw.com> |
| **Subject:** | Re: When are you available for a call? |

Around 3:30 we will send a Teams invite. I spoke with Alex Wentworth Ping this morning.

Patricia A. Staiano, Esq.
Hellring Lindeman Goldstein & Siegal LLP

*[Signature block and confidentiality notice omitted. Nothing else is altered.]*

---

| | |
|---|---|
| **No.** | 5 |
| **From:** | Josh Lubin <josh@tetonfunding.com> |
| **Sent:** | Tuesday, October 13, 2026 1:13 PM |
| **To:** | Patricia A. Staiano <PStaiano@hlgslaw.com> |
| **Cc:** | Matthew E. Moloshok <mmoloshok@hlgslaw.com>; ben <ben@stanzialelaw.com> |
| **Subject:** | Re: When are you available for a call? |

Ok. Works for me

*[Signature block and confidentiality notice omitted. Nothing else is altered.]*

---

| | |
|---|---|
| **No.** | 6 |
| **From:** | Judith Rauco <JRauco@hlgslaw.com> (Hellring Lindeman Goldstein & Siegal LLP) |
| **Sent:** | Tuesday, October 13, 2026 1:49 PM |
| **To:** | pstaiano <pstaiano@hlgslaw.com>; ben <ben@stanzialelaw.com>; Josh Lubin <josh@tetonfunding.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com> |
| **Subject:** | Telephone Conference |

Microsoft Teams meeting
Join: https://teams.microsoft.com/meet/223451513438386?p=...
Meeting ID: 223 451 513 438 386
[Passcode, dial-in number and conference ID omitted.]

*[Meeting invitation. The confidentiality notice is omitted. Nothing else is altered.]*

**Calendar entry created by this invitation in Lubin's Outlook calendar:**

| | |
|---|---|
| Subject | Telephone Conference |
| Date and time | Tuesday, October 13, 2026, 3:30 PM – 5:00 PM (Eastern) |
| Location | Microsoft Teams Meeting |
| Organizer | Judith Rauco (JRauco@hlgslaw.com) |
| Attendees | Judith Rauco; Patricia A. Staiano (pstaiano@hlgslaw.com); Benjamin A. Stanziale, Jr. (ben@stanzialelaw.com); Josh Lubin |

| | |
|---|---|
| | (josh@tetonfunding.com); Matthew E. Moloshok (mmoloshok@hlgslaw.com) |

## B. October 15, 2026, 12:51 AM — Lubin's email to the Trustee's counsel and the Trustee (the day the Complaint was filed)

| | |
|---|---|
| **No.** | 7 |
| **From:** | Josh Lubin <josh@tetonfunding.com> |
| **Sent:** | Thursday, October 15, 2026 12:51 AM |
| **To:** | pstaiano <pstaiano@hlgslaw.com> |
| **Cc:** | Matthew E. Moloshok <mmoloshok@hlgslaw.com>; ben <ben@stanzialelaw.com>; Rachel Wolf <rachel.wolf@usdoj.gov>; Kirsten K. Ardelean <kirsten.k.ardelean@usdoj.gov>; Heidi A. Feinman <Heidi.A.Feinman@usdoj.gov> |
| **Subject:** | In re Lubin, No. 26-17342-EJO — Michigan appeal No. 379467 (due today) and possible estate interests |
| **Importance:** | High |
| **Attached:** | Attachment_1_Michigan_379467_September_24_Deadline_Order.pdf; Attachment_2_Michigan_379467_August_20_Intervention_Order.pdf (not included) |

Ben, Pat, and Matt,

I request an urgent written response concerning Michigan Court of Appeals No. 379467 and any affected interests of my bankruptcy estate.

The September 24 order requires Spin to file its brief or an appropriate extension motion within 21 days—October 15—or the appeal will be placed on the involuntary-dismissal docket. My intervention request and reconsideration were denied. I have no confirmation that a Michigan attorney will file for Spin.

I understand your written position that the Trustee does not presently have authority to act for Spin. My separate request concerns the assessment and protection of rights that may belong to my bankruptcy estate.

1. Immediate assessment and protective action

Please assess the March 17, 2025 signed assignment to me of Spin's interests in the CIA/JLA, the underlying agreement, and other relevant transfers, including the later April 24, 2025 Spin-to-JL Special assignment.

Please state whether the estate claims any of these interests, how dismissal of the Michigan appeal could affect them, and what protective relief the Trustee will seek in his estate capacity. This should include whether an expedited determination of bankruptcy-stay coverage or other relief is appropriate.

Please identify the proposed filing, court, responsible attorney, and timing. If the Trustee will not pursue protective action, please explain promptly.

I am not asserting that the assignment makes me Spin's appellate representative or establishes that its entire appeal is stayed. I am asking that the potential estate connection receive an urgent, documented assessment.

2. Independent investigation of ownership and litigation authority

My October 13 email and its three attachments identified Franklin's ownership assertions and relevant court records. During our call, I also raised my concern about whose rights the Trustee would be protecting when seeking authority concerning my entities.

I renew my request that the Trustee seek appropriate court approval for independent, conflict-screened special counsel to investigate ownership, contractual restrictions, litigation authority, and potential estate claims.

That review should address whether the conditional restrictions in paragraph 6 of the 2021 Spin–Franklin Capital Group assignment were invoked in matters beyond Excell, whether their conditions were met, and whether disputed ownership or restrictions affected counsel's decisions. I am requesting an investigation, not asserting that misconduct has been established.

Please keep my estate, Spin, Hi Bar, JL Special, each Teton entity, Franklin Capital Group, and Franklin Capital Funding distinct. For each disputed right, please identify the competing claimants, supporting instruments or orders, and proposed decision-maker.

Please provide the proposed scope and timing of that review. Immediate protective work should proceed while the broader investigation is arranged.

3. Proposed entity proceeding and consequences of nonresponse

On our October 13 call, I understood Matt to say that parties who do not object to the proposed entity proceeding could lose the ability to assert competing rights later. Please correct that understanding if necessary.

Please provide the proposed complaint and order when available, identify which ownership issues they would adjudicate, explain how affected claimants would be named and served, and identify the legal basis and scope of any consequences of nonresponse.

Please distinguish obtaining authority over an entity from adjudicating ownership of particular rights. I request express identification and appropriate reservation of disputed ownership issues that the proceeding would not resolve.

This email does not consent to entity bankruptcy filings or substantive consolidation.

Please respond before my 10:00 a.m. Eastern hearing today if possible, with enough time to evaluate available action before the Michigan deadline. Please provide copies of any protective filing and resulting order.

I attach the September 24 and August 20 Michigan appellate orders. Please confirm whether you have the complete signed assignment documents and identify the appropriate confidential channel for any additional copies.

Thank you,
Avrumi "Josh" Lubin
732-608-4905
josh@tetonfunding.com

*[Lubin's October 13, 2026, 1:11 PM email, quoted below this message in the original, is omitted. Nothing else is altered.]*

## C. October 16, 2026, 12:37 AM — Lubin's email after receiving the October 15 order

| | |
|---|---|
| **No.** | 8 |
| **From:** | Josh Lubin <josh@tetonfunding.com> |
| **Sent:** | Friday, October 16, 2026 12:37 AM |
| **To:** | pstaiano <pstaiano@hlgslaw.com>; Kenneth Beams <ken@krbpllc.com> |
| **Cc:** | ben <ben@stanzialelaw.com>; Matthew E. Moloshok <mmoloshok@hlgslaw.com> |
| **Subject:** | Michigan appeal 379467 — please coordinate October 15 order |
| **Importance:** | High |
| **Attached:** | 2026-10-15_OSC_with_Temporary_Relief_ENTERED_signed_OHagan.pdf (not included) |

Pat and Ken,

Attached is the entered October 15 order. It caught me off guard. To my knowledge, I received no advance notice of the application or a hearing before the order was entered.

Ken had not received this order when he filed Spin's extension motion yesterday.

Please coordinate directly regarding the order's effect on the Michigan appeal, Ken's authority to continue protecting it, and who will notify the Michigan court. Please confirm how the pending extension request and appellate rights will be protected.

I reserve my objections to the order and the requested expansion of my bankruptcy.
This email requests coordination, not consent.

Thank you,
Josh
*[Complete message. Nothing is altered.]*