PRYOR CASHMAN LLP



5) The cross-motions enforcing the settlement are fully submitted and the order settling those motions is before Your Honor;

Further, we are aware of a proposed order to show cause by new counsel for Teton Life seeking leave to file "opposition" to the fully submitted and argued cross-motions. We see no basis for such an untimely application.

We urge the Court to enter our order as submitted which will resolve this matter.

Respectfully yours,

John Giardino

JG:ec

cc: All counsel of record via Email and NYSCEF

**SUPREME COURT OF THE STATE OF NEW YORK**

**COUNTY OF NEW YORK: COMMERCIAL DIVISION**

Index No. 650582/2022

Hon. Nancy M. Bannon

Part 61

Motion Seq. 045

TETON LIFE LLC, as Assignee of the Rights of Spin Capital, LLC,

Plaintiff,

-against-

GOLDEN FOOTHILL INSURANCE SERVICES, LLC, et al.,

Defendants.

## AFFIRMATION AND NOTICE OF NON-CONSENT, LACK OF ACTUAL AUTHORITY, AND INTENT TO RETAIN SUBSTITUTE COUNSEL FOR TETON LIFE LLC

I, Avrumi Lubin, also known as Josh Lubin, affirm under the penalties of perjury under the laws of New York that the following is true to the best of my knowledge, information, and belief:

1. I submit this affirmation and notice individually and as a Member / authorized representative of Teton Life LLC solely to preserve the record concerning actual authority, settlement authority, non-consent, and unauthorized settlement-related positions.

2. I do not submit this filing as an appearance by counsel for Teton Life LLC, Spin Capital LLC, or any other entity. I understand and respect the Court's concern that an entity appears through counsel. To the extent the Court determines that any position on behalf of Teton Life LLC must be presented only by counsel, I respectfully request that this filing be treated as my individual factual notice of non-consent and lack of actual authority, and that a brief opportunity be provided for substitute counsel for Teton Life LLC to appear and be heard before any proposed settlement-enforcement order is entered.

3. This notice is time-sensitive because I understand that, following the May 19, 2026 appearance on Motion Sequence 045, movants may submit a proposed order purporting to enforce and effectuate the alleged November 25, 2025 settlement. Any such order may affect Teton Life LLC, rights assigned by Spin Capital LLC, receivership cash, policy rights, releases, and rights or positions involving me individually.

4. I am prepared to retain substitute counsel for Teton Life LLC immediately. I respectfully request that no statement, silence, non-objection, proposed order, or submission by Amini LLC, Jeffrey Chubak, Avery Samet, Bijan Amini, or anyone else at Amini LLC be treated as authorized by me, approved by me, or binding on Teton Life LLC as to settlement enforcement unless

expressly authorized by me in writing or addressed after substitute counsel has appeared or been heard.

5. Amini LLC and Mr. Chubak have no actual authority from me to consent to, approve, submit, join, or state non-objection to any proposed order, settlement-enforcement order, release, settlement document, post-conference settlement document, proposed judgment, distribution order, or other substantive relief affecting me individually, Teton Life LLC, rights assigned by Spin Capital LLC, settlement authority, releases, proceeds, policy rights, receivership distributions, litigation rights, or any rights I own, control, or dispute.

## THE WRITTEN AUTHORITY RECORD

6. The written authority record is clear. The Amended and Restated Operating Agreement for Teton Life LLC, dated August 13, 2025, states that the Golden Foothill action and related matters are the "Lawsuit," and that decisions related to the Lawsuit are treated as ordinary-course decisions that do not require Member B approval, subject to a good-faith conferral obligation regarding settlement opportunities. A redacted copy is attached as Exhibit A.

7. The good-faith conferral obligation does not authorize Member B, Amini LLC, or any attorney to approve, enforce, or consent to settlement over my written objection. It is a conferral obligation, not a transfer of settlement authority.

8. Amini had written notice of that authority structure. On May 3, 2026, I sent Amini the executed Operating Agreement, specifically identified Section 2.08(d), stated that I did not consent to enforcement of the alleged November 25, 2025 settlement, and demanded that Amini identify any contrary governing document or provision if it disagreed with my authority. That email is attached as Exhibit C.

9. Amini's own communications confirm that Gabe Isaacov could not unilaterally approve or direct settlement. On February 3, 2026, Mr. Chubak wrote to Gabe Isaacov, copying me, that Gabe needed to "engage with Josh and get him to come around" because we were both members of Teton, and that "it's clearly not enough to say you want this settled." That email is attached as Exhibit B.

10. Accordingly, any statement or implication by Amini or Mr. Chubak that Teton Life LLC consented to settlement enforcement over my objection would be materially misleading and inconsistent with the written authority record, including Amini's own email. Any statement or implication that I personally approved, authorized, signed, or consented to any later settlement agreement, release, post-conference settlement document, proposed order, or distribution order is also disputed and unauthorized.

## NO LATER EXECUTED SETTLEMENT AGREEMENT KNOWN TO ME

11. I am aware of NYSCEF Doc. No. 1370. That document states that the parties reached an "agreement in principle" and that final agreement terms would be drafted by plaintiff's counsel. I am not aware of any later fully executed settlement agreement signed after NYSCEF Doc. No. 1370.

12. I previously filed a limited individual opposition and reservation of rights to the settlement-enforcement cross-motions. That prior filing stated, among other things, that no final settlement

agreement was later executed by all necessary parties and that I did not consent to enforcement of the alleged settlement. A copy of that affirmation is attached as Exhibit D for ease of reference.

13. If any party contends that a later executed settlement agreement exists, I respectfully request that the party identify the document by date, signatories, and NYSCEF document number or exhibit before any order or finding is entered based on that asserted document.

## REQUEST REGARDING ANY PROPOSED ORDER

14. I respectfully request that any proposed order submitted following the May 19, 2026 appearance be served on all parties, including me, and that it not state or imply that I individually, or Teton Life LLC through me, signed, approved, authorized, or consented to any later settlement agreement, release, proposed order, post-conference settlement document, distribution order, policy-transfer order, or settlement-enforcement order unless the specific document is identified and made part of the record.

15. I further respectfully request that, before any proposed order is entered based on any purported consent, non-objection, or settlement authority attributed to Teton Life LLC, Amini LLC, or Mr. Chubak, the Court allow substitute counsel for Teton Life LLC a brief opportunity to appear and address the authority and non-consent issues.

16. Nothing in this affirmation and notice waives any rights, objections, claims, defenses, remedies, privileges, appellate rights, substitution issues, representation issues, or positions, all of which are expressly reserved.

## EXHIBITS

**Exhibit A:** Redacted Amended and Restated Operating Agreement for Teton Life LLC, dated August 13, 2025.

**Exhibit B:** February 3, 2026 email from Jeffrey Chubak to Gabe Isaacov, copying Avrumi/Josh Lubin, James Rand, and Avery Samet.

**Exhibit C:** May 3, 2026 email transmitting the Operating Agreement and demanding Amini's position on settlement authority.

**Exhibit D:** May 2, 2026 limited individual opposition affirmation filed as NYSCEF Doc. No. 1385.

Dated: May 19, 2026

Respectfully submitted,

/s/ Avrumi Lubin a/k/a Josh Lubin

Avrumi Lubin a/k/a Josh Lubin

Individually and as Member / authorized representative of Teton Life LLC

Not submitted as attorney for any entity