**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>Avrumi Lubin<br>Defendant and Counterclaim-Plaintiff, pro se<br>605 West 42nd Street<br>New York, New York 10036<br>(718) 570-3796<br>josh@tetonfunding.com | Case No. 26-17342 (EJO)<br>Chapter 11<br><br>Adv. Pro. No. 26-01494 (EJO)<br>Judge: Hon. Eamonn J. O'Hagan, U.S.B.J.<br>Hearing: December 3, 2026, 10:00 a.m. |

In re:
**AVRUMI LUBIN** a/k/a Josh Lubin,
Debtor.

BENJAMIN A. STANZIALE, JR., CHAPTER 11 TRUSTEE FOR AVRUMI LUBIN a/k/a Josh Lubin,
Plaintiff,
v.
AVRUMI LUBIN; SPIN CAPITAL, LLC; TETON LIFE, LLC; TETON FUNDING, LLC; TETON FUNDING GROUP, LLC; and JL SPECIAL INVESTMENTS, LLC,
Defendants.

# NOTICE OF MOTION (1) FOR LEAVE, TO THE EXTENT LEAVE IS REQUIRED, TO ASSERT THE COUNTERCLAIMS PLEADED IN DEFENDANT'S ANSWER AGAINST THE CHAPTER 11 TRUSTEE AND HIS COUNSEL, AND (2) TO JOIN ADDITIONAL COUNTERCLAIM-DEFENDANTS AND DIRECT ISSUANCE OF SUMMONSES

PLEASE TAKE NOTICE that on December 3, 2026, at 10:00 a.m., or as soon after as the matter may be heard, Defendant Avrumi Lubin, pro se, will move before the Honorable Eamonn J. O'Hagan, United States Bankruptcy Judge, Clarkson S. Fisher U.S. Courthouse, 402 East State Street, Courtroom 2, Trenton, New Jersey 08608, for entry of the proposed order filed with this motion.

The motion asks the Court to:

1. grant leave, to the extent leave is required under *Barton v. Barbour*, 104 U.S. 126 (1881), for Lubin to assert the counterclaims pleaded in Part Two of his Answer, Defenses and Counterclaims filed November 9, 2026 (the "Counterclaims") against the Chapter 11 Trustee and the Trustee's counsel;

2. join Patricia A. Staiano, Matthew E. Moloshok, FVP Investments LLC, FVP Opportunity Fund III, LP, FVP Servicing, LLC, Franklin Capital Funding, LLC and Franklin Capital

Group, LLC as counterclaim-defendants under Fed. R. Civ. P. 13(h) and 20, made applicable by Fed. R. Bankr. P. 7013 and 7020;

3. direct the Clerk to issue summonses for the added counterclaim-defendants under Fed. R. Bankr. P. 7004, and fix the time for them to respond to the Counterclaims;

4. to the extent the Court determines that any claim pleaded in Count III of the Counterclaims is property of the estate, direct the Trustee to state whether he will prosecute it (Memorandum § 4A); and

5. grant related relief.

The motion relies on the accompanying Certification of Avrumi Lubin, the Memorandum below, Exhibit B, and the Counterclaims and the Certification of Avrumi Lubin (with Exhibits C-1 to C-32) filed with the Answer.

Opposition. Unless the Court directs otherwise, opposition must be filed and served no later than November 25, 2026 under D.N.J. LBR 9013-2(a)(2) and Fed. R. Bankr. P. 9006(a)(1)(C), (a)(5), because November 26 is Thanksgiving Day. Serve Movant at the address in the caption.

Dated: November 9, 2026

Avrumi Lubin, pro se

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>Avrumi Lubin<br>Defendant and Counterclaim-Plaintiff, pro se<br>605 West 42nd Street<br>New York, New York 10036<br>(718) 570-3796<br>josh@tetonfunding.com | Case No. 26-17342 (EJO)<br>Chapter 11<br><br>Adv. Pro. No. 26-01494 (EJO)<br>Judge: Hon. Eamonn J. O'Hagan, U.S.B.J.<br>Hearing: December 3, 2026, 10:00 a.m. |

In re:
**AVRUMI LUBIN** a/k/a Josh Lubin,
Debtor.

---

BENJAMIN A. STANZIALE, JR., CHAPTER 11 TRUSTEE FOR AVRUMI LUBIN a/k/a Josh Lubin,
Plaintiff,
v.
AVRUMI LUBIN; SPIN CAPITAL, LLC; TETON LIFE, LLC; TETON FUNDING, LLC; TETON FUNDING GROUP, LLC; and JL SPECIAL INVESTMENTS, LLC,
Defendants.

## CERTIFICATION OF AVRUMI LUBIN IN SUPPORT

I, Avrumi Lubin, certify:

1. I am the Debtor and a Defendant in this adversary proceeding. I make this certification from personal knowledge and from the documents named below. Where I say "on information and belief," I say so because the facts are mainly in other people's hands.

2. The Counterclaims are pleaded in Part Two of my Answer, filed today. Their facts are true to the best of my knowledge. Each allegation made on information and belief is marked that way and states what it rests on.

3. **Exhibit B** is a true copy of two filings in *In re Cole Wayne Johnson and Cord Henry Johnson*, Case No. 26-43993-MXM-7 (Bankr. N.D. Tex.): the Statement Regarding Spin Capital, LLC (Doc. No. 24, 2 pages), and pages 1, 6, 15, 16, 24, 25 and 31 of the petitioning creditors' omnibus response of October 23, 2026 (Doc. No. 29).

4. The October 23, 2026 Order (ECF No. 21) provides, at paragraph 2, that "the Trustee has the sole authority to act in the stead of the Debtor as to any management or litigation decisions regarding the Subject Entities." I dispute that provision and have sought review of it (ECF Nos. 24, 25, 26 and 41). I have complied with it. This motion does not ask the Court to decide those disputes.

5. On August 20, 2026, before the Trustee was appointed, I authorized Texas counsel John C. Leininger to sign the involuntary petitions against the Johnsons for Spin. On October 29, 2026, I wrote to the Trustee and his counsel: "I do not believe opposing dismissal is in the best interest of Spin or the investors who hold participations in the Bridgelink deal," and "I ask the Trustee to reconsider Spin's position before anything more is filed for Spin in the Johnson cases."

6. On October 29, 2026, at 9:37 p.m., Ms. Staiano added FVP's Florida counsel, Jerry Breslin and Alan Karten, to an email thread with me about Spin's Texas ranch claim. On November 2, 2026, at 5:09 p.m., she added them to my email thread about my New York order to show cause. At 5:34 p.m., Mr. Karten wrote on that thread: "My research says that Lubin has no interest or standing in the NY litigation." At 5:39 p.m., I asked Ms. Staiano why she had added them. At 5:53 p.m., she wrote: "I refer to Mr. Karten's email of today at 5:36 pm." She has not explained the additions. On November 3, 2026, Mr. Moloshok wrote to the New York court asking it not to consider my order to show cause. True copies of these emails and of that letter are Exhibits C-29 and C-28 to my Certification filed with the Answer.

7. I have no way to learn, except through discovery, what the Trustee, his counsel and FVP's and Franklin's counsel said to each other about me or about the companies' claims.

I certify under penalty of perjury that the foregoing is true and correct.

Dated: November 9, 2026

Avrumi Lubin

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>Avrumi Lubin<br>Defendant and Counterclaim-Plaintiff, pro se<br>605 West 42nd Street<br>New York, New York 10036<br>(718) 570-3796<br>josh@tetonfunding.com | Case No. 26-17342 (EJO)<br>Chapter 11<br><br>Adv. Pro. No. 26-01494 (EJO)<br>Judge: Hon. Eamonn J. O'Hagan, U.S.B.J.<br>Hearing: December 3, 2026, 10:00 a.m. |

In re:
**AVRUMI LUBIN** a/k/a Josh Lubin,
Debtor.

BENJAMIN A. STANZIALE, JR., CHAPTER 11 TRUSTEE FOR AVRUMI LUBIN a/k/a Josh Lubin,
Plaintiff,
v.
AVRUMI LUBIN; SPIN CAPITAL, LLC; TETON LIFE, LLC; TETON FUNDING, LLC; TETON FUNDING GROUP, LLC; and JL SPECIAL INVESTMENTS, LLC,
Defendants.

# MEMORANDUM IN SUPPORT

## 1. WHY THIS MOTION IS FILED

The Trustee sued Lubin and five companies. Lubin's Answer, Defenses and Counterclaims is filed with this motion. The Counterclaims against the Trustee are pleaded in the Answer as Rule 13 provides; they arise from the Trustee's own complaint and are compulsory, and no leave, summons or fee is needed to plead them against the party who brought this action. The Counterclaims also name the Trustee's counsel, FVP and Franklin, who are not yet parties. To avoid any dispute about whether permission is needed first, Lubin asks for (1) *Barton* leave to the extent it is required and (2) joinder of the non-party counterclaim-defendants and issuance of summonses.

## 2. LEAVE TO SUE A TRUSTEE: THE STANDARD IS MET

"[A] party must first obtain leave of the bankruptcy court before it brings an action in another forum against a bankruptcy trustee for acts done in the trustee's official capacity." *In re VistaCare Grp., LLC*, 678 F.3d 218, 232 (3d Cir. 2012). These counterclaims are brought in this Court, the Court that approved the Trustee's appointment. Whether leave is required for a counterclaim in the same court is not settled in this Circuit. Lubin asks for leave to the extent it is required.

A party seeking leave "must make a prima facie case against the trustee, showing that its claim is not without foundation." *Id.* at 232 (citation omitted). That standard "involves a greater degree of flexibility" than a motion to dismiss. *Id.* Permission "ordinarily should be granted unless it is clear that the claim is without foundation." *Id.* at 233 (citation omitted).

The counterclaims are not without foundation. They rest on the Trustee's and his counsel's own words and filings, quoted with dates in the Counterclaims: the Texas filings made in Spin's name at the Trustee's request (Exhibit B); the October 2026 statements about the Trustee's authority; the addition of FVP's counsel to two email threads; and the request that the New York court not consider Lubin's motion to preserve the policies.

Quasi-judicial immunity does not bar them. Where it applies, that immunity covers acts within the scope of authority conferred by a court order; it does not shield a trustee from accountability to the estate for breach of fiduciary duty, which is the remedy Count II seeks. *Mosser v. Darrow*, 341 U.S. 267, 271–72 (1951). See also *Russell v. Richardson*, 905 F.3d 239, 249 (3d Cir. 2018) (immunity extends to the execution of a court order and "not to the manner in which it is executed"). The counterclaims concern specific acts and omissions in the Trustee's administration, not the entry of any order.

**3. ALLEGATIONS ON INFORMATION AND BELIEF ARE PROPER HERE**

Rule 9011(b)(3) allows factual contentions that, "if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Bankr. P. 9011(b)(3). Each such allegation in the Counterclaims is marked and states the facts it rests on. The Third Circuit relaxes pleading detail "[w]here it can be shown that the requisite factual information is peculiarly within the defendant's knowledge or control," while still requiring "factual allegations that make their theoretically viable claim plausible." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002) (citation omitted). What the Trustee, his counsel and FVP's and Franklin's counsel said to one another is in their hands, not Lubin's.

**4. JOINDER OF THE ADDED COUNTERCLAIM-DEFENDANTS**

"Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim." Fed. R. Civ. P. 13(h) (applied by Fed. R. Bankr. P. 7013). Persons may be joined as defendants if a right to relief is asserted against them "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and a common question of law or fact will arise. Fed. R. Civ. P. 20(a)(2) (applied by Fed. R. Bankr. P. 7020). The Third Circuit allows joinder under Rule 13(h) where the counterclaim against an existing party "is being asserted at the same time the addition of a nonparty is sought." *FDIC v. Bathgate*, 27 F.3d 850, 873–74 (3d Cir. 1994).

Both tests are met. Count III against the added counterclaim-defendants is asserted together with Counts I, II and IV against the Trustee, and arises from the same events: the Trustee's administration of the claims of Spin and Teton Life since October 15, 2026. The Trustee's counsel already appear in this proceeding. Proofs of claim have been filed in this case on behalf of FVP and Franklin (Claim Nos. 5 and 6), and FVP and Franklin have their own adversary proceedings against Lubin here (Adv. Pro. Nos. 26-01315 and 26-01339).

## 4A. CLAIMS THAT MAY BELONG TO THE ESTATE

Count III is pleaded as Lubin's own claim (Counterclaims ¶ 88(b)). If the Court determines that any part of it is property of the estate under 11 U.S.C. § 541(a) or § 1115(a), Lubin does not ask to prosecute it without authorization. He asks instead that the Court direct the Trustee to state, within 21 days of such a determination, whether he will prosecute the claim, and, if the Trustee declines or cannot do so because of the conflict described in the Counterclaims, that the Court authorize Lubin to prosecute it on the estate's behalf, with any recovery payable to the estate. The Court has that power. *Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery*, 330 F.3d 548 (3d Cir. 2003) (en banc) (bankruptcy court may authorize a party in interest to pursue an estate claim on the estate's behalf where the estate's representative unjustifiably refuses to do so). Lubin understands that, if such authorization is granted, the Court may require that the claim be prosecuted through counsel, and he would seek counsel for that purpose.

## 5. LEAVE TO AMEND AS THE REVIEW CONTINUES

Lubin is still reviewing the record. Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2) (applied by Fed. R. Bankr. P. 7015). Lubin asks that any order granting this motion be without prejudice to a later request to add claims or parties.

## 6. CONCLUSION

Lubin asks the Court to enter the proposed order.

Dated: November 9, 2026

Avrumi Lubin, pro se