# EXHIBIT B

In re Cole Wayne Johnson and Cord Henry Johnson, No. 26-43993-MXM-7 (Bankr. N.D. Tex.)

Doc. No. 24 (complete, 2 pages) and Doc. No. 29, pages 1, 6, 15, 16, 24, 25 and 31

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **COLE WAYNE JOHNSON and CORD HENRY JOHNSON,** | § | **Jointly Administered Under Case No. 26-43993-MXM** |
| | § | |
| | § | |
| **Alleged Debtors.** | | |

**STATEMENT REGARDING SPIN CAPITAL, LLC**

COMES NOW Spin Capital, LLC ("Spin") at the request of Benjamin A. Stanziale, Jr. in his capacity as Chapter 11 Trustee (the "Trustee") for the bankruptcy estate of Avrumi Lubin a/k/a Josh Lubin and files the following statement regarding Spin:

1. On June 25, 2026, Avrumi Lubin a/k/a Josh Lubin ("Lubin") filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "New Jersey Bankruptcy Court") under Case No. 26-17342 (the "Lubin Bankruptcy Case").

2. In his bankruptcy schedules, Mr. Lubin asserted that he owned one hundred percent (100%) of the membership interests in Spin.

3. On September 18, 2026, the Trustee was appointed as the Chapter 11 Trustee for the Lubin bankruptcy estate.

4. On October 15, 2026, the Trustee initiated Adversary No. 26-01494 (EJO) in the New Jersey Bankruptcy Court seeking, among other things, to extend the Lubin Bankruptcy Case to cover Spin and/or extend the automatic stay in the Lubin Bankruptcy Case to Spin.

5. By order dated October 15, 2026, the New Jersey Bankruptcy Court temporarily stayed any litigation or enforcement of judgments against Spin. The New Jersey Bankruptcy Court

further enjoined Lubin from taking further actions in the name of Spin and provided the Trustee with the sole authority to manage all litigation involving Spin pending a hearing on the Trustee's request for preliminary relief. A copy of the order is attached hereto as Exhibit A.

6. A hearing on the Trustee's request for preliminary relief is scheduled for October 22, 2026, at 10:00 a.m. EST.

Respectfully submitted,

*<u>/s/ John C. Leininger</u>*

John C. Leininger
Texas Bar No. 24007544
Otteson Shapiro LLP
4851BJ Freeway, Suite 650
4852Dallas, Texas 75244
(214) 619-8325 (Telephone)
Email: jcl@os.law

Michael D. Napoli, SBN: 14803400
Laura M. Taveras, SBN: 24127243
AKERMAN LLP
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: (214) 720-4300
Facsimile: (214) 981-9338
michael.napoli@akerman.com
laura.taveras@akerman.com

*Attorneys for Petitioning Creditor Huntington Bank f/k/a Cadence Bank*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO. 26-43993-MXM-7** |
| **COLE WAYNE JOHNSON** | § | **CASE NO. 26-43995-ELM-7** |
| **CORD HENRY JOHNSON** | § | |
| | § | **(JOINTLY ADMINISTERED** |
| **ALLEGED DEBTORS.** | § | **UNDER 26-43993-MXM-7)** |
| | § | **CHAPTER 7** |

# PETITIONING CREDITORS' OMNIBUS RESPONSE IN OPPOSITION TO ALLEGED DEBTORS' MOTIONS TO DISMISS THE INVOLUNTARY PETITIONS

Century Bank ("Century"), Huntington National Bank f/k/a Cadence Bank ("Huntington" or "Cadence"), Hunt Guillot & Associates, LLC ("HGA"), and Spin Capital, LLC[1] ("Spin Capital," and collectively, the "Petitioning Creditors") file this Omnibus Objection (the "Objection") the Amended Motion to Dismiss Involuntary Petition filed by Cole Wayne Johnson [Case No. 26-43993, Doc. No. 10] (the "Cole Motion") and Motion to Dismiss Involuntary Petition filed by Cord Henry Johnson [Case No. 26-43995, Doc. No. 14] (the "Cord Motion," and together with the Cole Motion, the "Motions"). Cole Wayne Johnson and Cord Henry Johnson are referred

[1] Spin Capital is participating in this objection subject to its Statement Regarding Spin Capital, LLC (the Spin Statement"). Case No. 26-43993, Doc. No. 24.

which the trial court struck the defenses asserted by defendants including the Alleged Debtors, and imposed alter-ego liability on the Alleged Debtors for judgments previously entered against Bighorn Construction & Reclamation, LLC ("BCR"). BCR filed its Chapter 7 Petition on June 7, 2024, and the judgment states that no action is taken against BCR because it is in bankruptcy. The ownership and stay objections arising from those circumstances are addressed below.

14. Spin Capital holds a New York state court judgment domesticated in Texas (the "NY Judgment"). On October 19, 2026, at the request of Benjamin A. Stanziale, Jr., the Chapter 11 Trustee for the estate of Avrumi Lubin a/k/a Josh Lubin (the "Lubin Trustee"), the Spin Statement was filed in Case No. 26-43993, Doc. No. 24. According to the Spin Statement, Lubin filed a Chapter 11 Petition in the United States Bankruptcy Court for the District of New Jersey on June 25, 2026 (Case No. 26-17342) and scheduled a 100% membership interest in Spin Capital as an asset of his estate; the Lubin Trustee, appointed on September 18, 2026, commenced Adversary No. 26-01494 (EJO) on October 15, 2026, seeking, among other relief, to extend the automatic stay to Spin Capital. Doc. No. 24 ¶¶ 1–4. The New Jersey Court's October 15, 2026 temporary order (the "Temporary Order") stays litigation and enforcement of judgments against Spin Capital, bars Lubin from acting in Spin Capital's name, and places litigation involving Spin Capital under the Lubin Trustee's sole management pending a preliminary-relief hearing set for October 22, 2026. *Id.* ¶¶ 5–6; Doc. No. 24-1. The Lubin Trustee has authorized Spin Capital's joinder in this submission, subject to the Temporary Order.

**<u>Receiverships</u>**

15. The Alleged Debtors report that Craig Noack ("Noack") was appointed receiver in August 2023 and again in December 2024 by order of a Texas state court in Potter County, Texas (the "Potter County Order"). The Potter County Order expressly appoints Noack under Texas Civil



88941426;4

$33,666,693.35 principal balance converted on Loan No. 49131 on June 22, 2026, remained unpaid, as did the $1,869,877.76 in accrued interest on Loan No. 49041. *Id.*

30. The Bank Judgment establishes the Petitioning Creditors' prima facie case; the Alleged Debtors therefore must present objective evidence, not allegation or uncertainty, showing that the post-judgment collections create a genuine dispute concerning the amount presently owed. *See Sims*, 994 F.2d at 221; *Edwards*, 501 B.R. at 680–81. A fixed credit capable of mechanical application is materially different from the unresolved claims in *Green Hills*; absent competent evidence that a credit was omitted or that unidentified proceeds make the present balance genuinely uncertain, the Alleged Debtors have not rebutted the prima facie effect of the Bank Judgment. *See Henry S. Miller*, 418 B.R. at 921–23. Alternatively, if the Court finds a dispute concerning a discrete portion of the amount, that finding should not disqualify the banks. Since BAPCPA, courts have divided on whether a bona fide dispute as to the amount of a creditor's claim divests that creditor of standing when an undisputed portion of the claim exceeds the statutory threshold. *Williams*, 616 B.R. at 694 (citing *State Dep't of Revenue v. Blixseth*, 942 F.3d 1179, 1185 (9th Cir. 2019)). The better view, adopted in this District, is that "[a] bona fide dispute as to the amount of a creditor's claim does not divest that petitioning creditor of standing to file an involuntary petition if there is an undisputed portion of the creditor's claim in excess of the statutory threshold." *Id.* (adopting *In re Gen. Aeronautics Corp.*, 594 B.R. 442, 462–66 (Bankr. D. Utah 2018)); *see also* 2 *Collier on Bankruptcy* ¶ 303.11[2]. The *Williams* court found that reading consistent with the legislative history of § 303(b)(1) and explained that *Green Hills* did not decide the materiality of a partial amount dispute. *Williams*, 616 B.R. at 693–94 & n.10. Courts elsewhere in this Circuit have followed the same approach. *Seven Three Distilling*, 2021 WL 2843849, at *18–19, *24 (rejecting the argument that a dispute as to the amount remaining due on a note after a partial offset



88941426;4

disqualified the noteholder's entire claim). The Petitioning Creditors recognize that court in this Circuit has read § 303(b)(1) to disqualify a claim if any portion of it is subject to a bona fide dispute. *In re ArtiusID, Inc.*, 673 B.R. 340, 356–60 (Bankr. W.D. Tex. 2024). But *ArtiusID* involved unadjudicated invoice claims that remained the subject of pending litigation in which the alleged debtor had asserted affirmative defenses and counterclaims—not a fully litigated judgment affirmed on appeal. *See id.* at 343–44, 362–65.

31. Here, even if the entire $329,393.30 in registry funds were deducted from each bank's share of the Bank Judgment—a deliberately conservative assumption that forecloses any concern about double counting a joint collection—Huntington would retain an undisputed claim of at least $23,097,485.16 and Century an undisputed claim of at least $16,069,421.62, each far exceeding the statutory threshold. Nor would the roughly $15,000 collected through the federal receivership (and paid to the Receiver) alter that conclusion. The banks' loan transaction reports, which are inclusive of all activity posted through the June 22, 2026 report the loans balance. Whatever the Alleged Debtors' asserted credits, they cannot reduce either bank's claim to anywhere near the statutory minimum.

### D. HGA or Spin Capital Supplies the Third Qualifying Creditor, and CWL's Withdrawal Is Immaterial.

32. Whether a state-law cause of action is property of a bankruptcy estate turns on whether, under applicable state law, the debtor itself could have asserted the claim as of the commencement of the case, an inquiry that depends on "the nature of the injury for which relief is sought." *Schertz-Cibolo-Universal City Indep. Sch. Dist. v. Wright (In re Educators Grp. Health Tr.)*, 25 F.3d 1281, 1284 (5th Cir. 1994). An alter-ego action is property of the estate under § 541(a)(1) where it is a generalized right "belonging to" the debtor corporation — one "available to all creditors" that "does not rest upon a particular creditor's dealings with or reliance on the

as here, the petitioning creditors satisfy § 303's requirements, the Court lacks authority to impose a non-statutory good-faith requirement on the filing of an involuntary petition. *Terry Graham Trucking*, 2023 Bankr. LEXIS 408, at *17; *On-Site Fuel Serv.*, 2019 Bankr. LEXIS 1596, at *29; *Gutierrez*, 2020 Bankr. LEXIS 1792, at *35-26. In any event, the petitioning creditor's good faith is presumed, and the Alleged Debtors must prove bad faith by a preponderance of the evidence under the totality of the circumstances. *Caucus Distribs.*, 106 B.R. at 923–25. The Fifth Circuit considers both the petitioning creditors' purpose and the reasonableness of their prefiling inquiry. *Sims*, 994 F.2d at 222. Hostility from prior litigation and unsuccessful collection efforts do not, without more, establish that the bankruptcy remedy was invoked for an improper purpose.

49. The Petitions serve a legitimate bankruptcy purpose: collective administration of substantial unpaid obligations, investigation of nonexempt assets and potentially recoverable transfers, and distribution by an independent trustee according to the Bankruptcy Code's priorities, including pro rata treatment within the applicable statutory categories. *See* 11 U.S.C. §§ 704(a)(1), (4)–(5), 726(a)–(b). The Alleged Debtors' authority is not to the contrary. In *In re Forever Green Athletic Fields, Inc.*, 804 F.3d 328, 335–37 (3d Cir. 2015), the creditor used bankruptcy to obtain individual leverage and to obstruct the debtor's pursuit of a claim potentially valuable to other creditors. Nothing of the kind is present here; the Petitioning Creditors seek a trustee who will act for the entire creditor body. That collective purpose differs from the State Court receivership order's direction to collect and apply proceeds toward one particular judgment. Potter County Order at 1. *See also Acis Capital Management*, 584 B.R. at 144–45.

50. Finally, the disputes concerning federal receivership fees and cooperation with the receiver are properly resolved on the actual orders, payment records, and communications. Nor does the existence of receiver-assisted settlement discussions, without more, establish that seeking



88941426;4

collective bankruptcy administration was improper. The Motions characterize Noack's work as a proposed global settlement for all creditors. *See* Doc. No. 10 at 2–4; Doc. No. 14 at 2–3. But the Order appointing Noack directs proceeds toward Amarillo National Bank's judgment, and its express settlement provision concerns causes of action the Alleged Debtors themselves could pursue. Potter County Order at 1, 3. Seeking a trustee to administer assets and claims under the Bankruptcy Code is not rendered an improper collection tactic merely because the Alleged Debtors prefer a consensual workout under that different mandate. Allegations concerning a prior collection proceeding do not establish that collective bankruptcy administration serves no legitimate purpose. On this record, the Alleged Debtors have not proven bad faith by a preponderance of the evidence. *See Sims*, 994 F.2d at 222; *Caucus Distribs.*, 106 B.R. at 923.

**G. Abstention Under § 305(a) Is Unwarranted.**

51. Section 305(a) permits dismissal or suspension only "if . . . the interests of creditors and the debtor would be better served by such dismissal or suspension." 11 U.S.C. § 305(a)(1). Abstention under that section is "an extraordinary remedy," reserved "for those rare occasions when both the creditors and the debtor would be better served by dismissal," and the movant "bears a substantial burden of proof." *In re Gutierrez*, No. 20-50129-NPO, 2020 WL 3720234, at *16 (Bankr. S.D. Miss. July 6, 2020). "Granting an abstention motion . . . requires more than a simple balancing of harm to the debtor and creditors; rather, the interests of both the debtor and its creditors must be served." *In re AMC Investors, LLC*, 406 B.R. 478, 487–88 (Bankr. D. Del. 2009). Courts consider (1) the economy and efficiency of administration; (2) whether another forum is available to protect the parties' interests; (3) whether federal proceedings are necessary to reach a just and equitable solution; (4) whether there is an alternative means of achieving an equitable distribution of assets; (5) whether the debtor and creditors can work out a less expensive out-of-

Dated: October 23, 2026

Respectfully submitted,

**AKERMAN LLP**

/s/ Michael D. Napoli
Michael D. Napoli
Texas Bar No. 14803400
Laura M. Taveras
Texas Bar No. 24127243
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: (214) 720-4300
Facsimile: (214) 981-9339
michael.napoli@akerman.com
laura.taveras@akerman.com

*Attorneys for Petitioning Creditor Huntington Bank f/k/a Cadence Bank*

/s/ John C. Leininger
John C. Leininger
Texas Bar No. 24007544
Otteson Shapiro LLP
4851 LBJ Freeway, Suite 650
Dallas, Texas 75244
(214) 619-8325 (Telephone)
Email: jcl@os.law

*Counsel for Century Bank and Spin Capital, LLC*

/s/ Russell A. Woodward
Russell A. Woodward
Louisiana Bar No. 34163
Law Offices of Russell A. Woodward Jr., LLC
119 Pelican Blvd.
Ruston, LA 71270
(318) 255-4898 (Telephone)
Email: raw@therawlaw.com

*Attorneys for Hunt, Gulliot & Associates, LLC*