Order Filed on November 12, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re:<br><br>AVRUMI LUBIN A/K/A JOSH LUBIN,<br><br>Debtor. | Case No.: 26-17342-EJO<br>Chapter: 11<br>Judge: Eamonn J. O'Hagan |
| BENJAMIN A. STANZIALE, JR.,<br>AS CHAPTER 11 TRUSTEE,<br><br>Plaintiffs,<br>v.<br><br>AVRUMI LUBIN, SPIN CAPITAL, LLC, TETON LIFE, LLC, TETON FUNDING, LLC, TETON FUNDING GROUP, LLC, JL SPECIAL INVESTMENTS, LLC,<br><br>Defendants. | Adv. Pro. No.: 26-01494-EJO |

**ORDER GRANTING PRELIMINARY INJUNCTION AS TO TETON LIFE, LLC, AND PROVIDING FOR FURTHER PROCEEDINGS**

The relief set forth on the following pages, numbered two (2) through five (5), is hereby **ORDERED.**

**DATED: November 12, 2026**

Honorable Eamonn J. O'Hagan
United States Bankruptcy Judge

Upon consideration of this matter presented to the Court by way of Verified Complaint ("the Verified Complaint") [ECF No. 1] to extend the captioned Chapter 11 case to TETON LIFE, LLC ("Teton Life") of which Debtor owns a 50% controlling interest, filed by Patricia A. Staiano, Esquire, of Hellring Lindeman Goldstein & Segal, LLP, on behalf of Benjamin A. Stanziale, Jr., as Chapter 11 Trustee (the "Trustee") for Debtor, Avrumi Lubin a/k/a Josh Lubin (the "Debtor") together with a Request for the Entry of an Order to Show Cause for Preliminary Restraints [ECF No. 3], as supported by the Certification of Benjamin Stanziale [ECF No. 3-1];

And, the Court having entered an Order to Show Cause and for Temporary Relief [ECF No. 5] on October 15, 2026 (the "Order to Show Cause"), granting preliminary restraints for good cause shown and scheduling an emergent hearing on the Trustee's requests for a preliminary injunction and to schedule a final hearing on the merits of the Verified Complaint for October 22, 2026;

And, the Court having considered the responsive materials filed thereto by the Debtor, acting *pro se* [ECF Nos. 9 – 12, 25, 36 and 41][1], and by Patrick T. Krenicky, Esquire, on behalf of Gavriel Yitzchakov, who owns a 50% share of Defendant, Teton Life [ECF No. 14];

And, the Court having considered the reply, supplemental certification in support, and letter brief filed by Trustee [ECF Nos. 18, 19];

[1] The Court also denied the Debtor's two requests for an adjournment of the emergency hearing [ECF Nos. 7, 8] and his request to dissolve restraints communicated within ECF No. 12.

And, the Court having considered the affidavits and arguments of all parties presented on the record within the emergency hearings conducted on October 22, 2026, and November 10, 2026;

And, the Court having made specific factual findings as set forth on the record with respect to the need for preliminary injunctive relief, including, but not limited to:

A. That the Trustee's preliminary investigation has revealed that there exists ongoing litigation in numerous jurisdictions in various stages, in NJ, NY, Michigan, Texas, Tennessee and Florida, in which the Debtor and/or entities he owns or controls are parties, including litigation in New York involving Teton Life. [Stanziale Reply Cert., ECF No. 18, Para 4.]

B. That the Trustee is given wide latitude and deference in its investigation into the Debtor's estate and the exercise of the Trustee's business judgment to safeguard and/or maximize the Debtor's estate for the benefit of the creditor body. As a part of that investigation, the Trustee must decide which entities and actions are valuable to the estate and how to most effectively protect those assets.

C. That the trustee has established a reasonable likelihood of success in extending the automatic stay as to Teton Life for the duration of these chapter 11 proceedings by establishing the requisite "unusual circumstances" under McCartney v. Integra Nat'l Bank North, 106 F.3d 506, 510 (3d Cir. 1997).

D. That the Trustee has established a reasonable likelihood of success in establishing that the Trustee succeeded to the Debtor's right under the Teton Life operating agreement to direct the New York litigation (subject to the requirement to confer in good faith with Gavriel

Yitzchakov regarding any settlement opportunity) and that such right is property of the bankruptcy estate.

E. That irreparable harm may result should the litigation impacting Teton Life progress without the Trustee's participation and/or yield unfavorable outcomes during this early state of the Trustee's investigation.

F. That irreparable harm is likely to result if the Debtor is permitted control and use Teton Life to move and/or dispose of assets that are currently beyond the Trustee's reach.

G. That the overall balance of the harms weighs heavily in favor of the Trustee where the preliminary stay will protect the Debtor's estate and Teton Life from adverse rulings or collection activity during the Trustee's investigation.

H. That, in addition to the appropriateness of extending the automatic stay to temporarily enjoin actions against Teton Life, the automatic stay applies directly to Teton Life's prosecution of the New York litigation by virtue of 11 U.S.C. Section 362(a)(3), which stays acts to exercise control over property of the estate.

It is **HEREBY FURTHER ORDERED AS TO TETON LIFE, LLC,** that for good cause shown, and pending further order of this Court, the following relief is **GRANTED** as follows:

1. Any litigation or enforcement of judgments against the Teton Life is **STAYED**;
2. The Debtor, and all persons and entities acting in concert with him, are **ENJOINED** from taking actions in the name of Teton Life or to collect judgments in favor of the Teton Life, and it is further **CONFIRMED** that the Trustee has the sole authority to act in the stead of

the Debtor as to any management or litigation decisions regarding Teton Life, provided, however, that the Debtor, consistent with the Teton Life operating agreement, shall retain the right to engage representation for himself and the Teton Life in the current adversary proceeding.

3. Defendants and any person or entity acting in concert with them are **ENJOINED** from transferring or disposing of assets of Teton Life.
4. Defendants are **DIRECTED AND ENJOINED** from refusing to turnover the books and records of the Debtor and Teton Life to the Trustee or his professionals whose retention is approved by the Court.
5. The Defendants shall file responsive pleadings to the Complaint and Order to Show Cause no later than November 25, 2026.
6. A further hearing on the continuation of the preliminary injunctive relief granted herein will be conducted on **December 17, 2026, at 2:00 p.m.**
7. A pretrial hearing to consider scheduling of a final hearing on the merits will be conducted on **December 17, 2026, at 2:00 p.m.**