**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

AVRUMI LUBIN
Debtor, Pro Se
605 West 42nd Street
New York, New York 10036
(718) 570-3796
josh@tetonfunding.com

Case No. 26-17342 (EJO)
Adv. Pro. No. 26-01494 (EJO)
Chapter 11
Judge: Eamonn J. O'Hagan, U.S.B.J.
Hearing: Thursday, December 3, 2026 at 10:00 a.m.

---

In re AVRUMI LUBIN a/k/a Josh Lubin, Debtor.

BENJAMIN A. STANZIALE, JR., as Chapter 11 Trustee,
Plaintiff,
v.
AVRUMI LUBIN, SPIN CAPITAL, LLC, TETON LIFE, LLC, TETON FUNDING, LLC, TETON FUNDING GROUP, LLC, JL SPECIAL INVESTMENTS, LLC,
Defendants.

**CERTIFICATION OF AVRUMI LUBIN IN SUPPORT OF MOTION TO CLARIFY, OR TO THE EXTENT NECESSARY MODIFY, THE OCTOBER 23, 2026 ORDER (ECF NO. 21) AS TO THE DEBTOR'S LIMITED PERSONAL STEPS CONCERNING THE MAY 15, 2026 FLORIDA ORDER**

I, Avrumi Lubin, of full age, certify as follows:

1. I am a defendant in this adversary proceeding and the debtor in Case No. 26-17342. I appear pro se, for myself only. I do not appear or speak for any Subject Entity. I make this certification on personal knowledge and from the records identified below.

2. Paragraph 1 of the October 23, 2026 order (ECF No. 21) (the "October 23 Order") provides, as to the Subject Entities other than Teton Life, LLC, that "[a]ny litigation or enforcement of judgments against the Subject Entities is STAYED." Paragraph 2 provides that I am "ENJOINED from taking actions in the name of the Subject Entities or to collect judgments in favor of the Subject Entities," and confirms "that the Trustee has the sole authority to act in the stead of the Debtor as to any management or litigation decisions regarding the Subject Entities" (ECF No. 21 at 5, ¶¶ 1–2). I have appealed that order and moved to alter or amend it (ECF Nos. 24, 25, 26). I dispute its scope, and I recognize that it remains in effect.

3. Concurrently with this motion, I am submitting, in the main case, a motion for limited relief from the automatic stay. It asks permission for me, individually, to ask the Florida Fourth District Court of Appeal (in my individual appeal, No. 4D2026-1512) for leave or a limited relinquishment of jurisdiction, and then to ask the Broward County circuit court (in *FVP Opportunity Fund III, LP v. Zankl*, No. CACE-22-005125) (a) to correct or clarify the clause of Finding 6 of its May 15, 2026 order stating that "the corporate form is used to shield assets from creditors," and the related

language of Section E, including whether that order adjudicated alter ego, veil piercing, or the formation or use of the corporate form for a fraudulent or improper purpose; and (b) for the updated accounting of the judgment against me, with credit for amounts collected, that the circuit court described at its May 13, 2026 hearing. The facts are set out in my certification filed with that motion.

4. Those steps are for myself only. The proposed main-case order would not itself authorize me to act for any Subject Entity; to seek to vacate, stay or modify the charging, foreclosure, sale or other enforcement provisions of the May 15 order; to seek relief concerning the ownership, control, management, operations, assets or claims of any Subject Entity; to prosecute any claim of the estate; to use property of the estate; or to settle or release any right of the estate or of any Subject Entity. It would require me to send the Trustee's counsel and the Office of the United States Trustee each proposed Florida filing at least five business days before filing it or, if a court-ordered or rule deadline or an urgent need to preserve a right makes that impracticable, as much advance notice as practicable and a copy no later than filing, with an explanation.

5. Because the May 15, 2026 Florida order concerns Spin Capital, LLC and Teton Funding, LLC, which are Subject Entities, I do not want to assume that an order in the main case would resolve how the October 23 Order applies to these personal steps. I therefore ask for this clarification. Nothing in this motion concedes any disputed question of ownership, assignment, authority, management rights or alter ego.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct (28 U.S.C. § 1746). Executed on November 12, 2026.

Dated: November 12, 2026

Avrumi Lubin, Debtor, pro se
605 West 42nd Street, New York, New York 10036
(718) 570-3796 | josh@tetonfunding.com