**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

Caption in Compliance with D.N.J. LBR 9004-1(b)

AVRUMI LUBIN
Debtor, Pro Se
605 West 42nd Street
New York, New York 10036
(718) 570-3796
josh@tetonfunding.com

Case No. 26-17342 (EJO)
Adv. Pro. No. 26-01494 (EJO)
Chapter 11
Judge: Eamonn J. O'Hagan, U.S.B.J.
Hearing: Thursday, December 3, 2026 at 10:00 a.m.

---

In re AVRUMI LUBIN a/k/a Josh Lubin, Debtor.

BENJAMIN A. STANZIALE, JR., as Chapter 11 Trustee,
Plaintiff,
v.
AVRUMI LUBIN, SPIN CAPITAL, LLC, TETON LIFE, LLC, TETON FUNDING, LLC, TETON FUNDING GROUP, LLC, JL SPECIAL INVESTMENTS, LLC,
Defendants.

# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CLARIFY, OR TO THE EXTENT NECESSARY MODIFY, THE OCTOBER 23, 2026 ORDER (ECF NO. 21) AS TO THE DEBTOR'S LIMITED PERSONAL STEPS CONCERNING THE MAY 15, 2026 FLORIDA ORDER

## PRELIMINARY STATEMENT

The Debtor has asked, in the main case, for limited relief from the automatic stay so that he may ask the Florida courts, for himself only, to correct or clarify one clause of a May 15, 2026 Broward County order and for an updated accounting of the judgment against him. Because that order concerns two Subject Entities, he asks this Court to clarify, or to the extent necessary modify, paragraphs 1 and 2 of the October 23 Order so that the two orders do not conflict. The Debtor does not assume that a main-case order would change the injunction by implication.

## ARGUMENT

### I. THE PERSONAL STEPS FALL OUTSIDE PARAGRAPHS 1 AND 2, AND A CLARIFICATION AVOIDS ANY DOUBT

Paragraph 1 stays "litigation or enforcement of judgments against the Subject Entities." Paragraph 2 enjoins actions "in the name of the Subject Entities" and confirms that "the Trustee has the sole authority to act in the stead of the Debtor as to any management or litigation decisions regarding the Subject Entities" (ECF No. 21 at 5). The Debtor's steps would be taken in his own name, in his own appeal, about a finding concerning his own conduct and the balance of a judgment against him. They would not be litigation against a Subject Entity, would not be taken in a Subject Entity's name, and would not decide what any Subject Entity does. But the finding concerns two Subject Entities, and paragraph 2 refers broadly to decisions "regarding" them. A short clarification resolves

any doubt before any step is taken.

## II. THE COURT HAS AUTHORITY TO CLARIFY OR MODIFY THE INJUNCTION

While an appeal is pending from an order granting an injunction, "the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d), made applicable by Fed. R. Bankr. P. 7062. A party ordinarily must ask the bankruptcy court first for "an order suspending, modifying, restoring, or granting an injunction while an appeal is pending," and may do so "either before or after the notice of appeal is filed." Fed. R. Bankr. P. 8007(a)(1)(C), (a)(2). The Debtor's notice of appeal (ECF No. 24) was filed before his motion to alter or amend (ECF No. 25) was decided; to the extent that motion is one listed in Fed. R. Bankr. P. 8002(b)(1), "the notice becomes effective when the order disposing of the last such remaining motion is entered." Fed. R. Bankr. P. 8002(b)(2). In either event, the Court may act. The requested clarification does not alter the findings or the relief that are the subject of the appeal; it addresses only how the injunction applies to a defined set of personal steps.

## III. THE CLARIFICATION IS NARROW AND PROTECTS THE TRUSTEE

The proposed order would leave every other part of the October 23 Order in place, including the Trustee's sole authority over management and litigation decisions regarding the Subject Entities. It would apply only to steps taken individually and in compliance with the main-case order, which does not itself authorize the Debtor to act for any Subject Entity, to seek relief concerning the ownership, control, management, operations, assets or claims of any Subject Entity, or to challenge the charging, foreclosure and sale provisions of the Florida order, and which requires advance notice to the Trustee and the U.S. Trustee (five business days; if a court or rule deadline or an urgent need to preserve a right prevents that, as much notice as practicable, no later than filing, with an explanation). It would take effect only if the main-case order is entered and would end if that order is vacated. It decides nothing about the Debtor's pending motions or his appeal, or any disputed question of ownership, assignment, alter ego or authority.

**CONCLUSION**

The Debtor respectfully asks the Court to enter the proposed order.

*Note on preparation.* I used generative artificial-intelligence tools to help prepare this memorandum, including to check its citations and quotations against the original sources. I have read this memorandum before signing it.

Dated: November 12, 2026

Avrumi Lubin, Debtor, pro se
605 West 42nd Street, New York, New York 10036
(718) 570-3796 | josh@tetonfunding.com