**[PROPOSED]**

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>AVRUMI LUBIN<br>Debtor, Pro Se<br>605 West 42nd Street<br>New York, New York 10036<br>(718) 570-3796<br>josh@tetonfunding.com | Case No.: 26-17342 (EJO)<br><br>Adv. No.: 26-01494 (EJO) |
| In Re:<br>AVRUMI LUBIN a/k/a Josh Lubin,<br>Debtor. | Hearing Date: 12/3/2026 10:00 AM<br><br>Judge: Eamonn J. O'Hagan |
| BENJAMIN A. STANZIALE, JR., as Chapter 11 Trustee,<br><br>Plaintiff(s)<br>v.<br>AVRUMI LUBIN, SPIN CAPITAL, LLC, TETON LIFE, LLC, TETON FUNDING, LLC, TETON FUNDING GROUP, LLC, JL SPECIAL INVESTMENTS, LLC,<br><br>Defendant(s) | |

**ORDER**

1 **ORDER CLARIFYING THE OCTOBER 23, 2026 ORDER (ECF NO. 21) AS TO THE DEBTOR'S LIMITED PERSONAL STEPS CONCERNING THE MAY 15, 2026 FLORIDA ORDER**

The relief set forth on the following pages, numbered two (2) through two (2), is **ORDERED.**

(Page 2)
Debtor: Avrumi Lubin
Case No.: 26-17342 (EJO) | Adv. No.: 26-01494 (EJO)
Caption of Order: Order Clarifying the October 23, 2026 Order (ECF No. 21) as to the Debtor's Limited Personal Steps Concerning the May 15, 2026 Florida Order

THIS MATTER having been opened to the Court by Avrumi Lubin, a defendant and the debtor, appearing pro se (the "Debtor"), on his Motion to Clarify, or to the Extent Necessary Modify, the October 23, 2026 Order (ECF No. 21) as to the Debtor's Limited Personal Steps Concerning the May 15, 2026 Florida Order (the "Motion"), and the Court having considered the Motion and any responses, and good cause appearing, it is hereby

**ORDERED** that:

1. The Motion is GRANTED as set forth in this Order. "October 23 Order" means the Order Granting Preliminary Injunction and Providing for Further Proceedings entered October 23, 2026 (ECF No. 21). "Main-Case Order" means an order entered in Case No. 26-17342 on the Debtor's motion filed November 12, 2026 for limited relief from the automatic stay. "Permitted Steps" has the meaning given in the Main-Case Order.

2. Paragraphs 1 and 2 of the October 23 Order, as to the Subject Entities other than Teton Life, LLC, are clarified and, to the extent necessary, modified to provide that the Debtor's Permitted Steps, taken in his individual capacity and in compliance with the Main-Case Order, do not violate the October 23 Order.

3. Except as provided in paragraph 2, the October 23 Order remains in full force and effect, including the Trustee's sole authority to act in the stead of the Debtor as to any management or litigation decisions regarding the Subject Entities. Nothing in this Order authorizes the Debtor to take any action in the name of, or on behalf of, any Subject Entity.

4. This Order takes effect upon entry of the Main-Case Order and ceases to have effect if the Main-Case Order is vacated.

5. Nothing in this Order decides the Debtor's pending motions (ECF Nos. 25, 41 and 44) or his appeal, or any disputed question of ownership, assignment, alter ego or authority.