**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br>Avrumi Lubin, Defendant, pro se, individually<br>Mailing address: 1460 Arboretum Parkway<br>Lakewood, New Jersey 08701<br>Telephone: 732-608-4905<br>Email: josh@tetonfunding.com | Case No.: 26-17342-EJO<br>Chapter 11<br>Adv. Pro. No.: 26-01494-EJO<br>Hon. Eamonn J. O'Hagan<br>Hearing: December 3, 2026, 10:00 a.m. (with ECF No. 37) |
| In re: AVRUMI LUBIN a/k/a Josh Lubin, Debtor.<br>BENJAMIN A. STANZIALE, JR., as Chapter 11 Trustee,<br>Plaintiff,<br>v.<br>AVRUMI LUBIN, SPIN CAPITAL, LLC, TETON LIFE, LLC, TETON FUNDING, LLC, TETON FUNDING GROUP, LLC, JL SPECIAL INVESTMENTS, LLC,<br>Defendants. | |

## SUPPLEMENT TO ECF NO. 37 AND REQUEST FOR EXPRESS DIRECTIONS CONCERNING THE NOVEMBER 25, 2026 RESPONSE DEADLINE

Avrumi Lubin, appearing pro se solely in his individual capacity, supplements his pending Motion to Extend Responsive-Pleading Deadlines (ECF No. 37). The hearing remains December 3, 2026 at 10:00 a.m. under ECF No. 40. This supplement concerns intervening ECF No. 48 and does not renew the previously denied application to shorten time.

1. The pending motion was filed November 5, 2026. It requested January 8, 2027 for responsive pleadings to the Verified Complaint and December 10, 2026 for written responses concerning preliminary relief at the December 17 hearing. It concerned Spin Capital, LLC; Teton Funding, LLC; Teton Funding Group, LLC; JL Special Investments, LLC; and Teton Life, LLC to the extent the prior order applied to it. Movant filed his own answer and counterclaim on November 9 (ECF No. 43).

2. ECF No. 48, entered November 12, states at page 5, paragraph 5: "The Defendants shall file responsive pleadings to the Complaint and Order to Show Cause no later than November 25, 2026." The paragraph appears in the Teton Life portion of that order but refers to "The Defendants." Movant requests clarification of its scope and an express extension to the extent it applies to him or to an entity named above.

3. November 25 precedes the December 3 hearing. Merely supplementing the pending motion does not establish that any company's deadline has moved. Movant respectfully requests an express interim ruling before November 25, if the Court is willing to act on the papers, or directions identifying any further procedure needed to obtain such a ruling. He does not ask the Clerk to treat an extension as granted.

4. **Requested relief.** Movant asks the Court, in the exercise of its own scheduling authority, to (a) treat ECF No. 37 as reaching the November 25 deadline; (b) extend the five entities' complaint-response date to January 8, 2027 or another date the Court finds appropriate; (c) set December 10, 2026 or another appropriate date for written preliminary-injunction responses for the December 17 hearing; and (d) by express interim order, prevent a default based solely on the November 9 or November 25 date before the extension request is decided. He asks the Court to clarify what additional response, if any, is required personally despite his filed answer and prior opposition papers. He does not withdraw or replace those filings.

5. Rule 9006(b)(1)(A) permits a court-ordered period to be extended for cause when a request is made before expiration. Rule 7016 incorporates the good-cause scheduling standard in Civil Rule 16(b)(4). This supplement is submitted before November 25. The Court's setting that date after the original motion is an intervening circumstance requiring express treatment; the earlier motion should not be assumed to override the later order.

6. D.N.J. LBR 9013-6(a) provides a conditional automatic extension for a timely extension motion unless a statute, rule or order provides otherwise. Movant asks for a determination of its application to his own response time rather than assuming it displaces ECF No. 48. He does not rely on his pro se filing to create an automatic extension for a company. If the extension is denied, the applicable rules and the denial order govern the resulting deadline.

7. A nonlawyer may not appear for these limited liability companies. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993). Both ECF No. 21, page 5, paragraph 2 and ECF No. 48, page 5, paragraph 2 preserve Movant's right to engage representation in this adversary. He asks for no exception to the representation rule and files no answer or appearance on a company's behalf.

8. Movant continues trying to retain counsel for the entities, has not retained counsel for them in this adversary, and has no agreement from the Trustee to extend the November 25 deadline. His supplemental certification states the current facts. The requested relief would permit counsel to appear while the existing injunction and hearing dates remain in place. No claimed consent is offered as a ground for relief.

9. **Limits.** No hearing date, substantive restraint, ownership right or management right would be altered. This supplement does not extend an appeal or reconsideration period, does not itself secure relief for an unrepresented company, and does not excuse compliance with an operative order. Movant preserves his individual objections without purporting to waive anyone else's rights. He requests an express judicial determination, not a declaration that an extension already exists.

WHEREFORE, Movant requests the relief in paragraph 4, or such narrower scheduling relief and directions as the Court finds appropriate. A revised proposed order accompanies this supplement.

Preparation disclosure: I used generative artificial-intelligence assistance. I have reviewed this supplement before signing it and remain responsible for its content.

Dated: November 17, 2026

______________________________

Avrumi Lubin, individually, pro se
Mailing address: 1460 Arboretum Parkway, Lakewood, New Jersey 08701
732-608-4905 | josh@tetonfunding.com

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br>Avrumi Lubin, Defendant, pro se, individually<br>Mailing address: 1460 Arboretum Parkway<br>Lakewood, New Jersey 08701<br>Telephone: 732-608-4905<br>Email: josh@tetonfunding.com | Case No.: 26-17342-EJO<br>Chapter 11<br>Adv. Pro. No.: 26-01494-EJO<br>Hon. Eamonn J. O'Hagan<br>Hearing: December 3, 2026, 10:00 a.m. (with ECF No. 37) |
| In re: AVRUMI LUBIN a/k/a Josh Lubin, Debtor.<br>BENJAMIN A. STANZIALE, JR., as Chapter 11 Trustee,<br>Plaintiff,<br>v.<br>AVRUMI LUBIN, SPIN CAPITAL, LLC, TETON LIFE, LLC, TETON FUNDING, LLC, TETON FUNDING GROUP, LLC, JL SPECIAL INVESTMENTS, LLC,<br>Defendants. | |

# SUPPLEMENTAL CERTIFICATION OF AVRUMI LUBIN

I, Avrumi Lubin, of full age, certify as follows:

1. I am the debtor in Case No. 26-17342-EJO and a defendant in this adversary. I certify in my individual capacity on personal knowledge. I am not a lawyer and do not represent any company.

2. I filed ECF No. 37 on November 5, 2026 and my individual answer and counterclaim, ECF No. 43, on November 9, 2026. ECF No. 40 sets the extension motion for December 3, 2026 at 10:00 a.m.

3. I have reviewed the November 12 order, ECF No. 48, and its November 25 deadline for responsive pleadings to the Complaint and Order to Show Cause.

4. I am still trying to retain counsel for Spin Capital, LLC; Teton Funding, LLC; Teton Funding Group, LLC; JL Special Investments, LLC; and Teton Life, LLC. I have not retained counsel for any of those companies in this adversary. I may not be able to do so by November 25.

5. I have no agreement from the Trustee or his counsel to extend the November 25 response deadline. I do not claim that an extension has been granted or that the Trustee has agreed not to seek a default.

6. This request is made to obtain an express ruling before the November 25 deadline and to allow an opportunity for counsel to appear. I do not seek through it to change an injunction, represent an entity or adjourn either the December 3 or December 17 hearing.

7. If counsel is retained or an agreement concerning these dates is reached before the Court rules, I will promptly advise the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. 28 U.S.C. § 1746.

Dated: November 17, 2026

______________________________
Avrumi Lubin, individually, pro se
Mailing address: 1460 Arboretum Parkway, Lakewood, New Jersey 08701
732-608-4905 | josh@tetonfunding.com

**[PROPOSED]**
**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

2026 NOV 17 PM 3:06

| | |
|---|---|
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br>Avrumi Lubin, Defendant, pro se, individually<br>Mailing address: 1460 Arboretum Parkway<br>Lakewood, New Jersey 08701<br>Telephone: 732-608-4905<br>Email: josh@tetonfunding.com | Case No.: 26-17342-EJO<br>Chapter 11<br>Adv. Pro. No.: 26-01494-EJO<br>Hon. Eamonn J. O'Hagan<br>Hearing: December 3, 2026, 10:00 a.m. (with ECF No. 37) |
| In re: AVRUMI LUBIN a/k/a Josh Lubin, Debtor.<br>BENJAMIN A. STANZIALE, JR., as Chapter 11 Trustee,<br>Plaintiff,<br>v.<br>AVRUMI LUBIN, SPIN CAPITAL, LLC, TETON LIFE, LLC, TETON FUNDING, LLC, TETON FUNDING GROUP, LLC, JL SPECIAL INVESTMENTS, LLC,<br>Defendants. | |

## ORDER EXTENDING RESPONSE DEADLINES UNDER ECF NOS. 21 AND 48

The relief set forth on the following page, numbered two (2), is ORDERED.

(Page 2)
Debtor: Avrumi Lubin
Case No.: 26-17342-EJO | Adv. Pro. No.: 26-01494-EJO
Caption of Order: Order Extending Response Deadlines under ECF Nos. 21 and 48

On consideration of ECF No. 37, the supplement addressing ECF No. 48, any responses, and for cause shown under Rules 9006(b)(1)(A) and 7016, it is ORDERED:

1. The time for Spin Capital, LLC; Teton Funding, LLC; Teton Funding Group, LLC; JL Special Investments, LLC; and Teton Life, LLC to respond to the Verified Complaint, ECF No. 1, is extended through January 8, 2027. This express extension applies to the response dates in ECF Nos. 21 and 48 to the extent applicable to each entity.

2. The date for Avrumi Lubin and the entities identified in paragraph 1 to file any written response concerning continuation of preliminary relief at the December 17, 2026 hearing is December 10, 2026. Prior responses and Lubin's individual answer are not withdrawn. The hearing is not adjourned.

3. No default may be sought or entered against an entity identified in paragraph 1 based solely on nonresponse by November 9 or November 25, 2026 during the extension granted here. This Order does not vacate a default already entered and does not find that Lubin's pro se filing automatically extended any company's deadline.

4. All substantive restraints remain in effect. No ownership or management right is changed. No appeal, reconsideration or other period under Rules 7052, 8002, 9023 or 9024 is extended. This Order decides no other pending motion.

5. Avrumi Lubin remains an individual pro se litigant and is not authorized to represent an entity by this Order. The entities must appear through authorized counsel.

6. Within three days of entry, Lubin shall serve this Order by regular mail on the recipients served with this supplement and file a certification of service.