**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br>Avrumi Lubin, Defendant, pro se, individually<br>Mailing address: 1460 Arboretum Parkway<br>Lakewood, New Jersey 08701<br>Telephone: 732-608-4905<br>Email: josh@tetonfunding.com | Case No.: 26-17342-EJO<br>Chapter 11<br>Adv. Pro. No.: 26-01494-EJO<br>Hon. Eamonn J. O'Hagan<br>Hearing: December 10, 2026, 10:00 a.m. |
| In re: AVRUMI LUBIN a/k/a Josh Lubin, Debtor.<br>BENJAMIN A. STANZIALE, JR., as Chapter 11 Trustee, Plaintiff,<br>v.<br>AVRUMI LUBIN, SPIN CAPITAL, LLC, TETON LIFE, LLC, TETON FUNDING, LLC, TETON FUNDING GROUP, LLC, JL SPECIAL INVESTMENTS, LLC, Defendants. | |

# NOTICE OF MOTION UNDER RULES 9023 AND 7052 TO ALTER OR AMEND ECF NO. 48 (TETON LIFE, LLC): FULL RESTORATION FIRST; ALTERNATIVE RELIEF IN ORDER

TO: Benjamin A. Stanziale, Jr., Chapter 11 Trustee; Patricia A. Staiano, Esq. and Matthew E. Moloshok, Esq., counsel to the Plaintiff-Trustee; the Office of the United States Trustee; Jeffrey S. Cianciulli, Esq. and Patrick T. Krenicky, Esq., counsel to Gavriel Yitzchakov; and the entity defendants at their addresses of record, as listed in the Certification of Service.

PLEASE TAKE NOTICE that on December 10, 2026 at 10:00 a.m., or as soon thereafter as the matter may be heard, Avrumi Lubin, appearing pro se in his individual capacity only ("Movant"), will move before the Honorable Eamonn J. O'Hagan, United States Bankruptcy Judge, at the Clarkson S. Fisher United States Courthouse, 402 East State Street, Courtroom 2, Trenton, New Jersey 08608, under Fed. R. Bankr. P. 9023 and 7052, to alter or amend the November 12, 2026 Order as to Teton Life, LLC (ECF No. 48) and for amended or additional findings. Movant requests the following relief, in this order:

**First (primary relief): full restoration (Proposed Order A).** Alter paragraph 2 of ECF No. 48 to vacate the clause beginning "and it is further CONFIRMED that the Trustee has the sole authority" and the restraint on Movant acting in Teton Life's name, and restore Movant's role in Teton Life as it stood immediately before the October 15, 2026 Order (ECF No. 5) under the Teton Life operating agreement and Delaware law, including member management (§ 3.01) and direction of the New York lawsuit (§ 2.08(d)), and authority to retain and instruct Teton Life's counsel, subject to Mr. Yitzchakov's rights under the agreement (including § 2.08(b) and good-faith settlement conferral under § 2.08(d)) and the orders of the New York court. Modify paragraph 3 only to permit ordinary-course operation and payment of Teton Life's own counsel from its own legally available funds. Alter Finding D only to the extent inconsistent with the authority expressly restored, with findings addressing the source and scope of that authority.

Finding H is not vacated by implication, and separately required stay relief must be obtained before any stayed step. Paragraphs 1 and 4 of ECF No. 48 would remain in force.

**Second: full restoration with guardrails (Proposed Order A-1).** If the Court will restore Movant's role only on conditions, grant the same restoration subject to: good-faith settlement conferral; no transfer or disposition of Teton Life's assets outside the ordinary course; lawful access to nonprivileged books and records, with disputed privilege reserved for the Court; 21 days' notice and Court approval of any settlement, release, assignment, abandonment, dismissal with prejudice, new lien or governance change; nonprivileged reporting, including the policy report described below; no payment to Movant or any insider; and no relief from any stay. The restored authority would be subject to the Court, not a Trustee veto or unilateral revocation.

**Third: a Court-defined limited role (Proposed Order B, paragraph 2).** If both full-restoration requests are denied, permit Movant to perform a specific limited management or litigation role for Teton Life only under a written plan approved by the Court after notice. The approval must identify the lawful basis, scope, counsel, budget, reporting and exact changes to the injunction. No authority to act arises before that approval. Only the Court, not the Trustee unilaterally, may change or revoke an approved role.

**Fourth: defense funding or independent defense counsel (Proposed Order B, paragraphs 3 to 5).** A procedure allowing Teton Life to fund its own defense and approved preservation work from funds legally belonging to it, including receivables and any lawsuit reserve, under a specifically approved budget; or an independent representative or separate counsel limited to Teton Life's defense in this adversary proceeding, paid from a defined carve-out. Teton Life's money is not a common fund for other entities or for Movant personally.

**Fifth: independent safeguards in any event (Proposed Order B, paragraphs 6 to 8).** Suspend the affirmative sole-authority clause in paragraph 2 of ECF No. 48, independently of restoration, without treating that suspension as a grant of authority to Movant or extinguishing powers independently held under law. Preserve the remaining restraints except as expressly modified. Express good-faith settlement conferral with Mr. Yitzchakov; notice and prior Court approval of material dispositions; clarification that the order is preliminary and not a final ownership or governance adjudication; and a nonprivileged policy-by-policy report within five business days after entry on the 24 additional policies identified in NYSCEF No. 1476 (status and source, ownership claims, receiver authority, premium and grace dates, responsible counsel, funding and remaining permissions), with a designated contact and a practical process for Movant to provide records and time-sensitive information. No lapse or misconduct is presumed.

**Amended and additional findings.** Under Rule 7052 and Fed. R. Civ. P. 52(a)(2) and (b), Movant asks the Court to rule on each request separately and to state findings and conclusions

on: (i) the source and scope of any authority the Trustee holds over Teton Life, and whether it extends beyond the right described in Finding D to "any management or litigation decisions"; (ii) how the operating agreement's allocation of management between the two members (§§ 3.01, 2.08(b), 2.08(d)) applies while the restraint is in place; (iii) whether the restraints first entered on October 15 without notice were continued as the status quo; (iv) whether disputed facts required an evidentiary hearing; (v) the irreparable-harm standard applied in Finding E; and (vi) why each narrower alternative would or would not protect the estate; and (vii) the effect of sections 365(c) and (e), 541(c), 323 and 1101(1) on the particular authority requested.

The motion acknowledges Findings D and H. It does not ask the Court to hold that any governance right was lost or passed to the other member, and does not seek removal of the Trustee, restoration of debtor-in-possession status, compensation, or relief under 11 U.S.C. § 362(d). Any separately required stay relief must be obtained by a properly noticed application. The motion relies on the accompanying memorandum, the certification with Composite Exhibit TL-1, Proposed Orders A, A-1 and B, and the record of this adversary proceeding. Movant makes no application to shorten time and asks that the memorandum also be considered as his response concerning continuation of the restraints at the December 17, 2026 hearing. No pending response deadline or hearing is extended by filing this motion. Under D.N.J. LBR 9013-2(a)(2), opposition must be filed with the Clerk and served on Movant no later than seven days before the hearing date, calculated under Rule 9006(a), unless the Court orders otherwise.

Movant seeks modification of restraints imposed on him personally. He does not appear as a lawyer for any company or seek adjudication of a company's affirmative claim pro se. Each company must appear through licensed counsel. Existing restraints remain binding until the Court changes them.

**Related-matter construction requested.** Movant also requests an express ruling that the authority restored includes instructing Teton Life's licensed counsel in this adversary on issues directly concerning control or preservation of its rights in the New York Lawsuit, under the agreement's words "and all related matters." This construction and the separate statutory-succession question should each be decided, with reasons if relief is denied. No authority to appear pro se for the company or to disregard a stay is requested.

**Appellate jurisdiction.** Relief is requested within this Court's authority. If an effective pending appeal prevents relief otherwise warranted, Movant requests an appropriate Rule 8008 indicative ruling and any necessary appellate action, not an order exceeding this Court's jurisdiction.

Dated: November 17, 2026

______________________________

Avrumi Lubin, individually, pro se
Mailing address: 1460 Arboretum Parkway, Lakewood, New Jersey 08701
732-608-4905 | josh@tetonfunding.com