[PROPOSED]

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Avrumi Lubin, individually, pro se
1460 Arboretum Parkway
Lakewood, NJ 08701
732-608-4905 | josh@tetonfunding.com

| | |
|---|---|
| Case No.: | 26-17342-EJO |
| Adv. No.: | 26-01494-EJO |
| Hearing Date: | Dec. 10, 2026, 10:00 a.m |
| Judge: | Eamonn J. O'Hagan |

In Re:
AVRUMI LUBIN a/k/a Josh Lubin, Debtor.
Chapter 11

BENJAMIN A. STANZIALE, JR.,
as Chapter 11 Trustee,

Plaintiff(s)

v.
AVRUMI LUBIN; SPIN CAPITAL, LLC;
TETON LIFE, LLC; TETON FUNDING, LLC;
TETON FUNDING GROUP, LLC;
JL SPECIAL INVESTMENTS, LLC,

Defendant(s)

**ORDER**

**ECF 48: RESTORATION WITH COURT GUARDRAILS - ORDER A1**

The relief set forth on the following pages, numbered two (2) through 3, is **ORDERED**.

Upon the individual motion of Avrumi Lubin ("Movant") under Fed. R. Bankr. P. 9023 and 7052, after notice and opportunity to be heard, and for the reasons stated on the record, it is ORDERED, pending the final hearing and further order of this Court, concerning Teton Life, LLC ("Teton Life"):

1. **Restoration.** Paragraph 2 of the November 12, 2026 Order (ECF No. 48) is ALTERED: the clause beginning "and it is further CONFIRMED that the Trustee has the sole authority" is VACATED; the injunction against Movant taking actions in Teton Life's name or collecting judgments in its favor is VACATED as to its management and litigation, subject to paragraph 2 below; and Movant's role as it existed immediately before the October 15, 2026 Order (ECF No. 5) under the operating agreement and Delaware law is RESTORED, including member management under § 3.01, direction of the New York lawsuit under § 2.08(d), and authority to retain and instruct Teton Life's counsel, subject to Mr. Yitzchakov's rights under the agreement and the orders of the New York court. Finding D is modified only to the extent inconsistent with the authority expressly restored by this order and the supporting ruling. Finding H and all applicable stays remain effective unless separately modified; restoration of the person who may instruct counsel alone authorizes no stayed act. Good-faith settlement conferral is preserved; no additional Member B consent requirement is imposed on decisions within section 2.08(d), including selection of counsel for the defined New York Lawsuit and all related matters. The restored authority includes instructing Teton Life's licensed counsel in this adversary on issues directly concerning control or preservation of its rights in that Lawsuit. It does not authorize Movant to represent the company pro se or decide another defendant's rights. Other agreement provisions and unmodified court orders remain controlling.

2. **Guardrails.** While this order is in effect: (a) whoever directs the New York litigation shall confer in good faith with Mr. Yitzchakov regarding any settlement opportunity; (b) paragraph 3 of ECF No. 48 remains in force except that Teton Life may operate in the ordinary course, and no company funds shall pay counsel without a further order; (c) paragraph 4 remains in force and lawful records access is preserved, subject to the privilege provision below; (d) no person acting for Teton Life shall settle, release, compromise, assign, abandon or dismiss with prejudice a claim, judgment or appeal, grant a new lien, change governing documents, or make another non-ordinary disposition, without at least 21 days' notice to the Trustee, Mr. Yitzchakov, the United States Trustee and all others required by law, and an affirmative order of this Court; no objection is not approval; (e) Movant shall provide the Trustee's counsel copies of nonprivileged papers filed for Teton Life and a nonprivileged monthly status report, and disputed privilege questions shall be presented to the Court; (f) within five business days after entry, the Trustee shall file and serve a nonprivileged policy-by-policy report on the 24 additional policies identified in NYSCEF No. 1476, with a designated contact and a process for Movant to provide records, redacted as Rule 9037 requires; (g) no compensation, distribution or insider payment is authorized; and (h) paragraph 1 of ECF No. 48 and any automatic stay remain in force, and any application for stay relief shall be made separately on notice.

3. **Limits and service.** This order does not remove the Trustee, restore debtor-in-possession status, determine ownership, or decide whether any governance right was lost or passed to another member. The Court has ruled separately on Proposed Order A, which is DENIED to the extent it differs from this order. Teton Life shall appear only through licensed counsel. Movant shall serve this order on every motion recipient.

**Separate scope ruling.** The Court shall state its determination of the contractual phrase "all related matters" as applied to Teton Life's defense here, separately from the statutory-succession issue, and give reasons for denying any requested restoration or construction.

**Restored authority and privilege.** The Trustee may receive required notice, object and seek relief from the Court, but has no unilateral approval, veto or revocation power over authority expressly restored by this order. Only the Court may alter that restoration. The Trustee retains his separate statutory role concerning estate property. Lawful access to books and records is preserved. No added reporting or access condition waives a valid personal, joint-client or entity privilege, compels protected attorney communications or work product, or decides who controls a disputed privilege. Disputed entitlement, control and waiver issues shall be submitted to the Court with appropriate protection. Existing lawful disclosure and turnover duties remain in force.

This order does not enlarge Movant's authority beyond governing law and the governing documents or extinguish the existing rights of other members.