[PROPOSED]

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Avrumi Lubin, individually, pro se
1460 Arboretum Parkway
Lakewood, NJ 08701
732-608-4905 | josh@tetonfunding.com

Case No.: 26-17342-EJO

Adv. No.: 26-01494-EJO

In Re:
AVRUMI LUBIN a/k/a Josh Lubin, Debtor.
Chapter 11

Hearing Date: Dec. 10, 2026, 10:00 a.m

Judge: Eamonn J. O'Hagan

BENJAMIN A. STANZIALE, JR.,
as Chapter 11 Trustee,

Plaintiff(s)

v.

AVRUMI LUBIN; SPIN CAPITAL, LLC;
TETON LIFE, LLC; TETON FUNDING, LLC;
TETON FUNDING GROUP, LLC;
JL SPECIAL INVESTMENTS, LLC,

Defendant(s)

## ORDER
## ECF 48: FULL RESTORATION - ORDER A

The relief set forth on the following pages, numbered two (2) through 3, is **ORDERED**.

Upon the individual motion of Avrumi Lubin, after notice and opportunity to be heard, and for the findings and conclusions stated on the record or in the accompanying opinion, it is ORDERED pending further order as follows.

1. **Full restoration.** Paragraph 2 of ECF No. 48 is ALTERED as follows: (a) the clause beginning "and it is further CONFIRMED that the Trustee has the sole authority" is VACATED; (b) the injunction against Movant taking actions in the name of Teton Life or collecting judgments in its favor is VACATED as to Teton Life's management and litigation; and (c) Movant's role in Teton Life as it existed immediately before entry of the October 15, 2026 Order (ECF No. 5) under the operating agreement and Delaware law is RESTORED, including member management under § 3.01, direction of the New York lawsuit under § 2.08(d), and authority to retain and instruct Teton Life's counsel, subject to Mr. Yitzchakov's rights under the agreement, including § 2.08(b) and good-faith settlement conferral under § 2.08(d), and to the orders of the New York court. Good-faith settlement conferral is preserved; no additional Member B consent requirement is imposed on decisions within section 2.08(d), including selection of counsel for the defined New York Lawsuit and all related matters. The restored authority includes instructing Teton Life's licensed counsel in this adversary on issues directly concerning control or preservation of its rights in that Lawsuit. It does not authorize Movant to represent the company pro se or decide another defendant's rights. Other agreement provisions and unmodified court orders remain controlling.

2. **Paragraph 3 and legally available company funds.** Paragraph 3 of ECF No. 48 is modified to permit Teton Life to operate in the ordinary course and pay reasonable fees of its own lawfully engaged counsel from its own legally available funds. This does not establish ownership, an available balance or absence of restrictions. Existing liens, priorities, receiver restrictions, third-party claims and separately required approvals remain controlling; disputed source or use must be resolved by the appropriate court before disbursement. No pooling, personal expenses, compensation, insider payment or automatic-stay relief is authorized. All other transfers and dispositions remain subject to paragraph 3.

3. **What remains, and what this order does not do.** Paragraphs 1 and 4 through 7 of ECF No. 48 remain in force. This order does not remove the Trustee, restore debtor-in-possession status, transfer or determine ownership of any membership interest or other estate property, decide whether any governance right was lost or passed to another member, or grant relief from any stay. Any application for stay relief shall be made separately on notice. Any request by the Trustee to change Teton Life's management shall be made by motion on notice to Movant, Mr. Yitzchakov and the United States Trustee. Teton Life shall appear in any court only through licensed counsel. Movant shall serve this order on every motion recipient.

4. **Findings and separate stay question.** Finding D is modified only to the extent inconsistent with the authority expressly restored and the supporting ruling. Finding H and all applicable stays remain effective unless separately modified. Restoring who may instruct counsel alone authorizes no stayed act. The Court shall separately identify its disposition of the primary and alternative requests and the reasons.

**Separate scope ruling.** The Court shall state its determination of the contractual phrase "all related matters" as applied to Teton Life's defense here, separately from the statutory-succession issue, and give reasons for denying any requested restoration or construction.

**Restored authority and privilege.** The Trustee may receive required notice, object and seek relief from the Court, but has no unilateral approval, veto or revocation power over authority expressly

restored by this order. Only the Court may alter that restoration. The Trustee retains his separate statutory role concerning estate property. Lawful access to books and records is preserved. No added reporting or access condition waives a valid personal, joint-client or entity privilege, compels protected attorney communications or work product, or decides who controls a disputed privilege. Disputed entitlement, control and waiver issues shall be submitted to the Court with appropriate protection. Existing lawful disclosure and turnover duties remain in force.

This order does not enlarge Movant's authority beyond governing law and the governing documents or extinguish the existing rights of other members.