[PROPOSED]

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Avrumi Lubin, individually, pro se
1460 Arboretum Parkway
Lakewood, NJ 08701
732-608-4905 | josh@tetonfunding.com

| | |
|---|---|
| Case No.: | 26-17342-EJO |
| Adv. No.: | 26-01494-EJO |
| Hearing Date: | Dec. 10, 2026, 10:00 a.m |
| Judge: | Eamonn J. O'Hagan |

In Re:
AVRUMI LUBIN a/k/a Josh Lubin, Debtor.
Chapter 11

BENJAMIN A. STANZIALE, JR.,
as Chapter 11 Trustee,

Plaintiff(s)

v.

AVRUMI LUBIN; SPIN CAPITAL, LLC;
TETON LIFE, LLC; TETON FUNDING, LLC;
TETON FUNDING GROUP, LLC;
JL SPECIAL INVESTMENTS, LLC,

Defendant(s)

**ORDER**

**ECF 48: COURT-DEFINED ROLE AND INDEPENDENT PROTECTIONS - ORDER B**

The relief set forth on the following pages, numbered two (2) through 3, is **ORDERED**.

Upon the individual motion of Avrumi Lubin ("Movant") under Fed. R. Bankr. P. 9023 and 7052, after notice and opportunity to be heard, it is ORDERED concerning Teton Life, LLC (the "covered company"):

1. **Ruling on full restoration.** Movant's requests for full restoration (Proposed Order A) and for restoration with guardrails (Proposed Order A-1) are DENIED for the reasons stated on the record, which include the Court's findings and conclusions under Fed. R. Bankr. P. 7052 and Fed. R. Civ. P. 52(a)(2).

2. **Court-defined limited-role procedure.** If both full-restoration requests are denied, Movant may seek approval, on notice to every motion recipient and affected interest holder, of an entity-specific written plan for a limited management or litigation role for Teton Life. Before any role begins, the Court must enter an order identifying its lawful basis under applicable law and governing documents, permitted matters and acts, counsel, objectives and deadlines, budget, nonprivileged reporting and exact injunction provisions modified. Until then no authority to act is conferred. The plan must preserve other members' existing rights, separate personal, company and estate interests, and comply with applicable stays and funding restrictions. The Trustee may receive required notices, object and seek Court relief, but has no unilateral approval, veto or revocation power over a Court-approved role. Only the Court may modify it. No pro se company representation, compensation, unrestricted payment or automatic-stay relief is authorized.

3. **Company-defense funding.** Teton Life, through licensed counsel, may apply to use its own legally available funds, including receivables and any Lawsuit Reserve, for its reasonable defense and approved preservation work. The application must identify the client, source, ownership evidence, competing interests and restrictions, receiving account or escrow, counsel's engagement and conflicts, retainer and rates, a capped budget, allocation and all other required approvals, with notice to Movant, the Trustee and his counsel, the United States Trustee, Mr. Yitzchakov, lien or other interest holders and all others required by law. No collection, transfer or disbursement is authorized by this procedure alone. No pooling, cross-entity subsidy, personal defense fees, distribution, compensation or insider payment is authorized. Existing liens, priorities, receiver restrictions and third-party claims are preserved.

4. **Independent defense arrangement.** If the Court approves this alternative after notice, it shall identify Movant under a lawfully approved paragraph 2 plan, an independent representative, or another lawful mechanism authorized to instruct licensed defense counsel for Teton Life, and approve the engagement and funding terms. Under that arrangement, the Plaintiff-Trustee shall not direct the substantive defense against his own claims. The separate order must identify each actual client, scope, conflicts safeguards, the source and cap of funding, and any necessary modifications to the existing injunction. This paragraph alone appoints no person, authorizes no payment and resolves no disputed privilege.

5. **Third-party funding option.** A person who is not a defendant may pay reasonable company-defense fees in this adversary from the payer's genuinely own funds, with lawful engagement, informed client consent through an authorized representative and compliance with professional-conduct rules; the payer gains no right to direct counsel, and the payer's identity and each amount must be reported to the Trustee and the United States Trustee within seven days.

6. **Prior approval of material decisions and conferral.** No person acting for Teton Life may settle, release, compromise, assign, abandon or dismiss with prejudice a claim, judgment or appeal; transfer assets outside an approved ordinary-course budget; grant a new lien; change governing

documents; or make another non-ordinary disposition, without at least 21 days' notice to Movant, the Trustee and his counsel, the United States Trustee, Mr. Yitzchakov and all others required by law, and an affirmative order of this Court. No objection is not approval. Whoever directs the New York litigation shall confer in good faith with Mr. Yitzchakov regarding any settlement opportunity.

7. **Reporting and policy report.** Within five business days after entry, the Trustee shall file and serve a nonprivileged report, for each of the 24 additional policies identified in NYSCEF No. 1476, stating current status and source, ownership or collateral claims, receiver authority, premium, grace and reinstatement dates, responsible counsel, funding, protection already obtained and further permissions needed, whether the October 29 assurance covered that policy, unknown facts and the plan to obtain them, with a designated contact and a practical process for Movant to provide records and time-sensitive information. Policy identifiers shall be redacted as Rule 9037 requires. Any earlier reporting deadline in the main case controls.

**8. Separate suspension and independent protections.** Independently of any restoration or limited role, the clause of ECF No. 48, paragraph 2, stating "and it is further CONFIRMED that the Trustee has the sole authority to act in the stead of the Debtor as to any management or litigation decisions regarding Teton Life," is SUSPENDED solely as applied to Teton Life, pending further order. Only that affirmative confirmation is suspended; no authority is restored or transferred to Movant by this paragraph, and no Trustee power independently held under the Bankruptcy Code or governing law is extinguished or adjudicated away. The following counsel-engagement proviso in paragraph 2 remains intact. Finding D remains a preliminary finding and Finding H is not altered. The preceding restraint on Movant acting in company names or collecting their judgments remains effective unless expressly modified by an entered order under paragraph 2 or 4. The funding procedures, disposition safeguards and reporting apply independently of restoration or approval of a role. All other provisions of ECF No. 48 remain effective except as expressly modified by an entered order. No automatic-stay relief is granted. Lawful access to books and records is preserved. No added reporting or access condition waives a valid personal, joint-client or entity privilege, compels protected attorney communications or work product, or decides who controls a disputed privilege. Disputed entitlement, control and waiver issues shall be submitted to the Court with appropriate protection. Existing lawful disclosure and turnover duties remain in force. Movant shall serve this order on every motion recipient and anyone else directed by the Court.

**Separate scope ruling.** The Court shall state its determination of the contractual phrase "all related matters" as applied to Teton Life's defense here, separately from the statutory-succession issue, and give reasons for denying any requested restoration or construction.