**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br>Avrumi Lubin, Defendant, pro se, individually<br>Mailing address: 1460 Arboretum Parkway<br>Lakewood, New Jersey 08701<br>Telephone: 732-608-4905<br>Email: josh@tetonfunding.com | Case No.: 26-17342-EJO<br>Chapter 11<br>Adv. Pro. No.: 26-01494-EJO<br>Hon. Eamonn J. O'Hagan<br>Hearing: December 10, 2026, 10:00 a.m. |
| In re: AVRUMI LUBIN a/k/a Josh Lubin, Debtor.<br>BENJAMIN A. STANZIALE, JR., as Chapter 11 Trustee, Plaintiff,<br>v.<br>AVRUMI LUBIN, SPIN CAPITAL, LLC, TETON LIFE, LLC, TETON FUNDING, LLC, TETON FUNDING GROUP, LLC, JL SPECIAL INVESTMENTS, LLC, Defendants. | |

# NOTICE OF MOTION UNDER RULE 8007 TO RESTORE MOVANT'S MANAGEMENT AND LITIGATION AUTHORITY PENDING APPEAL (FULL RESTORATION FIRST; ALTERNATIVE RELIEF IN ORDER)

TO: Benjamin A. Stanziale, Jr., Chapter 11 Trustee; Patricia A. Staiano, Esq. and Matthew E. Moloshok, Esq., counsel to the Plaintiff-Trustee; the Office of the United States Trustee; Jeffrey S. Cianciulli, Esq. and Patrick T. Krenicky, Esq., counsel to Gavriel Yitzchakov; and the entity defendants at their addresses of record, as listed in the Certification of Service.

PLEASE TAKE NOTICE that on December 10, 2026 at 10:00 a.m., or as soon thereafter as the matter may be heard, Avrumi Lubin, appearing pro se in his individual capacity only ("Movant"), will move before the Honorable Eamonn J. O'Hagan, United States Bankruptcy Judge, at the Clarkson S. Fisher United States Courthouse, 402 East State Street, Courtroom 2, Trenton, New Jersey 08608, under Fed. R. Bankr. P. 8007(a)(1)(A) and (C) and 8007(e)(2), and Rules 7062 and 62(d), for an order suspending, modifying and, to the extent stated, dissolving paragraph 2 of the October 23, 2026 Order (ECF No. 21) pending appeal, as to Spin Capital, LLC, Teton Funding, LLC, Teton Funding Group, LLC and JL Special Investments, LLC (the "four companies"). Movant requests the following relief, in this order:

**First (primary relief): full restoration (Proposed Order A).** Pending appellate review: (a) suspend the clause beginning "and it is further CONFIRMED that the Trustee has the sole authority"; (b) suspend the injunction against Movant "taking actions in the name of the Subject Entities or to collect judgments in favor of the Subject Entities" as to the four companies' management and litigation; and (c) restore Movant's management and litigation authority over each company as it stood immediately before the October 15, 2026 Order (ECF No. 5) under that company's governing documents and applicable non-bankruptcy law, including authority to retain, instruct and replace the company's counsel, without the Trustee's prior consent. Paragraph 3 of ECF No. 21 would be modified only to permit each company to

operate in the ordinary course and to pay its own counsel's reasonable fees from its own legally available funds. Paragraphs 1 and 4 of ECF No. 21 would remain in force.

**Second: full restoration with guardrails (Proposed Order A-1).** If the Court will restore authority only on conditions, grant the same restoration subject to: no transfer or disposition of company assets outside the ordinary course; lawful access to nonprivileged books and records, with disputed privilege reserved for the Court; advance notice and Court approval of any settlement, release, assignment, abandonment, dismissal with prejudice, new lien or change to governing documents; nonprivileged reporting; no payment to Movant or any insider; and no relief from any stay. The restored authority would be subject to the Court, not a Trustee veto or unilateral revocation.

**Third: a Court-defined limited role (Proposed Order B, paragraph 2).** If both full-restoration requests are denied, permit Movant to perform a specific limited management or litigation role for each covered company only under a written plan approved by the Court after notice. The approval must identify the lawful basis, scope, counsel, budget, reporting and exact changes to the injunction. No authority to act arises before that approval. Only the Court, not the Trustee unilaterally, may change or revoke an approved role.

**Fourth: defense funding or independent defense counsel (Proposed Order B, paragraphs 3 to 5).** A procedure for each company to fund its own defense from funds legally belonging to it, including receivables claimed by Spin Capital, under a specifically approved budget; or an independent representative or separate counsel limited to the companies' defense in this adversary proceeding, paid from a defined carve-out. No common fund, insider payment, payment of Movant's personal fees, or transfer between companies is requested.

**Fifth: independent safeguards in any event (Proposed Order B, paragraphs 6 to 8).** Suspend the affirmative sole-authority clause in paragraph 2 of ECF No. 21, independently of restoration, without treating that suspension as a grant of authority to Movant or extinguishing powers independently held under law. Preserve the remaining restraints except as expressly modified. Clarify that authority over the companies has not been finally adjudicated; require advance notice and Court approval of irreversible dispositions; and require a consolidated nonprivileged status report within five business days after entry.

**Findings for review.** Under Rules 7052 and 52(a)(2), Movant asks the Court to rule on each request separately and to state findings and conclusions on: (i) the legal source and scope of any authority the Trustee holds over each company (statute, governing documents, or the injunction itself); (ii) whether the October 15 restraints were entered without notice, and whether the October 23 Order continued them as the status quo; (iii) whether disputed facts about control and asset movement required an evidentiary hearing, including examination of the Trustee; (iv) the basis for the finding that "the Court in Florida has already found" the companies were used "to shield assets from creditors" (Oct. 22 Tr. 63:20-25), in light of

Exhibits 1 and 2 to Movant's certification; and (v) why each narrower alternative would or would not protect the estate. If the Court regards any of these facts as disputed and material, Movant requests a focused evidentiary hearing before restoration is denied.

This motion does not seek removal of the Trustee, termination of the trusteeship, restoration of debtor-in-possession status, a ruling on ownership, or relief under 11 U.S.C. § 362(d). Movant's earlier motion (ECF No. 25) stated that it did not seek restoration of authority; this motion requests restoration expressly, for the reasons in the memorandum, and neither withdraws nor enlarges ECF Nos. 25 or 52. Teton Life and ECF No. 48 are addressed by a separate motion. Movant consents to this motion being heard with ECF No. 25 on December 3, 2026, or with the continued hearing on December 17, 2026, if the Court prefers, subject to its scheduling order and applicable notice requirements.

The motion relies on the accompanying memorandum, certification with Exhibits 1 through 3, Proposed Orders A, A-1 and B, and the cited record of this adversary proceeding. Movant makes no application to shorten time. He asks that the memorandum also be considered as his response concerning continuation of the restraints at the December 17, 2026 hearing. No pending response deadline or hearing is extended by filing this motion. Under D.N.J. LBR 9013-2(a)(2), opposition must be filed with the Clerk and served on Movant no later than seven days before the hearing date, calculated under Rule 9006(a), unless the Court orders otherwise. If no opposition is timely filed, the motion may be decided without oral argument.

Movant seeks modification of restraints imposed on him personally. He does not appear as a lawyer for any company or seek adjudication of a company's affirmative claim pro se. Each company must appear through licensed counsel. Existing restraints remain binding until the Court changes them.

**Appellate jurisdiction.** Relief is requested within this Court's authority. If an effective pending appeal prevents relief otherwise warranted, Movant requests an appropriate Rule 8008 indicative ruling and any necessary appellate action, not an order exceeding this Court's jurisdiction.

Dated: November 17, 2026

Avrumi Lubin, individually, pro se
Mailing address: 1460 Arboretum Parkway, Lakewood, New Jersey 08701
732-608-4905 | josh@tetonfunding.com