**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br>Avrumi Lubin, Defendant, pro se, individually<br>Mailing address: 1460 Arboretum Parkway<br>Lakewood, New Jersey 08701<br>Telephone: 732-608-4905<br>Email: josh@tetonfunding.com | Case No.: 26-17342-EJO<br>Chapter 11<br>Adv. Pro. No.: 26-01494-EJO<br>Hon. Eamonn J. O'Hagan<br>Hearing: December 10, 2026, 10:00 a.m. |
| In re: AVRUMI LUBIN a/k/a Josh Lubin, Debtor.<br>BENJAMIN A. STANZIALE, JR., as Chapter 11 Trustee, Plaintiff,<br>v.<br>AVRUMI LUBIN, SPIN CAPITAL, LLC, TETON LIFE, LLC, TETON FUNDING, LLC, TETON FUNDING GROUP, LLC, JL SPECIAL INVESTMENTS, LLC, Defendants. | |

## CERTIFICATION OF AVRUMI LUBIN IN SUPPORT OF MOTION UNDER FED. R. BANKR. P. 8007(a)(1)

I, Avrumi Lubin, of full age, certify as follows:

1. I am the debtor in Case No. 26-17342-EJO and a defendant in this adversary proceeding. I make this certification in my individual capacity on personal knowledge. I am not a lawyer and do not represent any company.

2. On October 29, 2026 I filed a notice of appeal from the Order Granting Preliminary Injunction entered October 23, 2026 (ECF No. 24). The appeal is docketed in the United States District Court for the District of New Jersey as Civil Action No. 3:26-cv-14172-GC. My motion for leave to appeal, filed in the alternative, is pending there. On November 16, 2026 the District Court denied my application to proceed in forma pauperis because I had referred to attachments instead of answering the questions with numbers. It directed the Clerk to administratively terminate the case, subject to reopening if, within 30 days, I pay the filing fee or file a revised application. As of the date I sign this certification, I have not yet paid the fee or filed a revised application. I intend to do one of them before December 16, 2026. My motion under Rules 9023 and 7052 (ECF No. 25) is pending in this Court and is set for December 3, 2026.

3. The events of October 6 through October 18, 2026 are described in my certification of October 19, 2026 (ECF No. 12-2 ¶¶ 2-5) and its Exhibits G through J (ECF Nos. 12-9 to 12-12). Those statements remain true. In summary: before October 15 I knew that the Trustee intended to file a complaint and an order to show cause. I did not receive advance notice that the Trustee would seek temporary restraints for entry before I had an opportunity to respond. I first saw the application, the proposed order and the entered restraints in an email from the Trustee's counsel at 6:48 p.m. on October 15, 2026. I was not notified of any hearing on the application.

4. Spin Capital, LLC is a New Jersey limited liability company. Teton Funding, LLC, Teton Funding Group, LLC and JL Special Investments, LLC are Delaware limited liability companies. Before October 15, 2026 I directed the business and the litigation of each of them.

5. At the October 22, 2026 hearing I asked the Court orally to stay the order pending appeal. The Court denied that request. Tr. 66:3-6; ECF No. 21 at 6, ¶ 8. At the same hearing I asked to question

the Trustee under oath (Tr. 42:20-22), and when the Court stated that the Court in Florida had already found that Spin Capital and Teton Funding were used to shield assets from creditors, I said, "Your Honor, the Court never ruled that." Tr. 64:5.

6. No lawyer has appeared for Spin Capital, LLC, Teton Funding, LLC, Teton Funding Group, LLC or JL Special Investments, LLC in this adversary proceeding. I have tried to retain counsel to represent them in this adversary proceeding and have not been able to do so.

7. Spin Capital, LLC is the appellant in Franklin Capital LLC v. Spin Capital LLC, Michigan Court of Appeals Docket No. 379467. By order dated October 20, 2026, that court extended the time for the appellant's brief to December 10, 2026. I am not aware of any order of that court staying the appeal.

8. I attended the June 16, 2026 hearing in FVP Opportunity Fund III, L.P. v. Lubin, No. CACE-22-005125, in the Circuit Court for Broward County, Florida. Exhibit 1 is a true copy of pages 1, 8 through 11 and the reporter's certificate (page 15) of the transcript of that hearing prepared by YM Legal Services.

9. Exhibit 2 is a true copy of pages 1, 7 and 8 of the verdict form titled "Verdict Form (FVP Claims Only)," filed in the same Florida case on October 6, 2025, as obtained from the Broward County Clerk's public records. The copy bears the Clerk's "not an official copy" public-access watermark.

10. If the Court grants any part of the relief requested, I will comply with its terms. I will not appear for any company. I will not transfer or dispose of any asset of any company outside the ordinary course, and I will not use any company's money or the estate's money to pay counsel, myself or any insider unless the Court orders it.

11. I understand that filing this motion does not suspend the October 23 Order. It binds me unless and until it is stayed or modified.

12. On November 16, 2026, in emails to counsel for Spin Capital, LLC in an appeal pending in another court, I wrote that the Trustee should not be added to emails, and I made statements about the Trustee. At approximately 12:36 p.m. that day I withdrew those requests and statements in writing. At 1:58 p.m. I wrote that I had no objection to that counsel talking with the Trustee and his counsel about Spin Capital's appeal. After 12:36 p.m. I also sent that counsel three emails without copying the Trustee's counsel (at 1:45, 2:25 and 2:48 p.m.); my 1:58 p.m. email disclosed the first of them. That counsel has written that he will share with the Trustee's counsel anything I send him. If the Court grants relief, I will comply with the nonprivileged notice and reporting terms the Court orders, and I will bring disputed privilege questions to the Court.

13. My primary request is full restoration of my own lawful management and litigation authority for the four companies; my first alternative is the same restoration with Court-enforced guardrails. I do not offer a role revocable by or subject to the Trustee's permission. If both restoration requests are denied, I request a specific limited role only under a written plan approved by the Court, with no Trustee veto or unilateral revocation; then the independent-defense, funding and protective alternatives in Proposed Order B. I also request suspension of the affirmative sole-authority clause independently of restoration, understanding that suspension alone does not authorize me to act. I

will comply with every order actually entered and will not treat permission to hire counsel as permission to spend restricted funds. I do not request pooling, personal expenses or compensation.

14. Exhibit 3 is a copy of the two-page document titled Operating Agreement of Spin Capital, LLC, dated March 1, 2019, bearing my name as the sole member and a signature in my name. Its sections 5 and 6 address management and membership. I submit the document for the Court's consideration of Spin's governance; I do not describe it as establishing a separate manager office or as newly discovered evidence.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. 28 U.S.C. § 1746.

Dated: November 17, 2026

Avrumi Lubin, individually, pro se
Mailing address: 1460 Arboretum Parkway, Lakewood, New Jersey 08701
732-608-4905 | josh@tetonfunding.com

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT

IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE-22-005125

DIVISION: 07

JUDGE: DAVID A. HAIMES

FVP OPPORTUNITY FUND III, L.P., et al.,

Plaintiffs/Judgment Creditors,

v.

AVRUMI LUBIN a/k/a JOSH LUBIN, et al.,

Defendants/Judgment Debtors.

________________________/

TRANSCRIPT OF PROCEEDINGS

The above-entitled cause came on for hearing before the Honorable DAVID A. HAIMES, as Presiding Judge via remote video teleconference, on 16th day of June 2026, commencing at 09:13 a.m.

~~~~~~~~~~~~~~~~~~~~~~~~~~~

REPORTED BY:

JANSEN VIANA, COURT REPORTER

NOTARY PUBLIC, STATE OF FLORIDA
~~~~~~~~~~~~~~~~~~~~~~~~~~~

MR. LUBIN: Okay.

THE COURT: In light of that, what are you also requesting, Mr. Casey?

MR. CASEY: Well, nothing at this time, Your Honor. I m just taking a look at the docket. It looks like Your Honor entered an order foreclosing on June 15th. It does seem like -- the only thing that we did win at trial, Judge, was that Spin Capital --

THE COURT: All right.

MR. CASEY: -- wasn t an alter ego of Mr. Lubin. The jury found no to that question. And this order does seem to find that Spin is an alter ego or at least res -- in some respect just reviewing the order now, but, --

THE COURT: Yeah, let me just see something real quick -- pursuant to filing.

MR. KARTEN: Judge, there is no order.

THE COURT: Yeah. I don t think that was for Spin Capital. Have I -- Mr. Karten, have I entered a foreclosure order on Spin Capital?

MR. KARTEN: You have not. In fact, we re here to have an order entered on final default judgment.

THE COURT: Okay. Yeah.

MR. KARTEN: There is no order.

MR. LUBIN: Mr. Karten, Your Honor never ruled on

foreclosure, but you -- Mr. Karten did submit an order that, I think the Court by mistake signed that grants foreclosure against Spin.

MR. KARTEN: That s not true.

THE COURT: Yeah. I have not correct.

MR. CASEY: Looking at charging order, the June 15th.

MR. LUBIN: Yeah.

MR. CASEY: It does have language about --

MR. KARTEN: That s a charging order. That s completely different. This is proceeding supplementary under 56.29. Apples and oranges.

THE COURT: Okay.

MR. LUBIN: No, it s not apples and oranges. You put in a charging order that --

MR. KARTEN: We re not here on the charging order. We re here on proceeding supplementary.

MR. LUBIN: It says that by making an attempt -- that s why I filed a motion to stay apart of the order.

THE COURT: All right. We can make this a lot-- we can make this a lot easier. All right. First of all, we have one -- Court Reporter trying to take down three conversations at the same time. So, let s help Mr. Viana out. Let s speak one at a time. So, Mr. Casey, are you asking for an additional time to look

into it and file a response?

MR. CASEY: Yes, Judge. And I was just mentioning Section E, where it says that, The subject LLCs are hereby foreclosed.

THE COURT: Which order? What s the date of that order?

MR. CASEY: The June 15th charging order.

MR. LUBIN: May, May 15th.

MR. CASEY: Judgment.

THE COURT: Okay. Yeah, that --

MR. CASEY: Oh, May 15th. I m sorry, Your Honor.

THE COURT: Let me go back.

MR. CASEY: Let the judgment debtor exercises complete dominion and control over the subject LLCs. I thought at least that part was resolved at trial in our favor, but, I haven t really looked at it.

MR. KARTEN: If it says, Your Honor, if the charging order is -- has an error in it, then it -- I agree that it needs to be corrected because charging order can t -- well, I take that back.

THE COURT: Okay.

MR. KARTEN: Charging order can foreclose on a single-member LLC. So, I take that back.

THE COURT: All right. Well, what it says is that that Mr. Lubin does own interests in Spin Capital LLC,

and that he s a -- those are single-member LLCs, so he s the sole owner. So, they re not proceeding as an alter ego. But okay. Now, they are, though. They re -- on the supplemental proceedings, they were kind of going under a different avenue. Is that correct, Mr. Karten?

MR. KARTEN: That is correct.

THE COURT: All right.

MR. KARTEN: So, on a single-member LLC, once the charging order is entered, and it s -- can t find assets of the defendant, which the motion being filed this morning on that, you can foreclose. And the court rightly ordered foreclosure.

MR. LUBIN: Yeah, --

THE COURT: So, Mr. Casey, instead of saying that it s an alter ego, he -- they re saying now, even if it s a separate company, he owns an interest in that company, and they -- so, they want to foreclose on Mr. Lubin s interest in that company to satisfy the judgment.

MR. LUBIN: Correct.

MR. CASEY: Understood, Judge.

THE COURT: Let me do this, though. For purposes of today, I m going to deny the Motion for Default and Default Final Judgment on the Supplemental Proceedings

REPORTER CERTIFICATE

STATE OF FLORIDA
BROWARD COUNTY

I, JANSEN VIANA, do hereby certify that I was authorized to and did report the foregoing proceedings; and that the transcript is a true and correct transcription of my notes of the proceedings.

I further certify that I am not a relative, employee, attorney or counsel of any of the parties, nor am I a relative or counsel connected with the action, nor am I financially interested in the action.

Dated this 17th day of June, 2026.

Jansen Viana

JANSEN VIANA, COURT REPORTER
Notary Public, State of Florida

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO. CACE 22-5125

Filed in Open Court,
CLERK OF THE CIRCUIT COURT
ON 10-6-28
BY Rea-Ina Smith

FVP OPPORTUNITY FUND, III, LP

V.

AVRUMI ("JOSH") LUBIN, ET AL.

_______________________________________/

**VERDICT FORM (FVP Claims Only)**

**Count I Fraud against Lubin and Getter**

**DEFENDANT LUBIN**

1. Do you find that Plaintiffs FVP Parties have proven its Fraudulent Misrepresentation claim against Defendant Lubin by the greater weight of the evidence?

Yes X

No ______

2. If you answered yes to Question 1, what amount of damages do you award against Defendant Lubin?

$ 7.5 million

## LUBIN – PIERCING THE CORPORATE VEIL OF SPIN CAPITAL LLC / OR ACTIVE PARTICIPATION

**QUESTION 1:** Did Avrumi Josh Lubin dominate and control Spin Capital such that Spin Capital's separate identity was not sufficiently maintained?

☒ YES ☐ NO

**QUESTION 2:** Did Avrumi Josh Lubin dominate and control Spin Capital such that Spin Capital lacked an existence independent from Lubin?

☒ YES ☐ NO

**QUESTION 3:** Was the corporate form of Spin Capital formed or used for a fraudulent or improper purpose?

☐ YES ☒ NO

**QUESTION 4:** Were the FVP Plaintiffs harmed by the fraudulent or improper formation and use of the corporate form of Spin Capital?

☒ YES ☐ NO

**QUESTION 5:** Did Avrumi Josh Lubin actively participate in the commission of a tort (civil wrong) through personal involvement in the wrongful act that led to FVP Plaintiffs' injuries or damages and knowledge of the wrongful act with acquiescence (by permitting the act when he should have prevented it)?

☐ YES ☑ NO

*If you answered "YES" to all Questions 1-4, then the corporate veil should be pierced and Avrumi Josh Lubin is liable for the obligations of Spin Capital. If you answered "YES" to Question 5, then Avrumi Josh Lubin is*

***liable under the active participation theory. If you answered "NO" to any of Questions 1-4 and "NO" to Question 5, then Avrumi Josh Lubin is not liable.***

## EXHIBIT 3

## Spin Capital, LLC - March 1, 2019 Operating Agreement

Two-page signed document. Reproduced without alteration. Submitted for the governance issues identified in the certification and memorandum; not represented as newly discovered evidence.

# OPERATING AGREEMENT OF
# SPIN CAPITAL LLC

THIS OPERATING AGREEMENT (this "Agreement") made this 1st day of March 2019, is entered into by AVRUMI LUBIN, as sole member (the "Member").

The Member hereby forms a limited liability company pursuant to and in accordance with the Limited Liability Company Laws of the State of New Jersey, as amended from time to time (the "LLCL"), and hereby agree as follows:

1. **Name**. The name of the limited liability company formed hereby is **SPIN CAPITAL LLC** (the "Company").

2. **Term**. The term of the Company shall continue until it is dissolved in accordance with the LLCL.

3. **Purpose**. The Company is formed for the purpose of owning and operating a merchant cash advance business and engaging in any and all activities necessary or incidental to the foregoing and for any other business purpose.

4. **Members**. The sole member of the LLC is AVRUMI LUBIN.

5. **Powers**. The business and affairs of the Company shall be managed by the Members. The Members shall have the power to do any and all acts necessary or convenient to or for the furtherance of the purposes described herein, including all powers, statutory or otherwise, possessed by members under the LLCL. All decisions of the company shall be made by Members holding a 75% interest in the Company.

6. **Percentage Ownership**. The Members shall have the following ownership interests ("Percentage Ownership") in the Company:

| Name: | Percentage Interest | Capacity |
|---|---|---|
| AVRUMI LUBIN | 100% | sole member |

7. **Allocation of Profits and Losses**. The Company's profits and losses shall be allocated in proportion to the respective Percentage Ownership of the Members.

8. **Distribution**. Distributions shall be made to the Members at the times and in the aggregate amounts determined by the Members. Such distributions shall be allocated among the Members in the same proportion as their Percentage Ownership.

9. **Assignments**. Members may not assign in whole or in part his limited liability company interest, without consent of the Members owning at least 75% interest in the Company.

10. **Withdrawal of Additional Members**. A Member may withdraw from the Company in accordance with the LLCL.

11. **Admission of Additional Members**. One (1) or more additional members of the Company may be admitted to the Company with the consent of the Member owning at least a 75% percent interest in the Company.

12. **Liability of Member**. The Member shall not have any liability for the obligations or liabilities of the Company except to the extent provided in the LLCL.

13. **Exculpation of Managers**. A Member and/or Manager shall not be liable for any breach of duty in such capacity, except if his or her acts or omissions were in bad faith or involved intentional misconduct or a knowing violation of law or that he or she personally gained in fact a financial profit or other advantage to which he or she was not legally entitled or that with respect to a distribution to Members his or her acts were not performed in accordance with the LLCL.

14. **Governing Law**. This Agreement shall be governed by, and construed under, the laws of the State of New Jersey, all rights and remedies being governed by said laws.

IN WITNESS WHEREOF, the undersigned, intending to be legally bound hereby, have duly executed this Operating Agreement as of the date set forth above.

By:________________________
AVRUMI LUBIN, Sole Member