[PROPOSED]

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Avrumi Lubin, individually, pro se
1460 Arboretum Parkway
Lakewood, NJ 08701
732-608-4905 | josh@tetonfunding.com

Case No.: 26-17342-EJO

Adv. No.: 26-01494-EJO

In Re:
AVRUMI LUBIN a/k/a Josh Lubin, Debtor.
Chapter 11

Hearing Date: Dec. 10, 2026, 10:00 a.m

Judge: Eamonn J. O'Hagan

BENJAMIN A. STANZIALE, JR.,
as Chapter 11 Trustee,

Plaintiff(s)

v.

AVRUMI LUBIN; SPIN CAPITAL, LLC;
TETON LIFE, LLC; TETON FUNDING, LLC;
TETON FUNDING GROUP, LLC;
JL SPECIAL INVESTMENTS, LLC,

Defendant(s)

# ORDER
## ECF 21: FULL RESTORATION - ORDER A

The relief set forth on the following pages, numbered two (2) through ___2___, is **ORDERED**.

For purposes of this order, the covered companies are Spin Capital, LLC; Teton Funding, LLC; Teton Funding Group, LLC; and JL Special Investments, LLC. Teton Life, LLC is excluded and addressed separately under ECF No. 48.

Upon the individual motion of Avrumi Lubin, after notice and opportunity to be heard, and for the findings and conclusions stated on the record or in the accompanying opinion, it is ORDERED pending appellate review as follows.

1. **Full restoration of authority.** Paragraph 2 of ECF No. 21 is SUSPENDED AND MODIFIED, and to that extent DISSOLVED, as to the covered companies: (a) the clause beginning "and it is further CONFIRMED that the Trustee has the sole authority" is SUSPENDED; (b) the injunction against Movant taking actions in the name of the covered companies or collecting judgments in their favor is SUSPENDED as to their management and litigation; and (c) Movant's management and litigation authority over each covered company, as it existed immediately before entry of the October 15, 2026 Order (ECF No. 5) under that company's governing documents and applicable non-bankruptcy law, is RESTORED, including authority to retain, instruct and replace counsel for the company. The Trustee's consent is not required for decisions within that authority.

2. **Paragraph 3 and legally available company funds.** Paragraph 3 of ECF No. 21 is modified to permit each covered company to operate in the ordinary course and pay reasonable fees of its own lawfully engaged counsel from its own legally available funds. This does not establish ownership, an available balance or absence of restrictions. Existing liens, priorities, receiver restrictions, third-party claims and separately required approvals remain controlling; disputed source or use must be resolved by the appropriate court before disbursement. No pooling, personal expenses, compensation, insider payment or automatic-stay relief is authorized. All other transfers and dispositions remain subject to paragraph 3.

3. **What remains, and what this order does not do.** Paragraphs 1 and 4 of ECF No. 21 remain in force. This order does not remove the Trustee, terminate the trusteeship, restore debtor-in-possession status, transfer or determine ownership of any membership interest or other estate property, decide whether any company is an alter ego of Movant or should be substantively consolidated, or grant relief from any stay. The estate continues to hold Movant's membership interests. Any request by the Trustee to change a covered company's management shall be made by motion on notice to Movant and the United States Trustee. Each covered company shall appear in any court only through licensed counsel.

4. **Findings and service.** Further findings under Rules 7052 and 52(a)(2) are stated on the record. Movant shall serve this order on every motion recipient.

**Restored authority and privilege.** The Trustee may receive required notice, object and seek relief from the Court, but has no unilateral approval, veto or revocation power over authority expressly restored by this order. Only the Court may alter that restoration. The Trustee retains his separate statutory role concerning estate property. Lawful access to books and records is preserved. No added reporting or access condition waives a valid personal, joint-client or entity privilege, compels protected attorney communications or work product, or decides who controls a disputed privilege. Disputed entitlement, control and waiver issues shall be submitted to the Court with appropriate protection. Existing lawful disclosure and turnover duties remain in force.

This order does not enlarge Movant's authority beyond governing law and the governing documents or extinguish the existing rights of other members.