[PROPOSED]

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

Avrumi Lubin, individually, pro se
1460 Arboretum Parkway
Lakewood, NJ 08701
732-608-4905 | josh@tetonfunding.com

Case No.: 26-17342-EJO

Adv. No.: 26-01494-EJO

In Re:
AVRUMI LUBIN a/k/a Josh Lubin, Debtor.
Chapter 11

Hearing Date: Dec. 10, 2026, 10:00 a.m

Judge: Eamonn J. O'Hagan

BENJAMIN A. STANZIALE, JR.,
as Chapter 11 Trustee,

Plaintiff(s)

v.

AVRUMI LUBIN; SPIN CAPITAL, LLC;
TETON LIFE, LLC; TETON FUNDING, LLC;
TETON FUNDING GROUP, LLC;
JL SPECIAL INVESTMENTS, LLC,

Defendant(s)

# ORDER
## ECF 21: RESTORATION WITH COURT GUARDRAILS - ORDER A1

The relief set forth on the following pages, numbered two (2) through 3, is **ORDERED**.

For purposes of this order, the covered companies are Spin Capital, LLC; Teton Funding, LLC; Teton Funding Group, LLC; and JL Special Investments, LLC. Teton Life, LLC is excluded and addressed separately under ECF No. 48.

Upon the individual motion of Avrumi Lubin ("Movant") under Fed. R. Bankr. P. 8007(a)(1)(A) and (C) and (e)(2), and Rules 7062 and 62(d), after notice and opportunity to be heard, and for the reasons stated on the record, it is ORDERED, pending appellate review and further order of this Court, concerning Spin Capital, LLC, Teton Funding, LLC, Teton Funding Group, LLC and JL Special Investments, LLC (the "covered companies"):

1. **Restoration of authority.** Paragraph 2 of the October 23, 2026 Order (ECF No. 21) is SUSPENDED AND MODIFIED as to the covered companies as follows: (a) the clause beginning "and it is further CONFIRMED that the Trustee has the sole authority" is SUSPENDED; (b) the injunction against Movant taking actions in the name of the covered companies or collecting judgments in their favor is SUSPENDED as to their management and litigation, subject to paragraph 3; and (c) Movant's management and litigation authority over each covered company, as it existed immediately before entry of the October 15, 2026 Order (ECF No. 5) under that company's governing documents and applicable non-bankruptcy law, is RESTORED, including authority to retain, instruct and replace counsel for the company. The Trustee's consent is not required for decisions within that authority. Paragraph 3's approval requirements are Court-approval requirements, not Trustee-permission conditions.

2. **What this order does not do.** This order does not remove the Trustee, terminate the trusteeship, restore debtor-in-possession status, transfer or determine ownership of any membership interest or other estate property, decide whether any company is an alter ego of Movant or should be substantively consolidated, or grant relief from any stay. The estate continues to hold Movant's membership interests. Any request by the Trustee to change the management of a covered company shall be made by motion on notice to Movant and the United States Trustee, and may be heard on shortened time.

3. **Protective terms that remain in force.** While this order is in effect:

(a) paragraph 3 of ECF No. 21 remains in force, except that a covered company may operate in the ordinary course; no covered company shall transfer, encumber or dispose of assets outside the ordinary course, or pay counsel from company funds, without a further order of this Court;

(b) paragraph 4 of ECF No. 21 remains in force, and lawful records access is preserved, subject to the privilege provision below;

(c) no person acting for a covered company shall settle, release, compromise, assign, abandon or dismiss with prejudice a claim, judgment or appeal; grant a new lien; change managers or governing documents; or make another non-ordinary disposition, without at least 21 days' notice to the Trustee, the United States Trustee, and all others required by law, and an affirmative order of this Court; no objection is not approval;

(d) Movant shall provide the Trustee's counsel copies of nonprivileged papers filed for a covered company and a nonprivileged monthly status report of each covered company's material litigation, deadlines and counsel; disputed privilege questions shall be presented to the Court;

(e) no compensation, distribution or insider payment is authorized, and no company funds shall be used for Movant's personal expenses;

(f) each covered company shall appear in any court only through licensed counsel; and

(g) paragraph 1 of ECF No. 21 and any automatic stay remain in force; any request by a covered company, through counsel, to proceed with a particular matter covered by them shall be made by separate motion on notice. This order extends no deadline in this or another court.

4. **Findings.** The Court's findings and conclusions under Fed. R. Bankr. P. 7052 and Fed. R. Civ. P. 52(a)(2) are stated on the record and in any accompanying opinion. The Court has ruled separately on Proposed Order A (full restoration without conditions), which is DENIED to the extent it differs from this order.

5. **Service.** Movant shall serve this order on every motion recipient and on anyone else the Court directs.

**Restored authority and privilege.** The Trustee may receive required notice, object and seek relief from the Court, but has no unilateral approval, veto or revocation power over authority expressly restored by this order. Only the Court may alter that restoration. The Trustee retains his separate statutory role concerning estate property. Lawful access to books and records is preserved. No added reporting or access condition waives a valid personal, joint-client or entity privilege, compels protected attorney communications or work product, or decides who controls a disputed privilege. Disputed entitlement, control and waiver issues shall be submitted to the Court with appropriate protection. Existing lawful disclosure and turnover duties remain in force.

This order does not enlarge Movant's authority beyond governing law and the governing documents or extinguish the existing rights of other members.