[PROPOSED]

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Avrumi Lubin, individually, pro se
1460 Arboretum Parkway
Lakewood, NJ 08701
732-608-4905 | josh@tetonfunding.com

Case No.: 26-17342-EJO

Adv. No.: 26-01494-EJO

In Re:
AVRUMI LUBIN a/k/a Josh Lubin, Debtor.
Chapter 11

Hearing Date: Dec. 10, 2026, 10:00 a.m

Judge: Eamonn J. O'Hagan

BENJAMIN A. STANZIALE, JR.,
as Chapter 11 Trustee,

Plaintiff(s)

v.

AVRUMI LUBIN; SPIN CAPITAL, LLC;
TETON LIFE, LLC; TETON FUNDING, LLC;
TETON FUNDING GROUP, LLC;
JL SPECIAL INVESTMENTS, LLC,

Defendant(s)

**ORDER**

**ECF 21: COURT-DEFINED ROLE AND INDEPENDENT PROTECTIONS - ORDER B**

The relief set forth on the following pages, numbered two (2) through 3, is **ORDERED**.

For purposes of this order, the covered companies are Spin Capital, LLC; Teton Funding, LLC; Teton Funding Group, LLC; and JL Special Investments, LLC. Teton Life, LLC is excluded and addressed separately under ECF No. 48.

Upon the individual motion of Avrumi Lubin ("Movant") under Fed. R. Bankr. P. 8007(a)(1) and (e)(2), and Rules 7062 and 62(d), after notice and opportunity to be heard, it is ORDERED concerning Spin Capital, LLC, Teton Funding, LLC, Teton Funding Group, LLC and JL Special Investments, LLC (the "covered companies"):

1. **Ruling on full restoration.** Movant's requests for full restoration of authority (Proposed Order A) and for full restoration with guardrails (Proposed Order A-1) are DENIED for the reasons stated on the record, which include the Court's findings and conclusions under Fed. R. Bankr. P. 7052 and Fed. R. Civ. P. 52(a)(2).

2. **Court-defined limited-role procedure.** If both full-restoration requests are denied, Movant may seek approval, on notice to every motion recipient and affected interest holder, of an entity-specific written plan for a limited management or litigation role for each covered company. Before any role begins, the Court must enter an order identifying its lawful basis under applicable law and governing documents, permitted matters and acts, counsel, objectives and deadlines, budget, nonprivileged reporting and exact injunction provisions modified. Until then no authority to act is conferred. The plan must preserve other members' existing rights, separate personal, company and estate interests, and comply with applicable stays and funding restrictions. The Trustee may receive required notices, object and seek Court relief, but has no unilateral approval, veto or revocation power over a Court-approved role. Only the Court may modify it. No pro se company representation, compensation, unrestricted payment or automatic-stay relief is authorized.

3. **Company-defense funding.** A covered company, through licensed counsel, may apply to use its own legally available funds, including receivables, for its reasonable defense and approved preservation work. The application must identify the particular client, source, ownership evidence, competing interests and restrictions, proposed receiving account or escrow, counsel's engagement and conflicts, retainer and rates, matter-specific capped budget, allocation and all other required approvals, with notice to Movant, the Trustee and his counsel, the United States Trustee, affected co-owners and lien or other interest holders, and all additional parties required by applicable rules or order. No collection, transfer or disbursement is authorized by this procedure alone. Funds must be held and accounted for separately by their lawful owner; disputed proceeds remain segregated pending a ruling. No pooling, cross-entity subsidy, personal defense fees, distribution, compensation or insider payment is authorized. Receivables owed to Spin Capital and Teton Life are not interchangeable. Existing liens, priorities, receiver restrictions and third-party claims are preserved. This order does not decide claim ownership or authorize a collection action, settlement, release, cash-collateral use, estate-property use, or act requiring automatic-stay relief.

4. **Independent defense arrangement.** If the Court approves this alternative after notice, it shall identify Movant under a lawfully approved paragraph 2 plan, an independent representative, or another lawful mechanism authorized to instruct licensed defense counsel for each covered company, and approve the engagement and funding terms. Under that arrangement, the Plaintiff-Trustee shall not direct the substantive defense against his own claims. The separate order must identify each actual client, scope, conflicts safeguards, the source and cap of funding, and any necessary modifications to the existing injunction. This paragraph alone appoints no person, authorizes no payment and resolves no disputed privilege.

5. **Separate third-party funding option.** A person who is not a defendant may pay reasonable company-defense fees in this adversary from the payer's genuinely own funds, provided counsel is lawfully engaged, the client gives informed consent through an authorized representative, and the arrangement complies with applicable professional-conduct rules concerning conflicts, independence and confidentiality. The payer gains no right to direct counsel. The payer's identity and each amount must be reported to the Trustee and the United States Trustee within seven days. A company receivable paid directly to counsel remains company funding and must follow paragraph 3.

6. **Prior approval of material decisions.** While this order is in effect, no person acting for a covered company may settle, release, compromise, assign, abandon or dismiss with prejudice a claim, judgment or appeal; transfer assets outside an approved ordinary-course budget; grant a new lien; change managers or governing documents; or make another non-ordinary disposition, without at least 21 days' notice to Movant, the Trustee and his counsel, the United States Trustee, affected co-owners and all others required by law, and an affirmative order of this Court. No objection is not approval. This order extends no deadline in this or another court.

7. **Nonprivileged status report.** Within five business days after entry, the Trustee shall file and serve a consolidated nonprivileged report for each covered company identifying material litigation and preservation deadlines, action taken or proposed, responsible counsel and actual client, funding and allocation issues, and remaining approvals needed, stating unknown facts and the plan for obtaining them. Any earlier reporting deadline in the main case controls. Protected substance need not be disclosed in the public report; disputed protection shall be presented to the Court.

8. **Separate suspension and independent protections.** Independently of any restoration or limited role, the clause of ECF No. 21, paragraph 2, stating "and it is further CONFIRMED that the Trustee has the sole authority to act in the stead of the Debtor as to any management or litigation decisions regarding the Subject Entities," is SUSPENDED solely as applied to the four covered companies, not Teton Life, pending further order. Only that affirmative confirmation is suspended; no authority is restored or transferred to Movant by this paragraph, and no Trustee power independently held under the Bankruptcy Code or governing law is extinguished or adjudicated away. The following counsel-engagement proviso in paragraph 2 remains intact. The preceding restraint on Movant acting in company names or collecting their judgments remains effective unless expressly modified by an entered order under paragraph 2 or 4. The funding procedures, disposition safeguards and reporting apply independently of restoration or approval of a role. All other provisions of ECF No. 21 remain effective except as expressly modified by an entered order. No automatic-stay relief is granted. Lawful access to books and records is preserved. No added reporting or access condition waives a valid personal, joint-client or entity privilege, compels protected attorney communications or work product, or decides who controls a disputed privilege. Disputed entitlement, control and waiver issues shall be submitted to the Court with appropriate protection. Existing lawful disclosure and turnover duties remain in force. Movant shall serve this order on every motion recipient and anyone else directed by the Court.