Hellring Lindeman Goldstein & Siegal LLP
COUNSELLORS AT LAW

103 EISENHOWER PARKWAY
SUITE 403
ROSELAND, NEW JERSEY 07068-1031
T: +1.973.621.9020 | F: +1.973.621.7406
www.hlgslaw.com

BERNARD HELLRING (1916-1991)
MICHAEL EDELSON
ROBERT S. RAYMAR Δ
STEPHEN L. DREYFUSS Δ
PATRICIA A. STAIANO
SHERYL E. KOOMER
ERIC R. PERKINS
BRUCE S. ETTERMAN Δ
MATTHEW E. MOLOSHOK Δ
DAVID N. NARCISO Δ
CORINNE B. MALONEY Δ
CHRISTY L. SAALFELD Δ
Δ NJ & NY + FL

JONATHAN L. GOLDSTEIN Δ +
SPECIAL COUNSEL
CHARLES ORANSKY Δ
ROBERT B. ROSEN Δ
JUDAH I. ELSTEIN Δ
JOHN A. ADLER Δ
OF COUNSEL
MARGARET DEE HELLRING (RET.)

November 20, 2026

By ECF

Honorable Eamonn James O'Hagan
United States Bankruptcy Court
Clarkson S. Fisher U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

Re: Avrumi Lubin a/k/a Josh Lubin
Case No. 26-17342 (EJO)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Benjamin A. Stanziale, Jr., Ch. 11 Trustee for
Avrumi Lubin a/k/a Josh Lubin v. Avrumi Lubin. et. al.
Response to ECF #26
Adv. Pro. No. 26-1494 (EJO)

Dear Judge O'Hagan:

This firm represents Benjamin A. Stanziale, Jr., Chapter 11 Trustee ("Trustee") for Avrumi Lubin ("Debtor"). We write in response/objection to the Motion for Leave to Appeal filed by the Debtor (ECF # 26). The Court's docket does not reflect a return date for the Motion. In accordance with Fed. R. Bankr. P. 8004(b)(2), Trustee's counsel timely filed opposition to the Motion in the United States District Court for the District of New Jersey (Civ. Action No. 3:26-

cv-14172-GC). For completeness of this Court's record, and so there is a response on the record to ECF no. 26, we enclose a copy of the Trustee's pleading filed with the District Court, Doc. #4.

Respectfully yours,

/s/ Patricia A. Staiano

Patricia A. Staiano

PAS:bml
Enclosure

cc: Benjamin A. Stanziale, Jr., Trustee (by email)
All parties listed on the Certification of Service

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re:<br><br>AVRUMI LUBIN a/k/a Josh Lubin,<br><br>Debtor. | |
| BENJAMIN A. STANZIALE, JR., CHAPTER 11 TRUSTEE FOR AVRUMI LUBIN a/k/a Josh Lubin,<br><br>Plaintiff/Appellee,<br><br>vs.<br><br>AVRUMI LUBIN,<br><br>Defendant/Appellee,<br><br>SPIN CAPITAL, LLC, TETON LIFE, LLC, TETON FUNDING, LLC, TETON FUNDING GROUP, LLC, and JL SPECIAL INVESTMENTS, LLC,<br><br>Defendants. | Civil Action No. 3:26-cv-14172-GC<br><br>**RESPONSE OF PLAINTIFF/ APPELLEE BENJAMIN A. STANZIALE, JR., CHAPTER 11 TRUSTEE FOR AVRUMI LUBIN IN OPPOSITION TO AVRUMI LUBIN'S MOTION FOR LEAVE TO APPEAL** |

Plaintiff/Appellee Benjamin A. Stanziale, Jr., Chapter 11 Trustee ("Trustee") for Avrumi Lubin ("Debtor"), by and through undersigned counsel, submits this Response in opposition to the Debtor's motion for leave to appeal the Bankruptcy Court's October 15, 2023 Order and October 23, 2026 Order, which Orders were attached as Appendices to Debtor's motion:[1]

[1] We note that an appeal of the October 15 Order, with or without leave, is moot, as that Order was only operative for scheduling proceedings for the October 22 hearing and enjoining other actions "pending further order of [the] Court", which was entered on October 23. That Order also continued the preliminary restraints as to Teton Life, LLC.

## BACKGROUND

On October 23, 2026, the United States Bankruptcy Court for the District of New Jersey ("Bankruptcy Court") entered the Order Granting Preliminary Injunction and Providing for Further Proceedings ("October 23 Order"). On October 30, 2026, the Debtor served his motion for leave to appeal the October 23 Order pursuant to 28 U.S.C. §158(a)(3) and Fed.R.Bank.P._8004. The Trustee timely files this Response within 14 days after the service of Debtor's motion, in accordance with Fed.R.Bank.P. 8004(b)(2).

## ARGUMENT

The Trustee agrees that the appropriate standard to consider on this motion for leave to appeal to this Court pursuant to 28 U.S.C. §158(a)(3) from an interlocutory Order of the Bankruptcy Court is, by analogy, the standard enunciated in 28 U.S.C. §1292(b):

> When a district judge…shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation...

However, no portion of this standard has been met by Debtor's motion.

First, October 23 Order does not involve a "controlling question of law as to which there is substantial ground for difference of opinion." The Debtor cites no such controlling issue, but instead seems to focus on alleged procedural requirements of Fed.R.Bank.P. 7052 and 7065. The only bankruptcy law cited by the Debtor is 11 U.S.C. §105 and §541. §541 states in pertinent part that the Debtor's estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. §541(a)(1). §105 states in pertinent part: "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."[2]

---

[2] None of the rest of these statutes are relevant or applicable here.

The Court found that the Trustee's investigation had revealed that the subject entities were owned by the Debtor, and thus are part of the Debtor's estate. See pp. 62-63 of Appendix C to motion.[3] This comports with §541. "The Debtor shall...surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate...." 11 U.S.C. §521(a)(4). If a Chapter 11 trustee is appointed, the trustee may operate the Debtor's business and use property of the Debtor's estate in the ordinary course of business. 11 U.S.C. §1108, §363(c)(1). The trustee is also accountable for the property of the estate. 11 U.S.C. §§1106(a)(1) & 704(a)(2). The trustee is the "representative" of the estate. 11 U.S.C. section §323(a). It is also the trustee that "has the capacity to sue and be sued" on behalf of the bankruptcy estate. 11 U.S.C. section §323(b). The Trustee thus controls estate assets, not the Debtor. Thus, in accordance with §105(a), the challenged injunctive provisions just give force to the clear existing law that the Trustee controls the Debtor's interest in the subject entities, and not the Debtor. Thus, there is no "controlling question of law as to which there is substantial ground for difference of opinion."

Even if this were not the case, an immediate appeal could not "materially advance the ultimate termination of the litigation", principally because the Order appealed from was subject to possible amendment or alteration in the immediate future, long before any appeal would be decided, or even heard. The Bankruptcy Court scheduled further proceedings regarding the Trustee's application as to Teton Life, LLC for November 10, 2026. See October 23 Order, page 4, para. 2. (At the November 10, 2026 hearing, the Bankruptcy Court extended the preliminary restraints as to Teton Life, LLC to December 17, 2026.) The October 23 Order also

[3] The Trustee notes that the transcript apparently is missing language as set forth at page 2 of the Order (Motion Appendix B) indicating that one of the five entities is owned only 50% by the Debtor, but that he has a controlling interest.

scheduled a further hearing on December 17, 2026 as to all of the "preliminary injunctive relief granted". See October 23 Order, page 6, para. 6. Further, not content to even wait that long to be heard further on these matters, the Debtor filed a motion in the Bankruptcy Court, which he made returnable on December 3, 2026, to alter or amend the October 23 Order pursuant to Fed.R.Bank.P. 9023, 7052 and 7065. See Bankruptcy Court ECF 25. Long before any appeal is decided, the Bankruptcy Cout will thus have had three opportunities to hear further from the Debtor and reconsider, alter, amend or add to its own October 23 Order, should it deem it appropriate to do so. Under these circumstances, it is absurd for the Debtor to even suggest that its premature motion for leave to appeal should be granted because it will "materially advance the ultimate termination of the litigation". All the pro se Debtor has done instead is to waste the time of all parties in interest, including, most importantly, this Court.

## CONCLUSION

As a result of the foregoing, Debtor's motion for leave to appeal should be denied.

s/ Patricia A. Staiano
PATRICIA A. STAIANO
A Member of the Firm
HELLRING LINDEMAN GOLDSTEIN
& SIEGAL LLP
Attorneys for Plaintiff/Appellee
Benjamin A. Stanziale, Jr., Chapter 11 Trustee
103 Eisenhower Parkway, Suite 403
Roseland, New Jersey 07068-1031
973.621.9020
pstaiano@hlgslaw.com

Dated: November 12, 2026