Hellring Lindeman Goldstein & Siegal LLP
COUNSELLORS AT LAW

BERNARD HELLRING (1916-1991)
MICHAEL EDELSON
ROBERT S. RAYMAR Δ
STEPHEN L. DREYFUSS Δ
PATRICIA A. STAIANO
SHERYL E. KOOMER
ERIC R. PERKINS
BRUCE S. ETTERMAN Δ
MATTHEW E. MOLOSHOK Δ
DAVID N. NARCISO Δ
CORINNE B. MALONEY Δ
CHRISTY L. SAALFELD Δ

Δ NJ & NY + FL

103 EISENHOWER PARKWAY
SUITE 403
ROSELAND, NEW JERSEY 07068-1031

T: +1.973.621.9020 | F: +1.973.621.7406
www.hlgslaw.com

JONATHAN L. GOLDSTEIN Δ +
SPECIAL COUNSEL

CHARLES ORANSKY Δ
ROBERT B. ROSEN Δ
JUDAH I. ELSTEIN Δ
JOHN A. ADLER Δ
OF COUNSEL

MARGARET DEE HELLRING (RET.)

November 24, 2026

By ECF

Honorable Eamonn James O'Hagan
United States Bankruptcy Court
Clarkson S. Fisher U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

Re: Avrumi Lubin a/k/a Josh Lubin, Case No. 26-17342 (EJO)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Benjamin A. Stanziale, Jr., Ch. 11 Trustee for
Avrumi Lubin a/k/a Josh Lubin v. Avrumi Lubin. et. al.
Adv. Pro. No. 26-01494 (EJO)
Response to ECF #27
Hearing Date: December 3, 2026

Dear Judge O'Hagan:

This firm represents Benjamin A. Stanziale, Jr., the Chapter 11 Trustee (“Trustee”) for Avrumi Lubin (“Debtor”), and plaintiff in the above-referenced adversary proceeding. Please accept this letter memorandum in lieu of a more formal brief in opposition to Debtor’s motion, filed on October 29, 2026 in the adversary proceeding, prematurely seeking discovery related to that proceeding. ECF 27.

The Court already made clear that it would set a discovery schedule at the pretrial conference to be held at the same time as the final hearing on the Trustee’s Order to Show Cause on December 17, 2026. This was reaffirmed at the November 10, 2026 hearing in this adversary proceeding. ECF 48, para. 7. Yet, the Debtor was unable to restrain himself from further multiplication of litigation by requesting early discovery by way of this motion returnable on December 3, 2026, only two weeks before the scheduled hearing date. All discovery issues should be addressed as directed by the Court, on December 17. This is analogous to the proscription recognized in this Circuit that discovery sought in aid of an adversary proceeding should be obtained in the context of that proceeding under the Federal Rules of Civil Procedure and not by way of an examination pursuant to Fed.R.Bank.P. 2004. See, e.g., Halaw v. Wilding (In re Wilding), 653 B.R. 48, 71(Bankr.N.J. 2023); In re Valley Forge Assocs., 109 B.R. 669, 674-675 (E.D.Pa. 1990). While

Debtor offers that the Federal Rules provide for discovery prior to the scheduling conference, if the Court so allows, the Debtor presents no compelling reason to do so here, particularly in light of the limited difference in time between the conference date and the motion date.

While the Debtor relies for the remainder of his requests on the Trustee's obligation to provide information to parties-in-interest under 11 U.S.C. §704(a)(7), the Debtor himself recognizes that those obligations are not without limit. Here, the Debtor in part seeks with these other requests to divine the Trustee's strategy and thinking obviously in connection with the adversary proceeding, since that is where relief was sought. The Court should not grant the preliminary relief sought by the Debtor as part of his seemingly unquenchable desire to secure an immediate response from the Trustee to all of his seemingly endless demands. In the context and against the backdrop of the Debtor's overall actions to date in the only 2 months since the Trustee was appointed, his requests for discovery should abide the scheduling conference, as directed by this Court.

**Conclusion**

For the foregoing reasons, the Trustee respectfully requests that the Court deny at this time the relief requested by the Debtor in his motion.

Respectfully yours,

/s/ Patricia A. Staiano

Patricia A. Staiano

PAS:bml
Enclosure

cc: Benjamin A. Stanziale, Jr., Trustee (by email)
All parties listed on the Certification of Service