HLGS Hellring Lindeman Goldstein & Siegal LLP
COUNSELLORS AT LAW

103 EISENHOWER PARKWAY
SUITE 403
ROSELAND, NEW JERSEY 07068-1031

T: +1.973.621.9020 | F: +1.973.621.7406
www.hlgslaw.com

BERNARD HELLRING (1916-1991)
MICHAEL EDELSON
ROBERT S. RAYMAR Δ
STEPHEN L. DREYFUSS Δ
PATRICIA A. STAIANO
SHERYL E. KOOMER
ERIC R. PERKINS
BRUCE S. ETTERMAN Δ
MATTHEW E. MOLOSHOK Δ
DAVID N. NARCISO Δ
CORINNE B. MALONEY Δ
CHRISTY L. SAALFELD Δ

Δ NJ & NY + FL

JONATHAN L. GOLDSTEIN Δ +
SPECIAL COUNSEL

CHARLES ORANSKY Δ
ROBERT B. ROSEN Δ
JUDAH I. ELSTEIN Δ
JOHN A. ADLER Δ
OF COUNSEL

MARGARET DEE HELLRING (RET.)

November 24, 2026

By ECF

Honorable Eamonn James O'Hagan
United States Bankruptcy Court
Clarkson S. Fisher U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

Re: Avrumi Lubin a/k/a Josh Lubin, Case No. 26-17342 (EJO)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Benjamin A. Stanziale, Jr., Ch. 11 Trustee for
Avrumi Lubin a/k/a Josh Lubin v. Avrumi Lubin. et. al.
Adv. Pro. No. 26-01494 (EJO)
Trustee's response to Debtor's Motion to Extend the November 9, 2026
Responsive-Pleading Deadline, Request for Interim Scheduling Relief (ECF #37)
Hearing Date: December 3, 2026 at 10:00 a.m.

Dear Judge O'Hagan:

This firm represents Benjamin A. Stanziale, Jr., Chapter 11 Trustee ("Trustee") for Avrumi Lubin ("Debtor"). We write in response/objection to the Debtor's Motion to Extend the November 9, 2026 Responsive-Pleading Deadline; Request for Interim Scheduling Relief (ECF # 37).

Certain of the requested relief in the Motion is moot, as November 9 has already passed. The Debtor, individually, already filed his answer and counterclaim. With respect to further relief, his deadline has passed. Perhaps the purpose of these motions is to avoid sanctions. To the extent sanctions are warranted, they should be imposed. The Trustee agreed and requested by email to the Court, with the consent of the Debtor, that the Debtor and the Subject Entities be permitted to retain counsel to defend the within Adversary Proceeding. The Court's October 23, 2026 Order reflects this relief. To date, we are unaware that the Debtor or the Subject Entities have retained counsel.

Furthermore, at the hearing on November 10, the Court clearly set forth on the record that it would conduct a pre-trial scheduling conference on December 17, 2026. The Debtor and the

Subject Entities will have notice and opportunity to be heard regarding their concerns regarding timing. It is simply premature to consider same before then. Moreover, on November 9, 2026 the Debtor filed his pro se Answer to the Complaint. No Answer was filed on behalf of the other, corporate defendants. The Trustee will be prepared to discuss this at the December 17 pre-trial conference, but, pending such discussion and vetting of the issue in Court, the Trustee will not seek to enter defaults against the Subject Entities. This is a serious procedural issue worthy of open discussion.

We thank the Court for its attention to this matter.

Respectfully yours,

/s/ Patricia A. Staiano

Patricia A. Staiano

PAS:bml

cc: Benjamin A. Stanziale, Jr., Trustee (by email)
All parties listed on the Certification of Service