**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(b)
WEIR LLP
A Pennsylvania Limited Liability Partnership
Jeffrey S. Cianciulli, Esquire
Patrick T. Krenicky, Esquire
Attorney I.D. Nos. 039821988/036112010
1300 Route 73 S., Suite 314
Mount Laurel, NJ 08054
856-429-7720
jcianciulli@weirlawllp.com
pkrenicky@weirlawllp.com
*Attorneys for Gavriel Yitzchakov a/k/a Gabe Isaacov*

| | |
|---|---|
| In re:<br>AVRUMI LUBIN a/k/a Josh Lubin,<br>Debtor.<br>BENJAMIN A. STANZIALE, JR., CHAPTER 11 TRUSTEE FOR AVRUMI LUBIN a/k/a JOSH LUBIN,<br>Plaintiff,<br>v.<br>AVRUMI LUBIN, SPIN CAPITAL, LLC, TETON LIFE, LLC, TETON FUNDING, LLC, TETON FUNDING GROUP, LLC, and JL SPECIAL INVESTMENTS, LLC,<br>Defendants. | Case No. 26-17342 (EJO)<br>Chapter 11<br><br>Judge: Eamonn James O’Hagan, U.S.B.J.<br>Adv. Pro. No. 26-01494 (EJO)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF GAVRIEL YITZCHAKOV a/k/a GABE ISAACOV, MEMBER OF TETON LIFE, LLC, AND REDSTONE CAPITAL, LLC, CREDITOR OF TETON LIFE, LLC TO INTERVENE PURSUANT TO FED. R. CIV. P. 24 AND FED. R. BANKR. P. 7024**<br><br>Hearing Date: December 17, 2026 at 2:00 p.m. |

Gavriel Yitzchakov a/k/a Gabe Isaacov, member of Defendant, Teton Life, LLC (“Teton Life”) and Redstone Capital, LLC, creditor of Teton Life, file this Motion to Intervene Pursuant to Fed. R. Civ. P. 24 and Fed. R. Bankr. Pr. 7024 and in support thereof state as follows.

## PRELIMINARY STATEMENT

The Trustee's Complaint asks this Court to place Teton Life, a non-debtor entity owned 50% by Gavriel Yitzchakov ("Mr. Yitzchakov"), into the Debtor's bankruptcy, consolidate its assets with the Debtor's, stay its affirmative litigation, and compel turnover of its property. Mr. Yitzchakov's equity and his equal management rights along with Redstone Capital, LLC ("Redstone"), a creditor of Teton Life, are the direct targets of that relief, yet they are not a named party, and neither the Trustee nor the Debtor, his adversary in an ongoing management dispute, represents his interests. He should be permitted to intervene.

## STATEMENT OF FACTS

On October 15, 2026, Benjamin A. Stanziale, Jr., the Chapter 11 Trustee (the "Trustee") for debtor Avrumi Lubin a/k/a Josh Lubin (the "Debtor"), filed a Verified Complaint (the "Complaint") seeking to extend the Debtor's Chapter 11 case to, and substantively consolidate with the Debtor's estate, five non-debtor entities, including Teton Life; to extend the automatic stay to those entities; and to compel turnover of their books, records, and property. The Debtor's Schedules list Teton Life as owned 50% by the Debtor and 50% by Mr. Yitzchakov. As set forth in the accompanying Certification of Mr. Yitzchakov, Teton Life is a member-managed Delaware limited liability company in which each member has an equal say in management, and its principal asset is its claims as plaintiff in Teton Life LLC as assignee of the rights of Spin Capital, LLC v. Golden Foothill Insurance Services, LLC et al., Index No. 650582/2022 (Sup. Ct. N.Y. Cnty.) (the "New York State Action"). Mr. Yitzchakov was served with the Trustee's related motion for temporary relief under the Order to Show Cause and filed opposition on October 20, 2026. [Dkt. No. 14.] He is not a named defendant. Under the operating agreement, upon the filing of Debtor's bankruptcy case, Debtor lost his management rights in Teton Life, and Mr. Yitzchakov became the sole member entitled to exercise management rights with regard to Teton Life. Mr. Yitzchakov

is also the CEO of Redstone. On or about August 13, 2025, Redstone made a loan to Teton Life in the amount of $4,100,000 as evidenced by a promissory note. The loan remains unpaid and therefore Redstone is a creditor of Teton Life.

Mr. Yitzchakov and Redstone satisfy each requirement for intervention as of right: the Motion is timely, they have a direct and legally protectable interest with regard to Teton Life, disposition of the Complaint may impair that interest, and no existing party adequately represents it. Alternatively, their defenses share common questions of law and fact with the main action, and intervention will not cause undue delay or prejudice. Intervention is necessary because the Court has entered an Order temporarily granting the Trustee management rights over Teton Life, and permitting the Debtor to retain counsel for Teton Life. Accordingly, only the Trustee or the Debtor can retain counsel for Teton Life in this adversary proceeding per the Court's order. However, as of today's date, Movants do not believe that Teton Life has retained counsel to respond to this lawsuit, and Mr. Yitzchakov and Redstone's interests (and Teton Life's interests) are at risk if an Answer is not filed protecting Mr. Yitzchakov and Redstone's rights.

Pursuant to Fed. R. Civ. P. 24(c), Movants' proposed Answer and Affirmative Defenses, limited to the Complaint as it concerns Teton Life, is annexed as Exhibit A. Movants seek to intervene only as to the claims concerning Teton Life and do not appear on behalf of any other party. Pursuant to Fed. R. Bankr. P. 7012(b), Movants do not consent to the entry of final orders or judgment by the Bankruptcy Court as to Teton Life or their rights, to the extent such consent is required. No prior request for the relief sought herein has been made to this or any other court.

## ARGUMENT

**I. Movants Are Entitled to Intervene as of Right.**

Fed. R. Civ. P. 24(a)(2), made applicable by Fed. R. Bankr. P. 7024, requires the Court to permit intervention by a movant who, on a timely motion, "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." The Third Circuit applies a four-part test: (1) the application is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter, by the disposition of the action; and (4) the interest is not adequately represented by an existing party. *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 976 (3d Cir. 1998); *Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir. 1987).

**A. The Motion is timely.** Timeliness is judged by the totality of the circumstances, including the stage of the proceeding, prejudice from delay, and the reason for any delay. *Wallach v. Eaton Corp.*, 837 F.3d 356, 371–72 (3d Cir. 2016). "[T]he stage of the proceeding is inherently tied to the question of the prejudice the delay in intervention may cause to the parties already involved."), and we maintain "a general reluctance to dispose of a motion to intervene as of right on untimeliness grounds because the would-be intervenor actually may be seriously harmed if not allowed to intervene." *See id*. This adversary proceeding was commenced on or about October 15, 2026, and remains at its earliest stage. Mr. Yitzchakov has participated from the outset by opposing the Trustee's motion for injunctive relief. [Dkt. No. 14.] No party will be prejudiced by Movants' participation as their participation will not result in any delay in the proceedings. Further, the Court indicated at the hearing on the Motion for Preliminary Injunction that notwithstanding the order

for injunctive relief, Mr. Yitzchakov could file an Answer to protect and preserve his rights and interest with regard to Teton Life.

**B. Movants have a significantly protectable interest.** The interest of the Answering Parties here is "significantly protectable" and relates directly to the subject of the action. Mr. Yitzchakov holds 50% of the equity in Teton Life and an equal contractual right to participate in its management. Redstone is a creditor of Teton Life, not the Debtor. The Complaint seeks to consolidate Teton Life's assets with the Debtor's estate and to compel turnover of its property, and the Trustee has separately sought to succeed to the Debtor's management rights in Teton Life. Those interests are direct and legally cognizable.

**C. Disposition of the action may impair that interest.** If the Trustee prevails, value belonging, on a 50% basis, to Mr. Yitzchakov, a non-debtor not liable on the Debtor's debts, would be made available to the Debtor's personal creditors; Teton Life's prosecution of the New York State Action could be stayed; and Mr. Yitzchakov could be stripped of his bargained-for equal voice in management. All of the foregoing would significantly impair Mr. Yitzchakov's interest in Teton Life. Further, as a creditor, Redstone would be harmed if assets are pooled to pay Debtor's creditors rather than pay Redstone as a creditor only of Teton Life.

**D. No existing party adequately represents Movants' interests.** The burden of showing inadequate representation is minimal. *See e.g. Brody By & Through Sugzdinis v. Spang*, 957 F.2d 1108, 1123 (3d Cir. 1992). The Trustee is adverse to Mr. Yitzchakov in that the Trustee is seeking to substantively consolidate Teton Life with the Debtor which would affect Mr. Yitzchakov's 50% interest in Teton Life, and would affect Redstone's rights as a creditor of Teton Life. The Debtor is also adverse to Mr. Yitzchakov and no attorney has entered an appearance on behalf of Teton Life; the Trustee or the Debtor alone can retain counsel for Teton Life per the Court order which

granted preliminary injunctive relief. Because Teton Life has no counsel and cannot retain counsel except through the Trustee or the Debtor, Movants seek intervention in part so that the Teton Life claims are not resolved by default, and that § 1109(b) entitles them to be heard on that issue and the merits of the claim so that judgment is not entered against Teton Life without Mr. Yitzchakov and Redstone having the opportunity to be heard.

**II. Alternatively, the Court Should Grant Permissive Intervention.**

Under Fed. R. Civ. P. 24(b)(1)(B), the Court may permit intervention by anyone who "has a claim or defense that shares with the main action a common question of law or fact," considering whether intervention "will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Movants' defenses turn on the same questions the Complaint presents: whether the Bankruptcy Code permits extension of the Debtor's case to Teton Life, whether substantive consolidation is warranted under *In re Owens Corning*, 419 F.3d 195 (3d Cir. 2005), whether the stay should be extended, and whether turnover is available. Intervention at this early stage will cause no undue delay.

**III. Intervention Is Consistent with 11 U.S.C. § 1109(b).**

A party in interest "may raise and may appear and be heard on any issue in a case under this chapter." 11 U.S.C. § 1109(b). The provision "must be construed broadly to permit parties affected by a chapter 11 proceeding to appear and be heard." *In re Global Indus. Techs., Inc.*, 645 F.3d 201 (3d Cir. 2011) (citations omitted). The Third Circuit has held that Section 1109(b) applies to adversary proceedings. *In re Marin Motor Oil, Inc.,* 689 F.2d 445 (3d Cir. 1982). Here, the Complaint seeks to consolidate Teton Life's assets with the Debtor's estate and to compel turnover of its property, and the Trustee has separately sought to succeed to the Debtor's management rights in Teton Life. Those interests are direct and legally cognizable.

Further, because Teton Life has no counsel and cannot retain counsel except through the Trustee or the Debtor, Movants seek intervention in part so that the Teton Life claims are not resolved by default, and that § 1109(b) entitles them to be heard on that issue. As set forth above, if the Trustee prevails, value belonging, on a 50% basis, to Mr. Yitzchakov, a non-debtor not liable on the Debtor's debts, would be made available to the Debtor's personal creditors; Teton Life's prosecution of the New York State Action could be stayed; and Mr. Yitzchakov could be stripped of his bargained-for equal voice in management. All of the foregoing would significantly impair Mr. Yitzchakov's interest in Teton Life. Further, as a creditor, Redstone would be harmed if assets are pooled to pay Debtor's creditors rather than pay Redstone as a creditor only of Teton Life. Accordingly, 11 U.S.C. § 1109(b) also supports permitting Movants to intervene in this case.

**IV. The Motion Complies with Rule 24(c).**

Movants proposed Answer and Affirmative Defenses, setting out the defenses for which intervention is sought, is annexed as Exhibit A.

**CONCLUSION**

For the foregoing reasons, Movants respectfully request that the Court grant the Motion and enter the proposed form of Order.

WEIR LLP
A Pennsylvania Limited Liability Partnership

By: /s/ Patrick T. Krenicky
Jeffrey S. Cianciulli, Esq.
Patrick T. Krenicky, Esq.
Attorneys for Gavriel Yitzchakov a/k/a Gabe Isaacov and Redstone Capital, LLC

Dated: November 25, 2026