**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1(b)

WEIR LLP
A Pennsylvania Limited Liability Partnership
Jeffrey S. Cianciulli, Esquire
Patrick T. Krenicky, Esquire
Attorney I.D. Nos. 039821988/036112010
1300 Route 73 S., Suite 314
Mount Laurel, NJ 08054
856-429-7720
jcianciulli@weirlawllp.com
pkrenicky@weirlawllp.com
*Attorneys for Gavriel Yitzchakov a/k/a Gabe Isaacov*
*And Redstone Capital, LLC*

| | |
|---|---|
| In re:<br>AVRUMI LUBIN a/k/a Josh Lubin,<br>Debtor.<br>BENJAMIN A. STANZIALE, JR., CHAPTER 11 TRUSTEE FOR AVRUMI LUBIN a/k/a JOSH LUBIN,<br>Plaintiff,<br>v.<br>AVRUMI LUBIN, SPIN CAPITAL, LLC, TETON LIFE, LLC, TETON FUNDING, LLC, TETON FUNDING GROUP, LLC, and JL SPECIAL INVESTMENTS, LLC,<br>Defendants. | Case No. 26-17342 (EJO)<br>Chapter 11<br>Judge: Eamonn James O'Hagan, U.S.B.J.<br>Adv. Pro. No. 26-01494 (EJO) |

**ANSWER AND AFFIRMATIVE DEFENSES OF PARTIES IN INTEREST, GAVRIEL YITZCHAKOV a/k/a GABE ISAACOV, MEMBER OF TETON LIFE, LLC AND REDSTONE CAPITAL, LLC, CREDITOR OF TETON LIFE, LLC TO THE CHAPTER 11 TRUSTEE'S VERIFIED COMPLAINT TO EXTEND CHAPTER 11 PROCEEDINGS (AS TO TETON LIFE, LLC ONLY)**

Party in Interest, Gavriel Yitzchakov a/k/a Gabe Isaacov ("Mr. Yitzchakov"), the holder of a 50% membership interest in Teton Life, LLC ("Teton Life"), and Party in Interest, Redstone Capital, LLC ("Redstone", together with Mr. Yitzchakov, "the Answering Parties"), creditor of Teton Life, by and through their undersigned counsel, Weir LLP, hereby answer the *Verified Complaint to Extend Chapter 11 Proceedings to Spin Capital, LLC, Teton Life, LLC, Teton*

*Funding, LLC, Teton Funding Group, LLC, and JL Special Investments, LLC* dated October 15, 2026 (the "Complaint"), filed by Benjamin A. Stanziale, Jr., the Chapter 11 Trustee (the "Trustee" or "Plaintiff") for debtor Avrumi Lubin a/k/a Josh Lubin (the "Debtor"), solely as the Complaint concerns Teton Life, and state as follows:

**PRELIMINARY STATEMENT**

Teton Life is not a debtor in this bankruptcy case. It has not filed a petition, no creditor has filed an involuntary petition against it, and it is not the Debtor's alter ego. The Debtor holds only a 50% membership interest in Teton Life; the other 50% is held by Mr. Yitzchakov, a non-debtor who owes nothing to this estate. Through the Complaint, the Trustee seeks to "extend" the Debtor's individual Chapter 11 case to Teton Life, to substantively consolidate it with the Debtor's estate, to extend the automatic stay to it, and to compel turnover of its books, records, and property. That relief directly targets Mr. Yitzchakov's 50% membership interest and his bargained-for equal right to participate in Teton Life's management, interests that neither the Debtor nor the Trustee represents. It further affects Redstone Capital, LLC, which is a creditor of Teton Life, and not a creditor of the Debtor.

Mr. Yitzchakov and Redstone are not named Defendants, but they are a "party in interest" who "may raise and may appear and be heard on any issue in a case under this chapter" under 11 U.S.C. § 1109(b). Section 1109(b) "must be construed broadly to permit parties affected by a chapter 11 proceeding to appear and be heard," and extends to anyone "who has a legally protected interest that could be affected by a bankruptcy proceeding." *In re Global Indus. Techs., Inc.*, 645 F.3d 201 (3d Cir. 2011) (citations omitted). The Third Circuit has held that Section 1109(b) applies to adversary proceedings. *In re Marin Motor Oil, Inc.*, 689 F.2d 445 (3d Cir. 1982). The Court's Order to Show Cause on the Trustee's related motion also directed that the Trustee's papers be

served on "Gavriel Yitzchakov, co-owner of Teton Life, or his counsel," and Mr. Yitzchakov opposed that motion. [Dkt. No. 14.]

Mr. Yitzchakov submits this Answer solely with respect to, and to protect, his 50% membership interest in Teton Life, and Redstone Capital, LLC submits this Answer to protect its rights as a creditor of Teton Life, and they respond to the Complaint only as it concerns Teton Life. This Answer is not an appearance by or on behalf of the Debtor, Spin Capital, LLC ("Spin"), Teton Funding, LLC ("Teton Funding"), Teton Funding Group, LLC ("Teton Funding Group"), or JL Special Investments, LLC ("JL"), and nothing herein is an admission on behalf of any of them.

**Statement Pursuant to Fed. R. Bankr. P. 7012(b).** Mr. Yitzchakov and Redstone do not consent to the entry of final orders or judgment by the Bankruptcy Court with respect to Teton Life, or with respect to his membership and management rights in Teton Life, to the extent such consent is required.

**Introductory Paragraph**

The unnumbered introductory paragraph of the Complaint characterizes the relief the Trustee seeks and requires no response. To the extent a response is deemed required, Mr. Yitzchakov and Redstone admit only that the Trustee purports to seek the relief described, deny that Teton Life may be "include[d]" as a debtor in the Debtor's Chapter 11 case, and deny that the Trustee is entitled to any relief as to Teton Life. Mr. Yitzchakov and Redstone further deny that the defined term "Defendants," which groups the Debtor with the Subject Entities, reflects any identity between the Debtor and Teton Life.

**Jurisdiction and Venue**

1. Paragraph 1 states legal conclusions to which no response is required. To the extent a response is deemed required, Answering Parties admit only that the Trustee purports to invoke 11 U.S.C. §§ 105, 362, 541 and 542 and Fed. R. Bankr. P. 7001, and denies that any of those provisions authorizes the relief requested as to Teton Life.

2. Paragraph 2 states legal conclusions to which no response is required.

3. Paragraph 3 states legal conclusions to which no response is required.

4. Paragraph 4 states a legal conclusion to which no response is required.

**Background**

5. Admitted.

6. Admitted.

7. Admitted, upon information and belief, that the Debtor filed Schedules on July 22, 2026. The Schedules speak for themselves. The Answering Parties respond to subparagraphs (a) and (b) as follows:

7(a). The allegations of this paragraph concern the Debtor and/or Subject Entities other than Teton Life and are not directed to the Answering Parties or Teton Life; accordingly, no response is required. To the extent a response is deemed required, the Answering Parties lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them. The Schedules speak for themselves. The Answering Parties note that, by the Complaint's own allegations, the Debtor scheduled himself as the sole owner of Spin, Teton Funding, Teton Funding Group and JL, but not of Teton Life.

7(b). Admitted that the Debtor's Schedules list Teton Life as owned 50% by the Debtor and 50% by Gavriel Yitzchakov a/k/a Gabe Isaacov, and admitted that Mr. Yitzchakov holds a

50% membership interest in Teton Life. The Answering Parties deny the remaining allegations of Paragraph 7(b), including specifically the allegation, made only "[u]pon information and belief," that the Debtor, "whether de jure or de facto," exercises the managerial control of Teton Life. By virtue of the bankruptcy filing, Mr. Lubin lost his management rights in Teton Life.

8. The allegations of this paragraph concern the Debtor and/or Subject Entities other than Teton Life and are not directed to the Answering Parties or Teton Life; accordingly, no response is required. To the extent a response is deemed required, the Answering Parties lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them. To the extent Paragraph 8 is intended to characterize any business of Teton Life, it is denied.

9. The allegations of this paragraph concern the Debtor and/or Subject Entities other than Teton Life and are not directed to the Answering Parties or Teton Life; accordingly, no response is required. To the extent a response is deemed required, the Answering Parties lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

10. The allegations of this paragraph concern the Debtor and/or Subject Entities other than Teton Life and are not directed to the Answering Parties or Teton Life; accordingly, no response is required. To the extent a response is deemed required, the Answering Parties lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

11. The allegations of this paragraph concern the Debtor and/or Subject Entities other than Teton Life and are not directed to the Answering Parties or Teton Life; accordingly, no response is required. To the extent a response is deemed required, the Answering Parties lack

knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them as to the first sentence of Paragraph 11. As to the parenthetical second sentence, Mr. Yitzchakov admits that he holds a 50% membership interest in Teton Life.

12. Admitted that Spin assigned to Teton Life certain rights, including rights relating to collateral at issue in the New York State Action, as reflected in the caption of that action, in which Teton Life appears "as assignee of the rights of Spin Capital, LLC."

13. Denied upon information and belief as to Teton Life. To the extent Paragraph 13 concerns assignments by Spin, the allegations are not directed to the Answering Parties or Teton Life, and the Answering Parties lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

14. Admitted only that Teton Life, as assignee of the rights of Spin, is the plaintiff in the New York State Action and prosecutes its claims in that action in its own name. The Answering Parties lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning suits maintained by Spin and therefore deny them. The Answering Parties deny the remaining allegations of Paragraph 14 as to Teton Life.

15. The Answering Parties lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the status or scope of the Trustee's investigation and concerning statements made by the Debtor, and therefore deny them. The term "Realization Assets" is not defined in the Complaint, and to the extent a response is required, the allegations concerning "Realization Assets" are denied. The Answering Parties deny the remaining allegations of Paragraph 15 as to Teton Life.

16. The Answering Parties lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the suits, claims and counterclaims described in Paragraph

16, and therefore deny them. The pleadings in those matters speak for themselves. Mr. Yitzchakov specifically denies that Teton Life was operated as part of any "enterprise" or engaged in any "pattern of racketeering activity," and denies that any such allegations have been adjudicated against Teton Life.

17. The Answering Parties lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 and therefore deny them. The pleadings in those actions speak for themselves. The Answering Parties deny that any Counterparty is entitled to the relief described as against Teton Life.

18. The Answering Parties lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 and therefore deny them, except that the Answering Parties do not dispute that rulings permitting the enforcement of MCAs and rights in collateral, to the extent they exist, speak for themselves.

19. Admitted only that the New York State Action is pending and that Teton Life asserts affirmative claims in that action. The Answering Parties deny that Teton Life is a defendant in any claim "brought by Counterparties or the bankruptcy trustees of Counterparties against the Debtor and the Subject Entities," and note that the Complaint itself identifies only the Debtor and Spin as parties to the matters described in subparagraphs (a) and (b). The Answering Parties lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the stage of litigation of the matters described, and therefore deny them. The Answering Parties respond to subparagraphs (a) through (c) as follows:

19(a). The allegations of this paragraph concern the Debtor and/or Subject Entities other than Teton Life and are not directed to Teton Life; accordingly, no response is required.

19(b). The allegations of this paragraph concern the Debtor and/or Subject Entities other than Teton Life and are not directed to Teton Life; accordingly, no response is required.

19(c). Admitted that Teton Life is the plaintiff, as assignee of the rights of Spin, in *Teton Life LLC as assignee of the rights of Spin Capital, LLC v. Golden Foothill Insurance Services, LLC et al.*, Index No. 650582/2022 (Supreme Court of the State of New York, New York County). The docket and pleadings in that action speak for themselves.

20. Paragraph 20 states legal conclusions concerning the application of the automatic stay to which no response is required. The Answering Parties lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other cases described and the motion for stay relief referenced as ECF 119, and therefore deny them; the docket speaks for itself.

21. The Answering Parties note that Paragraph 21 describes as "another case related to the Golden Foothill RICO case" the same action, with the same caption and index number (Index No. 650582/2022), that Paragraph 19(c) identifies; it is not a separate case. The Answering Parties admit only that, in the New York State Action, Teton Life, as assignee of the rights of Spin, seeks to enforce its interest in collateral provided under MCAs. The Answering Parties incorporate their response to Paragraph 19(c) regarding the party status of the Debtor and Spin, and deny the remaining allegations of Paragraph 21.

22. Paragraph 22 defines a term and requires no response. To the extent a response is deemed required, the Answering Parties refer to that action as the "New York State Action," and the Answering Parties lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore deny the same.

23. Admitted that Mr. Yitzchakov is a member of Teton Life with the Debtor, each holding a 50% membership interest. The transactions referenced herein are in writing and speak for themselves. The Answering Parties deny the remaining allegations of Paragraph 23, including any implication of wrongdoing by Mr. Yitzchakov or Teton Life.

24. Admitted, upon information and belief, only that the court in the New York State Action appointed Fred Stevens, Esq. as receiver to hold certain life insurance policies and to assure that the premiums are paid to keep the policies in force pending resolution of competing claims to those policies. The orders of that court speak for themselves. The Answering Parties deny the remaining allegations of Paragraph 24.

25. The allegations of this paragraph concern the Debtor and/or Subject Entities other than Teton Life and are not directed to the Answering Parties or Teton Life; accordingly, no response is required. To the extent a response is deemed required, the Answering Parties lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

26. The allegations of this paragraph concern the Debtor and/or Subject Entities other than Teton Life and are not directed to the Answering Parties or Teton Life; accordingly, no response is required. To the extent a response is deemed required, the Answering Parties lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

27. The allegations of this paragraph concern the Debtor and/or Subject Entities other than Teton Life and are not directed to the Answering Parties or Teton Life; accordingly, no response is required. To the extent a response is deemed required, the Answering Parties lack

knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

28. The allegations of Paragraph 28 concern the Debtor, Spin, and Teton Funding and are not directed to the Answering Parties or Teton Life; accordingly, no response is required. To the extent a response is deemed required, the Answering Parties admit only that, as alleged, the charging order and order of foreclosure obtained by FVP run against the Debtor's interest in Spin and Teton Funding, and that the findings described concern Spin and Teton Funding only. The charging order speaks for itself. The Answering Parties deny that the Florida court made any finding regarding Teton Life; deny that Teton Life or the Answering Parties were a party to, or in privity with any party to, that proceeding; and deny that any finding in that proceeding has preclusive effect as to Teton Life or Mr. Yitzchakov. The Answering Parties lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 28 and therefore deny them.

**General Allegations**

29. Denied as to Teton Life. Teton Life is a member-managed limited liability company in which each of its two members has an equal say in management, and Mr. Yitzchakov and the Debtor have had ongoing disputes over its management. To the extent Paragraph 29 concerns the other Subject Entities, the allegations are not directed to the Answering Parties or Teton Life, and the Answering Parties lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

30. Denied as to Teton Life. To the extent Paragraph 30 concerns the other Subject Entities, the allegations are not directed to the Answering Parties or Teton Life, and the Answering

Parties lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

31. Denied as to Teton Life. Teton Life has not commingled funds with the Debtor, paid the Debtor's personal obligations, or held itself out to anyone as the Debtor, and Mr. Yitzchakov denies that the Debtor was permitted to freely assign or move Teton Life's assets without fair consideration. To the extent Paragraph 31 concerns transfers among the other Subject Entities, the allegations are not directed to the Answering Parties or Teton Life, and the Answering Parties lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

32. The Answering Parties lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the identity of the creditors that have filed proofs of claim in the Debtor's case, and therefore deny them. The Answering Parties deny that any creditor of the Debtor is a creditor of Teton Life, or extended credit in reliance on Teton Life's assets, and deny the remaining allegations of Paragraph 32 as to Teton Life.

33. The Answering Parties lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the claims and lawsuits pending against the Debtor, and therefore deny them. The Answering Parties note that the Complaint elsewhere identifies only the Debtor and Spin as parties to the Excell RICO Case and the Golden Foothill RICO Case (which Paragraph 33 refers to as the "Goldenhill RICO case"), and deny that the claimants in those matters have sued Teton Life.

34. Admitted only that the Debtor's interest in Teton Life, as scheduled, is a 50% membership interest. The Answering Parties deny that the Debtor or his estate holds any ownership interest in Teton Life's assets. The remaining allegations of Paragraph 34 concerning whether a

plan could be proposed and confirmed or whether the case should be converted state legal conclusions and predictions to which no response is required; to the extent a response is deemed required, they are denied as to Teton Life. By way of further response, the value of the estate's interest in Teton Life depends on Teton Life's successful prosecution of the New York State Action.

35. Denied. Extending these proceedings to, and substantively consolidating, Teton Life would pool Teton Life's assets with the Debtor's to pay the Debtor's personal creditors, thereby transferring value belonging, on a 50% basis, to Mr. Yitzchakov, a non-debtor who is not liable on any of those claims, and subordinating Teton Life's own creditors to the Debtor's creditors. Such relief would also strip Mr. Yitzchakov of his bargained-for equal voice in Teton Life's management, and a stay of Teton Life's affirmative litigation would interrupt its prosecution of the New York State Action and impair the very recovery from which the estate stands to benefit. Pooling the assets would also harm Redstone as a creditor of Teton Life.

36. The Answering Parties lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 and therefore deny them. The Answering Parties note that the Complaint does not allege that any judgment has been entered against Teton Life.

37. Paragraph 37 states a request for relief to which no response is required. To the extent a response is deemed required, the Answering Parties deny that the Trustee is entitled to the relief requested in the Complaint as to Teton Life, and deny that providing a period for notice would cure the absence of any legal basis for that relief. By way of further response, Teton Life, its creditor Redstone, and Mr. Yitzchakov are entitled to adequate notice and to a full evidentiary hearing, with discovery, before any such relief may be granted.

**COUNT ONE**

**Extend Proceedings**

38. The Answering Parties incorporate their responses to Paragraphs 1 through 37 as if fully set forth herein. Paragraph 38 states a legal conclusion to which no response is required. To the extent a response is deemed required, it is denied as to Teton Life. The Bankruptcy Code provides no mechanism to "extend" a bankruptcy case to a non-debtor, and the Trustee has not established, and cannot establish, any basis to extend the proceedings to, or substantively consolidate, Teton Life.

**COUNT TWO**

**Extend Stay**

39. The Answering Parties incorporate their responses to Paragraphs 1 through 38 as if fully set forth herein. Paragraph 39 states a legal conclusion to which no response is required. To the extent a response is deemed required, it is denied as to Teton Life. No unusual circumstances exist warranting extension of the automatic stay to Teton Life, the Debtor is not the real party defendant in any action against Teton Life, and the automatic stay does not apply to Teton Life's prosecution of its affirmative claims.

**COUNT THREE**

**Direct Turnover of Books, Records and Property of the Debtor and the Subject Entities**

40. The Answering Parties incorporate their responses to Paragraphs 1 through 39 as if fully set forth herein. Paragraph 40 states legal conclusions to which no response is required. To the extent a response is deemed required, it is denied as to Teton Life. Teton Life's assets, including any cash in its bank accounts and its books and records, are Teton Life's property, not property of

the Debtor's estate. The estate holds, at most, the Debtor's 50% membership interest in Teton Life, subject to the limitations of the Operating Agreement and applicable non-bankruptcy law.

41. Denied as to Teton Life. The Answering Parties deny that they or Teton Life are in possession, custody, or control of property of the Debtor's estate, and deny that they or Teton Life are required to account for or turn over Teton Life's assets, books, or records to the Trustee under 11 U.S.C. § 542(a). Teton Life's books and records are its own property. The appropriate vehicle for a trustee seeking information from a non-debtor is a properly noticed examination under Fed. R. Bankr. P. 2004, subject to the protections that rule affords. To the extent Paragraph 41 concerns the Debtor or the other Subject Entities, the allegations are not directed to Mr. Yitzchakov or Teton Life, and the Answering Parties lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny them.

WHEREFORE, the Answering Parties deny that the Trustee is entitled to any of the relief requested in the WHEREFORE clause of the Complaint, including subparagraphs (a) through (d), as to Teton Life. Specifically, the Answering Parties deny that the Trustee is entitled to: (a) an order extending the proceedings in this case to Teton Life or substantively consolidating Teton Life's estate with the Debtor's; (b) an order extending the proceedings to Teton Life to the extent of staying actions, claims, or efforts to enforce judgments against Teton Life, or the taking of any action to prosecute, settle, assign, or otherwise proceed with any claims by or against Teton Life, including the New York State Action; (c) an order directing turnover of Teton Life's books and records to the Trustee or his designated accountants and professionals; or (d) any other, further, or different relief as to Teton Life.

## AFFIRMATIVE AND OTHER DEFENSES

The Answering Parties assert the following affirmative and other defenses as to Teton Life:

### First Defense (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted as to Teton Life. Fed. R. Civ. P. 12(b)(6), made applicable by Fed. R. Bankr. P. 7012(b). Many of the Complaint's material allegations concerning Teton Life, including that the Debtor exercises managerial control over it, are pleaded only upon information and belief.

### Second Defense (No Statutory Mechanism to "Extend" a Bankruptcy Case to a Non-Debtor)

The Bankruptcy Code provides no mechanism to place a non-debtor into bankruptcy through an adversary proceeding. A bankruptcy case is commenced only by the filing of a voluntary petition by an eligible entity under 11 U.S.C. § 301, or an involuntary petition by qualifying creditors under 11 U.S.C. § 303, subject to the protections that section affords the alleged debtor, including the right to contest the petition, the requirement of a showing that the debtor is generally not paying its debts as they become due, and the potential for damages against petitioners who file in bad faith. *See* 11 U.S.C. §§ 301, 303(b), (h), (i). The requested "extension" would bypass every one of those protections and place Teton Life into bankruptcy without a petition, without an insolvency showing, and over the objection of its non-debtor 50% owner.

### Third Defense (Substantive Consolidation Is Unavailable)

Substantive consolidation of Teton Life is unavailable under applicable law.

### Fourth Defense (No Collateral Estoppel or Issue Preclusion)

The Florida charging order described in Paragraph 28 of the Complaint has no preclusive effect as to Teton Life or the Answering Parties.

**Fifth Defense (No Basis to Extend the Automatic Stay)**

The automatic stay protects the debtor and should not extend to non-debtor entity, Teton Life.

**Sixth Defense (The Estate Holds at Most the Debtor's Economic Interest; No Succession to Management Rights)**

Under 11 U.S.C. § 541(a), the estate takes the Debtor's interests in property as of the petition date subject to the limitations that existed under applicable non-bankruptcy law, except as the Code specifically provides. Teton Life is a Delaware limited liability company. Under 6 Del. C. § 18-702, a transferee or assignee of a membership interest acquires only the right to receive distributions and does not become a member with management rights absent the consent of the other members, and under 6 Del. C. § 18-304, a person ceases to be a member of a limited liability company upon certain bankruptcy-related events, absent contrary agreement. The Operating Agreement also provides for dissociation from management upon a member's bankruptcy.

**Seventh Defense (Turnover Is Unavailable)**

Turnover under 11 U.S.C. §§ 542 and 543 runs against entities in possession of property of the estate. Teton Life's assets, books, and records are Teton Life's own property, not property of the Debtor's estate, and Count Three is expressly contingent on an extension of the proceedings to which the Trustee is not entitled. The appropriate vehicle for a trustee seeking information from a non-debtor is a properly noticed examination under Fed. R. Bankr. P. 2004, subject to the protections that rule affords.

**Eighth Defense (Fraudulent Transfer Theories Are Not Claims of This Estate)**

To the extent the Trustee contends that Spin transferred assets to Teton Life without consideration or in a manner that could hinder, delay, or defraud Spin's creditors, any such theory would, at most, give rise to a potential claim belonging to Spin's creditors against Teton Life. Such

claims, if they exist, must be separately pleaded and proven under the applicable avoidance statutes, subject to the defenses those statutes provide, including value and good faith. Spin is not a debtor, the Debtor's estate does not hold the claims of Spin's creditors, and such claims are not a basis for extension or consolidation.

**Ninth Defense (Due Process and Inadequate Notice)**

The relief sought would place a non-debtor into bankruptcy and divest its co-owner of management rights on allegations made largely upon information and belief. Further, it would affect Teton Life's creditors' rights. Teton Life and Answering Parties are entitled to adequate notice and to a full evidentiary hearing, with discovery, before any such relief may be granted. Granting the relief requested without those protections would violate their rights to due process.

**Tenth Defense (Prejudice to Non-Debtor Equity and Creditors of Teton Life)**

The relief requested is inequitable and would cause concrete prejudice to non-debtor equity and to Teton Life's creditors. It would transfer to the Debtor's personal creditors value belonging, on a 50% basis, to Mr. Yitzchakov, subordinate Teton Life's own creditors such as Redstone, interrupt Teton Life's prosecution of the New York State Action, and strip Mr. Yitzchakov of his bargained-for equal voice in Teton Life's management. The balance of equities and the public interest in respecting the separateness of legal entities and the contractual rights of non-debtors weigh against the relief requested. Accordingly, Mr. Yitzchakov and Redstone have requested intervention to prevent the entry of judgment against Teton Life in order to preserve Teton Life's interests and

## RESERVATION OF RIGHTS

The Answering Parties expressly reserve the right to amend or supplement this Answer, pursuant to Fed. R. Civ. P. 15, made applicable by Fed. R. Bankr. P. 7015, and to assert additional

affirmative or other defenses as may become known through discovery or further investigation. The Answering Parties further reserve the right to assert counterclaims, cross-claims, and third-party claims; to seek intervention under Fed. R. Civ. P. 24, made applicable by Fed. R. Bankr. P. 7024; and to seek any other relief available to him. Nothing in this Answer waives, and the Answering Parties expressly reserve, all of his rights as a member of Teton Life under the Operating Agreement and applicable Delaware law, and all rights of Teton Life in the New York State Action.

**PRAYER FOR RELIEF**

WHEREFORE, Gavriel Yitzchakov a/k/a Gabe Isaacov and Redstone Capital, LLC respectfully request that the Court enter judgment in their favor and in favor of Teton Life, LLC:

(a) dismissing the Complaint with prejudice as to Teton Life, LLC;

(b) denying the Trustee's request to extend the proceedings in this case to Teton Life, LLC, and to substantively consolidate Teton Life, LLC with the Debtor's estate;

(c) denying the Trustee's request to extend the automatic stay to Teton Life, LLC;

(d) denying the Trustee's request for turnover of the books, records, and property of Teton Life, LLC;

(e) confirming that nothing restrains Teton Life, LLC from continuing to prosecute the New York State Action;

(f) limiting any relief concerning the Trustee's rights in Teton Life, LLC to the Debtor's economic interest, without prejudice to Mr. Yitzchakov's membership and management rights;

(g) awarding Answering Parties their costs and

(h) granting such other and further relief as the Court deems just and proper.

**WEIR LLP**

A Pennsylvania Limited Liability Partnership

By: /s/ Patrick T. Krenicky
Jeffrey S. Cianciulli, Esq.
Patrick T. Krenicky, Esq.
*Attorneys for Gavriel Yitzchakov a/k/a Gabe Isaacov and Redstone Capital, LLC*

Dated: November 25, 2026